1  Martin D. Murphy (164669)
   Michael E. Hale, Esq. (SBN 245378)
2  LIUZZI, MURPHY & SOLOMON, LLP.
   101 Montgomery Street, 27th Floor
3  San Francisco, CA 94104
   Tel:  (415) 543-5050
4  Fax: (415) 543-3550

5
   COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
6  Shirley Hochhausen (SBN 145619)
   2117(b) University Avenue
7  East Palo Alto, CA 94303
   Tel: (650) 326-6440
8  Attorneys for Plaintiff

9

10              UNITED STATES DISTRICT COURT

11    NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

12                                        CV  08        0056

13  RICARDO MARCELOS,                  )  Case No.
                        Plaintiff,     )
                                       )
14                                     )  **COMPLAINT FOR INJUNCTIVE**
        v.                             )  **RELIEF, RESCISSION, RESTITUTION,**
15                                     )  **DAMAGES, PUNITIVE DAMAGES**
    EDWIN MAURICIO PARADA DOMINGUEZ,   )  **AND ATTORNEY FEES**
16  GLENDA PARADA, LORENZO PARADA,     )
    VIKI RAAB, COUNTRYWIDE HOME        )
17  LOANS, ARGENT MORTGAGE COMPANY,    )
    LLC, PRIMESTAR FINANCIAL SERVICES, )
18  SHOAIB MAHMUD, FINANCIAL TITLE     )
    COMPANY, NEW CENTRUY TITLE         )
19  COMPANY, RECONTRUST COMPANY, N.A.  )  **DEMAND FOR JURY TRIAL**
                                       )
20                                     )
    AND DOES 1 through 100,            )
21                      Defendants.    )
                                       )
22

23  _____

24                    INTRODUCTION

25

26  1.    Mr. Ricardo Marcelos (hereinafter Mr. Marcelos or "plaintiff") is a forty three year old married

27        man and father of two who is employed as a roofer by Lawson Roofing Company.  The Marcelos

28

1    family make their home at 4023 Folsom St. in San Francisco's Mission District (hereinafter

2    "Folsom Property").

3  2.  Mr. Marcelos was tricked by his realtor and mortgage broker, defendant Edwin Parada

4    ("Parada"), into taking out a loan on the Folsom Street property. He was deceived about the loan

5    terms and costs. The terms were negotiated in Spanish but Mr. Parada did not receive any

6    documents in Spanish in accordance with California Civil Code §1632(b)(4), nor did he receive

7    consumer protective notices mandated by the Truth in Lending Act 15 U.S.C. 1635 ("TILA"). 12

8    C.F.R. § 226.23(b)(1).

9  3.  Plaintiff's counsel rescinded the subject loan by letter dated December 31, 2007 and requested

10    that the current holder of the loan, Countrywide Mortgage (Countrywide) stop the foreclosure

11    sale based on the rescission of the loan and resultant cancellation of the security interest in the

12    property which leaves the lender without a basis for foreclosure.

13  4.  As the result of a predatory and unconscionable home refinance loan provided by Argent

14    Mortgage (Argent) and the theft of $200,000 in cash from the home's equity, by the Marcelos'

15    mortgage broker, Parada, the home is presently in foreclosure and a foreclosure sale is scheduled

16    for January 7, 2008

17  5.  By this complaint plaintiff seeks rescission of the transaction entered into in March of 2005 and

18    redress for all fraudulent practices conducted by or on behalf of each defendant.

19

20                              **JURISDICTION AND VENUE**

21  6.  This Court has personal jurisdiction over the Defendants named herein because a substantial

22    portion of the wrongdoing alleged in this complaint took place in the Northern District of

23    California, and the Defendants are authorized to, and regularly do, conduct business in the

24    Northern District of California

25  7.  This is an action for violations of TILA (15 U.S.C. §§1601 *et seq.*) and the Real Estate

26    Settlement and Procedures Act ("RESPA" (12 U.S.C. §2602). Plaintiff further invokes the

27    pendent jurisdiction of this Court to consider claims arising under state law. Jurisdiction is thus

28    founded on 28 U.S.C. §§1331 and 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events and omissions giving rise to this complaint occurred within the Northern District of California. The loan contracts between Plaintiff and Defendants were made to be performed in, and the obligations arose in, the Northern District of California.

