LIUZZI, MURPHY & SOLOMON, LLP
Martin D. Murphy (SBN 164669)
Michael E. Hale (SBN 245378)
101 Montgomery St., 27th Floor
San Francisco, CA, 94104
T: (415) 543-5050
F: (415) 543-3550

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
Shirley Hochhausen (SBN 145619)
2117(b) University Avenue
East Palo Alto, CA 94303
T: (650) 326-6440

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO MARCELOS,
          Plaintiff,

v.

EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A.

AND DOES 1 through 100,
          Defendants.

Case No.

**DECLARATION OF RICARDO MARCELOS IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**I, RICARDO MARCELOS, declare as follows:**

I am a plaintiff in the above entitled action. I make this declaration of my own personal knowledge, and if called upon to do so, could and would competently testify thereto.

1.     My wife, two children and I make our home at 4023 Folsom St. in San Francisco.

2.     I am forty three years old and I work in the roofing industry and earn $57,000.00 per year.

3. In February of 2005, a man I did not know came to my door. He introduced himself as Edwin Parada and said he wanted to talk to me about my house. He apparently got my address from a co-worker of mine with whom he had previously done business. He spoke to me in Spanish, which is my native language. He told me that I needed to buy a bigger home than the one I own at 4023 Folsom St. in the Mission District of the City and County of San Francisco (hereinafter "Folsom Property"). I told him that I was happy with my house, that I could not afford another home, that I only made enough money to cover my current mortgage payment and that I was not interested in buying another home.

4. Despite my refusals, Mr. Parada called my house and came to see me fifteen (15) or more times after the initial visit. In the course of our conversations, which were always conducted in Spanish, Mr. Parada advised me that I was damaging my children by allowing them to share a room, that I needed to live in better conditions and that he would act as my realtor and loan broker to help me buy a bigger house.

5. On or about late Spring of 2005, Mr. Parada came to me and said that he had found a suitable house for me in San Francisco at 274 Girard St. (hereinafter "Girard Property"). I went to see the property and Mr. Parada told me not to worry about the financing that he would assist me in opening a line of credit on the Folsom Property which would provide both a down-payment for the new home and allow us to make repairs on the Folsom Property. Mr. Parada described the loan he could get for me as a line of credit from the Folsom Property's equity that would not increase my current monthly mortgage payments by more than $100.00.

6. Mr. Parada said he would take care of the paperwork and call me when it was time for me to sign the documents.

7. On or around May 27, 2005, I received call from Mr. Parada who said he had some papers to show me and asked me to meet him at a Starbucks coffee shop in Hayward, CA later that day.

8. I came to the Starbucks as we agreed but was met by Mr. Lorenzo Parada, Mr. Edwin Parada's brother, and a woman who appeared to be a notary public. The notary put a set of documents before me and directed where I was to sign.

9. In accord with her instructions, I signed the papers where she indicated. I had some questions but was told that any questions I had for Mr. Edwin Parada would have to wait until he returned from a trip. The documents I signed were entirely in the English language even though all of my discussions regarding the loan were in the Spanish language. The meeting at Starbucks lasted approximately 30 minutes.

10. When I was finished signing the papers, Mr. Lorenzo Parada collected and kept them. I did not receive copies of any of the papers that I signed. Lorenzo Parada told me he would give me copies at a later time. I left the meeting without a single piece of paper. I am advised by my counsel that federal law requires that I receive a NOTICE OF RIGHT TO CANCEL the loan. I did not receive this or any other papers at the time I signed them. I first saw the loan papers one year after the signing when my wife obtained them from COUNTRYWIDE.

11. Without my knowledge or consent, Mr. Parada received a check in the amount of $200,000.00 from the escrow agent responsible for the closing on my home. (Form HUD 1 showing dispersal of money to Parada attached).

12. When I learned that Parada had taken $200,000.00 from me, I demanded that he repay it. Mr. Parada has told me many times that he regards himself as the custodian of the money and that he will give it whenever I ask for it. I have asked him to return my money on many occasions over the past year and Mr. Parada has failed to return it. At one point he wrote a bounced check for partial payment.

13. I relied on Mr. Parada, who assured me that he would take care of everything and treat me fairly, and the national reputation of Argent, the lender that empowered him to sell their loans, when I signed the loan documents.

14. I have had an opportunity to review the loan papers with my counsel who explained the loan terms to me. The papers do not reflect the terms that I was promised by Mr. Parada. The equity line I was promised was, in fact, a refinance which increased my mortgage from $2,600.00 per month to $3,200.00, an amount I could not afford to pay. If I had known the true terms of the loan I would never have agreed to them and I would never have signed the loan papers.

15. I have made a complaint to the San Francisco Police Department and the Office of the District Attorney regarding this matter.

16. At the present time my home is in foreclosure and a foreclosure sale is scheduled to take place on January 7, 2008.

17. If my property is sold and I lose my home, my wife, my children and I will be irreparably harmed. I respectfully request the Court stop the sale in order to allow me to have my case heard and decided by a Court of Law.

I declare the foregoing to be true and correct under penalty of perjury this 3rd day of January, 2008.

_____
RICARDO MARCELOS