```
 1  LIUZZI, MURPHY & SOLOMON, LLP
    Martin D. Murphy (SBN 164669)
 2  Michael E. Hale (SBN 245378)
    101 Montgomery St., 27th Floor
 3  San Francisco, CA, 94104
    T: (415) 543-5050
 4  F: (415) 543-3550
 5
    COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
 6  Shirley Hochhausen (SBN 145619)
    2117(b) University Avenue
 7  East Palo Alto, CA 94303
    T: (650) 326-6440
 8
 9  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT
~~SUPERIOR COURT OF THE STATE OF CALIFORNIA~~
NORTHERN DISTRICT – SAN FRANCISCO WHA
~~COUNTY OF SAN FRANCISCO, UNLIMITED CIVIL JURISDICTION~~

| | |
|---|---|
| RICARDO MARCELOS,<br><br>               Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A.<br><br>AND DOES 1 through 100,<br>               Defendants. | Case No.: CV 08 0056<br><br>DECLARATION OF MICHAEL E. HALE IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION |

I, Michael E. Hale, declare as follows:

1. I am an attorney at law, duly admitted to practice before this Court, and am an associate in the law firm of Liuzzi, Murphy & Solomon, LLP. I am one of the attorneys of record for plaintiff RICARDO MARCELOS. I make this declaration of my own personal knowledge, and if called upon to do so, could and would competently testify thereto.

---
Page 1
DECLARATION OF MICHAEL E. HALE IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

2. On December 19, 2007 I learned that plaintiff had been notified that his home was going to be sold in a foreclosure sale on January 7, 2008. Plaintiff received the notice from defendant COUNTRYWIDE HOME LOANS (hereinafter "COUNTRYWIDE") on October 15, 2007.

3. On December 31, 2007 I sent via overnight express USPS mail a rescission letter to defendant COUNTRYWIDE announcing plaintiff's rescission of the loan based on violations of the Truth In Lending Act (hereinafter "TILA"). Attached hereto as *Exhibit 1* is a true and correct copy of the above-mentioned letter.

4. On January 3, 2008 I contacted COUNTRYWIDE by telephone and spoke with Will Hargow in the legal department/ foreclosure consultants' department. I informed him of plaintiff's intention to seek a Temporary Restraining Order in the United States District Court, Northern District on January 4, 2008 to stop the foreclosure sale of plaintiff's home on 4023 Folsom St. in San Francisco, CA. Before being inadvertently disconnected, Mr. Hargow informed me that he was making a note, that he understood what I was informing him of, and that he would transfer me to Kim Jones, the person who could "stop the foreclosure sale."

5. After being inadvertently disconnected, I again called the legal department and retrieved Ms. Jones' direct number. I left her a message informing her of the above-mentioned information I had previously told Mr. Hargow.

6. I also called ARGENT on January 3, 2008 during business hours and informed Norma, a representative, of the hearing. She notated it on the file and I faxed the notice to the appropriate department via a number provided by the supervisor on duty at the time.

7. In compliance with the Northern District of California Civil Local Rules §§5-5(a)(1) and 65-1(b), I faxed a notice to Countrywide and Argent identifying plaintiff's intentions to petition the Court for a Temporary Restraining Order. Attached as *Exhibit 2* is a true and correct copy of this document.

8. On January 3, 3008, I spoke with a representative of RECONTRUST COMPANY, N.A. and informed her of the hearing. I requested that she make a note on the file and she said she could not. I requested a fax number and she would not give one to me.

9. Also on January 3, 2008, I left messages at the last known number of EDWIN PARADA informing him of the hearing. He apparently received the message as he subsequently called and spoke to plaintiff on his cell phone while we were having a meeting.

10. On January 4, 2008, I left messages at the last known numbers of GLENDA PARADA, VIKI RAAB, NEW CENTURY TITLE INSURANCE COMPANY, PRIMESTAR FINANCIAL SERVICES and SHAOIB MAMUD. In all messages I informed the parties of the hearing. I was unable to procure a fax number to which I could send a faxed notice.

11. I was unable to find a contact number for LORENZO PARADA after a reasonable and good faith effort to find it in the phone book produced no results.

I declare the foregoing to be true and correct under penalty of perjury this 4th day of January, 2008 at San Francisco, California.

