BUCHALTER NEMER
A Professional Corporation
DAVID M. LIU (SBN: 216311)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
*dliu@buchalter.com*

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ; GLENDA PARADA; LORENZO PARADA; VIKI RAAB; COUNTRYWIDE HOME LOANS; ARGENT MORTGAGE COMPANY, LLC; PRIMESTAR FINANCIAL SERVICES; SHOAIB MAHMUD; FINANCIAL TITLE COMPANY; NEW CENTURY TITLE COMPANY; RECONSTRUCT COMPANY, N.A.; AND DOES 1 THROUGH 100,<br><br>　　　　　Defendants. | Case No.: CV 08-00056 WHA<br><br>DEFENDANT ARGENT MORTGAGE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Concurrently filed with Proposed Order]<br><br>Date:　March 20, 2008<br>Time:　8:00 a.m.<br>Place:　Courtroom 9 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 1709463v1

CV 08-00056 WHA

DEF. ARGENT MORTGAGE'S NOTICE AND RULE 12(b)(6) MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 20, 2008, at 8:00 a.m., in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Argent Mortgage Company, LLC ("Argent") moves for an order dismissing certain claims for relief in the complaint of plaintiff Ricardo Marcelos ("Plaintiff").

This motion is based on Federal Rule of Civil Procedure 12(b)(6) because certain of Plaintiff's claims fail to state a claim upon which relief can be granted:

1) The first claim for relief for damages for Argent's alleged violations of the Truth-In-Lending Act are time-barred pursuant to 15 U.S.C. § 1640(e).

2) The second claim for relief for Argent's alleged violations of the Real Estate Settlement and Procedures Act (12 U.S.C. § 2602) fails to state a claim because there is no private right of action for disclosure violations and there are no facts alleged to support the unsupported and conclusory statements regarding alleged kickbacks, unearned fees, and collecting prohibited charges.

3) The fourth claim for relief for Argent's alleged violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691) fails to state a claim because it is time-barred. Moreover, this claim fails because a valid claim requires that the purported borrower be denied credit – here, Plaintiff received the loan he requested.

4) The fifth claim for relief for Argent's alleged violation of California Civil Code § 1632 fails to state a claim because the statute expressly states that it does not apply to loans secured by real property.

5) The seventh claim for relief for Argent's alleged fraud and deceit against Plaintiff fails to state a claim because it fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). Specifically, there is no allegation of any representation, let alone a misrepresentation, by an Argent employee or agent.

6) The tenth claim for relief for "recessionary [sic] damages and restitution" fails to state a claim because rescission is a remedy, not a cause of action.

7) The claim for punitive damages in the TILA cause of action is barred because TILA does not provide for punitive damages.

8) The claim for punitive damages in the fraud and deceit claim is barred because the claim is insufficiently pled.

This motion is based upon this notice, the attached memorandum of points and authorities and upon such further evidence as may be presented at the time of the hearing.

DATED: February 5, 2008

BUCHALTER NEMER
A Professional Corporation

By: /s/ David M. Liu
DAVID M. LIU
Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

The complaint of plaintiff Ricardo Marcelos ("Plaintiff") casts a wide net over various defendants by his employment of multiple claims designed to grab hold of as many defendants as possible. The dubiousness of Plaintiff's claims against Argent is illustrated by his contradictory factual allegations that he was, at the same time, unaware that Argent was involved in his refinance transaction [Cmplt., ¶ 32], while also alleging that he was "persuaded" by Argent's name and goodwill at the time he signed the refinance papers. Cmplt., ¶ 15. Indeed, Plaintiff admits that Argent is not a proper defendant because defendant Countrywide Home Loans "assumed all rights, remedies and liabilities" when it purchased the subject loan from Argent. *See id.*

In any event, on closer inspection of Plaintiff's claims, certain of the claims and remedies asserted against defendant Argent Mortgage Company ("Argent"):

