1  Sanford Shatz        State Bar No. 127229
2  David A. Brooks      State Bar No. 179716
   David_Brooks@Countrywide.com
3  5220 Las Virgenes Road, MS:  AC-11
   Calabasas, California 91302
4  Telephone:  (818) 871-6073
   Fax:  (818) 871-4669
5

6  Attorneys for Defendant Countrywide Home Loans, Inc.

7

8                  UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  RICARDO MARCELOS,                    )  Case No.:  CV 08 0056 WHA
                                         )
12              Plaintiff,               )  Courtroom:  9
                                         )  Judge:  Honorable William H. Alsup
13       vs.                             )
                                         )
14                                       )  NOTICE OF MOTION AND MOTION BY
15  EDWIN MAURICIO PARADA                )  COUNTRYWIDE HOME LOANS, INC. TO
    DOMINGUEZ, GLENDA PARADA,            )  DISMISS PLAINTIFF'S COMPLAINT FOR
16  LORENZO PARADA, VIKI RAAB,           )  FAILURE TO STATE A CLAIM, OR IN THE
    COUNTRYWIDE HOME LOANS, ARGENT       )  ALTERNATIVE FOR A MORE DEFINITE
17  MORTGAGE COMPANY, LLC,               )  STATEMENT; MEMORANDUM OF
    PRIMESTAR FINANCIAL SERVICES,        )  POINTS AND AUTHORITIES
18  SHOAIB MAHMUD, FINANCIAL TITLE       )
19  COMPANY, NEW CENTRUY TITLE           )  [F.R.C.P. Rules 12(b)(6) and 12(e)]
    COMPANY, RECONTRUST COMPANY,         )
20  N.A. AND DOES 1 through 100,         )  Date:  March 20, 2008
                                         )  Time:  9:00 a.m.
21              Defendants.              )  Courtroom:  9
22  _____)

23       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that on March 20, 2008, at 9:00 a.m. in courtroom 9 before the

25  Hon. William H. Alsup of the above-entitled court located at 450 Golden Gate Ave., San

26  Francisco, CA 94102, moving party defendant Countrywide Home Loans, Inc. ("Countrywide")

27  will move to dismiss the complaint filed by plaintiff Ricardo Marcelos ("Marcelos") on the

28  grounds that Marcelos fails to state a claim upon which relief can be granted against

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1    Countrywide, or in the alternative for a more definite statement, and for such other and further

2    relief as the court deems just and proper.  More specifically, Countrywide will move to dismiss

3    all claims in which it is named as a defendant as follows:

4         1.    Marcelos' first claim for violations of The Trust in Lending Act ("TILA") and

5    Regulation Z should be dismissed because it is barred by the one-year statute of limitation;

6    Marcelos fails to plead sufficient facts that establish that Countrywide violated TILA; Marcelos

7    failed to trigger the right to rescission; the cause of action is uncertain, and the complaint fails to

8    specify the specific wrongs allegedly committed by each defendant, instead lumping all parties

9    together.

10        2.    Marcelos' second claim for violation of the Real Estate Settlement Act

11   ("RESPA") should be dismissed because it is barred by the one-year statute of limitation; there is

12   no private right of action under RESPA by Marcelos against Countrywide; Marcelos fails to state

13   a claim upon which relief can be granted against Countrywide; the claim is uncertain, and the

14   complaint fails to specify the specific wrongs allegedly committed by each defendant, instead

15   lumping all parties together.

16        3.    Marcelos' third claim for violation of the Fair Housing Act, 42 U.S.C.§ 3605

17   should be dismissed because it is barred by the two-year statute of limitation; the complaint

18   reveals, on its face, that Marcelos received the very loan that he requested and Marcelos failed to

19   specify any term of that loan which was discriminatory; Countrywide had nothing to do with the

20   signing of the loan documents; and the complaint fails to specify the specific wrongs allegedly

21   committed by each defendant, instead lumping all parties together.

22        4.    Marcelos' fourth claim for violation of the Equal Credit Opportunity Act, 15

23   U.S.C. § 1691 should be dismissed because it is barred by the two-year statute of limitation; the

24   complaint reveals, on its face, that Marcelos received the very loan that he requested and

25   Marcelos failed to specify any term of that loan which was discriminatory; Countrywide had

26   nothing to do with the signing of the loan documents; and the complaint fails to specify the

27   specific wrongs allegedly committed by each defendant, instead lumping all parties together.

28        5.    Marcelos' fifth claim for violation of California Civil Code section 1632 should

s:\ss\lc\Marcelos\mot-dis.doc          – 2 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   be dismissed because the complaint reveals, on its face, that the loan is not covered under the

2   statute; Countrywide had nothing to do with the signing of the loan documents at issue and the

3   complaint is completely devoid of any facts under which Countrywide could be held to be

4   vicariously liable for the defendants who did originate the loan; and the complaint fails to specify

5   the specific wrongs allegedly committed by each defendant against each plaintiff, instead

6   lumping all parties together.

7         6.    Marcelos' sixth claim is omitted from the complaint and is not asserted against

8   Countrywide or any parties.

9         7.    Marcelos' seventh claim for fraud and deceit should be dismissed because

10   Marcelos fails to plead fraud with particularity; Marcelos does not allege any facts to establish

11   any representation made by Countrywide that Countrywide knew to be false, Marcelos'

12   reasonable reliance on that false representation, that Marcelos' reasonable reliance on

13   Countrywide's alleged misrepresentation caused it damage, or that Marcelos suffered any

14   damages caused by Countrywide's acts or omissions; Marcelos fails to allege the identity of the

15   person who spoke on behalf of Countrywide, that person's authority to speak for Countrywide,

16   and Countrywide's ratification of the person's actions; the cause of action is uncertain; and the

17   complaint fails to specify the specific wrongs allegedly committed by each defendant, instead

18   lumping all parties together.

