1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  martin@lmslaw.com
   Michael E. Hale (SBN 245378)
3  hale@lmslaw.com
   101 Montgomery St., 27th Floor
4  San Francisco, CA, 94104
   T: (415) 543-5050
5  F: (415) 543-3550

6  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
7  s_hochhausen@hotmail.com
   2117(b) University Avenue
8  East Palo Alto, CA 94303
   T: (650) 326-6440
9
10 Attorneys for Plaintiff

11
12                    UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT – SAN FRANCISCO DIVISION

14  RICARDO MARCELOS,                    ) Case No.:  CV 08-00056 WHA
                                         )
15                      Plaintiff,       ) **PLAINTIFF MARCELOS' MEMORANDUM
                                         ) OF POINTS AND AUTHORITIES IN REPLY
16       v.                              ) TO DEFENDANT COUNTRYWIDE HOME
                                         ) LOANS, INC.'S OPPOSITION TO
17  EDWIN MAURICIO PARADA DOMINGUEZ,     ) TEMPORARY RESTRAINING ORDER AND
    GLENDA PARADA, LORENZO PARADA,       ) ORDER TO SHOW CAUSE RE:
18  VIKI RAAB, COUNTRYWIDE HOME          ) PRELIMINARY INJUNCTION**
    LOANS, ARGENT MORTGAGE COMPANY,      )
19  LLC, PRIMESTAR FINANCIAL SERVICES,   ) (Declaration of Michael E. Hale in Support filed
    SHOAIB MAHMUD, FINANCIAL TITLE       ) concurrently)
20  COMPANY, NEW CENTURY TITLE           )
    COMPANY, RECONTRUST COMPANY, N.A.    )
21                                       ) Date of Hearing: February 26, 2008
    AND DOES 1 through 100,              ) Time: 10:00a.m.
22                                       ) Place: 450 Golden Gate Ave., San Francisco, CA
                        Defendants.      ) Courtroom: 9
23                                       ) Judge: Honorable William H. Alsup
24

25            I.     **INTRODUCTION**

26       Defendant Countrywide Home Loans, Inc. (hereinafter "Countrywide" or "the lender")

27  opposes plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Re:

28  Preliminary Injunction based on a disingenuous and selective reading of applicable law whereby it

alleges (1) plaintiff Marcelos lacks standing to challenge the foreclosure sale of the Folsom Property and (2) he cannot meet the standards required to impose a preliminary injunction. Underlying these arguments is the false assertion that plaintiff has not adequately alleged claims against Countrywide. Each is addressed below in turn.

## II.    ARGUMENT

### A.    Plaintiff Has Adequately Plead Claims Against Countrywide.

Countrywide argues that plaintiff Marcelos has made no claim against them. To be perfectly clear, plaintiff alleged the following claims against defendant Countrywide and its predecessor-in-interest, defendant Argent Mortgage Co. (hereinafter "Argent"), along with defendant New Century Title Co. (hereinafter "New Century") by and through its employee defendant Viki Raab: all (1) were responsible for delivering TILA documents to plaintiff, (2) failed to do so, which (3) gave rise to rescission under TILA, and (4) the lenders' failure to provide the required disclosures, among other things, aided and abetted in the theft of $200,000 from Mr. Marcelos. (*See* Complaint ¶¶ 44-51, 71-77 and 93-101).

### B.    Mr. Marcelos Has Standing to Challenge the Foreclosure Sale of His Family Home Based on Applicable Case Law.

Defendant Countrywide takes the position that a homeowner cannot seek the protection of the law and this Court unless he can first repay the illegal loan. Countrywide's assertion would hold true even when that homeowner, like plaintiff Marcelos, has been tricked into signing a loan that Countrywide, the lender, now owns, has been denied the protections of the Truth in Lending Act (hereinafter "TILA") and has been robbed by a broker whom Countrywide's predecessor-in-interest enfranchised, aided and abetted. This proposition stands both the law and common sense on its head. In addition, Countrywide argues that TILA requires actual tender of loan proceeds as a condition of rescinding an illegal loan. This reading of the law is patently wrong.

