SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
SIMONE M. KATZ (Bar #246490)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: jzeldin@sflaw.com; skatz@sflaw.com

Attorneys for Defendants
VIKI RAAB AND NEW CENTURY TITLE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>        Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., AND DOES 1 through 100,<br><br>        Defendants. | Case No. CV08-0056 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS**<br><br>Date:      April 10, 2008<br>Time:     8:00 a.m.<br>Judge:    Honorable William H. Alsup<br>Location:  450 Golden Gate Avenue<br>             Courtroom 9<br>             San Francisco, CA 94102 |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

SUMMARY OF ALLEGATIONS IN THE COMPLAINT ............................................... 2

I.   FACTUAL ALLEGATIONS NOT RELATED TO NEW CENTURY OR
     RAAB .................................................................................................................. 2

     A.   Folsom Property ....................................................................................... 2

     B.   Girard Property ........................................................................................ 3

II.  FACTUAL ALLEGATIONS RELATING TO NEW CENTURY AND
     RAAB .................................................................................................................. 4

ARGUMENT ................................................................................................................... 4

I.   THE COMPLAINT SHOULD BE DISMISSED AGAINST NEW
     CENTURY AND RAAB BECAUSE THE COMPLAINT FAILS TO
     MEET THE PLEADING REQUIREMENTS OF RULE 8(A) ........................... 4

II.  PLAINTIFF FAILS TO STATE CLAIMS AGAINST EITHER NEW
     CENTURY OR RAAB ....................................................................................... 6

     A.   The First Cause Of Action For Violation Of TILA And Regulation
          Z Fails To State A Claim Against Raab. ................................................... 6

          1.   The TILA cause of action is time-barred ...................................... 6

          2.   TILA does not apply to Raab because she is not a
               "creditor." ..................................................................................... 6

     B.   The Second Cause Of Action For Violation Of RESPA Fails To
          State A Claim Against New Century Or Raab. .......................................... 7

          1.   The RESPA cause of action is time-barred .................................... 7

          2.   There is no private right of action for violation of the
               disclosure provisions of RESPA. .................................................. 7

          3.   Even if there is a private right of action under RESPA,
               Plaintiff's conclusory and boilerplate allegations are legally
               insufficient .................................................................................... 8

     C.   The Third Cause Of Action For Violation Of FHA Fails To State A
          Claim Against Raab. ................................................................................. 9

          1.   The FHA cause of action is time-barred ........................................ 9

          2.   The FHA does not apply to Raab .................................................. 10

          3.   The FHA cause of action fails to allege any facts showing
               discrimination by Raab ................................................................ 10

     D.   The Fifth Cause Of Action For Violation Of Civil Code Section
          1632 Fails To State A Claim Because There Are No Factual
          Allegations That Either New Century Or Raab Negotiated Anything
          With Plaintiff In Spanish Or Was A Broker ............................................ 11

     E.   The Seventh Cause Of Action For Fraud Fails To State A Claim
          Because It Is Not Pled With Sufficient Particularity. ............................... 12

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. CV08-0056 WHA    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

## TABLE OF CONTENTS
### (continued)

**Page**

F.    The Eighth Cause Of Action For Breach Of Fiduciary Duty And The Ninth Cause Of Action For Breach Of Contract Fail To State Claims Against New Century Or Raab. ................................................... 13

    1.    New Century has complied with the escrow instructions ............. 13

    2.    There are no factual allegations that Raab has breached any contractual or fiduciary duties owed to Plaintiff.......................... 15

G.    The Tenth Cause Of Action Fails To State A Claim Because Rescission And Restitution Are Remedies, Not Causes Of Action .......... 15

H.    The Eleventh Cause Of Action For Violation Of California's Unfair Competition Law Fails To State A Claim ................................................ 16

CONCLUSION ........................................................................................................ 16

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. CV08-0056 WHA    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

## CASES

*Anthony v. Yahoo!, Inc.*,
    421 F. Supp. 2d 1257 (N.D. Cal. 2006) ........................................................................ 15

*Arikat v. JP Morgan Chase & Co.*,
    430 F. Supp. 2d 1013 (N.D. Cal. 2006) .......................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) .................................................................................................... 5

*Bloom v. Martin*,
    865 F. Supp. 1377 (N.D. Cal. 1994) ............................................................................... 8

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) ........................................................................................... 13

*Collins v. FMHA-USDA*,
    105 F.3d 1366 (11th Cir. 1997) ....................................................................................... 8

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ............................................................................... 5

*KB2S, Inc. v. City of San Diego*,
    2007 U.S. Dist. LEXIS 3673 (S.D. Cal. Jan. 17, 2007) ........................................... 10, 11

*Kay v. Wells Fargo & Co. N.A.*,
    2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 24, 2007) ............................................... 7

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ......................................................................................... 13

*McCulloch v. Great Western Bank*,
    1998 U.S. Dist. LEXIS 8226 (W.D. Wash. Feb. 10, 1998) ............................................ 8

*Meyer v. Ameriquest Mortgage Co.*,
    342 F.3d 899 (9th Cir. 2003) ........................................................................................... 6

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) ......................................................................................... 12

*Nevis v. Wells Fargo Bank*,
    2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007) ..................................... passim

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) ........................................................................................... 4

