Sanford Shatz  (State Bar No. 127229)
David A. Brooks (State Bar No. 179716)
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone:    (818) 871-6073
Facsimile:    (818) 871-4669
E-Mail:  David_Brooks@Countrywide.com

Stephanie Blazewicz (State Bar No. 240359)
BRYAN CAVE LLP
2 Embarcadero Center, Suite 1410
San Francisco, CA  94111
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
E-Mail:  stephanie.blazewicz@bryancave.com

Robert E. Boone III (State Bar No. 132780)
Jennifer Jackson (State Bar No. 192998)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200
EMail:   reboone@bryancave.com
         jjackson@bryancave.com

Attorneys for Defendants,
COUNTRYWIDE HOME LOANS, INC. AND
RECONTRUST COMPANY, N.A.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICARDO MARCELOS,<br><br>      Plaintiff,<br><br>   v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A. AND DOES 1 through 100,<br><br>      Defendants. | Case No. CV 08 0056 WHA<br><br>DEFENDANT COUNTRYWIDE HOME LOANS INC.'S *EX PARTE* APPLICATION FOR A STAY OF DISCOVERY PENDING TRANSFER OF THE CASE TO MDL 1715, OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR NOTICE AND SERVICE OF A MOTION FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Filed Concurrently with Declaration Of Robert E. Boone III & [Proposed] Order] |

SM01DOCS\672454.4

CHL'S *EX PARTE* APP. TO STAY DISCOVERY
PENDING TRANSFER TO MDL 1715 (CV-08-0056 (WHA))

1   Defendant Countrywide Home Loans ("CHL") hereby applies *ex parte* for an Order
2   staying all discovery in this tag-along action, including vacating or temporarily staying the
3   discovery order entered by this Court *sua sponte* on February 26, 2008, in connection with the
4   hearing on Plaintiff's Motion for Preliminary Injunction, as described in the Civil Pretrial Minutes,
5   dated February 26, 2008 (the "Discovery Order"), pending determination by the Judicial Panel on
6   Multidistrict Litigation ("JPML") regarding transfer of the action to Multidistrict Litigation No.
7   1715, *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation* ("MDL 1715"),
8   pending in the United States District Court, Northern District of Illinois (Honorable Marvin E.
9   Aspen) (the "MDL Court"). This court has the inherent power to hear this *ex parte* application for
10  a stay of discovery pending transfer to the MDL. *See Purcell v. Merck & Co.*, Civil No.
11  05cv0443-L(BLM), 2005 U.S. Dist. LEXIS 41239, at *5 (S.D. Cal. Jun. 6, 2005) (stating that a
12  "district court's discretion to stay an action pending a ruling on the transfer of a case to an MDL
13  court 'is incidental to the power inherent in every court to control the disposition of the causes on
14  its docket with economy of time and effort for itself, for counsel, and for litigants' and granting ex
15  parte application to stay proceedings pending transfer to an MDL) (*citing Landis v. American
16  Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936)). Nevertheless, if the Court requires that this
17  request be brought as a noticed motion, then CHL respectfully requests an order shortening the
18  time for briefing and hearing on the issue raised in this application.
19  On March 12, 2008, Defendant Argent Mortgage Company, LLC ("Argent") filed a Notice
20  of Pendency of Other Action or Proceeding ("Tag-Along Notice") advising the Court that this
21  action should be transferred to MDL 1715. (Argent is a party to MDL 1715, along with its sister
22  company, Ameriquest Mortgage Co.) Under the JPML's MDL Rules, transfer of this action to
23  MDL 1715 is virtually certain to occur and should be completed within the next two months, if not
24  sooner.
25  If discovery in this matter, including the Discovery Order, is not vacated or stayed pending
26  transfer to the MDL Court, the parties will be required to engage in non-coordinated, duplicative
27  pretrial discovery. This is exactly what the MDL docket in general, and MDL 1715 in particular –
28  with respect to the claims asserted by Plaintiff – were designed to prevent. All pretrial matters,

SM01DOCS\672454.4

2

CHL'S *EX PARTE* APP. TO STAY DISCOVERY PENDING
TRANSFER TO MDL 1715 (CV-08-0056 (WHA))

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 including any discovery, in any and all tag-along actions are supposed to be coordinated and take place in the MDL Court under the supervision of the assigned MDL judge.

