# EXHIBIT L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GARDNER
          Plaintiff,          :

    v.

AMERIQUEST MORTGAGE COMPANY;
DEUTSCHE BANK NATIONAL TRUST CO.   :   Civil Action No.:
AS TRUSTEE OF AMERQIUEST MORTGAGE
SECURITIES INC.
          Defendants.

## COMPLAINT

**A.** **Jurisdiction and Venue**

1. Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. §1640(e), and 28 U.S.C. §§ 1331. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.** **Parties**

3. Plaintiff is an individual who resides at and owns the property at 9887 Verree Road, Philadelphia, Pennsylvania 19115 [hereinafter "the premises"].

4. Defendant AMERIQUEST MORTGAGE COMPANY ("Ameriquest") is a "subprime" consumer finance company which is engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States with a place of business at 1000 Town and Country Road, Suite 1200, Orange, CA 92868.

5. Defendant Deutsche Bank [hereinafter "Deutsche Bank"] is Trustee for an unknown trust entity with principal offices at 505 City Parkway, Suite 100, Orange, CA 92865. Defendant is sued in its capacity as trustee.

6. Defendants are creditors within the meaning of TILA.

C. **Factual Allegations**

7. At the time of the loan closing hereinafter described, plaintiff had taken a loan with defendant Ameriquest in June, 2003.

8. On or about January 21, 2005, Ameriquest closed a $185,400 refinancing loan with plaintiff which paid off the prior Ameriquest loan, but provided to him with a notice of right to cancel the loan which conformed to a General model form H-8 in the Reg. Z appendix.

9. Ameriquest failed to provide to plaintiff 2 completed copies of the proper Notice of Right to Cancel form, "refinancing with Original Creditor" form H-9 in the Reg. Z appendix.

10. Pursuant to 40 P.S. §741, Stewart Title is authorized to issue title insurance in the Commonwealth of Pennsylvania pursuant to the Title Insurance Rating Bureau of Pennsylvania (TIRBOP).

11. Stewart's agent for closing of the loan, Lender's First Choice, is also regulated by the aforesaid statute. TIRBOP publishes a regulations manual setting forth the purpose and amount of fees that one of its member companies is permitted to charge in connection with issuance of a title policy.

12. Lender's First Choice violated the TIRBOP manual by charging plaintiff an excessive upcharge on the title premium of $195.24 because plaintiff was denied the TIRBOP

2

reissue rate of 90% and the refinance rate which is 70% of the reissue base rate for refinancing loans within 2 years of the insured loan transaction.

13. Plaintiff has received from AMC Mortgage Services an Act 91 notice of Default on September 5, 2007.

**Cause of Action - TILA RESCISSION**

14. The loan was a residential mortgage loan subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

15. Under 15 U.S.C. 1635 (a) of the Federal Truth In Lending Act, defendant was required to provide to plaintiff the proper Notice of Right to Cancel form in accordance with TILA and Reg. Z which mandates specific notices and not a "one size fits all" Notice of rescission rights.

16. 15 U.S.C. §1635(i)(2) states [with bolded emphasis added]:

> **(2) Tolerance for disclosures**
> ... for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial *foreclosure process* on the principal dwelling of the obligor securing an extension of credit, the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35...

17. The foreclosure process in Pennsylvania for loans under $50,000 like plaintiff's loan starts with the notice requirements of Act 6 of 1974, 41 Pa. C.S.A. § 403[1]:

---

[1] Plaintiff received an Act 91 which shares the notice requirements of Act 6, see 35 Pa. C.S.A. §1680c, but applies to mortgages securing loans in excess of $50,000. Therefore plaintiff's act notice being designated Act 91 is not a substantive difference.

3

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

18. AMC, in keeping with the foregoing Pennsylvania law, commenced the mortgage foreclosure process by sending the Act 91 notice insofar as a foreclosure complaint could not be filed in Pennsylvania against a borrower like Ms. Duncan without giving her an Act notice. Hence, the Act 91 notice is part of the foreclosure process.

19. Ameriquest erroneously calculated the finance charge by excluding the $195 upcharge from the finance charge calculation. The loan's finance charge exceeded the error tolerance of $35.00 permitted by 15 U.S.C. §1635(i)(2).

20. For the foregoing reasons, Defendant Ameriquest failed to deliver all "material" disclosures required by TILA for the aforesaid reason under 15 U.S.C. §1635(a).

21. Plaintiff has a continuing right to rescind this transaction until receipt of all "material" disclosures described above, pursuant to 15 U.S.C. § 1635(a).

22. Under 15 U.S.C. § 1641(a), defendant Deutsche Bank is liable as assignee for rescission and damages for the defective disclosure described heretofore.

23. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a) and 1640(a), Defendant is liable to Plaintiff for:

a) rescission of this transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

4

b) termination of any security interest in Plaintiffs' property created under the transaction;

c) return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d) statutory damages of $2,000 for inaccurate disclosure pursuant to the requirements of 15 U.S.C. §1635(b);

e) statutory damages equal to the sum of all finance charges and fees paid, pursuant to 15 U.S.C. §1640(a)(4);

f) forfeiture of return of loan proceeds;

g) actual damages in an amount to be determined at trial;

h) an award of reasonable attorney's fees and costs.


Dated: <u>November 30, 2007</u>                     /s/Robert P. Cocco, RC935
                                                    ROBERT P. COCCO, P.C.
                                                    Attorney for Plaintiff
                                                    By: Robert P. Cocco, Esquire
                                                    Pa. Id. No. 61907
                                                    437 Chestnut Street, Suite 1006
                                                    Philadelphia, PA 19103
                                                    215-351-0200