Martin D. Murphy (SBN 164669)
Michael E. Hale, Esq. (SBN 245378)
LIUZZI, MURPHY & SOLOMON, LLP.
101 Montgomery Street, 27th Floor
San Francisco, CA 94104
Tel: (415) 543-5050
Fax: (415) 543-3550
martin@lmslaw.com
hale@lmslaw.com

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
Shirley Hochhausen (SBN 145619)
2117(b) University Avenue
East Palo Alto, CA 94303
Tel: (650) 326-6440
s_hochhausen@hotmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br>　　　　　Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTRUY TITLE COMPANY, RECONTRUST COMPANY, N.A.<br><br>AND DOES 1 through 100,<br>　　　　　Defendants. | Case No. cv 08-00056 WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ARGENT MORTGAGE COMPANY'S MOTION TO DISMISS**<br><br>Date of Hearing: April 10, 2008<br>Time: 8:00 a.m.<br>Dept.: Courtroom 9, 450 Golden Gate Ave.<br>Judge: Honorable William H. Alsup |

### INTRODUCTION

In its Motion to Dismiss, Argent has fundamentally misconstrued the legal standards that apply to Motions to Dismiss and has ignored the detailed factual allegations contained in the Complaint.

**STATEMENT OF ISSUES**

The Court is asked to determine, generally, whether plaintiff's complaint satisfies the liberal federal pleading requirements. Specifically, it should determine whether plaintiff's Allegations relating to (1) the Truth in Lending Act are viable and not time-barred; (2) the Real Estate Sales Protection Act is timely and viable; (3) whether plaintiff may seeks leave of Court to amend the Fourth Cause of Action alleging violations of the Equal Credit Opportunity Act; (4) whether plaintiff has sufficiently averred a claim for relief against Argent for violation of California Civil Code §1632; (5) whether plaintiff properly alleged Fraud and Deceit; (6) whether plaintiff properly alleged violation of the Unfair Business and Practices Act.

**FACTUAL BACKGROUND**

The crux of this case is simple: Mr. Marcelos, a hard working father of two who is of Mexican descent and who speaks limited English, was preyed upon by Edwin Parada, a mortgage salesman who operated under the Department of Real Estate license of Primestar Financial Services and Shoaib Mahmud. Parada lured Mr. Marcelos into refinancing his home, negotiated the loan in Spanish, gave Mr. Marcelos documents to sign in English, misrepresented the terms of the loan, gave Mr. Marcelos no loan documents in English or in Spanish and then stole $200,000.00 in loan proceeds. It is doubtful that this type of deception, theft and unlawful conduct would be perpetrated on an English speaking man who was not a minority.

Argent was central to this unlawful loan. Were it not for Argent's failure to provide copies of loan documents and documents mandated by federal and state law, Plaintiff would have had notice of the bait and switch and theft perpetrated by the loan salesman and broker. Pursuant to the Truth in Lending Act (hereinafter "TILA"), Argent, the lender, was obligated to deliver mandatory consumer disclosures to Mr. Marcelos. To meet this obligation, Argent relied on their closing agents, New Century Title Company. When New Century failed to fulfill Argent's statutory obligations, Argent became liable pursuant to TILA for failure to make the required disclosures. Argent is also liable under RESPA for kickbacks made in derogation of the Real Estate Settlement Procedures Act in the nature of Yield Spread Premium kickbacks and other undisclosed payments as well as for violations of California Civil Code §1632 which mandates written translations when a contract is negotiated in Spanish.

Plaintiff also contends that his race and national origin played a large role in the nature of the loan and that he suffered adverse and disparate treatment at the hands of the defendants in the making and terms of his home loan.

After the loan documents were executed, Argent sold the loan to Countrywide who, upon purchasing the loan, became liable, under TILA for Argent's conduct and violation of TILA.

## I. Plaintiff's Complaint Satisfies the Liberal Federal Pleading Requirements

### A. Legal Standards

Pleadings in federal court serve a limited role. The complaint is intended solely to notify the defendants of the existence and nature of the plaintiff's grievances. In this regard, "[u]nder the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it." *Colaprico v. Sun Microsystems, Inc.* (N.D. Cal. 1991), 758 F. Supp. 1335, 1337.

Because federal pleading rules are so liberal, motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure are strongly disfavored and rarely granted. *Gillian v. Jamaica Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Indeed, "[a] complaint should not be dismissed for failure to state a claim unless it appears <u>beyond doubt</u> that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957) (emphasis added). Moreover, dismissal is an "extraordinary" remedy [*United States v. Redwood City* (9th Cir. 1981), 630 F.2d 963, 966], only proper "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974).