9. Plaintiff Ricardo Marcelos (hereinafter Mr. Marcelos or "plaintiff") is a natural person.

**PARTIES**

10. Plaintiff is an individual who resides in the city and county of San Francisco in California at 4023 Folsom St. in the Mission District. The transactions which gave rise to the subject of this complaint involve his current residence and a second home purchased and later lost to foreclosure on 274 Girard St. in San Francisco, CA.

11. Plaintiff is informed and believes and thereon alleges that defendant Edwin Mauricio Parada Dominguez (hereinafter defendant Parada) is a natural person who is licensed with the California Department of Real Estate, No. 01460236, is conducting business in California and was involved in the transactions which are the subject of this action.

12. Plaintiff is informed and believes and on that basis alleges that defendant Glenda Parada is a natural person who is licensed with the California Department of Real Estate, No. 01705863, is conducting business in the state of California and was involved in the transactions which are the subject of this action. Plaintiff is also informed and believes that defendant Glenda Parada is the sister of defendant Edwin Parada.

13. Plaintiff is informed and believes and on that basis alleges that defendant Lorenzo Parada is a natural person who was involved in the transactions which are the subject of this action. Plaintiff is also informed and believes that defendant Lorenzo Parada is the brother of defendant Edwin Parada.

14. Plaintiff is informed and believes and on that basis alleges that defendant Viki Raab is a natural person and licensed Notary Public in the County of Alameda, No. 1384196, and was involved in the transactions which are the subject of this action.

15. Plaintiff is informed and believes and on that basis alleges that defendant Countrywide is a corporation organized under the laws of the State of California, doing business in California, and was involved in the transactions which are the subject of this action. Plaintiff also is informed and believes and thereon alleges that defendant Countrywide owns, is a successor-in-interest to, and/or assumed all rights, remedies and liabilities of defendant Argent Mortgage company, LLC (hereinafter "Argent"), the company with which defendant Parada refinanced the Folsom Property and with whose knowledge, consent, name and goodwill persuaded plaintiff's authorization to conduct said refinance.

16. Plaintiff is informed and believes and on that basis alleges that defendant Primestar Financial Company is a corporation organized under the laws of the State of California, doing business in California, and was involved in the transactions which are the subject of this action.

17. Plaintiff is informed and believes and on that basis alleges that defendant Shoaib Mahmud is a broker duly licensed by the California Department of Real Estate who is doing business in California and was involved in the transactions which are the subject of this action.

18. Plaintiff is informed and believes and on that basis alleges that defendant Financial Title Company is a corporation organized under the laws of the State of California, doing business in California, and was involved in the transactions which are the subject of this action.

19. Plaintiff is informed and believes and on that basis alleges that defendant New Century Title Company is a corporation organized under the laws of the State of California, doing business in California, and was involved in the transactions which are the subject of this action.

20. Plaintiff is informed and believes and on that basis alleges that defendant Recontrust Company, N.A. is a corporation organized under the laws of the State of California, doing business in California, and was involved in the transactions which are the subject of this action. Countrywide used Reconstruct Company, N.A. as trustee of the grant deed to notice and pursue the foreclosure sale.

21. Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to plaintiffs. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is in some manner legally responsible

1    for the events and damages plaintiffs allege in this complaint or claim a legal or equitable right,

2    title, stake, lien, or interest in the properties which are the subject of this action adverse to

3    plaintiff's title or any cloud on Plaintiff's title to these properties.  Plaintiff will amend this

4    complaint to allege their true names and capacities, and any additional allegations, when they are

5    ascertained by plaintiffs.

6    22.    Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each

7    of the defendants was acting as an agent, servant, or employee of the remaining co-defendants,

8    and were at all times acting within the course and scope of said agency, service, or employment.