_____
MICHAEL E. HALE



LIUZZI / MURPHY / SOLOMON

December 31, 2007

***Via OVERNIGHT MAIL***

Countrywide Home Loans
ATTN: Legal Department
5220 Los Virgines Rd.
Calabasas, CA 91302-1064

    Re:    ***Ricardo Marcelos; Rescission Pursuant to Federal Truth in Lending Act***
            Address of property: 4023 Folsom St., San Francisco, CA, 94110
            Countrywide Loan No. 71152031
            Argent Mortgage Loan No. 0076100551-9505

Dear Lender Representative:

Our office represents Mr. Ricardo Marcelos, who is the borrower under the above-referenced promissory note and deed of trust for which you are the lender and beneficiary.

The Federal Truth in Lending Act (TILA) governs non-purchase money loans made by a lender for household purposes which are secured by the borrower's residence. The above-referenced loan originated by Argent Mortgage Company falls in that category.

TILA 15 U.S.C. 1635, as implemented under Regulation Z, requires that each borrower receive two copies of a properly filled-out Right to Cancel. Mr. Marcelos' independent recollection demonstrates he did not receive these disclosures and other material disclosures required by TILA. A review of his loan file confirms this violation.

The Federal Truth-in-Lending disclosures must be provided to all borrowers with all material information correctly disclosed. (Code of Federal Regulations §226.23(a); *See also* Official Staff Commentary, CFR §§226.15(b)-1, 226.23(b)-1). If these material disclosures are not properly supplied, the consumer has an extended right to rescind 15 U.S.C. § 1635(f); Reg. Z §§226.15(a)(3) and 226.23(a)(3). TILA sets forth certain tolerances for improper disclosures. When foreclosure has been initiated by the lender against the borrower, however, the tolerance is $35.00 for under-disclosures. 15 U.S.C. §1635(i)(2); Reg. Z §226.23(h)(2)(I). Additionally, a consumer may have an extended right to rescind a loan in foreclosure if a mortgage broker fee that should have been included in the finance charge was omitted regardless of the amount. Official Staff Commentary, CFR §226(h)(2)-1.

Finally, California Civil Code §1632 requires that when a contract is negotiated in a language other than English, the non-English speaking party must be provided a copy of the agreement in the language in which the contract was negotiated. As you are aware, the agents employed by you in transacting this loan conducted the negotiations and the entire transaction in Spanish, yet failed to provide any of the documents in this language.



LIUZZI / MURPHY / SOLOMON

Subsection (k) of above-mentioned code provides that the remedy for such a failure is rescission of the contract or agreement.

**Please be advised by this correspondence that Mr. Marcelos hereby rescinds the loan he received from you pursuant to CC §1632(k) and pursuant to TILA 15 U.S.C. 1635. As a result of this rescission notice your interest in the property is now void and you are bound to immediately execute a deed of trust returning the interest to Mr. Marcelos in accordance with Regulation Z, §226.23(d)(2). As you are aware, a foreclosure sale of the above-referenced property is scheduled for January 7, 2008. However, cancellation of the security interest deprives you of any basis for a foreclosure. Please take notice that any attempt by you to proceed with the foreclosure of Mr. Marcelos' home will cause him, his wife and his children irreparable harm and will be actionable.**

Pursuant to the Truth in Lending Act you have twenty (20) days from your receipt of this notice to return to my client all monies paid in connection with the terms of the mortgage loan which is the subject of this letter. My client hereby requests an itemization of such monies. We further make a claim for civil penalties to the extent allowed by law. Upon the discharge of your statutory duties, my client will perform all necessary actions required by the relevant statutes.

Failure to cancel the security interest and return to my client all monies due may further subject you to additional actual and statutory damages.

Upon receipt of this letter please telephone our office to discuss the pending foreclosure sale. Thank you in advance for your prompt attention to this matter.

Very truly yours,

Michael E. Hale, Esq.



LIUZZI / MURPHY / SOLOMON

# Fax

| | |
|---|---|
| To: Correspondence | From: Michael E. Hale, Esq. |
| Fax: (972) 608-6460 | Pages: 4 (including cover) |
| Phone: (805) 520-5100 x2593 | Date: January 3, 2008 |
| Re: Ricardo Marcelos; Loan no.: 71152031 – 4023 Folsom St., San Francisco, CA | CC: |

x **Urgent**    x **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycl**

101 MONTGOMERY STREET / 27TH FLOOR / SAN FRANCISCO, CALIFORNIA 94104
T 415 543 5050 / F 415 543 3550 / W LMSLAW.COM