- Plaintiff's Truth-In-Lending-Act claim fails because it is time-barred;
- Plaintiff's Real Estate Settlement Procedures Act claim fails because the statute does not provide a private right of action;
- Plaintiff's Equal Credit Opportunity Act claim fails because it is time-barred and because no violation of the statute occurred. A violation assumes that the sought-after credit was denied – here, Plaintiff received the loan he sought;
- Plaintiff's claim that Argent failed to provide loan documents in the Spanish language, a purported violation of California Civil Code § 1632, fails because the statute does not apply to loans secured by real property;
- Plaintiff's fraud claim fails because he was required, but failed to, allege specific facts regarding any alleged misrepresentations; and
- Plaintiff's request for punitive damages is not supported by any of his alleged statutory violations or by his insufficiently-pled fraud claim.

The motion to dismiss should be granted on each of these insufficiently-pled claims.

## II. FACTUAL BACKGROUND

### A. Plaintiff Uses His Independent Broker To Refinance His Property Through Argent.

As alleged, Plaintiff owns the real property located at 4023 Folsom Street in San Francisco (the "Folsom Property"). *See* Cmplt., ¶¶ 25-26. In February 2005, Plaintiff and defendant Edwin Parada entered into discussions to refinance the Folsom Property. *See id.* at ¶ 28. Apparently, a few months later, Plaintiff met with defendant Lorenzo Parada and signed documents to refinance the Folsom Property through Argent. *See id.* at ¶ 32. With the proceeds from the refinance transaction for the Folsom Property, Plaintiff purchased the real property located at 274 Girard Street in San Francisco (the "Girard Property"). *See id.* at ¶¶ 33-34.

Allegedly, defendant Edwin Parada retained approximately $200,000 in loan proceeds from the refinance of the Folsom Property and only provided approximately $9,000 of this amount to Plaintiff. *See id.* at ¶¶ 36-37.

On June 6, 2007, the Girard Property was sold at foreclosure. *See id.* at ¶ 41.

### B. The Pending Action.

Beginning in December 2007, foreclosure proceedings began against the Folsom Property with a foreclosure sale scheduled for January 7, 2008. *See id.* at ¶ 42. This action was filed on January 4, 2008 seeking, among other things, an injunction to prevent the sale of the Folsom Property.

On January 7, 2008, this Court issued a temporary restraining order to halt the foreclosure sale. A hearing on a preliminary injunction is currently set for February 26, 2008, before this Court.

## III. ARGUMENT

### A. The Court Has Discretion To Dismiss The Claims Against Argent.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where there is a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Ballistereri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Although a Court must assume that a plaintiff's allegations are true on a motion to dismiss, the Court may disregard conclusory allegations and unreasonable inferences. *See Transphase Sys. v.*

1  *Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).  Moreover, the Court does not
2  assume the truth of legal conclusions which are cast in the form of factual allegations.  *See*
3  *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

### 1.   The Alleged Claim For Damages Under TILA Is Time-Barred.

Actions for civil liability under the Truth in Lending Act are governed by 15 U.S.C. § 1640.  An action for damages under § 1640 of TILA must be filed "within one year from the date of the occurrence of the violation."  *See* 15 U.S.C. § 1640(e).  Under circumstances virtually identical to those present here, the Ninth Circuit has held that the limitations period on a TILA claim begins running on the date the loan documents are signed.  *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  In *Meyer,* the plaintiffs signed the subject loan documents at a meeting with their lender on February 22, 1999, the lender disbursed the loan proceeds on March 1, 1999, and the complaint was filed on June 21, 2000.  On these facts, the district court and the Ninth Circuit agreed that the statute began running when the loan documents were signed.  "The Meyers were in full possession of all information relevant to the discovery of a TILA violation and a § 1640 damages claim on the day that the loan papers were signed."  *Id.* at 902.