19         8.    The eighth claim for breach of fiduciary duty and the ninth claim for breach of

20   contract are not asserted against Countrywide.

21         9.    Marcelos' tenth claim for recessionary [sic] damages and restitution should be

22   dismissed because restitution is a form of remedy, not a cause of action; Marcelos does not

23   specify any basis for the rescission against Countrywide; Marcelos does not offer to restore to

24   Countrywide what he received as part of any rescission; and the cause of action is uncertain.

25         10.    Marcelos' eleventh claim for violation of California Civil Code section 17200, et

26   seq., should be dismissed on the grounds that the statute has been severely circumscribed by the

27   initiative passed in the November 2004 election; Countrywide is not alleged to have engaged in

28   any unfair act with regard to Marcelos other than acquiring the loan that Marcelos requested and

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1 received; and Marcelos is not entitled to seek recovery of damages, punitive or otherwise;

2 Marcelos does not seek restitution for any funds paid to Countrywide; Marcelos fails to state a

3 claim upon which relief can be granted, and the complaint fails to specify the specific wrongs

4 allegedly committed by each defendant, instead lumping all parties together.

5      11.    The request for punitive damages should be dismissed because Marcelos fails to

6 allege facts suggesting that Countrywide acted with malice, oppression or fraud towards

7 Marcelos.

8      PLEASE TAKE FURTHER NOTICE that Countrywide will move, pursuant to Fed. R.

9 Civ. Proc. R. 12(e) for a more definite statement of Marcelos' claims since Marcelos' complaint

10 is unintelligible, vague and ambiguous. Countrywide cannot reasonably be required to frame a

11 responsive pleading, in that Marcelos fails to specify the relationship of the alleged wrongdoers

12 identified in the complaint with Countrywide, or any wrongful activity purportedly undertaken by

13 Countrywide that may have had any effect on Marcelos.

14      This motion is based upon this Notice of Motion and Motion to Dismiss the

15 accompanying Memorandum of Points and Authorities, and upon the pleadings, files and records

16 in this action, and such other and further oral and documentary evidence as may be presented at

17 the hearing of the motion.

18 DATED: February _11_, 2008          By: _____

19                       DAVID A. BROOKS

20                       Attorneys for Defendant
                      Countrywide Home Loans, Inc.

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

1

<u>TABLE OF CONTENTS</u>

2

<u>Page No.</u>

3

4

I.      INTRODUCTION AND STATEMENT OF ISSUES............................................5

5

II.     SUMMARY OF ALLEGATIONS IN COMPLAINT...........................................6

6

        A.  Factual Allegations Not Related to Countrywide............................................6

7

            1.   Folsom Property..........................................................................6
            2.   Girard Property. .........................................................................6

8

        B.  Factual Allegations Concerning Countrywide. ...............................................7

9

III.    THE COURT SHOULD DISMISS MARCELOS' COMPLAINT AGAINST
        COUNTRYWIDE BECAUSE THE ALLEGATIONS AGAINST IT ARE

10

        SWEEPING AND PLED WITHOUT SUFFICIENT SPECIFICS. ....................7

11

IV.     MARCELOS FAILS TO STATE CLAIMS AGAINST COUNTRYWIDE.........8

12

        A.  The First Claim for Violations of TILA and Regulation Z Should Be

13

            Dismissed. ..................................................................................8
            1.   The TILA Claim Is Time Barred. ..............................................8

14

            2.   The TILA Claim Fails To State A Claim Upon Which Relief Can Be

15

                 Granted Against Countrywide. ...................................................9
            3.   Marcelos Failed to Allege Sufficient Facts to Trigger Any Purported

16

                 Right to Rescission. ..................................................................9

17

        B.  The Second Claim for Violation of RESPA Should Be Dismissed. .............10

18

            1.   The RESPA Claim Is Time Barred.........................................10

19

            2.   There Is No Private Right Of Action Under 12 U.S.C. § 2604. .............11

20

        C.  The Third And Fourth Claims For Violations Of the Fair Housing Act and

21

            Equal Credit Opportunity Act Should Be Dismissed. ...................................12
            1.   The Claims Are Time Barred...................................................12

22

            2.   Marcelos Fails To State Claims Upon Which Relief Can Be Granted

23

                 Against Countrywide. ..............................................................12

24

        D.  The Fifth Claim For Violation Of California Civil Code Section 1632
            Should Be Dismissed Because It Fails to State A Claim Upon Which Relief

25

            Can Be Granted. ........................................................................13

26

            1.   California Civil Code Section 1632 Does Not Apply To Loans Secured
                 By Real Property.......................................................................13

27

            2.   No Facts Are Alleged Against Countrywide. ...........................13

28

E.   The Seventh Claim For Fraud And Deceit Should Be Dismissed.................14

F.   The Eleventh Claim For Violation Of The California Unfair Business
     Practices Act Should Be Dismissed. ...........................................................15

G.   The Tenth Claim for Recessionary [SIC] Damages and Restitution Should
     Be Dismissed Because It Is A Remedy, Not A Claim....................................16

V.    THE REQUEST FOR PUNITIVE DAMAGES SHOULD BE DISMISSED
      BECAUSE MARCELOS FAILS TO ALLEGE ANY FACTUAL OR LEGAL
      BASIS. ..............................................................................................................17

VI.   THE COURT SHOULD ALTERNATIVELY ORDER MARCELOS TO
      PROVIDE A MORE DEFINITE STATEMENT OF THE CLAIMS BECAUSE
      HIS COMPLAINT IS UNINTELLIGIBLE, VAGUE AND AMBIGUOUS......18

VII.  CONCLUSION. ..................................................................................................19

# TABLE OF AUTHORITIES

Page No.