Rescission was properly mailed on December 31, 2007 and is effective of that date. *See* Complaint ¶3 and Declaration of Michael E. Hale ¶ 2, ***Exhibit 1***. Countrywide does not argue, nor could they, that plaintiff failed to implement his right to rescind under TILA.

According to TILA, the procedural affect of rescission on the interested parties is very straightforward. First, "the security interest giving rise to the right of rescission becomes void and the consumer (here, plaintiff Marcelos) shall not be liable for any amount, including any finance charge." TILA, Regulation Z, 12 C.F.R. 226.23(d)(1)(2007). Second, within 20 days the creditor (here, defendant Countrywide) must take any action required to cancel the security interest and must return any money paid to any party on the loan. TILA, Regulation Z, 12 C.F.R. 226.23(d)(2)(2007). Third, if and when the creditor does so, the consumer must tender to the creditor the value of the money or property received. TILA, Regulation Z, 12 C.F.R. 226.23(d)(3)(2007). The creditor or lender, Countrywide, must fulfill its obligation under the second step BEFORE it plaintiff is required to tender anything whatsoever. This is in direct contradiction to any argument that plaintiff lacks standing unless and until he tenders his obligation.

Furthermore, the Court can modify steps two and three of the above rescission process. TILA, Regulation Z, 12 C.F.R. 226.23(d)(4)(2007). The Ninth Circuit expands upon this power in *Yamamoto v. Bank of New York*, a case cited by Countrywide in its opposition, where it held the court has the equitable power to determine the sequence and timing of a tender when the loan has been rescinded to be decided on a case by case basis. 329 F.3d 1167 at 1173 (9th Cir. 2003). This negates the argument that plaintiff cannot seek to set aside the foreclosure without first tendering repayment of the loan as Countrywide would have the Court believe.

Countrywide is also incorrect where it proposes that plaintiff Marcelos must tender the actual loan proceeds in order to implement the rescission. TILA is absolutely clear: once the creditor has returned all money or property, the rescinding party (plaintiff Marcelos) may tender the property itself, or where impractical, its reasonable value. TILA, Regulation Z, 12 C.F.R. 226.23(d)(3).

Plaintiff is prepared to tender the property back to the lender upon return of the costs, fees and interest he paid and upon the return of $200,000.00 that was taken without his consent by the broker who was enfranchised and aided in the theft by the lender's failure to carry out its legal obligations, including the failure of the lender to provide the borrower with the disclosures mandated by TILA. Tendering property conditioned upon the return of money sufficient to make plaintiff Marcelos whole and put him back to the position he enjoyed prior to the transaction is consistent with the intent of the

Page 3
PLAINTIFF MARCELOS' MEMO OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT
COUNTRYWIDE HOME LOANS, INC.'S OPPOSITION TO TRO AND OSC RE: PRELIMINARY INJUNCTION

statute and with the cases which hold that TILA is a strict liability statute to be liberally construed in favor of consumers. *Brophy v. Chase Manhattan Mortgage Co.*, 947 F.Supp. 879 (1996) *and see Abele v. Mid-Penn Consumer Discount*, 77 B.R. 460 (1987), *affirmed* 845 F.2d 1009 (3d Cir. 1988).

### C.  Marcelos Has Met The Standard For An Injunction

As set forth more fully in plaintiff's Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, Marcelos has met the requisite standards for an injunction. Plaintiff has demonstrated that he will likely succeed on the merits in his TILA cause of action as he received no documents whatsoever at closing in derogation of the Truth in Lending Act and in derogation of the lenders own closing instructions which prohibit the escrow agent from delegating the responsibility of fulfilling the requirements of the TILA. *See* Declaration of Michael E. Hale, ¶ 3, *Exhibit 2*.

In considering a balance of the equities in the instant case, when the interests of a large sub-prime lender who will have to wait to recover their property are balanced against a family of four who will lose their home, the equities tip decidedly in favor of plaintiff Marcelos and his family.

Finally, the public and this Court are well aware of the sub-prime mortgage crisis and the disproportionate wholesale foreclosure on the homes of poor and minority homeowners. In fact, in 2007 the NAACP has filed suit to redress race discrimination in lending and named Countrywide as one of the defendants. Plaintiff Marcelos believes he was targeted because he is a person of color and expects to uncover facts to this effect in discovery.