*Transphase Sys. v. Southern Cal. Edison Co.*,
    839 F. Supp. 711 (C.D. Cal. 1993) ................................................................................. 4

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003) ....................................................................................... 12

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. CV08-0056 WHA    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

*Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer, LLC*,
    2007 U.S. Dist. LEXIS 53680 (S.D. Cal. July 24, 2007)................................................ 15

*In re Zoran Corp. Derivative Litig.*,
    511 F. Supp. 2d 986 (N.D. Cal. 2007) ............................................................................ 15

*Claussen v. First American Title Guaranty Co.*,
    186 Cal. App. 3d 429 (1986)............................................................................................ 14

*Hannon v. Western Title Ins. Co.*,
    211 Cal. App. 3d 1122 (1989).......................................................................................... 15

*Lee v. Title Ins. & Trust Co.*,
    264 Cal. App. 2d 160 (1968)............................................................................................ 15

*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*,
    27 Cal. 4th 705 (2002) ............................................................................................ 14, 15

*Washington Mutual Bank v. Superior Court*,
    75 Cal. App. 4th 773 (1999) .............................................................................................. 8

**STATUTES**

California Business & Professions Code
    Section 10240.................................................................................................................... 11

California Civil Code
    Section 1632(b).................................................................................................................. 11
    Section 1632(b)(2)............................................................................................................. 11
    Section 1632(b)(4)............................................................................................................. 11

12 Code of Federal Regulations
    Section 226.1(c) .................................................................................................................. 6

12 United States Code
    Section 2614........................................................................................................................ 7

15 United States Code
    Section 1602(f) .................................................................................................................... 6
    Section 1640(e) .................................................................................................................... 6

42 United States Code
    Section 3605(a) .................................................................................................................. 10
    Section 3605(b) .................................................................................................................. 10
    Section 3613(a)(1)(A) ......................................................................................................... 9

**RULES**

Federal Rules of Civil Procedure
    Rule 9(b) ............................................................................................................................ 12

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. CV08-
0056 WHA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## INTRODUCTION

This case involves a dispute between Plaintiff Ricardo Marcelos ("Plaintiff"), on the one hand, and his realtor and mortgage broker Edwin Parada ("Parada"), on the other hand, over a loan on Plaintiff's Folsom Street property.  Yet, Plaintiff attempts to cast a wide net and sweep in as many defendants as possible, including New Century Title Company ("New Century") as the escrow company on the transaction, and Viki Raab ("Raab"), who is New Century's former employee and a notary public, by asserting multiple claims which lack any factual support.  There are only two factual allegations in the entire Complaint that even refer to New Century or Raab, and neither is sufficient to support the numerous claims asserted against these two defendants.

As discussed below, the causes of action asserted against New Century and Raab are insufficiently pled and devoid of facts which show any wrongdoing on the part of either New Century or Raab.  Specifically,

- The Complaint fails to meet the pleading requirements of Rule 8(a) because it merely lumps all of the defendants together and fails to provide fair notice to New Century or Raab, two peripheral parties who do not understand the basis on which Plaintiff is trying to recover damages from them.

- The Truth In Lending Act ("TILA") and Regulation Z cause of action asserted against Raab is time-barred and, in any event, does not apply to Raab who is not a "creditor" within the meaning of the statute.

- The Real Estate Settlement Procedures Act ("RESPA") cause of action asserted against New Century and Raab is time-barred, fails to state a claim because RESPA does not provide a private right of action for violations of its disclosure provisions, and is devoid of any factual allegations asserted against either New Century or Raab.

- The Fair Housing Act ("FHA") cause of action asserted against Raab is time-barred, does not apply to Raab because there are no factual allegations that she is engaged in the business of residential real estate-related transactions, and fails to state a claim because there are no factual allegations that Raab discriminated in any way against Plaintiff.

- The California Civil Code Section 1632 ("Section 1632") cause of action asserted against

- 1 -

New Century and Raab fails to state a claim because there are no factual allegations that New Century or Raab negotiated anything with Plaintiff primarily in Spanish (or any other language) or are real estate brokers.

- The fraud cause of action asserted against New Century and Raab fails to state a claim because Plaintiff has not pled it with sufficient particularity as required by Rule 9(b).

- The breach of fiduciary duty and breach of contract causes of action asserted against New Century and Raab fail to state claims because New Century complied with the escrow instructions and there are no factual allegations that Raab did anything to breach a fiduciary duty owed to Plaintiff or breach any contract with Plaintiff.

- The cause of action for rescission and restitution asserted against New Century and Raab fails to state a claim because rescission and restitution are remedies, not independent causes of action.

- The California Unfair Competition Law ("UCL") cause of action asserted against New Century and Raab fails to state a claim because Plaintiff has not alleged any particular conduct on the part of either New Century or Raab that is unlawful, unfair or fraudulent.

All that New Century and Raab did was process paperwork on a loan in accordance with the escrow instructions. Accordingly, pursuant to Rule 12(b)(6), this Court should grant New Century and Raab's motion to dismiss the Complaint, or in the alternative, the various causes of action asserted against them.