CHL makes this application on the grounds that a temporary stay of discovery in this action pending the JPML's decision regarding transfer: (1) would promote judicial economy; (2) would not prejudice Plaintiff; and (3) would save CHL from the burdens of engaging in duplicative discovery in multiple forums.

Seeking this relief *ex parte* is required because a regularly-noticed motion cannot be heard until after March 21, 2008 – the date the Court set in the Discovery Order for production of documents by CHL.

In the alternative, CHL requests the Court to issue an Order Shortening Time ("OST") for notice and service of a motion by CHL for the requested stay such that said motion may be heard as soon as possible. Good cause exists for the OST because a motion filed and served with the normal notice period could not be heard before the deadlines set forth by the Court in its Discovery Order.

CHL notified all counsel of record, including Plaintiff's counsel, of this application by facsimile letter on March 12, 2008. Plaintiff's counsel responded that Plaintiff intends to oppose the application.

This application is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Robert E. Boone III and attached exhibits, and such other and further matters that the Court may consider.

Dated: March 19, 2008

**BRYAN CAVE LLP**
ROBERT E. BOONE III
JENNIFER A. JACKSON
STEPHANIE BLAZEWICZ

By: /s/ Robert E. Boone III
     Robert E. Boone III

Attorneys for Defendants,
COUNTRYWIDE HOME LOANS, INC. AND
RECONTRUST COMPANY, N.A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**Table of Contents**

**Page**

I.  PRELIMINARY STATEMENT ..................................................................................1

II. BACKGROUND .........................................................................................................1

    A.  MDL 1715 ......................................................................................................1

    B.  Plaintiff's Action ............................................................................................2

    C.  CHL's Efforts Thus Far to Comply with the Discovery Order .....................4

    D.  The Pending Transfer to the MDL Court ......................................................6

III. ARGUMENT...............................................................................................................7

    A.  Judicial Economy Favors Staying Discovery in this Action Pending A Decision By The JPML Regarding Transfer to MDL 1715 ....................8

    B.  Plaintiff Will Suffer No Prejudice By A Stay Pending Transfer..........................10

    C.  If A Stay Is Not Granted, CHL Will Be Prejudiced Because It May Be Forced To Conduct Duplicative Discovery In Multiple Forums............................11

    D.  In The Alternative, Good Cause Exists For An Order Shortening Time For Notice And Service Of A Motion For A Stay Pending Transfer To The MDL ...................................................................................................12

IV. CONCLUSION..........................................................................................................12

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# Table of Authorities

**Page**

**Cases**

*American Seafood, Inc. v. Magnolia Processing, Inc.*,
 No. 92-1030,
 1992 U.S. Dist. LEXIS 7374 (E.D. Pa. May 6, 1992) .................................................................. 9

*Good v. The Prudential Ins. Co.*,
 5 F. Supp. 2d 804 (N.D. Cal. 1998) ............................................................................................. 8

*In re: Vioxx Prod. Liability Cases*,
 Lead Case No. 05cv0943DMS(LSP),
 2005 U.S. Dist. LEXIS 40743 (S.D. Cal. Jul. 11, 2005) ......................................................... 9, 11

*Landis v. American Water Works & Elec. Co.*,
 299 U.S. 248 (1936) ..................................................................................................................... 8

*Portnoy v. Zenith Labs.*,
 Civil Action No. 86-3512,
 1987 U.S. Dist. LEXIS 16134 (D.D.C. Apr. 21, 1987) .............................................................. 11

*Purcell v. Merck & Co.*,
 Civil No. 05cv0443-L(BLM),
 2005 U.S. Dist. LEXIS 41239 (S.D. Cal. Jun. 6, 2005) ................................................................ 7

*Rivers v. The Walt Disney Co.*,
 980 F. Supp. 1358 (C.D. Cal. 1997) ......................................................................................... 8, 9

*Weinke v. Microsoft Corp.*,
 84 F. Supp. 2d 989 (E.D. Wisc. 2000) ......................................................................................... 9

**Statutes**

15 U.S.C. § 6801 ............................................................................................................................... 6
28 U.S.C. § 1407 ............................................................................................................................... 1
Cal. Code Civ. Proc. § 1985.3 .......................................................................................................... 6

**Rules**

JPML Rule 7.5 (e) ........................................................................................................................... 10
Rule 12(b)(6) .................................................................................................................................... 3