In considering a motion to dismiss, the Court: (1) must accept as true all of the factual allegations in the complaint, (2) construe the complaint in the light most favorable to the plaintiff and (3) determine whether any set of facts would entitle the plaintiff to relief. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 164; *see also Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-338.

## II. Plaintiff's TILA Allegations Are Viable and Are Not Time-Barred.

Plaintiff's TILA allegations are not time-barred. The TILA has a one year statute of limitations

on claims for statutory damages and a three year statute of limitations for rescission claims based on the non-receipt of material disclosures. 15 USC §§1640(e) and 1635(f); *see also* 15 USC Appx 12 CFR §226.23(a)(3); *and see Beach v. Ocwen Fed. Bank*, (1998) 523 US 410, 414.

Here, plaintiff alleged that he did not receive any loan documents and therefore he has alleged that he did not receive material disclosures in violation of TILA. Complaint ¶46 and 47. The subject loan was consummated on or about March 29, 2005, was rescinded on December 31, 2007 (Compl. ¶3) and the complaint filed on January 4, 2008, well within the three year statute of limitations period for a rescission claim.

The statute of limitations for statutory damages is one year as defendants claim. In the circumstances of this case, however, the statute of limitations should be equitably tolled. The Ninth Circuit Court of Appeals has held that the statute of limitations under §1640(e) for statutory damages is not jurisdictional and can be equitably tolled. *See King v. California* (9th Cir. 1986) 784 F.2d 910.

The TILA statute of limitations should be tolled for Mr. Marcelos because when Argent withheld documents and failed to provide translations and otherwise concealed the terms of the loan transaction it became impossible for Plaintiff to seek timely redress. Argent is responsible for the delayed discovery of the wrongs they committed and should not benefit from their own wrongdoing.

In circumstances similar to those in the case at bar, the Court found that the lender's failure to provide loan documents in Spanish where the loan was negotiated in Spanish was a proper basis for tolling statutes of limitation. *Gonzales v. Ameriquest*, (N.D. Cal. March 1, 2004) 2004 WL 2472249 and (N.D. Cal. June 3, 2004) 2004 WL 2480661. In this case, just as in *Gonzalez*, equitable tolling should be applied because Mr. Marcelos is limited English proficient and could not read the loan documents he signed. Compl. ¶¶32 and 69.

Furthermore, in *Baldwin County Welcome Ctr. v. Brown*, the Supreme Court held that courts may properly allow tolling where a claimant has received inadequate notice. (1984) 466 U.S. 147 (per curiam). When Argent failed to deliver any disclosures to Mr. Marcelos it became impossible for him to take the loan documents and disclosures to someone who could have translated them or could have explained the terms, conditions and costs of the loan. Had he been able to do so, Mr. Marcelos would have had an opportunity to protect himself from the fraudulent loan and the theft of the loan proceeds

and he could have sought the protection of the Court at an earlier time. Again, equitable tolling is appropriate in these circumstances.

Plaintiff's complaint is not time-barred as he brought his rescission claim within three years of the consummation of the loan. The claim for statutory damages pursuant to TILA should be equitably tolled as well. Consequently, Argent's motion to dismiss Plaintiff's TILA claims should be denied.

### III. Plaintiff's Complaint States a Timely Claim Under Section 8 of RESPA.

Plaintiff's complaint sets out a viable claim pursuant to Section 8 of the Real Estate Sales Protection Act (hereinafter "RESPA"), which prohibits certain payments and kickbacks in the making of loans.

The statute provides a private right of action for private plaintiffs suing for an alleged violation of §2607 and sets the statute of limitations at one year. 12 U.S.C. §2614. In the circumstances of this case, the statute of limitations should be tolled because the documents which would have put the Plaintiff on notice of a claim were physically concealed and inaccessible due to language. In addition, tolling will allow the plaintiff to explore the illegal kickbacks alleged in the case at bar.

There is ample authority for tolling statutes of limitation. *See Young v. United States*, (2002) 535 U.S. 43 at 49 (in which a unanimous Supreme Court found that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this back ground principle."). Moreover, RESPA specifically may be tolled. *See Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, (7th Cir. 1997) 118 F.3d 1157, 1166-1167 (allowing equitable tolling in RESPA case); *and see Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787 (D. Md. 1998) (allowing equitable tolling in RESPA and §1640(e) case); *and see Moll v. U.S.Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284 (S.D.N.Y. 1988) (allowing equitable tolling in RESPA case). Indeed, as *Lawyers Title* indicated, although states are more likely to treat their statutes of limitations as jurisdictional, the "period of limitations in federal statutes…are universally regarded as nonjurisdictional." (7th Cir. 1997) 118 F.3d at 1166-1167.