9    23.    Plaintiff is informed and believes and thereon alleges that each defendant was the agent and/or

10    employee and/or principal of each of the remaining defendants, and in doing the acts herein

11    alleged, were acting within the course and scope of such agency and employment, and/or with

12    the knowledge, consent, authority of each of the remaining defendants and/or with knowledge of

13    their acts and/or wrongdoing.  By virtue of the foregoing, each defendant had knowledge and

14    constructive notice of, and/or authorized and consented to the acts of each of the other

15    defendants, and/or ratified the wrongful acts of each of the other defendants, as herein alleged by

16    among other things, retaining and sharing in the benefits of said acts.

17    24.    Plaintiff is informed and believes and thereon alleges that defendants, and each of them,

18    knowingly and willfully entered into an agreement or agreements and conspiracy or conspiracies

19    with the other defendants to do all or some of the acts herein alleged.

20

21    **STATEMENT OF FACTS**

22    25.    Plaintiff Marcelos is a 43 year-old married man who works in the roofing business.  He and his

23    wife, Jacqueline Marcelos, live with his two children from a previous marriage at 4023 Folsom

24    St. in the Mission District of the city and county of San Francisco, CA.

25    26.    Plaintiff purchased the home on December 15, 1994 as a joint tenant, the full rights to which

26    were transferred to him on March 5, 2002.  He is now the sole owner of record of the Folsom

27    Property.

28

27. All communications between Mr. Marcelos and defendant Edwin Parada were conducted in Spanish. All of the documents in the transaction were drafted in English.

28. In February of 2005, Mr. Marcelos' was contacted at the Folsom Property by defendant Edwin Parada. Defendant Edwin Parada addressed Mr. Marcelos in Spanish and introduced himself as a Real Estate Agent and asked if Mr. Marcelos was interested in refinancing his home. Mr. Marcelos responded that he did not wish to do because his credit was not very good and he had low mortgage payments.

29. Defendant Parada then began pursuing Mr. Marcelos with multiple telephone calls and unannounced visits to the Folsom Property on weekends and evenings. The conversations between Mr. Marcelos and Mr. Parado were always in Spanish. On one such visit, defendant Edwin Parada tried to persuade plaintiff that he needed a bigger home as his children, a boy and a girl then aged 10 and 7, respectively, should not have been sharing a room. Mr. Marcelos again informed Mr. Parada that he could not afford a bigger mortgage and he did not want to raise his debt. Mr. Marcelos was then paying $2,600.00 per month for his mortgage.

30. Undaunted, defendant Parada returned and ultimately persuaded Mr. Marcelos to open a line of credit to purchase a second home. Defendant Parada did so by using a laptop to check the value of the home online which he quoted at $800,000.00. He then told Mr. Marcelos that a line of credit would not increase his mortgage payments by more than $100.00 per month and could be used to purchase a new home. The money would be used as a down payment to keep payments manageable considering his income. Plaintiff and his family could then rent the Folsom Property to cover that mortgage and live in the new, larger home. Some of the line of credit would also be used to fix up the Folsom Property.

31. Defendant Parada later brought his brother, defendant Lorenzo Parada, to the Folsom Property. He also spoke Spanish to Mr. Marcelos and reassured him that the second home was a good idea and that he would take him to view potential new homes. Defendants Parada were given a pay stub, bank statements and other documents which showed that plaintiff's monthly income was $4,200.00 with only $2,000.00 in savings. Defendant Edwin Parada told Mr. Marcelos that his income would not be a problem and that "he would take care of any problems" that his credit and

1    income requirements may present as he knew lenders that would help people with credit and

2    income like Mr. Marcelos. Mr. Parada described the loan he could get for plaintiff as a line of

3    credit from the Folsom Property's equity that would not increase his current monthly mortgage

4    payments by more than $100.00.

5    32.    Sometime in the Spring of 2005, defendant Lorenzo Parada met Mr. Marcelos at a Starbucks in

6    Hayward, CA to sign the documents. Defendant Edwin Parada was not present as he, apparently,

7    had a prior engagement. He put a set of documents before plaintiff and directed him where he

8    was to sign. Mr. Marcelos signed the documents which were drafted in English. Mr. Marcelos

9    was not given any copies of the documents and was told that if he had any questions defendant

10    Edwin Parada would answer them at a later time. It was not until over one year later that

11    plaintiff's wife was able to retrieve the documents from defendant Countrywide. These

12    documents were actually defendant Argent refinance papers and not documents to open a line of

13    credit. In addition, the HUD-1 disclosure of settlement costs authorized defendant Edwin Parada

14    to receive $200,000.00 from the refinance.