There is no dispute as to the timing of the key events here.  Plaintiff pled that he signed the loan documents for his refinance with Argent in the "Spring of 2005."  *See* Cmplt., ¶ 32.  The term "spring" is defined as the months of March, April and May.  *See* Merriam-Webster's Online Dictionary, http://www.m-w.com/dictionary (last visited February 4, 2008).  Plaintiff's complaint was filed January 4, 2008.

Hence, Plaintiff's alleged claim for TILA damages against Argent is time-barred and this claim should be dismissed.

### 2.   The Alleged RESPA Violation Against Argent Fail To State A Claim.

Pursuant to RESPA, a prospective borrower is required to be provided with a "good faith estimate of the amount or range of charges" for particular settlement services that the borrower probably will incur in connection with the settlement.  *See* 12 U.S.C. § 2604.  The broker must provide this disclosure statement by delivering it or placing it in the mail no more than three

1  business days after the broker receives the prospective borrower's application. *Id.*

2  Nevertheless, RESPA's disclosure requirement does not authorize a private right of action
3  for an *allegedly* injured borrower. Courts confronted with this particular issue have consistently
4  held that no express private right of action is authorized under 12 U.S.C. § 2604 and a private
5  right of action should not be implied or inferred.

6  In *Bloom v. Martin*, 865 F.Supp. 1377 (N.D. Cal. 1994), the District Court held that there
7  was no private right of action under the disclosure provisions of RESPA. In *Bloom*, plaintiffs
8  filed a class action suit against a mortgage lender alleging that the lender wrongfully withheld
9  disclosure of real estate fees in violation of RESPA. *Id.* at 1379-80. The lender filed a motion to
10 dismiss on the grounds that, *inter alia*, RESPA does not provide for a private right of action for
11 disclosure violations. *Id.* at 1381.

12 In deciding that no private right of action exists for disclosure violations, the *Bloom* court
13 rejected the argument of the plaintiff-borrowers that a private right of action can be implied. *Id.*
14 at 1385. To determine whether RESPA provides for an implied private right of action, a court
15 must focus on "the intent of Congress when it enacted the statute in question." *Daily Income*
16 *Fund, Inc. v. Fox*, 464 U.S. 523, 536 (1984). A determination of legislative intent "begins with
17 an examination of the language of the statute and then proceeds to a review of the legislative
18 history and the application of traditional aids of statutory interpretation." *Stupy v. United States*
19 *Postal Service*, 951 F.2d 1079, 1081 (9th Cir. 1991).

20 In examining the language of the statute, the District Court noted that the structure of
21 RESPA's various statutory provisions indicates that Congress did not intend to create a private
22 right of action for violations of the disclosure requirement. *Bloom*, 865 F.Supp. at 1384. This
23 intent is clear given the fact that Congress provided private remedies for violation of several
24 sections of RESPA but not the disclosure requirement section. The District Court concluded that
25 the inclusion of remedies in certain RESPA provisions and their omission within the disclosure
26 requirement is strong evidence that Congress did not intend to provide a private right of action for
27 such violations.

28

1    The holding in *Bloom* is consistent with the conclusions of other federal courts. In *Collins v. FMHA-USDA, et al.*, 105 F.3d 1366 (11th Cir. 1997), plaintiff borrower sued a mortgage lender for alleged violation of a RESPA provision that required disclosure of costs relating to the mortgage. *Id.* at 1367. Although it found that 12 U.S.C. § 2604 does not explicitly authorize a private right of action, the court still analyzed the statute to determine whether the provision implicitly provides for a private civil remedy. *Id.* Like the *Bloom* court, the *Collins* court focused on the legislative intent of the provision at issue. *Id.* In concluding that the legislative intent did not support a finding of an implicit private right of action, the court noted that Congress' replacement of the prior § 2605, which provided private remedies, with the current § 2604 strongly suggested that Congress intended that there no longer be a private right of action for violations of § 2604. *See Collins*, 105 F.3d at 1368. Another indication that Congress did not intend to create a private right of action is the fact that several other provisions of RESPA explicitly provide for private civil remedies. *Id.* In sum, the Eleventh Circuit found that neither the statute nor the legislative history revealed a congressional intent to create a private right of action and thus, the plaintiff borrower's cause of action under 12 U.S.C. § 2604 was properly dismissed. *Id.; see also Brophy v. Chase Manhattan Mortg. Co.*, 947 F.Supp. 879 (E.D. Pa. 1996) (holding that since other sections of RESPA, but not § 2604, specifically provide for a private right of action, no such right should be implied for § 2604); *Mentecki v. Saxon Mortgage, Inc.*, 197 WL 45088 (E.D. Va. 1997) (holding that there was no private right of action under RESPA for failure to provide a good faith estimate of closing costs as required by § 2604 in light of the fact that other sections did expressly provide for suits by private persons).