## Cases

ACLU Found. v. Barr
  952 F.2d 457 ....................................................................................................... 8

American Mortgage Network, Inc. v. Shelton
  2007 U.S. App. LEXIS 11275, *13 (4th Cir. 2007) ........................................ 9, 10

Brown v. National Permanent Federal Savings & Loan Ass'n
  683 F.2d 444 (D.C. Cir. 1982) ......................................................................... 9

Cellars v. Pacific Coast Packaging, Inc.
  189 F.R.D. 575 ................................................................................................ 8

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company
  20 Cal. 4th 163 ............................................................................................... 15

Collins v. FMHA-USDA
  105 F.3d 1366 ................................................................................................. 11

Cortez v. Purolator Air Filtration Products Company
  23 Cal. 4th 163 ............................................................................................... 15

Glen Holly Entertainment, Inc. v. Tektronics Inc.
  100 F. Supp. 2d 1086 ..................................................................................... 14

Korea Supply Company v. Lockhead Martin Corp.
  29 Cal. 4th 1134 ............................................................................................. 15

Migdal v. Rowe Price-Fleming Int'l, Inc.
  248 F.3d 321 ................................................................................................... 8

Mock v. Michigan Millers Mutual Ins. Co.
  (1992) 4 Cal.App.4th 306 ............................................................................... 17

Moore v. Kayport Package Express, Inc.
  885 F.2d 531 ................................................................................................... 14

Nelson v. Quimby Island Reclamation District
  491 F. Supp. 1364 .......................................................................................... 18

Nuebronner v. Milken
  6 F.3d 666 ...................................................................................................... 14

Perkins v. Superior Court
  (1981) 117 Cal.App.3d 1 ................................................................................ 17

Plotkin v. Tanner's Vacuums
  53 Cal. App. 3d 454 ....................................................................................... 15

iii

Powers v. Sims & Levin
    542 F.2d 1216, 1220 (4th Cir. 1976) ........................................................ 9, 10

Student Loan Mktg. Ass'n v. Hanes
    181 F.R.D. 629 .................................................................................................. 8

Vess v. Ciba-Geigy Corp.
    317 F.3d 1097 .................................................................................................. 14

Western Mining Council v. Watt
    643 F.2d 618 ..................................................................................................... 8

Yamamoto v. Bank of New York
    329 F.2d 1167 .................................................................................................. 10

Statutes

12 U.S.C. § 26 ............................................................................................................. 12

12 U.S.C. § 2604 ......................................................................................................... 11

12 U.S.C. § 2614 ......................................................................................................... 10

15 U.S.C. §  1691 ....................................................................................................... 12

15 U.S.C. § 1640 .......................................................................................................... 8

15 U.S.C. § 1641 .......................................................................................................... 9

15 U.S.C. § 3613 ......................................................................................................... 12

Bus. & Prof. Code, § 17200 ....................................................................................... 15

Civ. Code, § 3294 ....................................................................................................... 17

Fair Housing Act
    42 U.S.C.§ 3605 ............................................................................................... 2

Fed. R. Civ. Proc. R. 12 .............................................................................................. 4

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    <u>INTRODUCTION AND STATEMENT OF ISSUES.</u>

3        This is essentially a dispute between borrower Marcelos and his loan broker, who is not

4    Countrywide, the assignee of the loan.  Marcelos alleges that in 2005, his loan brokers, Shoaib

5    Mahmud ("Mahmud"), and Primestar Financial Services ("Primestar"), with Edwin Parada

6    ("Parada") acting as agent, violated statutes including the Truth in Lending Act ("TILA"), the

7    California Translation Act ("CTA") and committed fraud in connection with their negotiations

8    for a home loan.  Notably absent from Marcelos' complaint are any allegations that Countrywide

9    committed any of the alleged transgressions.  Instead, Marcelos asserts that his subject loan was

10    sold to Countrywide, and on the basis of that statement alone, seeks to rescind his loan.

11        The facts in the complaint fail to sufficiently allege any wrongdoing by Countrywide.

12    Marcelos does not allege that he had any contact with Countrywide before refinancing the

13    property at issue ("Folsom Property") or purchasing the property located on Girard Street

14    ("Girard Property"), or that Countrywide played any role other than being a successor-in-interest

15    to the loan originated by Argent Mortgage Company, LLC ("Argent").

16        Besides the fact that Countrywide had absolutely no involvement in the origination of the

17    loan, the claims against Countrywide fail because: as to the rescission demand, Marcelos did not

18    offer to tender the loan proceeds to Countrywide (a key prerequisite for rescission); the complaint

19    fails to state claims for violations of the Federal Housing Act ("FHA") and the Equal Credit

20    Opportunity Act ("ECOA") because Marcelos was not denied, but rather given credit; the

21    complaint contains no basis for Civil Code section 1632 liability because Countrywide was not a

22    party to the discussions at loan origination, and because loan transactions such as this are

23    excepted from the statute; the complaint lacks any grounds for fraud liability because the claim is

24    plead without the required precision and particularity; and; the complaint fails to state any basis

25    for Business and Professions Code section 17200 liability because Countrywide merely serviced

26    this loan, and did not do anything unfair, or improper.

27        Marcelos has lumped Countrywide together with the other defendants, without any regard

28    to the facts or Countrywide's lack of liability in this case.    Countrywide respectfully requests

s:\ss\lc\Marcelos\mot-dis.doc                    – 5 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   that the court dismiss the complaint because Marcelos fails to allege sufficient facts to constitute

2   a claim.  Alternatively, the court should order Marcelos to provide a more definite statement of

3   their claims against Countrywide.

4

5   II.    SUMMARY OF ALLEGATIONS IN COMPLAINT.

6          A.    Factual Allegations Not Related to Countrywide.

7                1.    Folsom Property.