//
//

## III. CONCLUSION

For these reasons and others more fully expressed in plaintiff's Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Order To Show Cause Re: Preliminary Injunction, and consistent with the traditional motivation for injunctive relief, plaintiff respectfully request that this Court maintain the status quo and impose a preliminary injunction staying the foreclosure sale pending a hearing on the merits of his complaint.

Dated: February 12, 2008

LIUZZI, MURPHY & SOLOMON, LLP.

By: /S/ Shirley Hochhausen
Shirley Hochhausen
Attorney for Plaintiff

PLAINTIFF MARCELOS' MEMO OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S OPPOSITION TO TRO AND OSC RE: PRELIMINARY INJUNCTION

1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  martin@lmslaw.com
   Michael E. Hale (SBN 245378)
3  hale@lmslaw.com
   101 Montgomery St., 27th Floor
4  San Francisco, CA, 94104
   T: (415) 543-5050
5  F: (415) 543-3550

6  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
7  s_hochhausen@hotmail.com
   2117(b) University Avenue
8  East Palo Alto, CA 94303
   T: (650) 326-6440
9
10 Attorneys for Plaintiff

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12              COUNTY OF SAN FRANCISCO, UNLIMITED CIVIL JURISDICTION
13
14  RICARDO MARCELOS,                    ) Case No.:  CV 08-00056 WHA
                                         )
15             Plaintiff,                ) **DECLARATION OF MICHAEL E. HALE IN**
                                         ) **SUPPORT OF PLAINTIFF MARCELOS'**
       v.                                ) **MEMORANDUM OF POINTS AND**
16                                       ) **AUTHORITIES IN REPLY TO DEFENDANT**
   EDWIN MAURICIO PARADA DOMINGUEZ,      ) **COUNTRYWIDE HOME LOANS, INC.'S**
17 GLENDA PARADA, LORENZO PARADA,        ) **OPPOSITION TO TEMPORARY**
   VIKI RAAB, COUNTRYWIDE HOME           ) **RESTRAINING ORDER AND ORDER TO**
18 LOANS, ARGENT MORTGAGE COMPANY,       ) **SHOW CAUSE RE: PRELIMINARY**
   LLC, PRIMESTAR FINANCIAL SERVICES,    ) **INJUNCTION**
19 SHOAIB MAHMUD, FINANCIAL TITLE        )
   COMPANY, NEW CENTURY TITLE            )
20 COMPANY, RECONTRUST COMPANY, N.A.     )
                                         )
21 AND DOES 1 through 100,               )
                        Defendants.      )
22 ─────────────────────────────────────

23  I, Michael E. Hale, declare as follows:

24  1.     I am an attorney at law, duly admitted to practice before this Court, and am an associate in

25  the law firm of Liuzzi, Murphy & Solomon, LLP.  I am one of the attorneys of record for plaintiff

26  RICARDO MARCELOS.  I make this declaration of my own personal knowledge, and if called

27  upon to do so, could and would competently testify thereto.

28

Page 1
DECL. OF MICHAEL E. HALE IN SUPPORT OF PLAINTIFF'S MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

1  2. Attached hereto as *Exhibit 1* is a true and correct copy of plaintiff's Rescission Letter, dated
2  and mailed December 31, 2007.
3  3. Attached hereto as *Exhibit 2* is a true and correct copy of defendant Argent Mortgage Co.'s
4  Closing Escrow Instructions for the Folsom Property.
5
6  I declare the foregoing to be true and correct under penalty of perjury this 12th day of February,
7  2008 at San Francisco, California.
8
9
10  _____
    MICHAEL E. HALE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 2
DECL. OF MICHAEL E. HALE IN SUPPORT OF PLAINTIFF'S MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

EXHIBIT 1

LIUZZI / MURPHY / SOLOMON

December 31, 2007

*Via OVERNIGHT MAIL*

Countrywide Home Loans
ATTN: Legal Department
5220 Los Virgenes Rd.
Calabasas, CA 91302-1064

Re:  *Ricardo Marcelos; Rescission Pursuant to Federal Truth in Lending Act*
Address of property: 4023 Folsom St., San Francisco, CA, 94110
Countrywide Loan No. 71152031
Argent Mortgage Loan No. 0076100551-9505

Dear Lender Representative:

Our office represents Mr. Ricardo Marcelos, who is the borrower under the above-referenced promissory note and deed of trust for which you are the lender and beneficiary.