## <u>SUMMARY OF ALLEGATIONS IN THE COMPLAINT</u>

### I.    FACTUAL ALLEGATIONS NOT RELATED TO NEW CENTURY OR RAAB.

#### A.    Folsom Property.

Plaintiff alleges that he owns real property at 4023 Folsom Street in San Francisco (the "Folsom Property"). Complaint, ¶¶ 25, 26. In February 2005, Parada, a realtor and mortgage broker, contacted Plaintiff to find out if Plaintiff was interested in refinancing his home. *Id.*, ¶¶ 2, 28. Plaintiff initially declined the offer. *Id.*, ¶ 28. Thereafter, Parada attempted to persuade Plaintiff to refinance his home. *Id.*, ¶ 29. Ultimately, Parada did persuade Plaintiff to open a line of credit on his Folsom Property and purchase a second home. *Id.*, ¶ 30. According to the

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 2 -

Complaint, Parada told Plaintiff that a line of credit would not increase his current monthly mortgage payments by more than $100.00. *Id.* All communications between Plaintiff and Parada were conducted in Spanish. *Id.*, ¶ 27.

Plaintiff alleges that "[s]ometime in the Spring of 2005," Parada's brother, Lorenzo Parada ("Lorenzo"), met Plaintiff at a Starbucks to sign the documents for the Folsom Property. *Id.*, ¶ 32. The documents were in English. *Id.* Plaintiff was not given any copies of the documents and was told that if he had any questions, Parada would answer them at a later time. *Id.*

Plaintiff further alleges that, over one year later, Plaintiff's wife obtained the documents from Countrywide Home Loans ("Countrywide"). *Id.* The documents were actually Argent Mortgage Company's ("Argent") refinance documents for the Folsom Property, not documents to open a line of credit. *Id.* The HUD-1 disclosure of settlement costs showed that Parada was authorized to receive $200,000.00 from the refinance. *Id.* Plaintiff allegedly was not aware that Parada had received $200,000.00 from the refinance until October 2005. *Id.*, ¶ 36. Over the following months, Plaintiff attempted to obtain the $200,000.00 from Parada, but despite Parada's promises to pay, Parada only made two or three payments of $3,000.00. *Id.*, ¶¶ 36-38, 40-41. Because of Parada and Argent's conduct and practices, deception about the loan terms and costs, and Parada's theft of the $200,000.00 from the refinance of the Folsom Property, Plaintiff may lose his Folsom Property to foreclosure. *Id.*, ¶ 43.

## B.    Girard Property.

As alleged in the Complaint, following the signing of the loan documents for the Folsom Property, Lorenzo took Plaintiff to see numerous homes. *Id.*, ¶ 33. Ultimately, Plaintiff was persuaded to buy a home at 274 Girard Street in San Francisco (the "Girard Property"). *Id.* On May 27, 2005, Plaintiff met Parada at a Starbucks in Hayward to sign the purchase documents for the Girard Property. *Id.*, ¶ 34. According to Plaintiff, Raab allegedly attended the meeting, and Plaintiff purportedly signed the purchase documents in her presence and at her direction while Parada was away from the table. *Id.* These documents were also in English. *Id.* Plaintiff did not receive any copies of the documents and was told that he would get copies of them by mail. *Id.*

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  Ultimately, the Girard Property was foreclosed upon on June 6, 2007. *Id.*, ¶ 41.

2  **II.    FACTUAL ALLEGATIONS RELATING TO NEW CENTURY AND RAAB.**

3          There are only <u>two</u> factual allegations in the entire Complaint that refer to either New

4  Century or Raab:

5              On May 27, 2005, plaintiff met defendant Edwin Parada at a Starbucks in
               Hayward, CA to sign the purchase documents for the Girard Property.  The
6              meeting was attended by defendant Viki Raab, a Notary Public in Alameda
               County.  Mr. Marcelos signed the documents in her presence and at her direction
7              while defendant Edwin Parada was away from the table.  The documents were in
               English.  Again, Mr. Marcelos did not receive any documents and was told that he
8              would get copies of them in the mail at a later date.

9  *Id.*, ¶ 34.  [Although perhaps not cognizable on a motion to dismiss, neither New Century or Raab

10  was involved in the purchase of the Girard Property, and Raab never met Plaintiff at a Starbucks.]

11             In addition, New Century Title Company entered into a contract with Argent and
               Plaintiff to perform the duties of escrow agent for closing the subject loan.  The
12             escrow instructions gave rise to a fiduciary duty to carry out the instructions.
               Pursuant to closing instructions dated on or about March 29, 2005, defendant
13             Argent was to deliver "rescission notice: two copies to each borrower complete
               with accurate transaction and cancellation dates."  Both Argent and New Century
14             Title Company failed to deliver these documents to Plaintiff.

15  *Id.*, ¶¶ 82, 90.  [As discussed below, and as is cognizable on a motion to dismiss as a result of

16  specific references in the Complaint, New Century did present Plaintiff with a rescission notice

17  which Plaintiff signed.]

18                                      <u>**ARGUMENT**</u>

19  **I.    THE COMPLAINT SHOULD BE DISMISSED AGAINST NEW CENTURY AND
           RAAB BECAUSE THE COMPLAINT FAILS TO MEET THE PLEADING
20         REQUIREMENTS OF RULE 8(A).**

21          Plaintiff has not alleged sufficient facts to support its conclusory claims against New

22  Century or Raab.  While the Court must accept as true all material factual allegations, there are

23  virtually no facts alleged to support Plaintiff's broad accusations against New Century and Raab.