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

This Court should issue an order staying discovery in this tag-along action pending its transfer to Multidistrict Litigation No. 1715, *In re Ameriquest Mortgage Co. Mortgage lending Practices Litigation* ("MDL 1715"), in the United States District Court, Northern District of Illinois (Honorable Marvin E. Aspen) (the "MDL Court"). A stay is appropriate because: (1) it would promote judicial economy; (2) it would not prejudice Plaintiff; and (3) it would prevent hardship to defendants by saving them from responding to extensive duplicative and non-coordinated discovery in multiple forums. As is detailed in the application, defendant Countrywide Home Loans ("CHL") has already commenced conducting a diligent search for documents and information responsive to the Court's February 26, 2008 discovery order. CHL is not seeking to avoid its discovery obligations by filing this application. Nonetheless, a stay of discovery should be ordered.

## II. BACKGROUND

### A. MDL 1715

On December 13, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") entered an order initially transferring, pursuant to 28 U.S.C. § 1407, five predatory lending cases filed by individual borrowers on federally-regulated residential mortgages against Ameriquest Mortgage Co., Ameriquest Capital Corp. ("Ameriquest") and Argent Mortgage Company, LLC ("Argent") to the MDL Court for coordinated pretrial proceedings. (Transfer Order, Docket No. 1715, *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation,* dated Dec. 13, 2005 ("MDL 1715 Transfer Order") (Ex. A to Declaration of Robert E. Boone III ("Boone Decl.").) The JPML found that those "five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." (*Id.*) All five actions concerned alleged predatory lending practices by the Ameriquest/Argent defendants in soliciting and closing residential mortgage transactions, including, among other things, failure to disclose material terms of the loans and bait-and-switch tactics. (*Id.*) Specifically, such claims included

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  the alleged failure to make disclosures regarding the "three day right of rescission" under the
2  federal Truth in Lending Act ("TILA") and Regulation Z; alleged violations of the federal Real
3  Estate Settlement Procedures Act ("RESPA"); alleged violations of the federal Fair Housing Act
4  ("FHA"); and alleged violations of the federal Equal Credit Opportunity Act ("ECOA"). Plaintiffs
5  sought, among other things, rescission of their loans, injunctive relief, damages, and attorney's
6  fees.

7  Indeed, Plaintiff's counsel in this action – Shirley Hochhausen of Community Legal
8  Services in East Palo Alto – represented the plaintiffs in one of the five original MDL 1715 cases,
9  *Knox v. Ameriquest Mortgage Company et al.*, Case No. C-05-00240 (N.D. Cal.) (filed Jan. 14,
10 2005) (the "*Knox* Action"), which was originally filed in this Court. (*Knox* Action Complaint (Ex.
11 B to Boone Decl.).) The *Knox* plaintiffs – similar to Plaintiff here – allege that Argent (and
12 Ameriquest) violated TILA, RESPA, FHA, ECOA and state laws by engaging in the same sort of
13 predatory lending practices. (*Knox* Action Complaint.)

14 Since MDL 1715 was established, approximately 300 "tag-along" cases have been
15 transferred to the MDL Court, and additional "tag-along" cases continue to be identified and
16 transferred. (Conditional Transfer Order (CTO-36) (Ex. C to Boone Decl.).)

17 At this time, the MDL Court is conducting coordinated discovery between the parties.
18 Indeed, as of June 4, 2007, documents produced in MDL 1715 included: (1) more than 56,380
19 pages of loan files related to 281 borrowers; (2) more than 120,000 pages of policy, procedure and
20 training documents; and (3) more than a dozen DVDs, CDs and video and audio tapes of training
21 materials. (Exh. 6 to Declaration of Jason Goldstein filed in support of Argent's *Ex Parte*
22 Application for a Stay of All Proceedings Pending Transfer of Action to MDL 1715.) Further,
23 even more documents have been produced since June 4, 2007. Presently, the Court has
24 temporarily stayed proceedings pending mediation.