The United States Supreme Court has said in *Baldwin County Welcome Ctr. v. Brown*, that courts may properly allow tolling where a claimant has received inadequate notice. (1984) 466 U.S. 147 (per curiam). As the Court held in *Gonzalez*, tolling should be granted in circumstances where the limited English proficient borrowers received no notice in Spanish. (N.D. Cal. March 1, 2004) 2004 WL 2472249 and (N.D. Cal. June 3, 2004) 2004 WL 2480661.

Congress enacted RESPA "to ensure that real estate consumers 'are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices.'" *O'Sullivan v. Countrywide Home Loans, Inc.,* (5th Cir.2003) 319 F.3d 732, 738 (quoting 12 U.S.C. §2601(a)). To this end, RESPA prohibits any person from giving or accepting "any fee, kickback, or thing of value pursuant to any agreement or understanding ... that business incident to or a part of a real estate service ... shall be referred to any person," 12 U.S.C. § 2607(a), and from accepting any unearned fee in relation to a settlement service. 12 U.S.C. § 2607(b). The statute provides a private right of action for private plaintiffs suing for an alleged violation of §2607. The prohibition on kickbacks is an important public protection and should not be lost to plaintiff or other potential victims because of the defendant's sharp practices.

For all of these reasons the RESPA one year statute of limitations should be tolled and the motion to dismiss this claim denied.

**IV.   Plaintiff Seeks Leave of Court to Amend the Fourth Cause of Action Alleging Violations of the Equal Credit Opportunity Act.**

**V.    Plaintiff Has Sufficiently Averred a Claim for Relief Against Argent for Violation of California Civil Code §1632.**

Defendant Argent alleges that plaintiff has failed to state a claim for relief under California Civil Code §1632, on the basis that §1632(a)(1) specifically excludes loans secured by real property, the type of loan given by defendant to plaintiff. While §1632(a)(1) generally exempts loans secured by real property, §1632(b)(4) identifies those transactions which are, in fact, subject to the Act and states

that the following types of transactions are protected by the statute:

> a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000),(emphasis added) or Division 9 (commencing with Section 22000) of the Financial Code.

This section of the California Business and Professions Code applies to certain loans secured by real property which are negotiated by a real estate broker. *See* Cal. Business and Professions Code §10240. Plaintiff's loan was negotiated by a real estate agent, defendant Edwin Parada, working under the broker's license of defendant Shoaib Mahmud and defendant Primestar Financial. Therefore, the loan at issue in this case comes back within the purview of §1632 through subsection (b)(4). Indeed, at least two cases in the United States District Courts of California, Northern District, have held §1632 applies to loans such as the one at issue. *See Ruiz v. Decision One Mortgage* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 54571; *and see Munoz v. International Home Capital Corp.* (N.D. Cal. 2004) 2004 U.S. Dist. LEXIS 26362. In fact, in each of these two cases the courts ruled on a motion to dismiss identical to the ones filed by Argent, and found that California Civil Code §1632 was applicable to home loan refinances such as the one at issue in this case.

Furthermore, the agency relationship between Argent and defendant Edwin Parada that was alleged by plaintiff (Compl. ¶22) will defeat any argument that Argent is not liable under the above-cited exception to the real property loans exemption.

The loan at issue is subject to §1632 of the California Civil Code and therefore the motion to dismiss should be denied.

### VI. Plaintiff Properly Alleged Fraud and Deceit.

Federal Rules of Civil Procedure 9(b) states, in pertinent part: In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. In paragraphs 25-43 of his complaint, plaintiff outlines the circumstances which gave rise to his allegation of fraud. In short, he stated that defendant Edwin Parada, a real estate agent, misrepresented the nature of the loan he was procuring for plaintiff with defendant Argent and subsequently stole $200,000.00 in equity.

Compl. 25-43. Defendant Edwin Parada was alleged to be an agent of Argent and used its name and goodwill to trick plaintiff into agreeing to open an equity line of credit that, in actuality, was a refinance.