15    33.    Over the next few weekends, defendant Lorenzo Parada took plaintiff to see numerous homes in

16    Hayward and San Francisco. Plaintiff informed him that he could not afford a home that would

17    cost more than $2,000.00 per month. Mr. Marcelos ultimately was persuaded to purchase the

18    home on 274 Girard St. in San Francisco, CA (hereinafter "Girard Property").

19    34.    On May 27, 2005, plaintiff met defendant Edwin Parada at a Starbucks in Hayward, CA to sign

20    the purchase documents for the Girard Property. The meeting was attended by defendant Viki

21    Raab, a Notary Public in Alameda County. Mr. Marcelos signed the documents in her presence

22    and at her direction while defendant Edwin Parada was away from the table. The documents

23    were in English. Again, Mr. Marcelos did not receive any documents and was told that he would

24    get copies of them in the mail at a later date.

25    35.    Shortly thereafter, in October of 2005, Mr. Marcelos received a bill for payment of monies due

26    on the Folsom Property that amounted to $3,200.00 per month, or $1,000.00 more per month

27    than he had previously been paying. This occurred even though he had been told by defendant

28    Edwin Parada that his mortgage payments on the Folsom Street property would not increase by

1   more than $100.00. The loan has since readjusted and the payments are now $4,400.00 per

2   month.

3   36.   Also in October of 2005, plaintiff approached defendant Edwin Parada at his place of business on

4         5700 Mission St. in San Francisco, CA and questioned him about the increased payments due on

5         the Folsom Property. At this meeting, defendant Parada informed plaintiff that he was holding

6         $200,000.00 in funds received from the transaction on the Folsom Property that was supposed to

7         be used as a down payment on the Girard Property but, in fact, was held onto by defendant

8         Parada without the knowledge or consent of plaintiff. Defendant Parada told plaintiff that the

9         funds would be available for him at anytime. Both parties decided that defendant Edwin would

10        pay $3,000.00 per month in interest until he could pay back the full amount of $200,000.00.

11        Defendant Edwin Parada made these payments two or three times and then stopped.

12  37.   After a few months, plaintiff requested the remainder of the $200,000.00. Defendant Parada

13        avoided numerous attempts at communicating with plaintiff and his wife until August 2006 when

14        he presented them with a check for $10,000.00. The check bounced.

15  38.   Plaintiff again tried to contact defendant Parada on numerous occasions but was unsuccessful as

16        defendant Parada was conveniently out of town or in meetings whenever Mr. Marcelos attempted

17        to meet him at his office. Plaintiff sent emails informing him that he wanted the money taken

18        from the Folsom Property equity to be returned. Finally, in November of 2006 Mr. and Mrs.

19        Marcelos met with defendant Parada at his office and he agreed to pay the remainder of the

20        monies owed in three installments over the next 12 months. No further payments were ever

21        made despite numerous requests and attempts at communication by email and otherwise.

22  39.   In December of 2006, having never received any documents from defendant Edwin Parada, Mrs.

23        Marcelos requested and received from defendant Countrywide some of the loan documents for

24        the Folsom Property.

25  40.   On January 8, 2007, plaintiff and his wife were told by defendant Parada that he would repay

26        them in March of that year. He did not. Shortly thereafter, plaintiff received a notice of

27        foreclosure sale on the Girard Property. Mr. Marcelos had begun missing payments because he

28

1    could not afford the mortgage on that property and could not rent the Folsom Property. Plaintiff

2    again sought to retrieve the money defendant Parada had kept from the Folsom Property.