Similar to the plaintiffs in *Bloom* and *Collins*, Plaintiff alleges that Argent failed to provide him with unidentified disclosures required by RESPA. However, as established by the cases above, there is no private right of action under § 2604 because no such private remedy is expressly provided in the statute. The prior statute providing for private remedies was repealed, which clearly demonstrates Congress' intent to remove an individual's right to pursue a cause of action for an alleged disclosure violation. In addition, several other provisions of RESPA specifically provide for private civil remedies which shows that when Congress wished to provide

1   a private damage remedy, it knew how to do so.  Given the case law and the Congressional intent,
2   this Court should conclude that no private right of action is authorized under 12 U.S.C. § 2604.

3   In addition, Plaintiff has provided zero allegations to support the legal conclusion that
4   Argent has allegedly taken kickbacks and unearned fees and/or made or collected prohibited
5   charges.

6   Accordingly, Argent's Motion to Dismiss the Second Cause of Action for Violation of
7   RESPA should be granted.

8       C.    <u>The Claim For Argent's Alleged Violation Of The Equal Credit Opportunity Act
9           Is Time-Barred.</u>

10  Plaintiff alleges that Argent violated his rights by discriminating against him based on his
11  race and national origin in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691
12  ("ECOA").  This claim lacks merit.

13  First, "[t]he ECOA was meant to protect women, among others, from arbitrary denial or
14  termination of credit."  *Miller v. American Express Co.*, 688 F.2d 1235, 1239 (9th Cir. 1982).
15  Here, no credit was denied.  Indeed, Plaintiff brings this action against Argent for it providing a
16  loan to him through Plaintiff's independent brokers.

17  Second, Plaintiff's claim is time-barred.  A claim under 15 U.S.C. § 1691 must be brought
18  within 2 years "[f]rom the date of the occurrence of the violation…"  *See* 15 U.S.C. § 1691e(f).
19  Plaintiff pled that he signed the loan documents for his refinance with Argent in the "Spring of
20  2005."  Cmplt., ¶ 32.  As noted previously, the term "spring" is defined as the months of March
21  through May.  *See* Merriam-Webster's Online Dictionary, http://www.m-w.com/dictionary (last
22  visited February 4, 2008).  Plaintiff's complaint was filed January 4, 2008.  Therefore, Plaintiff's
23  claim for Argent's alleged ECOA violation is time-barred.

24      D.    <u>The Alleged Violation of Civil Code § 1632 For Allegedly Not Providing Loan
25          Documents in the Spanish Language Fail to State a Claim.</u>

26  Plaintiff alleges that Argent violated California Civil Code § 1632 which, in part, requires
27  that certain loan documents be provided in the Spanish language to certain customers that request
28  such documents.  An express exception in the statute provides that the statute does not apply to

1  loans secured by real property. *See* Cal. Civ. Code § 1632(b)(2). As a matter of law, Argent could not have violated Civil Code § 1632.