8          In February 2005 Parada, a realtor and mortgage broker, contacted Marcelos to inquire his

9   interest in refinancing the his home (the Folsom Property). Comp. ¶ 28.  Marcelos initially

10  declined. Comp. ¶ 28.  Parada then began pursuing Marcelos, suggesting to Marcelos that if he

11  were to refinance, Marcelos could rent out the Folsom Property and apply the cash-out towards

12  the down payment of a bigger home for his family.  Comp. ¶ 28-30.  At all times, communication

13  between Marcelos and Parada was in Spanish.  Comp. ¶ 27.   Parada's persistence began with

14  multiple telephone calls and unannounced visits. Comp. ¶ 28.  Parada eventually persuaded

15  Marcelos to take out a loan on the Folsom Property and advised Marcelos that this loan would

16  not increase his currently monthly mortgage payments by more than $100.00.  Comp. ¶ 29 & 31.

17  In Spring of 2005, Parada's brother defendant Lorenzo Parada ("Lorenzo") met Marcelos at a

18  Starbucks to sign the documents for the Folsom Property.  Comp. ¶ 32.  The documents Marcelos

19  signed were in English. Comp. ¶ 32.  Marcelos was not given any copies of the documents and

20  was told that if he had any questions Parada would answer them at a later time.  Comp. ¶ 32.

21  After Marcelos' wife obtained a copy of the documents, did Marcelos find out that the loan from

22  Argent. Comp. ¶ 32.   Apparently Marcelos signed the HUD-1 disclosure of the settlement costs

23  authorizing Parada to receive $200,000 from the refinance. Comp. ¶ 32.  Marcelos was not

24  aware that Parada received $200,000 from the loan transaction until October 2005.  Comp. ¶ 36.

25          Despite Marcelos' repeated attempts to have Parada pay back the $200,000, Parada failed

26  to do so. Comp. ¶ 36-38, 40 & 41.

27                2.    Girard Property.

28          Following the signing of the loan documents for the Folsom Property, Lorenzo took

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   Marcelos to see numerous homes.  Comp. ¶ 33.  Marcelos was ultimately persuaded to purchase

2   a property located on 274 Girard St. in San Francisco ("Girard Property").  Comp. ¶ 33.  On May

3   27, 2005, Marcelos met Parada to sign the purchase documents for the Girard Property.  Comp. ¶

4   34.  Again, Marcelos did not receive any loan documents.  Comp. ¶ 34.   Ultimately, Marcelos

5   could not keep up with the mortgage payments and the property was foreclosed upon on

6   December 15, 2007.  Comp. ¶ 42.

7         Countrywide has no interest in the Girard Property, and there are no allegations against

8   Countrywide in the complaint stating otherwise.

9         B.    <u>Factual Allegations Concerning Countrywide.</u>

10         Marcelos contends that the subject loan by was rescinded letter dated December 31, 2007.

11   Comp. ¶ 3.

12         Marcelos contends that Countrywide is a successor-in-interest to, and/or assumed all

13   rights, remedies and liabilities of defendant Argent Mortgage company, LLC. Comp. ¶ 15.

14         In December of 2006, having never received any documents from Parada, Marcelos' wife

15   requested and received from Countrywide some of the loan documents for the Folsom Property.

16   Comp. ¶ 38.

17         It was not until over one year later that Marcelos' wife was able to retrieve the documents

18   from Countrywide.  Com. ¶ 32.

19         Countrywide is an entity that engages in transactions related to residential real estate.

20   Comp. ¶ 58.  Countrywide is a creditor within the meaning of 15 U.S.C. § 1691(e).  Comp. ¶ 63.

21         No other facts are alleged as to Countrywide.

22

23   III.    <u>THE COURT SHOULD DISMISS MARCELOS' COMPLAINT AGAINST</u>

24         <u>COUNTRYWIDE BECAUSE THE ALLEGATIONS AGAINST IT ARE SWEEPING</u>

25         <u>AND PLED WITHOUT SUFFICIENT SPECIFICS.</u>

26         Marcelos' complaint is devoid of facts to support any claim against Countrywide.

27   Instead, his complaint makes numerous generic conclusory statements regarding Countrywide

28   and the other defendants.  Although in deciding a motion to dismiss courts consider facts in the

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   complaint as true, courts do not "assume the truth of legal conclusions merely because they are

2   cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th

3   Cir. 1981) (affirming dismissal of complaint); see also <u>Cellars v. Pacific Coast Packaging, Inc.</u>,

4   189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he Court may disregard conclusory allegations that

5   are wholly unsupported or contradicted by the plaintiff's factual allegations." <u>Student Loan</u>

6   <u>Mktg. Ass'n v. Hanes</u>, 181 F.R.D. 629, 634 (S.D. Cal. 1998) (granting motion to dismiss cross-

7   complaint). The requirement that a complaint contain more than merely conclusory statements

8   "serves to prevent costly discovery on claims with no underlying factual or legal basis." <u>Migdal</u>

9   <u>v. Rowe Price-Fleming Int'l, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) (affirming dismissal).

10           Further, "[d]istrict courts are not [ ] required to speculate that factual propositions

11   unmentioned, or evidentiary links unrevealed, are among the facts plaintiff intends to prove at

12   trial." <u>ACLU Found. v. Barr</u>, 952 F.2d 457, 472 (D.C. Cir. 1991). Courts should dismiss any

13   claim "that fails to plead sufficiently all required elements of a cause of action." <u>Student Loan</u>

14   <u>Mktg. Ass'n</u>, 181 F.R.D. at 634. Marcelos fails to plead all the required elements against

15   Countrywide in each of his claims. Therefore, Marcelos' complaint should be dismissed.

16

17   IV.     <u>MARCELOS FAILS TO STATE CLAIMS AGAINST COUNTRYWIDE.</u>

18           A.      <u>The First Claim for Violations of TILA and Regulation Z Should Be Dismissed.</u>

19                   1.      <u>The TILA Claim Is Time Barred.</u>

20           An action for damages under TILA must be brought within one year from the date of the

21   occurrence of the violation. 15 U.S.C. § 1640(e).