The Federal Truth in Lending Act (TILA) governs non-purchase money loans made by a lender for household purposes which are secured by the borrower's residence. The above-referenced loan originated by Argent Mortgage Company falls in that category.

TILA 15 U.S.C. 1635, as implemented under Regulation Z, requires that each borrower receive two copies of a properly filled-out Right to Cancel. Mr. Marcelos' independent recollection demonstrates he did not receive these disclosures and other material disclosures required by TILA. A review of his loan file confirms this violation.

The Federal Truth-in-Lending disclosures must be provided to all borrowers with all material information correctly disclosed. (Code of Federal Regulations §226.23(a); *See also* Official Staff Commentary, CFR §§226.15(b)-1, 226.23(b)-1). If these material disclosures are not properly supplied, the consumer has an extended right to rescind 15 U.S.C. § 1635(f); Reg. Z §§226.15(a)(3) and 226.23(a)(3). TILA sets forth certain tolerances for improper disclosures. When foreclosure has been initiated by the lender against the borrower, however, the tolerance is $35.00 for under-disclosures. 15 U.S.C. §1635(i)(2); Reg. Z §226.23(h)(2)(I). Additionally, a consumer may have an extended right to rescind a loan in foreclosure if a mortgage broker fee that should have been included in the finance charge was omitted regardless of the amount. Official Staff Commentary, CFR §226(h)(2)-1.

Finally, California Civil Code §1632 requires that when a contract is negotiated in a language other than English, the non-English speaking party must be provided a copy of the agreement in the language in which the contract was negotiated. As you are aware, the agents employed by you in transacting this loan conducted the negotiations and the entire transaction in Spanish, yet failed to provide any of the documents in this language.

101 MONTGOMERY STREET / 27TH FLOOR / SAN FRANCISCO, CALIFORNIA 94104
T 415 543 5050 / F 415 543 3550 / W LMSLAW.COM

LMS

LIUZZI / MURPHY / SOLOMON

Subsection (k) of above-mentioned code provides that the remedy for such a failure is rescission of the contract or agreement.

Please be advised by this correspondence that Mr. Marcelos hereby rescinds the loan he received from you pursuant to CC §1632(k) and pursuant to TILA 15 U.S.C. 1635. As a result of this rescission notice your interest in the property is now void and you are bound to immediately execute a deed of trust returning the interest to Mr. Marcelos in accordance with Regulation Z, §226.23(d)(2). As you are aware, a foreclosure sale of the above-referenced property is scheduled for January 7, 2008. However, cancellation of the security interest deprives you of any basis for a foreclosure. Please take notice that any attempt by you to proceed with the foreclosure of Mr. Marcelos' home will cause him, his wife and his children **irreparable harm and will be actionable.**

Pursuant to the Truth in Lending Act you have twenty (20) days from your receipt of this notice to return to my client all monies paid in connection with the terms of the mortgage loan which is the subject of this letter. My client hereby requests an itemization of such monies. We further make a claim for civil penalties to the extent allowed by law. Upon the discharge of your statutory duties, my client will perform all necessary actions required by the relevant statutes.

Failure to cancel the security interest and return to my client all monies due may further subject you to additional actual and statutory damages.

Upon receipt of this letter please telephone our office to discuss the pending foreclosure sale. Thank you in advance for your prompt attention to this matter.

Very truly yours,

Michael E. Hale, Esq.