24  *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (A court reviews "the allegations of

25  material facts set forth in the complaint . . . in the light most favorable to the non-moving party . .

26  . .").  Plaintiff's conclusory and generic allegations against "Defendants" as a group need not be

27  considered as true on this motion.  *See id.* ("[C]onclusory allegations of law and unwarranted

28  inferences are not sufficient to defeat a motion to dismiss."); *Transphase Sys. v. Southern Cal.*

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 4 -

*Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993) (A court does not need to accept as true conclusory allegations or unreasonable inferences in the complaint in considering a motion to dismiss.).

The Complaint fails to differentiate among the multiple defendants and therefore fails to satisfy the pleading requirements of Rule 8(a). When claims are made against defendants as an undifferentiated group, broad allegations are not specific enough to provide the individual defendants with fair notice of the basis of a plaintiff's claims. As Judge Whyte explained in *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (N.D. Cal. 2006), in considering the defendants' motion to dismiss, "plaintiffs' allegations are insufficient in that they are ascribed to defendants collectively rather than to individual defendants." 430 F. Supp. 2d at 1020. *See also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("[A]ll defendants are lumped together in a single, broad allegation. . . . Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them."). Here, Plaintiff has merely grouped all of the defendants together and has failed to provide New Century or Raab with fair notice of the factual basis for the claims against each of them. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, the Court should grant New Century and Raab's motion to dismiss the Complaint under Rule 8(a).

Shartsis Friese LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## II.    PLAINTIFF FAILS TO STATE CLAIMS AGAINST EITHER NEW CENTURY OR RAAB.

### A.    The First Cause Of Action For Violation Of TILA And Regulation Z Fails To State A Claim Against Raab.[1]

#### 1.    The TILA cause of action is time-barred.

Actions for civil liability under TILA are governed by 15 U.S.C. section 1640. The statute of limitations for a TILA civil action is "one year from the date of occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff seeks restitution, disgorgement and statutory damages based on the alleged violation of TILA and Regulation Z. *See* Complaint, ¶ 50.

There is no dispute as to the timing of the key events in this case. The Complaint alleges that "[s]ometime in the Spring of 2005," Plaintiff signed the loan documents for the Folsom Street property. *Id.*, ¶ 32. The alleged TILA violation occurred, if at all, on the day the loan documents were signed, "sometime in the Spring of 2005." *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required [TILA] disclosures occurred, if at all, at the time the loan documents were signed. [Plaintiffs] were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed."). The claim is time-barred.

#### 2.    TILA does not apply to Raab because she is not a "creditor."

Even if the TILA claim is not precluded by the statute of limitations, the statute does not apply to Raab, a former escrow agent of New Century and a notary public. The only factual allegations regarding Raab allege that she is a "Notary Public." Complaint, ¶ 34. There are no factual allegations that Raab is somehow a "creditor" within the meaning of TILA other than Plaintiff's conclusory and generic statement that "Defendants are creditors within the meaning of TILA." *Id.*, ¶ 45. *See* 15 U.S.C. § 1602(f) (defining a "creditor" as someone who both regularly extends consumer credit and is "initially payable" for debt arising from the consumer credit transaction); 12 C.F.R. § 226.1(c) (Regulation Z generally "applies to each individual or business that offers or extends credit when four conditions are met: (i) The credit is offered or extended to

---

[1] The First Cause of Action is only asserted against Raab, not New Century.

consumers; (ii) the offering or extension of credit is done regularly; (iii) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (iv) the credit is primarily for personal, family or household purposes."). Thus, Plaintiff has failed to, and cannot, allege sufficient facts showing that Raab extended consumer credit on a regular basis or at all, and TILA does not apply to Raab. The Court should dismiss this cause of action without leave to amend. *See, e.g., Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932, *7 (N.D. Cal. Sept. 6, 2007) (Judge Patel dismissed a TILA claim against an escrow agent without leave to amend because the "plaintiff has set forth no facts in her complaint . . . that could bring [the escrow agent] within this statute").

**B.    The Second Cause Of Action For Violation Of RESPA Fails To State A Claim Against New Century Or Raab.**

**1.    The RESPA cause of action is time-barred.**

Civil actions for violations of Section 8 of RESPA must be brought within one year "from the date of the occurrence of the violation." 12 U.S.C. § 2614. "The date of the occurrence of the violation is the date on which the loan closed." *Kay v. Wells Fargo & Co. N.A.*, 2007 U.S. Dist. LEXIS 55519, *6 (N.D. Cal. July 24, 2007).

Here, Plaintiff alleges, in conclusory fashion, violations of Section 8 by "taking kickbacks and unearned fees, and by making and collecting prohibited charges in violation of section 8 of RESPA." Complaint, ¶ 54. Thus, the one-year statute of limitations applies to Plaintiff's Section 8 claims. Because the Complaint alleges that the loan documents were signed "[s]ometime in the Spring of 2005," and the Complaint was not filed until January 4, 2008 -- almost three years from the signing of the loan documents -- the RESPA claim is time-barred. *Id.*, ¶ 32.