25   **B.   Plaintiff's Action**

26 On January 4, 2008, Plaintiff Ricardo Marcelos filed his Complaint against numerous
27 defendants, including Argent, the lender which originated the refinance mortgage loan at issue to
28 Plaintiff in March 2005; CHL, which later acquired (but not from Argent) and currently owns only

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  the servicing rights to the loan; Plaintiff's mortgage brokers, Primestar Financial Services and
2  Shoaib Mahmud (collectively "Primestar"); Primestar's alleged agents and Plaintiff's purported
3  real estate agent/financial advisors, Edwin Mauricio Parada Dominguez, Glenda Parada, Lorenzo
4  Parada and Viki Raab (collectively the "Paradas"); the escrow company, New Century Title
5  Company ("New Century"); and the title company, Financial Title Company.  The Complaint is
6  predicated on purportedly "predatory and unconscionable" home refinancing practices by Argent
7  and the "theft of $200,000 in cash from the home's equity, by Marcelos' mortgage broker,
8  Parada."  (Complaint ¶ 4.)  Specifically, the Complaint contains 10 claims for relief, including the
9  alleged failure by Argent, Primestar and the Paradas to make proper disclosures regarding the
10 "three day right of rescission" in violation of TILA and Regulation Z; alleged violations of
11 RESPA, FHA and ECOA; and various California statutory and common law claims.

12      CHL's only connection to this case is that it is the current loan servicer.  CHL had no
13 involvement whatsoever with the origination of Plaintiff's loan or any of the alleged wrongdoing
14 by the other defendants.  Rather, CHL merely acquired the servicing rights to the loan from
15 Goldman Sachs Mortgage Securities Corporation ("Goldman") in or about August 2005.[1]
16 Goldman acquired the loan from Ameriquest, which apparently acquired it from Argent.

17      Plaintiff has been in default on his loan since June 2007.  In October 2007, CHL served a
18 notice of default on Plaintiff.  In December 2007, CHL served Plaintiff with a notice of
19 foreclosure sale.  The foreclosure sale was scheduled on January 7, 2008.  On January 4, 2008,
20 Plaintiff filed an ex parte motion for a TRO seeking to enjoin CHL from foreclosing on Plaintiff's
21 property.  On January 7, 2008, the Court granted the TRO and set a preliminary injunction hearing
22 on January 22, 2008.  The Court later continued the preliminary injunction hearing to February 26,
23 2008.  CHL first appeared in the case on February 11, 2008, when it filed a Rule 12(b)(6) motion

---

[1] CHL has tendered the defense of this action to Argent and will also demand that Goldman and/or Argent repurchase the loan at issue.  CHL expects Argent to accept the tender of defense, and that the loan will be repurchased, prior to the decision by the JPML on transfer of this action to the MDL Court.  When that occurs, Plaintiff's claims against CHL will become moot, thus eliminating any need for CHL to participate in the litigation, much less any need for discovery against CHL.

1 to dismiss, which is scheduled for hearing on April 10, 2008.

2 On February 26, 2008, the Court granted Plaintiff's request for a preliminary injunction. (Argent did not appear at the hearing.) The Court fashioned the injunction around Plaintiff's purported right to rescind his loan under TILA, should he ultimately prevail in the action, prohibiting foreclosure on Plaintiff's home on the condition that Plaintiff continue to make monthly payments towards his mortgage in the amount of $1,900 (based on purported monthly payments of $1,800 under Plaintiff's prior loan, plus $100) into an escrow account. (Transcript of Proceedings, Feb. 26, 2008 ("2/26/08 Transcript"), at p. 33 (internal page 39, line 18, to page 40, line 2) (Ex. D to Boone Decl.).)

At the same hearing, the Court issued *sua sponte* an order requiring the parties to engage in expedited discovery, including the production of documents by March 21, 2008 (the "Discovery Order"). (Civil Pretrial Minutes, Feb. 26, 2008 (Ex. E to Boone Decl.).) The Court ordered CHL to produce the following by March 21, 2008: (1) information regarding the number of loans CHL acquired (either servicing or ownership rights) that were originated by any of the other defendants; (2) documents regarding any relationship between CHL, on the one hand, and any of the other defendants, on the other hand; (3) emails, internal memos, investigation reports or other writings which reflect that "somebody at Countrywide had an inkling that [the Paradas] were crooks or that Argent was doing shady practices"; (4) any documents that mention or refer to the instant lawsuit; (5) any documents that mentions the Paradas in any loan; and (6) any document that mentions Argent in any loan. (2/26/08 Transcript at 35-40 (internal pages 42-47).) The Court ordered the other parties to produce similar documents from their respective files by March 21, 2008.