All of the details of the circumstances giving rise to the fraud allegations were incorporated into the fraud cause of action by reference in paragraph 71 of the Complaint. Paragraphs 72 through and including 77, with paragraphs 22-24, adequately and sufficiently plead the requisite elements of a fraud claim. Paragraphs 72 and 74 address the misrepresentations made by defendants, specifically incorporating the details described in paragraphs 25-43. Paragraph 73 and 75 address knowledge and intent. Paragraph 76 addresses reliance and 77 addresses damages. Any argument that these paragraphs are not pled with specificity is misguided as they incorporate the details of the entire complaint which clearly outline the circumstances of the fraud.

Despite defendant's lengthy argument against the merits of an agency allegation, whether or not Argent and defendant Edwin Parada had an agency relationship, whether it knew or should have known that defendant Edwin Parada and others were using Argent's goodwill to defraud others, or whether Argent authorized the use of its goodwill is a question of fact to be determined at trial.

Plaintiff adequately pled fraud with sufficient specificity and defendant's motion to dismiss should be denied.

## VII. Plaintiff Has Properly Alleged a Cause of Action Under The Unfair Business and Practices Act.

The Unfair Business and Practices Act, or §17200 of the California Business and Professions Code (hereinafter "UBPA") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by… §17500." Bus. & Prof. Code §17200. "The (UBPA's) scope is broad. By defining unfair competition to include any 'unlawful…business or practice' [citation], the UBPA permits violations of other laws to be treated as unfair competition that is independently actionable. [Citation.]" *Kasky v. Nike, Inc.* (2002) 27 Cal. 4th 939 at 949. "An 'unlawful' business activity includes '"anything that can be properly called a business practice and that at the same time is forbidden by law." [Citation.]' Virtually any law –

federal, state or local – can serve as a predicate for an action under…§17200. [Citation.]" *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App. 4th 700, 717-718. Thus, violations of federal law will form the predicate unlawful business practice necessary to bring a claim under the UBPA. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 733, 787 [violation of disclosure requirements in RESPA is unlawful practice under UBPA].

Here, plaintiff adequately alleged violations of TILA, RESPA and the Fair Housing Act (hereinafter "FHA") by defendant's failure to provide material disclosures (TILA and RESPA) and by discriminating against plaintiff (FHA). A violation of any one of these federal acts would support an allegation of §17200. Furthermore, defendant Argent has moved to dismiss only TILA and RESPA; it has not moved to dismiss plaintiff's allegations that it violated the FHA, a federal act that, if proven to have been violated, would subject Argent to the UBPA. Should the Court agree plaintiff properly alleged violations of either TILA or RESPA, these, too, would form the predicate unlawful business practice necessary to bring a claim under the UBPA as well.

In addition, plaintiff adequately alleged violation of Cal. Civil Code §1632 and fraud, both California laws that would certainly form the predicate unlawful business practice necessary to bring a claim under the UBPA. Section 1632 generally prohibits the business and practice of negotiating in one language and presenting documents in another. Clearly, a violation of this would bring Argent under the UBPA.

With regard to fraud, case law is clear that the term "fraudulent" in section 17200 "only requires a showing that members of the public are likely to be deceived." *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 839 (*citing Bank of the West v. Superior Court* (1994) 2 Cal. 4th 1254, 1267). This level of specificity surely has been met where defendant is a national mortgage company who deals with thousands of potential borrowers and/or their agents on a daily basis. Where plaintiff has alleged fraud in paragraphs 71-77, which incorporate by reference paragraphs 22-43, defendant's role implicates a likelihood that other members of the public, especially predominately Spanish-speaking members, are likely to be deceived by defendants, their agents, employees or assigns.

Section 17200 of the UBPA is adequately pled where plaintiff has properly alleged violations of federal and state law such that each, on their own, would form the predicate unlawful business practice necessary to bring a claim under the UBPA. Defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny the motion to dismiss complaint. In the event that the Court finds the motion to dismiss to any cause of action is proper, plaintiff respectfully requests that the Court specify the grounds upon which the ruling is based and grant plaintiff leave to amend his complaint to cure any defects. In the event the Court finds that such defects cannot be cured, plaintiff respectfully requests that the Court grant leave to amend to allege that the defendant bringing this motion to dismiss is properly joined as a necessary party since in this defendant's absence the Court cannot afford complete relief between the parties.

Dated: March 20, 2008                         LIUZZI, MURPHY & SOLOMON, LLP.


                                              By: /s/ Shirley Hochhausen
                                                  Shirley Hochhausen
                                                  Attorney for Plaintiff