3    41.    After again avoiding plaintiffs for some time, defendant Parada resurfaced and promised to repay

4    them after he received a loan from a business partner. Meanwhile, the Girard Property had been

5    sold at a foreclosure sale on June 6, 2007. The Folsom Property was being rented, so the

6    Marcelos Family rented a home in Oakland beginning in July of that year. They moved into the

7    Folsom Property home in September of 2007.

8    42.    *The true terms of the loan on the Folsom Property* made it impossible for Mr. Marcelos to keep

9    *up with the initial $3,600 per month payments and then the adjusted 44,400 payments on an*

10    income of approximately $55,000.00 per year, or $4,500.00 per month, and he could not make

11    the payments due to the unscrupulous, dubious and predatory transactions entered into by

12    defendants, and each of them, on plaintiff's behalf. Plaintiff received a default notice on October

13    15, 2007. A notice of foreclosure sale was received on December 15, 2007. The sale is

14    scheduled to proceed on January 7, 2008 at 2p.m..

15    43.    As a direct and proximate result of the Defendants' Parada and Argent's conduct and practices in

16    targeting the Spanish speaking plaintiff, deceiving him about the loan terms and costs, stealing

17    $200,000.00 cash from the refinance of his property and violating state and federal laws, plaintiff

18    now faces the imminent threat of foreclosure and the loss of his family home.

19

20                          **FIRST CAUSE OF ACTION**
                            **Violations of TILA and Regulation Z**
21                 **(Against Countrywide, Argent and Vicki Raab)**

22    44.    Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of

23    this Complaint as though fully set forth herein.

24    45.    Defendants are creditors within the meaning of TILA.

25    46.    The loan transaction entered into by Plaintiff with Defendants is a high-fee loan within the

26    meaning of 12 C.F.R. section 226.32(a)(1)(ii).

27    47.    Defendants have violated the requirements of TILA and Regulation Z in the following and other

28    respects:

a.  by failing to provide in a timely and adequate way the required disclosure, commonly known as the "three day right of rescission" in violation of 15 U.S.C. §1635(a),

b.  by failing to provide the required disclosure in violation of 1638(b) and Regulation Z §226.17(b);

c.  by failing to provide the required disclosures clearly, conspicuously in writing in violation of 15 U.S.C. §1632 and Regulation Z §226.17(a);

d.  by failing to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. §1605 and Regulation Z §226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. §1638(a)(3) and Regulation Z §226.18(d);

e.  by improperly including certain charges in the amount financed which are finance charges, Defendant improperly disclosed the amount financed in violation of 15 U.S.C. §1638(a) (2) and Regulation Z §226.18 (b);

f.  by calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. §1606, Regulation Z §226.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. §1638 (a) (4) and Regulation Z §226.18(c);

g.  by extending credit to Plaintiff based on Plaintiff's collateral rather than considering Plaintiff's current and expected income, current obligations, and employment status to determine whether Plaintiff was able to make the scheduled payments to repay the obligation in violation of section 129(h) of TILA, 15 U.S.C. §1639(h) and section 226.32(e)(1) of Regulation Z, 12 C.F.R. §226.32(e)(1); and,

h.  by including a prohibited "prepayment penalty" provision in violation of section 129(c) of TILA; 15 U.S.C. §1639(h) and section 226.32(d) (6) of Regulation Z, 12 C.F.R. §226.32(d) (6).

48.  Because of the violations of TILA listed above, Plaintiff retained the right to rescind the transaction up to three years after its consummation.

49.  On December 31, 2007, Plaintiff rescinded the instant loan in writing.

50. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

51. Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

## SECOND CAUSE OF ACTION
## VIOLATION OF RESPA
### (Against all Defendants, except Recontrust Company, N.A.)

52. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

53. The home loan which is the subject of this action is a federally related mortgage loan as defined in the RESPA, 12 U.S.C. §2602.

54. Defendants have violated RESPA by failing to make and provide the required written disclosure, by taking kickbacks and unearned fees, and by making and collecting prohibited charges in violation of section 8 of RESPA.

55. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

56. Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3605
### (Against all defendants except New Century Title Company and Recontrust Company, N.A.)

57. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

58. Argent and Countrywide are entities that engage in transactions related to residential real estate, and the loan made by Argent to p Marcelos was such a transaction.

59. Plaintiff is a Hispanic man of Mexican national origin.

60. Plaintiff is informed and believes, and on that basis alleges, that defendants discriminated against him on the basis of his Race and national origin, in the terms and conditions of the Loan. Specifically, the terms and conditions offered to Plaintiff were less favorable than those offered by Argent to borrowers not better qualified than plaintiff but of different race or National origin.