### E. <u>Plaintiff Failed to Alleged Any Fraud or Deceit Against Argent With Sufficient Particularity</u>

The elements for a fraud claim are: (1) a misrepresentation; (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage. *See Charpentier v. Los Angeles Rams Football Co.*, 75 Cal. App. 4th 301 (1999).

Federal Rule of Civil Procedure 9 requires that "in all averments of fraud…, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled with a high degree of meticulousness). In short, a plaintiff must allege "the who, what, where, and when of the alleged fraud." *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). This rule requires a plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. *Id.* Vague or conclusory allegations do not satisfy the particularity required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Here, Plaintiff has failed to identify a single person at Argent that purportedly made a misrepresentation to him. Instead, the only allegations regarding alleged misrepresentations are by persons allegedly employed by Plaintiff's broker and agent. Plaintiff's conclusory allegations in paragraphs 22-24 of the Complaint that each of the defendants was the agent and/or employee of the other defendants is patently insufficient to impose liability for alleged fraud upon Argent on an agency theory because there are simply no fact to support such liability. This is because an agency is either actual or ostensible. *See* Cal. Civil Code § 2298. An agency is actual when the agent is really employed by the principal. *See* Cal. Civil Code § 2299. An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him. *See* Cal. Civil Code § 2300.

Based upon the allegations in the Complaint, there is no perceived factual basis upon which an agency relationship can be established whereby the representations of Plaintiff's broker and agent can be imputed to Argent. Even if Plaintiff's broker and agent had made such alleged representations, *i.e.*, that they were agents of Argent, it would be irrelevant to the agency analysis.

This is because ostensible agency *cannot* be established by the representations or conduct of the purported agent; the statements or acts of the principal must be such as to cause the third party to believe the agency. *See Lee v. Helmco, Inc.*, 199 Cal. App. 2d 820, 834 (1962). To state the same requirements in different terms and in reverse order, there must be some intentional conduct or neglect on the part of the alleged principal creating a belief in the minds of third persons that an agency exists, and a reasonable reliance thereon by such third persons. *McMurray v. Pacific Ready-Cut Homes,* 111 Cal. App. 341, 343 (1931).

Plaintiff's fraud claim must fail as a matter of law.

### F. The Request for Rescission and Restitution Fail to State a Claim.

In *In re Zoran*, 511 F.Supp.2d 986, 1019 (N.D. Cal. 2007), a case in which a motion to dismiss a rescission claim was granted, this Court held that, "rescission is a form of remedy, not a claim under the law." Since rescission is not a claim under the law, Argent's motion to dismiss the Tenth Cause of Action should be granted.

### G. Plaintiff Has Failed to Assert a Factual or Legal Basis for Punitive Damages.

In paragraph 50 of the TILA claim, in paragraph 77 of the fraud and deceit claim, and in paragraph 8 of his prayer for relief, Plaintiff seeks punitive and exemplary damages. The California Civil Code provides that in an action for the breach of an obligation not arising from contract, "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294 (a). Plaintiff prays for punitive damages without specifying which of his claims support such relief.

As a general rule, punitive damages are not recoverable for a breach of contract claim. *See* Cal. Civ. Code § 3294(a); *Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment*, 189 F.3d

1017, 1031 (9th Cir. 1999). While Plaintiff has not asserted a breach of contract claim, Plaintiff has alleged various failures of Argent to disclose loan terms, which disclosures were mandated by various statutes. However, none of these alleged statutory violations can give rise to a right to punitive damages as alleged.

Moreover, to the extent punitive damages are sought in the fraud and deceit claim, they are subject to dismissal because the fraud and deceit claim is insufficiently pled.

## CONCLUSION

For the reasons set forth above, Plaintiff's first, second, fourth, fifth, seventh and tenth claims should be dismissed with prejudice.

DATED: February 5, 2008

BUCHALTER NEMER
A Professional Corporation


By:   /s/ David M. Liu
      DAVID M. LIU
      Attorneys for Defendant
      ARGENT MORTGAGE COMPANY, LLC

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.