22           Marcelos broadly alleges that defendants (including Countrywide) violated TILA by

23   providing him with a "high-fee loan" and failing to timely provide required disclosures, among

24   others. Comp. ¶¶ 46 & 47. Those disclosures presumably were required to be made before the

25   loans closed, in or around Spring 2005. Comp. ¶ 32. Additionally, Marcelos admits that it was

26   not until **over one year later** that his wife retrieved documents from Countrywide. Comp. ¶ 32.

27   Because the complaint was not filed within one year of Spring, 2005, but was filed on January 4,

28   2008, the complaint for violation of TILA is time barred.

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

2.    The TILA Claim Fails To State A Claim Upon Which Relief Can Be
      Granted Against Countrywide.

Marcelos does not allege any facts concerning Countrywide with respect to the TILA claims, even if it were not time barred. Marcelos admits that Parada placed him in an Argent loan. Comp. ¶ 32. Marcelos further admits that this loan was subsequently assigned to Countrywide. Comp. ¶ 15. However, an assignee is only liable for errors "if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Marcelos claims Countrywide violated TILA by failing to provide required disclosures and improperly calculating the annual percentage rate, and including prohibited prepayment penalty, among others. Comp. ¶ 47. However, Marcelos failed to attach the relevant disclosures suggesting any apparent violation on the face of the document. In other words, Marcelos failed to put Countrywide on notice as to the particulars of *how* Countrywide purportedly violated TILA. Because Marcelos failed to provide any specific facts as to Countrywide's alleged TILA violation, the court should dismiss this claim against Countrywide.

3.    Marcelos Failed to Allege Sufficient Facts to Trigger Any Purported Right
      to Rescission.

Marcelos' failure to allege an offer to tender the loan proceeds or to condition his request for rescission on Countrywide receiving such proceeds also renders the TILA rescission insufficient as a matter of law. See American Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 820 (4th Cir. 2007) ("Once the trial judge in this case determined that the Sheltons were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."). "Although the right to rescind is [statutory], it remains an equitable doctrine subject to equitable considerations." Brown v. National Permanent Federal Savings & Loan Ass'n, 683 F.2d 444, 447 (D.C. Cir. 1982).

The Fourth Circuit rejected the argument that Section 1635 compelled a creditor to remove a mortgage lien in the absence of the debtor's tender of the loan proceeds. Powers v. Sims & Levin, 542 F.2d 1216, 1220 (4th Cir. 1976). The court recognized that "when rescission is attempted under circumstances which would deprive the lender of its legal due, the attempted

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

1    rescission will not be judicially enforced unless it is so conditioned that the lender will be assured

2    of receiving its legal due." Id. at 1222.

3        Marcelos fails to allege that he tendered (or offered to tender) the loan proceeds to

4    Countrywide. As noted in Powers, "Congress did not intend to require a lender to relinquish its

5    security interest when it is known that the borrowers did not intend and were not prepared to

6    tender restitution of the funds expended by the lender in discharging the prior obligations of the

7    borrowers." Powers, 542 F.2d at 1221. Rather, the equitable goal of rescission under TILA is to

8    restore the parties to the "status quo ante." Yamamoto v. Bank of New York, 329 F.2d 1167,

9    1172 (9th Cir. 2003)  As the Fourth Circuit noted, "[c]learly it was not the intent of Congress to

10   reduce the mortgage company to an unsecured creditor" or to simply permit the debtor to avoid

11   completely the repayment of the loan proceeds. American Mortgage Network, Inc., 486 F.3d

12   815, 820-821.

13       Marcelos essentially alleges that his unilateral notice of cancellation to Countrywide

14   constitutes an automatic rescission of the loan contract. Comp. ¶ 3. However, the Ninth Circuit

15   expressly rejected the contention that the unilateral notification of cancellation, such as the

16   December 31, 2007 letter prepared by Marcelos' lawyer automatically voids a loan agreement.

17   See Yamamoto, 329 F.3d at 1172. "Otherwise, a borrower could get out from under a secured

18   loan simply by claiming TILA violations, whether or not the lender had actually committed any."

19   Id. Rather, a security interest may only be voided, and rescission only ordered, upon the tender

20   of the amount due under the loan. See id.; American Mortgage Network, Inc., 486 F.3d 815,

21   821. Marcelos' failure to tender (or offer to tender) the full loan proceeds or to otherwise

22   condition rescission on Countrywide receiving the full loan proceeds bars Marcelos' TILA

23   rescission claim as a matter of law.

24

25       B.    The Second Claim for Violation of RESPA Should Be Dismissed.

26           1.    The RESPA Claim Is Time Barred.

27       An action for damages under the RESPA must be brought within one year from the date

28   of the occurrence of the violation (for violations of sections 8 or 9). 12 U.S.C. § 2614.

s:\ss\lc\Marcelos\mot-dis.doc                    – 10 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1       Marcelos alleges that "defendants" (including Countrywide) violated RESPA by failing to

2  provide Marcelos with written disclosures, taking kickbacks and unearned fees, and making and

3  collecting prohibited charges. Comp.¶ 54  Those disclosures presumably were required to be

4  made before the loans closed, in or around Spring 2005.  See Comp. ¶ 32.  Additionally,

5  Marcelos admits that it was not until **over one year later** that his wife retrieved documents from

6  Countrywide. Comp. ¶ 32.  Because the complaint was not filed until, January 4, 2008, the

7  RESPA claim is time barred.

8             2.     <u>There Is No Private Right Of Action Under 12 U.S.C. § 2604.</u>

9       Marcelos attempts to state a claim under RESPA, section 5, that defendants (including

10  Countrywide) failed to make and provide the required written disclosures. Comp. ¶ 54.  The

11  failure to provide the special information book or disclosures required under TILA, while a

12  violation of section 5 of RESPA, does not contain a private right of action.  12 U.S.C. § 2604.