EXHIBIT 2

# Argent Mortgage Company, LLC
## CLOSING INSTRUCTIONS TO TITLE

Date: March 28, 2005

To: FINANCIAL TITLE COMPANY  
3726 CASTRO VALLEY BLVD  
Castro Valley, CA 94546  
(415)885-3965  
VIKI RAAB  

FROM: Argent Mortgage Company, LLC  
One City Boulevard West  
Orange, CA 92868  
Division 01 - Reg 05  
Ohannes Gagossian  
(888)311-4721  

RE: RICARDO MARCELOS  

Broker:  
Primestar Financial Services  
200 Brown Road Suite - 103,  
Fremont, CA 94539  
Humberto Covurrusias  
866-254-3435  

ADDRESS: 4023 FOLSOM STREET, SAN FRANCISCO, CA 94110  

1st LOAN AMOUNT: $598,500.00  
2nd LOAN AMOUNT: $0.00  

1st LOAN NUMBER: 0076100551  
2nd LOAN NUMBER:  
ESCROW NO: 09050143  
ORDER NO: 45034984-582-PLS  

With regard to the above-referenced transaction, attached/enclosed is the complete Argent Mortgage Company, LLC (Lender) closing document package.

Please carefully review and COMPLY WITH ALL INSTRUCTIONS prior to document execution and loan proceeds disbursement. Closing Agent is responsible for compliance with all closing requirements and conditions.

The following are Lender's Policies with regard to all Mortgage Loan Closings:

1) Any deviation from the Closing Instructions must be authorized by Lender's Funding Transaction Manager in writing prior to closing/funding of the loan.

2) Closing Instructions NOT directly provided by Lender are considered invalid. Please contact the Lender's Funding Transaction Manager if you have any questions or concerns.

3) Mortgage Broker and/or Closing Agent may not be paid until all loan closing documents have been received and approved by Lender.

4) No disbursement of loan proceeds are permitted until Lender is assured of its position as First Lien Holder and if there is a concurrent 2nd mortgage, it must be in second lien position.

5) In the event that funds are not disbursed in a timely manner after receipt from Lender, Closing Agent will be responsible for any interest adjustments owed to borrower(s) per the terms of the Promissory Note and applicable law.

6) Closing Agent agrees to cooperate with Lender's request for settlement information or documentation of disbursements. This request may include copies of cancelled checks for disbursement of loan proceeds.

7) Closing Agent must be in receipt of Lender's funds (wire) prior to the disbursement of the loan.

8) If this is a simultaneous First and Second Mortgage loan closing, Closing Agent must comply with all conditions on both loans.

## GENERAL SIGNING AND DOCUMENT INSTRUCTIONS:

- Closing Agent is responsible for closing the loan with the borrower(s). Closing of the loan may not be delegated. Loan documents may not be given to the broker for signing.
- Lender does not accept faxed closing documents.
- Closing Agent must sign and date these Closing Instructions.
- All Documents require original signatures and must be manually dated by the signor(s) in ink.
- Any corrections/modifications to loan documents including these Closing Instructions must be approved in writing by the lender's Funding Transaction Manager. Unapproved alterations will delay the wiring of funds.
- Any documents returned to the Lender with "White-Out" or unauthorized changes will require the loan documents to be redrawn and resigned at no charge to Lender or Borrower.
- Provide the Borrower with a full copy of all loan documents, including copy of Note, Deed/Mortgage, and Federal Truth-In-Lending Disclosure Statement. Refer to Notice of Right to Cancel Instructions below for additional instructions regarding the Notice or Right to Cancel.
- Use of a Power of Attorney generally not allowed by Lender. If special circumstances warrant, contact the Lender's Funding Transaction Manager for approval and instructions.
- If funds need to be returned to the Lender, please contact the Funding Transaction Manager at (888)311-4721 for "Returned Wire Instructions."