**2.    There is no private right of action for violation of the disclosure provisions of RESPA.**

To the extent that the RESPA claim is not time-barred, there is no private right of action for violation of the disclosure provisions of RESPA. The Complaint is not clear as to whether Plaintiff is attempting to assert a violation of the disclosure requirements of Sections 4 or 5 of RESPA (12 U.S.C. §§ 2603, 2604). Plaintiff alleges, again, in conclusory fashion, that

- 7 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

"Defendants have violated RESPA by failing to make and provide the required written disclosure . . . ."  Complaint, ¶ 54.  If Plaintiff is attempting to assert violations of the RESPA disclosure requirements, the statute does not provide for a private right of action for such claims.

As Judge Armstrong explained in *Bloom v. Martin*, 865 F. Supp. 1377 (N.D. Cal. 1994), there is no private right of action under Section 4 or 5 of RESPA:

> The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603.  This intent is evident from Congress' decision to provide private remedies for violations of several sections of RESPA but not for Section 4.

> Specifically, Sections 8 (12 U.S.C. § 2609) and 9 (12 U.S.C. § 2610) of RESPA provide for treble damages and attorneys' fees. . . . The remaining RESPA sections (4, 5 and 10) do not contain such provisions.  The inclusion of remedies in certain RESPA provisions and their omission in others is strong evidence that Congress did not intend to provide a private remedy for violations of Section 4 (12 U.S.C. § 2603).

865 F. Supp. at 1384.  *See also Washington Mutual Bank v. Superior Court*, 75 Cal. App. 4th 773, 779-80 (1999) ("RESPA does not establish a private right of action under its provisions in federal court by a borrower for allegedly inaccurate disclosures on the HUD-1 form relating to charges for settlement services.").  Further, as the Eleventh Circuit has explained, there is no private right of action under Section 5 of RESPA:

> The present § 2604(c) replaced the prior § 2605, which had explicitly provided an action for damages for its violation . . . . That Congress eliminated the provision when it amended the statute strongly suggests Congress intended that there no longer be a private damages remedy for violation of § 2604(c).  Moreover, several other provisions of RESPA still explicitly provide private civil remedies, *see, e.g.,* 12 U.S.C. §§ 2605(f), 2607(d)(2), and (5), 2608(b).  That, too, indicates Congress did not intend such a remedy for § 2604(c) violations.

*Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997).  *See also McCulloch v. Great Western Bank*, 1998 U.S. Dist. LEXIS 8226, *9 (W.D. Wash. Feb. 10, 1998) ("No private right of action is available for violating the disclosure requirements of RESPA § 5(c).").  Thus, to the extent that Plaintiff alleges a violation of the disclosure requirements of RESPA, this Court should dismiss the cause of action for failure to state a claim.

### 3. Even if there is a private right of action under RESPA, Plaintiff's conclusory and boilerplate allegations are legally insufficient.

In *Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007),

- 8 -

1    Judge Patel determined that the plaintiff had failed to include "any specific allegations related to

2    the conduct or responsibilities of the [escrow company]" in its RESPA claim. 2007 U.S. Dist.

3    LEXIS 65932 at *8. The complaint in *Nevis*, submitted by Plaintiff's counsel in the present case,

4    included the exact same allegations relating to RESPA as the Complaint does here: "[d]efendants

5    have violated RESPA by failing to make and provide the required written disclosure, by taking

6    kickbacks and unearned fees and by making and collecting prohibited charges in violation of

7    section 8 of RESPA." *Id. See* Complaint, ¶ 54 (stating the same). Judge Patel dismissed the

8    RESPA claim against the escrow company because the complaint "contain[ed] no allegations

9    related to the purported disconnect between [the escrow company]'s fees and its services

10   rendered." *Nevis*, 2007 U.S. Dist. LEXIS 65932 at *8. As in *Nevis*, Plaintiff has done nothing

11   more than allege boilerplate allegations against New Century and Raab in his RESPA claim, and

12   accordingly the cause of action should be dismissed.

13       **C.    The Third Cause Of Action For Violation Of FHA Fails To State A Claim
                 Against Raab.[2]**

14

15           **1.    The FHA cause of action is time-barred.**

16           Private civil actions for violation of FHA must be brought within two years "after the

17   occurrence or the termination of an alleged discriminatory housing practice . . . whichever occurs

18   last . . . ." 42 U.S.C. § 3613(a)(1)(A). Here, Plaintiff alleges that "defendants discriminated

19   against him on the basis of his Race and national origin, in the terms and conditions of the Loan."

20   Complaint, ¶ 60. This allegedly discriminatory practice would have occurred at the time of the

21   signing of the loan documents "[s]ometime in the Spring of 2005." *Id.*, ¶ 32. Yet, the Complaint

22   was not filed until January 4, 2008, well over two years after the occurrence of the alleged

23   discrimination. Thus, on its face, this cause of action is barred by the applicable statute of

24   limitations.

25

26

27

28   _____
     [2] The Third Cause of Action is only asserted against Raab, not New Century.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1

### 2.    The FHA does not apply to Raab.

FHA prohibits

any person or other entity <u>whose business includes engaging in residential real estate-related transactions</u> to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

42 U.S.C. § 3605(a) (emphasis added).  The statute further defines what "residential real estate-related transaction" means as any of the following:

(1) The <u>making or purchasing of loans</u> or providing other financial assistance --

(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or

(B) secured by residential real estate.