The Court's Discovery Order also requires the parties to complete depositions of the defendants' witnesses between March 31 and April 4, 2008, and Plaintiff's deposition on April 7, 2008. (2/26/08 Transcript at 40 (internal pages 47-48).)

**C.     CHL's Efforts Thus Far to Comply with the Discovery Order**

Neither this Court nor any party hereto should construe this application as an effort by CHL to evade the Discovery Order. Since the February 26, 2008 hearing, CHL has been working diligently to comply with the Discovery Order, including retaining outside counsel to assist with

SM01DOCS\672454.4            4

CHL'S *EX PARTE* APP. TO STAY DISCOVERY PENDING
TRANSFER TO MDL 1715 (CV-08-0056 (WHA))

1  that effort, and will continue to do so as long as the Order is in effect. (Boone Decl. ¶¶ 3-16.)

2  CHL has already produced to Plaintiff's counsel a copy of Plaintiff's loan origination file
3  CHL received when it acquired the servicing rights to Plaintiff's loan. (*Id.* ¶ 4.)

4  CHL's loan originating divisions have searched for loans involving Primestar or the
5  Paradas. Thus far, CHL's retail divisions have not found any loans involving Primestar or the
6  Paradas. (Those divisions obviously would not be involved with any Argent-originated loans.)
7  CHL's wholesale division, which originates loans through mortgage brokers, has not identified
8  any loans involving Primestar or the Paradas. (*Id.* ¶¶ 5-7.)

9  CHL's divisions which acquire loans and/or the servicing rights to loans post-origination
10 have been conducting a search to identify loans originated by Argent which involved Primestar or
11 the Paradas. Between 2002 and 2005, one such division acquired the servicing rights to
12 approximately 78,000 loans originated by Argent. None of these servicing rights were acquired
13 directly from Argent. During that same time period, CHL purchased approximately 6,000 loans
14 originated by Argent. None of these loans were acquired directly from Argent. So far, this
15 division has identified only six loans (not including Plaintiff's loan) originated by Argent which
16 involved Primestar.[2] None of those six loans involved the Paradas. (*Id.* ¶¶ 8-12.) Another
17 division has identified 114 loans brokered by Primestar. To CHL's knowledge, none of these
18 loans involved the Paradas. (*See id.* ¶ 13.) None of these loans was originated by Argent. (*Id.*)
19 That division has no record of any relationship with the Paradas. (*Id.*)

20 In short, CHL's search thus far has not revealed that it has acquired any interest in or rights
21 to any Argent originated loan involving Primestar and the Paradas besides Plaintiff's loan. Such
22 results would negate any notion that CHL had any relationship with Parada, let alone any "inkling

---

[2] Argent actually identified the six loans. The only way CHL can identify any additional loans acquired by this division is to examine each of the approximately 84,000 loan files for documents evidencing involvement by the Paradas or Primestar. Since that would be impossible to do by the Court's March 21, 2008 deadline, CHL has examined a random sampling of those 84,000 loan files to determine if there are any loans involving Primestar besides the six already identified by Argent. None of the loans examined in the random sampling involved Primestar or the Paradas.

1  that Parada was a crook" or that Primestar was engaged in "shady practices."

2  The loan files for any and all of the foregoing loans contain confidential personal and financial information about the other borrowers. Such information is protected by various federal and state laws governing the privacy rights of those borrowers, and CHL cannot produce such information without written permission from those borrowers and/or compliance with consumer notice statutes. (*Id.* ¶ 14.) For instance, loan files are considered "personal records" of a consumer under California Code of Civil Procedure section 1985.3(a)(1), which requires a subpoena to acquire those records and notice to the individual consumer by the requesting party. Cal. Code Civ. Proc. § 1985.3. Under the Gramm-Leach-Bliley Act, 15 U.S.C. section 6801 *et seq.*, CHL is required to notify each borrower about the release of his or her personal information before that information is released. Since the Discovery Order does not address such matters, CHL risks violating such laws by producing this information.[3]

In addition, CHL has located contract documents related to its acquisition of the subject loan from Goldman, and acquisition of other loans originated by Argent. (*Id.* ¶ 15.) If required by the Court, CHL also will be prepared to produce witnesses to testify about such documents. CHL is continuing to look for additional responsive documents. (*Id.* ¶ 16.)