61. Plaintiff's have been damaged as a result of Defendants' discriminatory conduct.

## FOURTH CAUSE OF ACTION
### Violation of Equal Credit Opportunity Act 15 U.S.C. § 1691
### (Against All defendants except Viki Raab, New Century Title Company and Recontrust Company, N.A.)

62. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

63. Argent and Countrywide are creditors within the meaning of 15 U.S.C. § 1691 (e).

64. The Loan made by Argent was credit transactions.

65. The Plaintiff is informed and believes, and on that basis alleges, defendants discriminated against him, on the basis of his race and national origin, in the terms and conditions of the Loan. Specifically, the terms and conditions offered to Plaintiff were less favorable than those offered by Argent to borrowers not better qualified than Plaintiffs but of different race and/or national origin.

66. Plaintiff has been damaged as a result of defendants' discriminatory conduct.

## FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CIVIL CODE §1632
### (Against all Defendants except Recontrust Company, N.A.)

67. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

68. Defendants, and each of them, are engaged in a business whereby in the course of conducting that business they negotiate agreements entirely in Spanish.

1    69.   In violation of California Civil Code section 1632, defendants, and each of them, failed to

2          provide Plaintiffs with documents or truthful and accurate translations of documents in Spanish,

3          despite the fact that the contracts, including the loans, were negotiated in Spanish and defendants

4          were fully aware that Plaintiffs are illiterate in English.

5    70.   Plaintiff has been injured as a result of defendants' conduct as more fully set forth below.

6
                          **SEVENTH CAUSE OF ACTION**
7                              **Fraud and Deceit**
                  **(As to all Defendants, except Recontrust Company, N.A.)**
8

9    71.   Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of

10          this Complaint as though fully set forth herein.

11    72.   Defendants made false promises and misrepresentations to Plaintiff as alleged above,

12    73.   Defendants intentionally concealed from Plaintiff that in inducing Plaintiff to enter into the loan,

13          Defendants' true intention was to make a loan that would enrich them and that Defendants knew

14          that Plaintiff could not pay the monthly charges on the loan and would face foreclosure.

15    74.   Defendants engaged in the fraudulent acts and practices alleged above and by falsifying the

16          contents of the loan application, misrepresenting Plaintiff's income, misrepresenting the costs

17          and nature of the loan and engaging in fraudulent and illegal practices as alleged above.

18    75.   When Defendants made the false promises and misrepresentations and engaged in deceitful acts

19          as alleged above, Defendants knew that the promises and misrepresentations were false, that the

20          concealments were deceitful, and that the false promises, misrepresentations and deceitful acts

21          and concealments were intended by them to deceive and defraud Plaintiff and to fraudulently

22          induce him to enter into the loan, to his detriment.

23    76.   In entering into the loan, Plaintiff actually and reasonably relied on Defendants' false promises,

24          misrepresentations and concealments.  Plaintiff would not have entered into the loan or followed

25          Defendants' instructions to sign the loan documents had he known the true facts about

26          Defendants' false promises, misrepresentations, concealments and deceitful acts and practices.

27    77.   As a direct proximate and legal result of the Defendants' acts alleged herein, Plaintiff has

28          suffered damages in an amount to be proven at trial.  Defendants have engaged in the fraudulent

promises, misrepresentations, concealments and deceitful acts and practices alleged herein with malice and with the intent to deceive and injure Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION
### Breach of Fiduciary Duty
**(Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

78. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

79. Defendants acted in the capacity of a mortgage loan broker and/or financial advisor or escrow agent for Plaintiff and thereby owed a fiduciary duty to Plaintiff.

80. Plaintiff understood that Defendants were acting on his behalf in the capacity of a mortgage broker, fiduciary and/or financial advisor to him.

81. Defendants owed Plaintiff a fiduciary duty of the highest good faith, fair dealing, loyalty, honesty and truthfulness toward Plaintiff and were charged with a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiff's decision to enter into the loan.

82. In addition, New Century Title Company entered into a contract with Argent and Plaintiff to perform the duties of escrow agent for closing the subject loan. The escrow instructions gave rise to a fiduciary duty to carry out the instructions. Pursuant to closing instructions dated on or about March 29, 2005, defendant Argent was to deliver "rescission notice: two copies to each borrower complete with accurate transaction and cancellation dates." Both Argent and New Century Title Company failed to deliver these documents to Plaintiff.