13  Courts agree.

14       In <u>Collins v. FMHA-USDA</u>, 105 F.3d 1366 (11th Cir. 1997), <u>cert. denied</u>, 521 U.S. 1127

15  (1997), Collins sought a loan and claimed that there were various deficiencies in the loan process

16  including inadequate good faith estimates of closing costs and an overcharging of closing costs.

17  <u>Id</u>. at 1367.  Collins asserted claims for violation of RESPA, 12 U.S.C. §§ 2604, 2607, and their

18  supporting regulations.  The Appellate Court considered whether these sections created a private

19  remedy and concluded that Congress explicitly eliminated the private remedy provision when it

20  amended the statute.  The court stated:

21            "That Congress eliminated the provision when it amended the

22            statute strongly suggests Congress intended that there no longer

23            will be a private damages remedy for violation of § 2604(c).

24            Moreover, several other provisions of RESPA still explicitly

25            provide private civil remedies [Citation].  That, too, indicates

26            Congress did not intend such a remedy for § 2604(c) violations.

27            [Citation omitted.]."

28  <u>Collins</u> at 1367.

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1    Because there is no private remedy for the purported RESPA violation, the claim should

2    be dismissed.

3

4        C.    The Third And Fourth Claims For Violations Of the Fair Housing Act and Equal

5              Credit Opportunity Act Should Be Dismissed.

6            1.    The Claims Are Time Barred.

7    Marcelos' third and fourth claims for violation of the FHA and ECOA are time-barred.

8    Marcelos may commence an action for violation of FHA no later than 2 years after the

9    occurrence of the allegedly discriminatory housing practice.  15 U.S.C. § 3613a(1)(A).

10   Similarly, an action for damages under the ECOA must be brought within two years from the

11   date of the occurrence of the violation.  15 U.S.C. §  1691e(f).

12           Marcelos admits that he signed the loan documents around Spring 2005.  Comp. ¶ 32.

13   However, Marcelos did not file his complaint until January 4, 2008, two and a half years after the

14   occurrence of the purported violations.  As such, Marcelos is time-barred from alleging claims

15   for violation of the FHA and ECOA.

16           2.    Marcelos Fails To State Claims Upon Which Relief Can Be Granted

17                 Against Countrywide.

18           Marcelos' claims for violation of the FHA and ECOA both contain, in essence, the same

19   core allegations:  that Countrywide, acting through some unspecified agent or unaffiliated

20   entities, somehow took some unspecified discriminatory action against Marcelos when it

21   acquired the loan.  Marcelos, however, fails to point to any term of his loan which was

22   discriminatory in any respect.  Marcelos fails to identify any other factor which would remotely

23   suggest that Marcelos was treated any differently from any other Countrywide borrower with

24   regard to the origination or servicing of his loan, once it reached Countrywide.  Additionally,

25   Marcelos failed to allege how he was discriminated against as he was approved for the very loan

26   he sought.

27           Marcelos' true complaint regarding this entire transaction is that his broker, Parada,

28   fraudulently induced Marcelos to refinance.  Completely lacking from the complaint is any

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   indication that Countrywide was involved in the origination of the loan, or the alleged

2   wrongdoing.  Absent such allegations, there is no way to link Countrywide to a violation of the

3   FHA or the ECOA.  The court should dismiss the two claims.

4

5        D.    The Fifth Claim For Violation Of California Civil Code Section 1632 Should

6              Be Dismissed Because It Fails to State A Claim Upon Which Relief Can Be

7              Granted.

8              1.    California Civil Code Section 1632 Does Not Apply To Loans Secured By

9                    Real Property.

10      Marcelos alleges a fifth claim for breach of the Civil Code section 1632, et seq. by not

11  supplying a Spanish translation of his loan documents.  However, Marcelos' loan is excluded by

12  section 1632, which excludes loans secured by real property.

13      Section 1632(b)(2) accordingly exempts Marcelos' loan from any translation requirement.

14  Furthermore, Marcelos' loan does not fall within any of the narrow exceptions enumerated in

15  section 1632(b)(4).  As such, this claim should be dismissed.

16              2.    No Facts Are Alleged Against Countrywide.

17      Even if Civil Code Section 1632 applies to Countrywide, the statute requires that

18  businesses entering into contracts with Spanish speaking borrowers provide those borrowers with

19  contracts drafted in Spanish.  However, Countrywide is not alleged to have been involved in the

20  origination of Marcelos' loan, so Countrywide cannot be liable for breach of the statute.

21  Additionally, the complaint specifically alleges that it was loan broker Parada, not Countrywide,

22  who placed Marcelos in an Argent loan.  Comp. ¶ 48.  Parada is an independent loan broker

23  unaffiliated with Countrywide.  The complaint further alleges that Argent subsequently sold the

24  loan to Countrywide.  Comp. ¶¶ 25 & 51.  Again, Argent is an independent broker unaffiliated

25  with Countrywide.  Given those allegations, and the lack of any specific allegations regarding

26  Countrywide and the origination of this loan, Countrywide cannot be liable for violation of the

27  statute.  The court should dismiss this claim.