## NOTICE OF RIGHT TO CANCEL INSTRUCTIONS:

- If the Notice of Right to Cancel is not properly executed, a new 3-day rescission will be required and it will cause a delay in wiring the funds.
- The borrower, owner and/or owner's spouse or any party with an ownership interest in the collateral property may not waive the right of rescission.
- The Notice of Right to Cancel form has been pre-printed with the estimated closing date and rescission date. If the closing date changes, EACH COPY of the Notice of Right to Cancel must be accurately corrected with appropriate new dates. In correcting the Notice of Right to Cancel, the first boxed area requires the CLOSING AGENT to enter the date of the transaction, which is the date the Notice of Right to Cancel document is signed. The second boxed area requires the CLOSING AGENT to enter the rescission (cancellation) date which must be at least three (3) business days following the last date this form was signed by the necessary party. (Sundays and legal holidays are not counted as business days). ALL CHANGES MUST BE INITIALED BY ALL BORROWERS AND EACH PERSON HAVING AN OWNERSHIP INTEREST IN THE COLLATERAL PROPERTY.
- Each borrower and each person having an ownership interest in the collateral property must sign and date the document at the very bottom.
- EACH BORROWER and EACH PERSON HAVING AN OWNERSHIP INTEREST IN THE COLLATERAL PROPERTY must receive two (2) original copies of the completed Notice of Right to Cancel at the closing.
- If changes/corrections are made to the Notice of Right to Cancel, each borrower and each person having ownership interest in the collateral property must receive two (2) original copies of the completed, corrected Notice of Right to Cancel.

SEND ALL SIGNED AND DATED LOAN DOCUMENTS TO:  
Argent Mortgage Company, LLC  
One City Boulevard West  
Orange, CA 92868  

NC000093

All documents and certified copies of documents to be recorded must be returned within 24 hours of closing. Failure to comply with these instructions will delay wiring of funds. Closing Agent must e-mail Lender that the closing is complete and documents have been sent. Include tracking information in the e-mail notification.

closinginst (09/04)

## TITLE INSURANCE INSTRUCTIONS:

1. For a first mortgage transaction Closing Agent shall issue an extended ALTA Title Insurance Policy (ALTA Policy) naming as the insured thereunder "Argent Mortgage Company, LLC, its Successors and/or Assigns" (Lender) in the principal amount of $598,500.00 at the date and time of recording as described in paragraphs 1-7. The full Alta Policy shall insure the lender in First Lien Position.

2. For a simultaneous 2nd mortgage closing transaction, Closing Agent shall issue an Short Form ALTA Title Insurance Policy (Short Form Policy) naming as the insured thereunder "Argent Mortgage Company, LLC, its Successors and/or Assigns" (Lender) in the principal amount of $0.00 at the date and time of recording as described in paragraphs 1-7 of this section. The Short Form Policy shall insure the lender in Second Lien Position.

3. The Policy shall show and insure the marital status and vesting which appears on Deed of Trust/Mortgage and the last recorded transfer deed, including any transfer documents enclosed for recording. Any discrepancies in marital status and vesting must be resolved prior to disbursement of funds and issuance of the Policy. The vesting information below must match the Title Prelim/Commitment or any applicable transfer deed.

   Vesting: RICARDO MARCELOS, An Unmarried Man

4. Only the following items may be included in Schedule B of the Policy:
   - Property Taxes: The Final Title Policy must reflect all real estate/municipal taxes and/or assessments of any nature as current or future taxes that are not yet due and payable.
   - All delinquencies due or payable within 60 days must be resolved (cleared) prior to the issuance of Schedule B.

5. Except as expressly and specifically permitted in these instructions, all liens must be satisfied by payment in full prior to recording the enclosed Deed of Trust/Mortgage(s).

6. The following requirements for the Final Title Policy and Deed of Trust/Mortgage must be met. If any of the following requirements are not met, Closing Agent agrees to correct them at no extra charge to Argent Mortgage Company, LLC or its representatives.

   **Deed of Trust/Mortgage:** Must ensure the following are attached to the document prior to recording:

   | X | Full and correct legal description | | Condominium Rider | | Planned Unit Development Rider |
   | X | Adjustable Rate Rider | | Second Home Rider | | 1-4 Family Rider |
   | | Other | | | | |

   Must ensure Notary Acknowledgment includes the following:
   * State and County names
   * For each signor, complete name for all borrowers and each person having an ownership interest in the collateral property.
   * Date Acknowledged
   * Notary signature, date commission expires, seal (if required), and witnesses (if required)
   * Each borrower and each person having an ownership interest in the collateral property must sign and initial the Deed of Trust/Mortgage.
   * Document must be proof read. Closing Agent must contact Lender's Funding Transaction Manager for corrections prior to disbursement of funds.