(2) The <u>selling, brokering, or appraising</u> of residential real property.

42 U.S.C. § 3605(b) (emphasis added).  On its face, the statute relates to real estate lenders and brokers, not a notary public, or an escrow agent, such as Raab.  *See, e.g., KB2S, Inc. v. City of San Diego*, 2007 U.S. Dist. LEXIS 3673, *6 (S.D. Cal. Jan. 17, 2007) (Section 3605 of FHA "prohibits discrimination by residential real estate brokers and lenders . . . .").  Further, there are no allegations that Raab is a person "whose business includes engaging in residential real estate-related transactions."  Instead, the Complaint implicitly acknowledges that FHA does not apply to Raab by alleging only that "Argent and Countrywide are entities that engage in transactions related to residential real estate . . . ."  Complaint, ¶ 58.  No comparable allegation is made as to Raab.  Thus, the FHA cause of action fails to state a claim against Raab and should be dismissed.

### 3.    The FHA cause of action fails to allege any facts showing discrimination by Raab.

Even if the FHA cause of action is not time-barred and somehow applies to Raab, there are no factual allegations that Raab engaged in any discriminatory housing practice.  Plaintiff has only alleged conclusory statements that "defendants" discriminated against Plaintiff.  *Id.*, ¶ 60.  The cause of action does not refer to any wrong committed by Raab.  The only factual allegations relating to the FHA claim refer to Argent and Countrywide, not Raab.  *Id.*, ¶ 58 ("Argent and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  Countrywide are entities that engage in transactions related to residential real estate, and the loan

2  made by Argent to p [sic] Marcelos was such a transaction."); *Id.*, ¶ 60 ("Specifically, the terms

3  and conditions offered to Plaintiff were less favorable that those offered by Argent to borrowers

4  not better qualified than plaintiff but of different race or National origin."). The only factual

5  allegations concerning Raab allege that she is a "Notary Public" and that Plaintiff allegedly

6  "signed the documents [for the Girard Property] in her presence and at her direction . . . ." *Id.*, ¶

7  34. There are no facts alleged that show that Raab in any way discriminated against Plaintiff.

8  Accordingly, this cause of action should be dismissed against Raab.

9        **D.**    **The Fifth Cause Of Action For Violation Of Civil Code Section 1632 Fails To**

10               **State A Claim Because There Are No Factual Allegations That Either New Century Or Raab Negotiated Anything With Plaintiff In Spanish Or Was A**

11               **Broker.**

       Section 1632 provides, in relevant part:

12         Any person engaged in a trade or business <u>who negotiates primarily in Spanish</u> . . .

13         orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution

14         thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term

15         and condition in that contract or agreement . . . .

16  Cal. Civ. Code § 1632(b) (emphasis added). There are no facts alleged, aside from the

17  conclusory and boilerplate allegations, that either New Century or Raab <u>negotiated anything with</u>

18  <u>Plaintiff primarily in Spanish,</u> or were involved in the negotiation of the refinance loan. [In fact,

19  Raab is believed to be the only New Century employee who had any material contact with

20  Plaintiff concerning the loan documents for the Folsom Property, and she does not speak

21  Spanish.] The only factual allegations relating to negotiations in Spanish center around <u>Parada's</u>

22  <u>(or his brother's)</u> communications with Plaintiff. *See* Complaint, ¶¶ 2, 27, 28, 29, 31.

23        New Century and Raab note that subdivision (b)(2) of Section 1632 explicitly <u>excludes</u>

24  loans secured by real property. *See* Cal. Civ. Code § 1632(b)(2) ("A loan or extension of credit

25  secured <u>other than by real property</u>, or unsecured, for use primarily for personal, family or

26  household purposes.") (emphasis added). While there is an exception to this exclusion for loans

27  secured by real property which are negotiated by a <u>real estate broker</u> (*see* Cal. Civ. Code §

28  1632(b)(4) and Cal. Bus. & Prof. Code § 10240), there are no allegations that either New Century

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 11 -

1   or Raab are real estate brokers.   The only allegations concerning a real estate broker focus on

2   <u>Parada</u>.   *See* Complaint, ¶¶ 2, 11.   In other words, even if the provisions of Section 1632

3   somehow apply to Parada, they have no application to either New Century, the escrow company,

4   or Raab, the escrow agent.   This cause of action should be dismissed against New Century and

5   Raab.

6       **E.     The Seventh Cause Of Action For Fraud Fails To State A Claim Because It Is
               Not Pled With Sufficient Particularity.[3]**

7

8        Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the

9   circumstances constituting fraud . . . ."   Fed. R. Civ. P. 9(b).   Because fraud is a serious charge,

10  "the circumstances constituting the alleged fraud [must] 'be specific enough to give defendants

11  notice of the particular misconduct . . . so that they can defend against the charge and not just

12  deny that they have done anything wrong.'"   *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th

13  Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal

14  quotation marks and additional citations omitted).   "Averments of fraud must be accompanied by

15  'the who, what, when, where, and how' of the misconduct charged."   *Id.* (quoting *Cooper v.*