Notwithstanding CHL's efforts to comply with the Discovery Order, as explained herein, the Order should be stayed because this case belongs in MDL 1715, where discovery will be coordinated with the other cases pending in that proceeding.

### D. The Pending Transfer to the MDL Court

Although the MDL Rules required Plaintiff's counsel to notify the JPML, this Court and all the parties that this action is a "tag-along" action which should be transferred to MDL 1715, Plaintiff's counsel did not file the requisite notice, even when the Court decided to issue its Discovery Order during the February 26, 2008 preliminary injunction hearing.

On February 21, 2008 – five days before the preliminary injunction hearing and the

---

[3]  At the very least, an appropriate protective order governing the production and handling of such confidential information should be entered by the Court. CHL has circulated amongst all counsel such a proposed protective order. (*See* Ex. F to Boone Decl.)

SM01DOCS\672454.4                      6

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  issuance of the Discovery Order – Argent (Ameriquest) notified the JPML by letter of the
2  existence of this action and nine other federal district court actions as potential tag-along actions in
3  MDL 1715, so that they could be properly transferred to the MDL Court.  (Ex. G to Boone Decl.)
4  (CHL did not receive a copy of Argent's letter to the JPML until March 13, 2008, after it was
5  requested by CHL's outside counsel.)  On March 12, 2008, Argent filed a Notice of Pendency of
6  Other Action or Proceeding ("Tag-Along Notice") advising the Court that this action should be
7  transferred to MDL 1715.  (Ex. H to Boone Decl.)  On March 13, 2008, CHL informed the JPML
8  by letter of the existence of this action as a potential tag-along action in MDL 1715 (Ex. I to
9  Boone Decl.) and filed its "Notice of Filing of Potential tag-Along Action."  (Ex. J to Boone
10 Decl.)

11      Given the nature of Plaintiff's claims, it is inevitable that this action will be transferred to
12 the MDL Court very shortly[4] as part of the consolidated and coordinated pretrial proceedings in
13 MDL 1715.  Indeed, Plaintiff's claims involve virtually the same predatory claims asserted against
14 Argent (and Ameriquest) by the plaintiffs in the *Knox* Action, the other four original MDL 1715
15 actions, and the approximately 300 other cases subsequently transferred to the MDL Court.  (*Knox*
16 Complaint; Complaint, *Belfeld v. Argent Mortgage Company et al., LLC*, Case No. 07-cv-00143
17 (W.D. Mich.) (causes of action arising out of allegedly improper lending practices and based on
18 failing to disclose  the right to rescission under TILA, ECOA and state law) (Ex. K to Boone
19 Decl.); Complaint, *Gardner v. Ameriquest Mortgage Co. et al.,* Case No. 08-cv-00744 (E.D. Pa.)
20 (causes of action arising out of alleged improper lending practices and failure to disclose right to
21 rescission under TILA) (Ex. L to Boone Decl.).)

22 **III.     ARGUMENT**

23      As an initial matter, this Court has the authority to stay discovery in this action pending a
24 transfer to MDL 1715 on an *ex parte* basis.  *See Purcell v. Merck & Co.*, Civil No. 05cv0443-
25 L(BLM), 2005 U.S. Dist. LEXIS 41239, at *5 (S.D. Cal. Jun. 6, 2005) (stating that a "district

---

[4]     The JPML likely will issue a Conditional Transfer Order regarding this action in early April 2008.

court's discretion to stay an action pending a ruling on the transfer of a case to an MDL court 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants' and granting ex parte application to stay proceedings pending transfer to an MDL) (*citing Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936)).

Further, in deciding a motion to stay, the district court considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)

This Court should stay all discovery, including its Discovery Order, in this action pending the anticipated transfer of the case to the MDL Court for coordinated pre-trial proceedings in MDL 1715 for three reasons. First, judicial economy favors a stay of discovery in this action pending transfer. Second, Plaintiff will not be prejudiced by a stay because of the preliminary injunction. Third, CHL (and the other defendants) will face undue hardship if discovery is not stayed because they will have to litigate the case in multiple forums, including duplicative discovery.