83. Upon information and belief, Defendants breached their fiduciary duty to Plaintiff by engaging in the fraudulent conduct alleged herein, including without limitation the following acts and omissions:

    a. Defendants misrepresented to Plaintiff the nature and effect of the loan application documents presented to her for signature;

    b. Defendants failed to act in good faith and in the best interest of Plaintiff;

c.  Defendants charged excessive fees and costs;

d.  Defendants failed to provide proper notices, copies, and disclosures as required by law;

e.  Defendants failed to properly advise Plaintiff of the true nature and effect of the transaction;

f.  Defendants failed to consider the interests of Plaintiff before their own; and,

g.  Defendants unjustly profited from the transaction.

h.  Defendants committed these wrongful acts while Plaintiff held them in a position of trust and confidence and they had a fiduciary relationship with Plaintiff.

84.  Plaintiff would not have entered into the loan had he known the true nature, effect and costs of the transaction and had Defendants not breached their fiduciary duties.

85.  As a direct and proximate result of the Defendants' breach of their fiduciary duties, Plaintiff has suffered economic damages in an amount according to proof.

86.  As a further direct, proximate, and foreseeable result of Defendants' conduct, as set forth above, Plaintiff has suffered, and continues to suffer, humiliation, mental anguish, fear, and emotional and physical distress, all to his damage in an amount to be proven at trial.

87.  Defendants' acts were intentional, malicious, and oppressive, and were undertaken in conscious and reckless disregard of Plaintiff's rights thereby entitling Plaintiff to an award of punitive damages in accordance with proof.

## NINTH CAUSE OF ACTION
### Breach of Contract
**(As to all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

88.  Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

89.  Defendants offered to enter into a contract with Plaintiff under which Defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a "line of Credit" that would not increase the monthly payments on the Folsom Street property and would permit the Plaintiff to purchase the Girard Property and Plaintiff accepted the offer, as alleged above.

90. In addition, New Century Title Company entered into a contract with Argent and Plaintiff to perform the duties of escrow agent for closing the subject loan. The escrow instructions gave rise to a fiduciary duty to carry out the instructions. Pursuant to closing instructions dated on or about March 29, 2005, defendant Argent was to deliver "rescission notice: two copies to each borrower complete with accurate transaction and cancellation dates." New Century Title Company failed to deliver these documents to Plaintiff. Plaintiff performed all of his obligations under these contracts.

91. Defendants breached the contracts, *inter alia*, by failing to provide the equity line on the promised terms and with the required delivery of disclosures and documents. as alleged above.

92. As a direct and proximate result of Defendants' breach of contracts, Plaintiff has sustained monetary damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### Recessionary damages and Restitution
### (Against all Defendants, except Recontrust Company, N.A.)

93. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

94. Plaintiff's consent to the loan was obtained by the Defendants through mistake, fraud and undue influence.

95. Defendants, with intent to deceive Plaintiff and to unduly influence him to consent to the loan which they knew or should have known Plaintiff did not understand or agree to and which they knew or should have known Plaintiff did not have sufficient income to pay, did intentionally conceal from Plaintiff the true terms of the loan and failed to provide statutory notices mandated by federal and state law including but not limited to "Notice of Right to Cancel" the subject loan with the knowledge that he did not have sufficient income to repay and that he was thereby placing his home at severe risk of loss to foreclosure.

96. The active misrepresentations of Defendants were deceitful, fraudulent and false.

//

97.   At the time Defendants made the misrepresentations and engaged in the concealment and deceit as alleged herein, he reasonably relied on them, thereby entering into the loan without the benefit of true facts and by duress, undue influence, coercion and mistake.

98.   As a result of Defendants' fraudulent misrepresentations, deceit and inducements alleged herein, Plaintiff has incurred monetary damages.

99.   Plaintiff demands rescission on the ground of Defendants' fraudulent misrepresentations and inducements, mistake, duress, undue influence and coercion.