28

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1        E.    The Seventh Claim For Fraud And Deceit Should Be Dismissed.[1]

2        To assert a claim for fraud, Marcelos is obligated to adhere to the requirement of

3   particularity mandated by Rule 9 of the Federal Rules of Civil Procedure and must include

4   statements regarding the time, place and nature of the alleged misrepresentations, and must

5   specifically identify what was misrepresented or concealed. Moore v. Kayport Package Express,

6   Inc., 885 F.2d 531 (9th Cir. 1989).

7        Each defendant is entitled to be informed of the specific acts or omission which it must

8   defend. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1006 (9th Cir. 2003). Marcelos' unspecified

9   generalizations are insufficient to state a claim for misrepresentation.

10       To satisfy the "particularity" requirement of Rule 9(b) of the Federal Rules of Civil

11  Procedure, the complaint must contain each of the following allegations.

12              1.    The alleged misrepresentation;

13              2.    The speaker;

14              3.    When and where the statements were made;

15              4.    Whether the statement was oral or written and, in the latter

16                    instance, the specific documents containing the

17                    representation; and

18              5.    The manner in which the representations are allegedly false

19                    or misleading.

20  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 549 (9th Cir. 1989) ("Rule 9(b) requires

21  that the pleador state the time, place, and specific content of the false representations as well as

22  the identities of the parties to the misrepresentation"). In addition, the complaint must also

23  specify the benefits received by the defendant as a result of the alleged misrepresentations. Glen

24  Holly Entertainment, Inc. Tektronics Inc., 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1999) (quoting

25  Nuebronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)).

26       Marcelos does not allege fraud with the requisite specificity. Marcelos does not allege

27

28  [1] The complaint contains a typographical error in that there is no sixth claim in the complaint.

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1   the specific alleged misrepresentation made by Countrywide, who at Countrywide made the

2   statement, when and where the purported misrepresentation was made, whether Countrywide's

3   purported misrepresentation was oral or written and, if written, where the purported

4   misrepresentation was contained. Marcelos fails to allege the manner in which the

5   representations were false or misleading. Marcelos cannot allege such fraud because Argent

6   originated the subject loan and subsequently sold it to Countrywide. Countrywide had nothing to

7   do with the origination of the loan. As such, there is no basis to the claims for fraud and deceit,

8   and they should be dismissed.

9

10          F.      The Eleventh Claim For Violation Of The California Unfair Business Practices

11                  Act Should Be Dismissed.

12          In his 17200 claim, Marcelos seeks restitution and disgorgement of the money that he

13   paid, attorney's fees and costs, and punitive damages based on unspecified malicious and

14   oppressive acts. There is no basis to this claim and it should be dismissed.

15          Claims under section 17200 prohibit unfair competition, including unlawful, unfair and

16   fraudulent business acts. The claim embraces anything that can properly be called a business

17   practice and that at the same time is forbidden by law. Korea Supply Company v. Lockhead

18   Martin Corp., 29 Cal. 4th 1134, 1143 (2003). It borrows violations of other laws, making them

19   independently actionable as unfair competitive practices. Cel-Tech Communications, Inc. v. Los

20   Angeles Cellular Telephone Company, 20 Cal. 4th 163, 180 (1999). However, the statute "is not

21   an all-purpose substitute for a tort or contract action." Cortez v. Purolator Air Filtration Products

22   Company, 23 Cal. 4th 163, 173 (2000). Remedies are limited under this act in that damages

23   cannot be recovered. Korea Supply Company, supra, 29 Cal. 4th at 1144.

24          To succeed on a claim for unfair competition, Marcelos must demonstrate that

25   Countrywide's conduct was unlawful, unfair or fraudulent. Bus. & Prof. Code, § 17200; Plotkin

26   v. Tanner's Vacuums 53 Cal. App. 3d 454, 459-460 (1975). Marcelos cannot do this. Marcelos

27   has not alleged any facts that show Countrywide engaged in any type of improper conduct, let

28   alone deceptive, unlawful and unfair competitive conduct that was likely to deceive reasonable

s:\ss\lc\Marcelos\mot-dis.doc                    – 15 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1    members of the public. While Marcelos purports to assert claims for violation of TILA and

2    RESPA, there are no facts alleged to support these claims and they are time barred. There is

3    nothing "fraudulent" about Countrywide's conduct. There are no allegations that Countrywide

4    made any representations, false or otherwise, that were reasonably relied on to Marcelos'

5    detriment. Marcelos does not allege that Countrywide acted "unfairly." "Unfair" has been

6    commonly defined as conduct that "offends an established public policy or . . . is immoral,

7    unethical, oppressive, unscrupulous or substantially injurious to consumers." Scripps Clinic v.

8    Superior Court, 108 Cal. App. 4th 917, 939 (2003) (citations omitted). An unfair claim must be

9    based on some public policy that is "tethered" to a specific constitutional, statutory, or regulatory

10   provision, in order to find an objective basis for determining whether the alleged conduct is

11   unfair. Id. at 941. Marcelos does not allege that Countrywide engaged in any conduct other than

12   having the loan assigned to it. Marcelos simply lumps all defendants together without

13   distinguishing for which wrongful acts each defendant is responsible.

14         Marcelos also has not identified any specific provision within section 17200's statutory

15   scheme that was violated by Countrywide. Countrywide has a right to know exactly what

16   wrongdoing it is being accused of, but Marcelos simply broadly alleges that Countrywide made

17   loans based on inaccurate information, and similar sweeping claims. Comp. ¶ 103. These vague

18   and general accusations establish absolutely no wrongdoing by Countrywide, and they should be

19   dismissed.