   **Final Title Policy:**

   | X | Comprehensive Coverage (State Specific) | X | Environmental Protection | | Manufactured Housing |
   | | Survey or Location Endorsement (State Specific) | | Condominium | X | Restrictions, Encroachments, and Minerals |
   | | Planned Unit Development | | Variable Rate Endorsement | | |
   | | Other | | | | |

   * Must have original title jacket
   * Endorsements and Schedule A must be countersigned
   * Must include GAP coverage (on both loans if simultaneous first and second mortgage transaction)
   * Must contain a complete legal description

## SETTLEMENT INSTRUCTIONS:

7. When Closing Agent is satisfied that Closing Agent is in the position to issue the Final Title Policy as described in paragraphs 1-6 of this section, then Closing Agent may pay in full the following item(s). Closing Agent must obtain current payoffs and utilize the appropriate per diem interest to insure that the payoff is accurate and acceptable to the prior lender. No disbursement may be made payable directly to a home improvement contractor.

| Company | Amount | Item # |
|---|---|---|
| NATIONAL CITY MORTGAGE | $323,608.00 | |
| Edwin Parada | $200,000.00 | |
| | | |

The total consideration in this transaction except for Lender's loan fees and approved secondary financing, if any, must pass in the form of cash through Closing Agent's escrow. If the loan is short to close, the borrower(s) must provide certified funds. Do not record Lender's Deed of Trust/Mortgage if Closing Agent has knowledge of a concurrent or subsequent escrow to be opened or closed upon completion of this escrow, which will transfer the subject property. If so, immediately notify the Lender's Funding Transaction Manager.

## HUD - 1 SETTLEMENT STATEMENT INSTRUCTIONS:

Closing Agent must prepare a final HUD-1 Settlement Statement and accurately reflect the actual receipts and disbursements which should match those indicated on the Borrower's Disbursement Authorization form. If the fees are increased at the closing, Closing Agent must stop and contact the Lender's Transaction Manager. The Closing Agent must provide the lender with a certified copy of the preliminary/estimated HUD-1 Settlement Statement signed by the borrower(s) and returned with the closing documents within 24 hours. The Closing Agent must also provide to the Lender at the address listed below the final HUD-1 Settlement Statement within 24 hours of disbursement. The lender does not accept hand written HUD-1 Settlement Statements. Closing Agent is responsible for the accuracy of the preliminary/estimated HUD and the final HUD, including payoff amounts and mortgage tax where applicable.

Submit all recordable instruments for recording within 24 hours of Lender's wiring of closing funds or expiration of rescission period, if applicable.
- Record all original recordable instruments and send 2 certified copies of each to lender.
- Funds cannot be disbursed until recording confirmation or intent to record is obtained.

Please forward the original and one copy of the Final Title Policies with plat map and a final HUD-1 to:

Argent Mortgage Company, LLC Its Successors and/or Assigns
P.O. Box 5047 Rolling Meadows, IL 60008

Any excess funds must be refunded directly to the borrower(s) within 10 days of disbursement. A copy of the refund check must be forwarded to the Lender at the address shown below.

## HAZARD INSURANCE REQUIREMENTS:

**INSURANCE LOSS PAYEE CLAUSE:**

Argent Mortgage Company, LLC, Its Successors and/or Assigns
P.O. Box 11056
Orange, CA 92856

**ON REFINANCE TRANSACTIONS:**

Homeowners Insurance must be paid through Closing if premium is due, past due or coming due within 30 days of closing. The premium must be shown as a disbursement on the final HUD-1.

If you have any questions or concerns regarding these instructions or loan documents, please contact the Lender's Funding Transaction Manager At (888)311-4721

Thank You,

Argent Mortgage Company, LLC
One City Boulevard West, Orange, CA 92868

I hereby acknowledge and agree to disburse all loan funds as instructed by Argent Mortgage Company, LLC at the time of wiring. A separate final HUD-1 Settlement Statement will be required for each loan.

Title Company/Attorney Acknowledgment Signature _____ Date __32905__  Print Name/Title __Viki Raab__  Date __NC000094__

Closinginst (09/04)