16  *Pickett*, 137 F.3d 616, 627 (9th Cir. 1998)).   It is not sufficient merely to allege conclusory

17  allegations of fraud.   *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)

18  ("While statements of the time, place and nature of the alleged fraudulent activities are sufficient,

19  mere conclusory allegations of fraud are insufficient.").   Further, in the corporate context,

20  allegations of fraud "should include the misrepresentations themselves with particularity and,

21  where possible, the roles of the individual defendants in the misrepresentations."   *Id.*

22       As is evident from the allegations of the Complaint, Plaintiff has not met his burden under

23  Rule 9(b).   He has failed to differentiate in any way among the ten defendants named in the

24  Seventh Cause of Action and has not alleged <u>any</u> specific misrepresentation made by either New

25  Century or Raab.   He has failed to provide any facts as to whom any statements by either New

26  Century or Raab were made.   He has also failed to state any facts as to when any statements were

27

28  _____
    [3] Plaintiff has not alleged a sixth cause of action in the Complaint.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 12 -

Case No. CV08-     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
0056 WHA           VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

1  made, how any statements were made (e.g., were the statements spoken or in writing?), or where

2  any statements were made.  Plaintiff's conclusory allegations do not sufficiently meet the

3  particularity requirements of Rule 9(b), let alone sufficiently apprise each of the defendants of the

4  charges that <u>each</u> must defend against.  These omissions are unfair to New Century and Raab,

5  both of whom are peripheral parties with no alleged motivation to make any misrepresentation.

6 | 7  **F.    The Eighth Cause Of Action For Breach Of Fiduciary Duty And The Ninth Cause Of Action For Breach Of Contract Fail To State Claims Against New Century Or Raab.**

8  **1.    New Century has complied with the escrow instructions.**

9  Although a court generally does not consider material outside of a complaint in ruling on a

10  motion to dismiss under Rule 12(b)(6), there are exceptions.

11 | 12 | 13  > A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.

14  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  *See also Branch v. Tunnell*, 14 F.3d 449,

15  454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d

16  1119 (9th Cir. 2002) ("[W]e hold that documents whose contents are alleged in a complaint and

17  whose authenticity no party questions, but which are not physically attached to the pleading, may

18  be considered in ruling on a Rule 12(b)(6) motion to dismiss.").  In such a case, "[t]he court may

19  treat such a document as 'part of the complaint, and thus may assume that its contents are true for

20  purposes of a motion to dismiss under Rule 12(b)(6).'"  *Marder*, 450 F.3d at 448 (quoting *United*

21  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Further, "[s]uch consideration does not

22  convert the motion to dismiss into a motion for summary judgment."  *Branch*, 14 F.3d at 454

23  (internal quotation marks and citation omitted).

24  Here, Plaintiff alleges the following about New Century:

25 | 26 | 27 | 28  > New Century Title Company entered into a contract with Argent and Plaintiff to perform the duties of escrow agent for closing the subject loan.  The escrow instructions gave rise to a fiduciary duty to carry out the instructions.  Pursuant to closing instructions dated on or about March 29, 2005, defendant Argent was to deliver "rescission notice: two copies to each borrower complete with accurate transaction and cancellation dates."  Both Argent and New Century failed to deliver these documents to Plaintiff.

S<small>HARTSIS</small> F<small>RIESE</small> LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 13 -

Complaint, ¶¶ 82, 90.  Thus the Complaint refers to the <u>escrow instructions</u>, which are not attached to the complaint, yet central to Plaintiff's claim for breach of fiduciary duty and breach of contract against New Century.  Accordingly, New Century provides a copy of the escrow instructions for this Court to consider in ruling on this motion to dismiss.  *See* Declaration of Harold Grossman in support of Raab and New Century's Motion to Dismiss ("Grossman Decl."), ¶ 3, Ex. A (Argent Escrow Instructions signed by Raab on March 29, 2005).  Incidentally, these escrow instructions come from the lender Argent and not from Plaintiff as borrower, and therefore even a breach of these instructions would not give rise to a cause of action in Plaintiff.  The escrow instructions provide that "EACH BORROWER and EACH PERSON HAVING AN OWNERSHIP INTEREST IN THE COLLATERAL PROPERTY must receive two (2) original copies of the completed Notice of Right to Cancel at the closing."  *Id.* (emphasis in original).

Further, the Complaint refers to the documents that New Century (and Argent) allegedly failed to deliver to Plaintiff.  These documents (or the absence of these documents) are also central to Plaintiff's claim.  And yet, <u>Plaintiff signed a Notice of Right to Cancel which explicitly states</u>

> <u>The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Decl. of Grossman, ¶ 4, Ex. B (Notice of Right to Cancel signed by Plaintiff on March 29, 2005) (emphasis added).  Thus, the allegation that New Century failed to comply with the escrow instructions (albeit instructions from the lender) appear to be directly contradicted by the rescission notice which Plaintiff signed.