### A. <u>Judicial Economy Favors Staying Discovery in this Action Pending A Decision By The JPML Regarding Transfer to MDL 1715</u>

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Id.* at 1362; *see also Good v. The Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case."). The purpose of a stay pending transfer to an MDL court is to "save the time and energy [a court] otherwise would have spent familiarizing itself with the intricacies" of cases it will most probably never see again after transfer and to avoid "setting pretrial dates and coordinating a discovery plan, much of [which] work would have to be duplicated by the MDL court after transfer." *In re: Vioxx Prod. Liability Cases*,

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 Lead Case No. 05cv0943DMS(LSP), 2005 U.S. Dist. LEXIS 40743, at * 5-*6 (S.D. Cal. Jul. 11,
2 2005); *see also Rivers*, 980 F. Supp. at 1360-61.

3       There is no reason for this Court to deviate in this instance from the standard practice of
4 staying proceedings pending transfer to an MDL court. Indeed, as explained above, because this
5 case relates primarily to allegedly predatory lending practices by Argent that purportedly violated
6 TILA and other federal and state statutes, it will most likely have the same fate as the 300 or so
7 other similar actions alleging TILA and other violations based on predatory lending practices – it
8 will end up consolidated as part of MDL 1715 for coordinated pre-trial proceedings in the MDL
9 Court. As such, it is wasteful and unnecessary for this Court and the parties to expend their
10 valuable resources conducting extensive discovery pursuant to the Discovery Order's expedited
11 deadlines, when the case will be transferred to the MDL Court shortly for coordinated pre-trial
12 proceedings that already include discovery duplicative of that recently ordered by this Court.
13 Further, it is not efficient for this Court to manage this case when much of these issues will likely
14 have to be revisited by the MDL Court.

15       **B.**     <u>**Plaintiff Will Suffer No Prejudice By A Stay Pending Transfer**</u>

16       Discovery in this case should be stayed pending a decision by the JPML on transfer to the
17 MDL Court because a stay will not prejudice Plaintiff. In the absence of substantial real prejudice
18 to a party, a stay of pretrial proceedings pending a decision on transfer by the JPML is the norm.
19 *See American Seafood, Inc. v. Magnolia Processing, Inc.*, No. 92-1030, 1992 U.S. Dist. LEXIS
20 7374, at *5 (E.D. Pa. May 6, 1992) ("The plaintiffs will not be substantially prejudiced by staying
21 this action pending the decision of the JPML. The stay which the Court orders will only be in
22 effect until the JPML issues its decision. Therefore, there will be no extended delay in the
23 commencement of discovery."). Further, short delays do not constitute adequate prejudice to a
24 party warranting denial of a stay pending a decision by the JPML on transfer of a tag-along action.
25 *See Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wisc. 2000) (holding that cursory
26 and general allegations of "prolonged" delay did not militate against a stay because concerns of
27 delay did not "outweigh the disadvantages of litigating identical claims in a multitude of venues");
28 *Rivers*, 980 F. Supp. at 1352 n.5 ("In fact, even if a temporary stay could be characterized as a

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\672454.4     9

CHL'S *EX PARTE* APP. TO STAY DISCOVERY PENDING
TRANSFER TO MDL 1715 (CV-08-0056 (WHA))

1  delay that would be prejudicial to Defendant, there are still considerations of judicial economy that
2  outweigh any prejudice to Defendant.").

3        Here, there is no prejudice to Plaintiff by a stay of discovery.  Most importantly, Plaintiff is
4  adequately protected by the Court's preliminary injunction.  In seeking a stay of discovery, CHL is
5  not trying to dissolve the injunction and to foreclose on Plaintiff's home.  Rather, CHL is simply
6  seeking to put this case before the appropriate court – the MDL Court – so that discovery can
7  proceed in a consolidated, coordinated and efficient way without forcing CHL (or any other party)
8  to litigate the case in different forums.  As such, a stay is appropriate.

9        Moreover, Plaintiff cannot claim prejudice from the stay of an order Plaintiff never even
10  requested.  Indeed, the injunctive relief afforded Plaintiff was all Plaintiff had asked for in
11  connection with the February 26 hearing.

12        Further, within a short time, Plaintiff still will be able to resume prosecution of his case
13  and obtain appropriate relief in the MDL Court, as cases are still being transferred to the MDL
14  Court.  (Conditional Transfer Order (CTO-36).)