100.  Plaintiff demands restitution from Defendants in an amount that will restore to Plaintiff the amounts taken from her including but not limited to all costs, fees, commissions, yield spread premiums and loan proceeds received by the Defendants.  Plaintiff further alleges that that Defendants have been unjustly enriched by their predatory loan practices and that the full amount of all commissions earned by Defendants on the loan and all amounts converted by the Defendants must be disgorged to Plaintiff.

101.  Plaintiff faces imminent and irreparable injury in that Defendants will foreclose on Plaintiff's home.

### ELEVENTH CAUSE OF ACTION
**Unfair Business Practices [Business & Professions Code Section 17200]**
**(As against all Defendants)**

102.  Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

103.  Defendants committed acts of unfair business practices, as defined by the California Business and Professions Code Section 17200 et seq., by engaging in practices which include but are not limited to the subject acts and practices alleged above and further including but not limited to making loans to borrowers based on information that Defendants knew or should have known was inaccurate or incorrect; making loans without verifying borrower information; making loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; making loans without

1    regard to the borrower's ability to repay the loan; misleading the borrower regarding the terms of

2    loans, proceeding with the foreclosure when the underlying security interest had been canceled.

3    104.    These deceptive acts and practices and the fraudulent and predatory lending scheme alleged

4    herein violate California Business and Practices Code Section 17200 in the manner alleged above

5    and in the following respects:

6        a.    making mortgage loans without regard to the borrower's ability to repay;

7        b.    making mortgage loans based on deceptive, fraudulent or unconscionable advertising,

8            and/or representations or practices in violation of lending disclosure laws;

9        c.    making loans subject to illegal kickbacks and/or unearned fees; and

10        d.    making loans subject to excessive loan costs and fees and other abusive loan terms as

11            alleged herein.

12        e.    making loans in violation of federal and state law.

13    105.    Defendants' predatory lending practices, as alleged above, constitute unlawful, unfair and

14    fraudulent business acts or practices within the meaning of California Business and Professions

15    Code §17200.

16    106.    Furthermore, defendants' unlawful, unfair and fraudulent business practices target the most

17    vulnerable people in our society, including, as exemplified by plaintiff, minority, low-income

18    and financially unsophisticated homeowners who are at high risk of losing their homes as a result

19    of the predatory lending practices alleged herein.  Unless restrained, defendants will continue

20    these unlawful and unfair predatory practices and continue to sell these abusive home equity

21    products to homeowners who are unable to afford them and unaware of their true nature, terms,

22    costs and consequences.  Plaintiff is therefore entitled to a permanent injunction enjoining

23    defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices

24    alleged herein.

25    107.    As a direct and proximate result of the aforementioned acts, Defendants caused Plaintiff to

26    become obligated on a loan he could not afford to repay, and put him at risk of losing his home

27    as alleged above.

28

108.  As a further direct and proximate result of Defendants' wrongful conduct, as alleged above, Plaintiff has sustained damages, including attorney's fees and legal costs, and will sustain additional damages in prosecuting this action. Plaintiff is entitled to an award of attorney's fees and legal costs pursuant to California Code of Civil Procedure Section 1021.5.

109.  As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein.

110.  Plaintiff faces imminent and irreparable injury in that Defendants will foreclose on Plaintiff's home.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as set forth below:

1.    For a preliminary injunction enjoining Wells Fargo and any successor in interest from foreclosing on Plaintiff's home pending adjudication of Plaintiff's claims set forth herein;

2.    For a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein;

3.    For rescission of the loan contract and restitution by Defendants to Plaintiff according to proof at trial;

4.    For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;

5.    For monetary damages according to proof at trial;

6.    For pre-judgment and post-judgment interest according to proof at trial;

7.    For pain and suffering damages according to proof at trial;

8.    For punitive damages according to proof at trial; and,

9.    For attorney's fees and costs as provided by statute,

//

//

1          10.    Plaintiff demands trial by jury on all issues so triable.

2    Respectfully submitted,

3    Dated: January 4, 2007                                    LIUZZI, MURPHY & SOLOMON, LLP.

4

5                                                              By: _____

6                                                              Michael E. Hale
                                                               Attorney for Plaintiff

COMPLAINT