20         G.    The Tenth Claim for Recessionary [SIC] Damages and Restitution Should Be

21               Dismissed Because It Is A Remedy, Not A Claim.

22         Rescission is a remedy, not a claim. Unless and until Marcelos states a claim, he is not

23   entitled to any remedy, and this "claim" should be dismissed. Countrywide is a bona fide

24   encumbrancer for value. Argent offered a loan to Marcelos for the Folsom Property, Marcelos

25   accepted the loan, and Argent made that loan. The loan was subsequently assigned to

26   Countrywide, who had no knowledge of Marcelos' allegations. There is no basis justifying why

27   Countrywide's loan should be rescinded.

28         Furthermore, Marcelos does not allege that he tendered or offered to tender the loan

s:\ss\lc\Marcelos\mot-dis.doc                     – 16 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1 proceeds to Countrywide.  This is a prerequisite for rescission (see discussion at section IV

2 (A)(3); supra.) There is nothing to give an award of restitution on.

3

4 V.     THE REQUEST FOR PUNITIVE DAMGES SHOULD BE DISMISSED BECAUSE

5         MARCELOS FAILS TO ALLEGE ANY FACTUAL OR LEGAL BASIS.

6         To state a cause of action entitling Marcelos to punitive damages, he must set forth the

7 ultimate facts of Countrywide's "malice, oppression or fraud."  (Perkins v. Superior Court (1981)

8 117 Cal.App.3d 1.)  Marcelos asserts no such allegations.  In Perkins, the court held that

9 "[p]leading in the language of the statute is not objectionable when sufficient facts are alleged to

10 support the allegation. [Citation.]"  (Emphasis added.)

11         "Malice," "oppression," and "fraud" are defined as follows:

12                 "(1)  'Malice' means conduct which is intended by the

13         defendant to cause injury to the plaintiff or despicable conduct

14         which is carried on by the defendant with a willful and conscious

15         disregard of the rights or safety of others.

16                 (2)  'Oppression' means despicable conduct that subjects a

17         person to cruel and unjust hardship in conscious disregard of that

18         person's rights.

19                 (3)  'Fraud' means an intentional misrepresentation, deceit,

20         or concealment of a material fact known to the defendant with the

21         intention on the part of the defendant of thereby depriving a person

22         of property or legal rights or otherwise causing injury."

23 (Civ. Code, § 3294, subd. (c).)  Despicable conduct is "conduct which is so vile, base,

24 contemptible, miserable, wretched or loathsome that it would be looked down upon and despised

25 by ordinary people."  (Mock v. Michigan Millers Mutual Ins. Co. (1992) 4 Cal.App.4th 306,

26 331.)

27         In Perkins, supra, at p. 6, the court opined that:

28                 "What is most important is that the complaint as a whole contain

s:\ss\lc\Marcelos\mot-dis.doc                – 17 –

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1              <u>sufficient facts</u> to apprise the defendant of the basis upon which the

2              plaintiff is seeking relief." (Emphasis added.)

3        In <u>Perkins</u>, the court found plaintiff's allegations were sufficient because the complaint set

4  forth specific facts showing that the defendant was aware that it was causing harm to plaintiff

5  and intentionally persisted in its course of action.  Plaintiff also alleged that the defendant made

6  "different and inconsistent reports to plaintiff," and that one or the other of said reports was

7  known to the defendant to be false when made, and perhaps both were." (<u>Id</u>. at p. 5.)

8        In the present case, the complaint is devoid of substantive allegations--let alone clear and

9  convincing substantive factual allegations--showing that Countrywide acted with "malice,

10 oppression or fraud."  Countrywide did not originate this loan.  Marcelos does not allege with

11 any specificity any facts to show any wrongful conduct.  There are no grounds for punitive

12 damages.

13

14 VI.    <u>THE COURT SHOULD ALTERNATIVELY ORDER MARCELOS TO PROVIDE A</u>

15         <u>MORE DEFINITE STATEMENT OF THE CLAIMS BECAUSE HIS COMPLAINT IS</u>

16         <u>UNINTELLIGIBLE, VAGUE AND AMBIGUOUS.</u>

17       The court should dismiss Marcelos' claims because he fails to state sufficient any claims

18 against Countrywide, and the claims are vague and ambiguous.  Marcelos should not be

19 permitted to lump Countrywide together with the other alleged wrongdoers, when Countrywide

20 had nothing to do with the origination of this loan. However, if the complaint is not entirely

21 dismissed, the court should order Marcelos to provide a more definite statement.

22       Marcelos' complaint is so vague, ambiguous and unintelligible that Countrywide cannot

23 frame a responsive pleading.  Although Rule 12(e) motions for more definite statements are not

24 favored, Marcelos' complaint is precisely the type of pleading that Rule 12(e) is intended to cure.

25 This rule "is designed to strike at unintelligibility rather than want of detail." <u>Nelson v. Quimby</u>

26 <u>Island Reclamation District</u>, 491 F. Supp. 1364, 1385 (N.D. Cal. 1980) (denying motion for more

27 definite statement).

28 / / /

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT

1    Most problematic, the complaint is devoid of facts pertaining to alleged actions or

2  representations made by Countrywide.  There is no mention of Countrywide's relationship with

3  Marcelos, other than Argent having assigned the loan to it.  Marcelos' entire complaint is so

4  vague and ambiguous as to Countrywide that it fails to notify Countrywide of the nature of his

5  claims.

6

7  VII.    CONCLUSION.

8    Marcelos lumps Countrywide with all defendants, and then strings together a series of

9  statutes and regulations that may or may not relate to Countrywide.  The complaint as to

10  Countrywide is a hodgepodge of assorted statutory references with no analysis or real allegations.

11  Because there are no facts that tie Countrywide to any wrongful conduct or improper actions, and

12  there are no facts which suggest a violation of any statute or right, Marcelos' claims should be

13  dismissed.

14

15  DATED:  February __, 2008          By: _____

16                                    DAVID A. BROOKS
                                      Attorneys for Defendant
17                                    Countrywide Home Loans, Inc.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY COUNTRYWIDE HOME LOANS, INC. TO DISMISS PLAINTIFF'S
COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITE
STATEMENT