Specifically, with respect to the breach of fiduciary duty claim, an escrow holder's fiduciary duty to the parties to an escrow is "limited to the obligation . . . to carry out the instructions of each of the parties to the escrow."  *Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal. 4th 705, 711 (2002).  *See also Claussen v. First American Title Guaranty Co.*, 186 Cal. App. 3d 429, 436 (1986) ("An escrow holder's agency is limited to faithful compliance with instructions.").  Further "[a]n escrow holder has no general duty to

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 14 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

1    police the affairs of its depositors . . . ."  *Hannon v. Western Title Ins. Co.*, 211 Cal. App. 3d

2    1122, 1128 (1989).  "Absent clear evidence of fraud, an escrow holder's obligations are limited to

3    compliance with the parties' instructions."  *Summit Financial Holdings*, 27 Cal. 4th at 711.

4    Again, the only allegations relating to New Century are inconsistent with the escrow instructions

5    and the rescission notice signed by Plaintiff.

6        New Century cannot be liable for breach of fiduciary duty or breach of contract because it

7    simply followed the escrow instructions it was given.  *See Lee v. Title Ins. & Trust Co.*, 264 Cal.

8    App. 2d 160, 163 (1968) ("[I]t is generally held that no liability attaches to the escrow holder for

9    his failure to do something not required by the terms of the escrow or for a loss incurred while

10   obediently following his escrow instructions.").  Accordingly, these causes of action should be

11   dismissed.

**2.    There are no factual allegations that Raab has breached any
contractual or fiduciary duties owed to Plaintiff.**

14       Aside from Plaintiff's boilerplate allegations of "Defendants" entering into a contract with

15   Plaintiff and "Defendants" owing a fiduciary duty to Plaintiff, there are absolutely no factual

16   allegations that Raab somehow breached any contractual or fiduciary duties owed to Plaintiff.

17   Complaint, ¶¶ 79, 89.  As explained above, the <u>only</u> factual allegations concerning Raab allege

18   that she is a "Notary Public" and that Plaintiff allegedly "signed the documents [for the Girard

19   Street property] in her presence and at her direction . . . ."  *Id.*, ¶ 34.  These allegations are

20   insufficient, and these causes of action should be dismissed against Raab.

**G.    The Tenth Cause Of Action Fails To State A Claim Because Rescission And
Restitution Are Remedies, Not Causes Of Action.**

23       Plaintiff improperly pleads a cause of action for rescission, which is only a remedy, not a

24   cause of action.  *See In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1019 (N.D. Cal.

25   2007) ("[R]escission is a form of remedy, not a claim under the law.").  Similarly, restitution is a

26   remedy, not a cause of action.  *Cf. Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer,*

27   *LLC*, 2007 U.S. Dist. LEXIS 53680, *7-8 (S.D. Cal. July 24, 2007) (discussing how restitution is

28   a remedy, not a cause of action); *Anthony v. Yahoo!, Inc.*, 421 F. Supp. 2d 1257, 1259 n.1 (N.D.

S HARTSIS F RIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

1    Cal. 2006) (The plaintiff acknowledged that restitution is not a substantive cause of action and

2    dismissed the claim voluntarily, but sought leave to add it as a potential remedy to a breach of

3    contract claim.).  Accordingly, this Court should grant the motion to dismiss this cause of action.

4    **H.    The Eleventh Cause Of Action For Violation Of California's Unfair Competition Law Fails To State A Claim.**

5

6    Plaintiff's claim for violation of the UCL (California Business & Professions Code section

7    17200) fails to allege any particular conduct on the part of either New Century or Raab that

8    amounts to a violation of the UCL.  *See Nevis*, 2007 U.S. Dist. LEXIS 65932, *14-15 ("[A]s with

9    plaintiff's other claims, plaintiff's unfair business practice claim fails to allege any 'particular

10   conduct' whatsoever on the part of [the escrow agent].").  Plaintiff only alleges in conclusory

11   fashion that "Defendants have committed acts of unfair business practices . . . ." and that

12   "Defendants' predatory lending practices . . . constitute unlawful, unfair and fraudulent business

13   practices . . . ."  Complaint, ¶¶ 103, 105.  There is absolutely no distinction between any of the

14   defendants and no facts that support the allegation that either New Century or Raab committed an

15   unlawful, unfair or fraudulent business practice.  Accordingly, this claim should be dismissed.

16   *See Nevis*, 2007 U.S. Dist. LEXIS 65932, *14-15 (The plaintiff's unfair business practices claim

17   against an escrow company was dismissed because it failed to allege any particular conduct on

18   the part of the escrow company.).

19   **CONCLUSION**

20   For the foregoing reasons, this Court should grant New Century and Raab's motion to

21   dismiss the Complaint, or in the alternative, the various causes of action asserted against them.

22   Plaintiff provides nothing more than conclusory and boilerplate allegations against New Century

23   and Raab, who were peripheral to (or had no relationship with) the underlying transaction(s).

24   There are simply no facts that are linked to either New Century or Raab to warrant the sweeping

25   and broad claims asserted against them.

26   / / /

27   / / /

28   / / /

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 16 -

1    DATED:          February 25, 2008          SHARTSIS FRIESE LLP

2

3                                              By: */s/ Simone M. Katz*

4                                                       SIMONE M. KATZ

5                                              Attorneys for Defendants
                                               VIKI RAAB AND NEW CENTURY TITLE
6                                              COMPANY

7    5982\004\NBIGLEY\1493446.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV08-     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
0056 WHA          VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111