15        But even if Plaintiff claims any prejudice, the purported prejudice was brought on by
16  Plaintiff himself when he sought to litigate his case in this Court without first identifying the case
17  as a "tag-along" action that should be transferred to the MDL Court.  Indeed, it will come as no
18  surprise to Plaintiff that this case will likely be transferred to MDL 1715 because Plaintiff's
19  counsel represented plaintiffs in the *Knox* Action and was involved with MDL 1715 from its
20  inception.  In fact, under Rule 7.5 (e) of the JPML, Hochhausen had an affirmative duty to notify
21  the JPML, this Court and all parties that this action should be transferred (or at least considered for
22  transfer) to the MDL Court.  *See* JPML Rule 7.5 (e) ("Any party or counsel in actions previously
23  transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407
24  shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that party
25  is also named or in which that counsel appears.").  Any prejudice which Plaintiff might now claim
26  he will suffer because of a stay of discovery pending transfer to the MDL Court can only be
27  considered the result of Plaintiff's counsel's failure to comply with that duty.
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  **C.  If A Stay Is Not Granted, CHL Will Be Prejudiced Because It May Be Forced
2  To Conduct Duplicative Discovery In Multiple Forums**

3  Here, a stay should be granted to prevent CHL and other defendants from being
4  "prejudiced by duplicative discovery and motion practice if the cases are ultimately transferred."
5  *In re: Vioxx Prod. Liability Cases*, 2005 U.S. Dist. LEXIS 40743, at * 5.  Indeed, "[t]he law favors
6  coordination of related cases in order to eliminate the risk that parties will have to put forth
7  duplicative cases or defenses or engage in duplicative pre-trial tasks."  *See Portnoy v. Zenith
8  Labs.*, Civil Action No. 86-3512, 1987 U.S. Dist. LEXIS 16134, at *2 (D.D.C. Apr. 21, 1987).

9  As discussed above, it is highly probable that this case will be transferred to the MDL
10 Court.  To force CHL (and the other parties) to engage in potentially duplicative discovery in this
11 forum would defeat the whole purpose of MDL proceedings:  efficiency by consolidating similar
12 cases for coordinated pretrial proceedings.

13 **D.  In The Alternative, Good Cause Exists For An Order Shortening Time For
14 Notice And Service Of A Motion For A Stay Pending Transfer To The MDL**

15 In the alternative, CHL requests the Court to issue an Order Shortening Time ("OST") for
16 notice and service of a motion by CHL for the requested stay such that said motion may be heard
17 as soon as possible.  Good cause exists for the OST because a motion filed and served with the
18 normal notice period could not be heard before the deadlines set forth by the Court in its
19 Discovery Order.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. CONCLUSION

In sum, discovery should be stayed pending a decision by the JPML regarding transfer of this case to the MDL Court because: (1) a stay would promote judicial economy; (2) a stay would not prejudice Plaintiff; and (3) a stay would unfairly expose CHL to duplicative discovery in multiple forums.  In the alternative, CHL requests the Court to issue an Order Shortening Time ("OST") for notice and service of a motion by CHL for the requested stay such that said motion may be heard as soon as possible.

Dated:  March 19, 2008

**BRYAN CAVE LLP**
ROBERT E. BOONE III
JENNIFER A. JACKSON
STEPHANIE BLAZEWICZ


By:  /s/ Robert E. Boone III
     Robert E. Boone III

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC. AND
RECONTRUST COMPANY, N.A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\672454.4

12

CHL'S *EX PARTE* APP. TO STAY DISCOVERY PENDING
TRANSFER TO MDL 1715 (CV-08-0056 (WHA))

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2305.

On March 19, 2008, I served the foregoing document(s), described as

**DEFENDANT COUNTRYWIDE HOME LOANS INC.'S *EX PARTE* APPLICATION FOR A STAY OF DISCOVERY PENDING TRANSFER OF THE CASE TO MDL 1715, OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR NOTICE AND SERVICE OF A MOTION FOR A STAY; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested party(s) in this action, as follows:

> Shirley Hochhausen
> Community Legal Services
> 2117-B University Avenue
> East Palo Alto, CA 94303

☒ **(BY FAX)** I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒ **(BY OVERNITE EXPRESS)** I deposited in a box or other facility maintained by Overnite Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 19, 2008, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

                                              /s/ Sherri Gramza
                                              Sherri Gramza

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\672454.4

PROOF OF SERVICE
CV-08-0056 WHA