1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  Michael E. Hale (SBN 245378)
   101 Montgomery St., 27th Floor
3  San Francisco, CA, 94104
4  T: (415) 543-5050
   F: (415) 543-3550
5  martin@lmslaw.com
   hale@lmslaw.com
6

7  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
8  2117(b) University Avenue
   East Palo Alto, CA 94303
9  T: (650) 326-6440
   s_hochhausen@hotmail.com
10

11 Attorneys for Plaintiff

12                    UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT – SAN FRANCISCO DIVISION

14 RICARDO MARCELOS,                    ) Case No.: 08-00056 WHA
                        Plaintiff,      )
15                                      )
                                        ) **MEMORANDUM OF POINTS AND**
16 v.                                   ) **AUTHORITIES IN OPPOSITION TO**
                                        ) **DEFENDANT COUNTRYWIDE'S**
17 EDWIN MAURICIO PARADA                ) **MOTION TO DISMISS**
   DOMINGUEZ, GLENDA PARADA,            )
18 LORENZO PARADA, VIKI RAAB,           )
   COUNTRYWIDE HOME LOANS, ARGENT ) Date of Hearing: April 10, 2008
19 MORTGAGE COMPANY, LLC,               ) Time: 8:00 a.m.
   PRIMESTAR FINANCIAL SERVICES,        ) Dept.: Courtroom 9, 450 Golden Gate Ave.
20 SHOAIB MAHMUD, FINANCIAL TITLE       ) Judge: Honorable William H. Alsup
   COMPANY, NEW CENTURY TITLE           )
21 COMPANY, RECONTRUST COMPANY,         )
   N.A.                                 )
22                                      )
                                        )
23 AND DOES 1 through 100,              )
                        Defendants.     )
24 _____      )

25

26

27

28

# TABLE OF CONTENTS

I. Plaintiff's Complaint Satisfies the Liberal Federal Pleading Requirements ................................. 3

II. Plaintiff's TILA Allegations Are Viable and Are Not Time-Barred. ........................................... 3

III. Plaintiff Has Properly Stated a Claim Upon Which Relief Can Be Granted Against Countrywide Pursuant to Assignee Liability Under TILA. ................................................................................ 5

IV. Plaintiff Has Alleged Sufficient Facts to Trigger His Right To Rescind. .................................... 6

V. Plaintiff States a Timely Claim Under Section 8 of RESPA. ....................................................... 8

VI. Plaintiff Seeks Leave of Court to Amend the Fourth Cause of Action Alleging Violation of the Equal Credit and Opportunity Act. ............................................................................................... 9

VII. Plaintiff Has Sufficiently Averred a Claim for Relief Against Countrywide for Violation of California Civil Code §1632. ....................................................................................................... 9

VIII. Plaintiff Properly Alleged Fraud and Deceit. ............................................................................. 10

IX. Plaintiff Has Properly Alleged a Cause of Action Under The Unfair Business and Practices Act. ............................................................................................................................................... 11

CONCLUSION ........................................................................................................................................ 12

# TABLE OF AUTHORITIES

Cases

*American Mortgage Network Inc. v. Shelton* (4th Cir. 2007) 486 F.3d 815 .................................................. 7

*Baldwin County Welcome Ctr. v. Brown* (1984) 466 U.S. 147 .................................................................. 4, 8

*Bank of the West v. Superior Court* (1994) 2 Cal. 4th 1254, 1267 ............................................................ 12

*Bramlet v. Wilson* (8th Cir. 1974) 495 F.2d 714, 716 ................................................................................ 3

*Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-338 ........................................................ 3

*Colaprico v. Sun Microsystems, Inc.* (N.D. Cal. 1991), 758 F. Supp. 1335, 1337 ...................................... 3

*Conley v. Gibson* (1957) 355 U.S. 41, 45-46 ............................................................................................. 3

*Gillian v. Jamaica Dev. Corp.* (9th Cir. 1997)108 F.3d 246, 249 .............................................................. 3

*Gonzales v. Ameriquest*, (N.D. Cal. March 1, 2004) 2004 WL 2472249 and (N.D. Cal. June 3, 2004)
    2004 WL 2480661 .................................................................................................................................. 4, 8

*Kasky v. Nike, Inc.* (2002) 27 Cal. 4th 939 ................................................................................................. 11

*Kerby v. Mortgage Funding Corp.* (D. Md. 1998)992 F. Supp. 787 .......................................................... 8

*Large v. Canseco Fin.* (1st Cir. 2002) 292 F. 3d 49, 54-55 ....................................................................... 7

*Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, (7th Cir. 1997) 118 F.3d 1157, 1166-1167 ................. 8

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 164 3

*Miranda v Universal Fin. Group, Inc.* (2006, ND Ill) 459 F Supp 2d 760 ............................................. 5, 6

*Moll v. U.S.Life Title Ins. Co. of N.Y.* (S.D.N.Y. 1988)700 F. Supp. 1284 ............................................... 8

*Munoz v. International Home Capital Corp.* (N.D. Cal. 2004) 2004 U.S. Dist. LEXIS 26362 ............... 10

*O'Sullivan v. Countrywide Home Loans, Inc.*, (5th Cir.2003) 319 F.3d 732, 738 .................................... 9

*Palmer v Wilson* (9th Cir., 1974) 502 F2d 860 ......................................................................................... 7

*Powers v Sims & Levin Realtors* (1975, ED Va) 396 F Supp 12 ............................................................... 7

*Ruiz v. Decision One Mortgage* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 54571 ................................. 10

*Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 839 .............................................................. 12

*See King v. California* (9th Cir. 1986) 784 F.2d 910 ............................................................................... 4

*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App. 4th 700 ...................................... 11

*United States v. Redwood City* (9th Cir. 1981), 630 F.2d 963, 966 .................................................. 3

*Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 733 .................................. 11

*Yamamoto v. Bank of New York* (9th Cir., 2007) 329 F. 3d 1173 ................................................. 7

*Young v. United States*, (2002) 535 U.S. 43 at 49 ........................................................................ 8

**Statutes and Codes**

12 U.S.C. §2601(a) ......................................................................................................................... 9

12 U.S.C. § 2607(a) ........................................................................................................................ 9

12 U.S.C. § 2607(b) ........................................................................................................................ 9

12 U.S.C. §2614 .............................................................................................................................. 8

15 U.S.C. §1635(b) ..................................................................................................................... 6, 7

15 U.S.C. §1635(f) .......................................................................................................................... 3

15 U.S.C §1640(e) ....................................................................................................................... 3, 4

15 U.S.C. §1641(a) .......................................................................................................................... 5

15 U.S.C. §1641(c) .......................................................................................................................... 5

15 U.S.C. §2607 .............................................................................................................................. 8

15 U.S.C. Appx 12 CFR §226.23(a)(3) ........................................................................................... 4

15 U.S.C. Appx12 CFR 226.23(b) .................................................................................................. 6

15 U.S.C. Appx 12 CFR 226.23(d)(1) ............................................................................................. 6

15 U.S.C. Appx 12 CFR 226.23(d)(2) ............................................................................................. 6

15 U.S.C. Appx 12 CFR §226.23(d)(3) ........................................................................................... 7

15 U.S.C. Appx 12 CFR §226.23(d)(4) ........................................................................................... 7

California Business and Professions Code §10240 ...................................................................... 10

California Civil Code §1632 ......................................................................... 2, 9, 10, 11, 12, 14

Californi Civil Code §1632(a)(1) .................................................................................................... 9

California Civil Code §1632(b)(4) ............................................................................................ 9, 10

Federal Rules of Civil Procedure 9(b) .......................................................................................... 10

Federal Rules of Civil Procedure 12(b)(6) ................................................................. 3

Real Estate Sales Protection Act §8 ........................................................................... 8

## STATEMENT OF ISSUES

The Court is asked to determine, generally, whether plaintiff's complaint satisfies the liberal federal pleading requirements. Specifically, it should determine whether plaintiff's Allegations relating to (1) the Truth in Lending Act are viable and not time-barred; (2) whether has properly alleged that Countrywide is liable as an assignee from whom he can rescind; (3) whether the Real Estate Sales Protection Act is timely and viable; (4) whether plaintiff may seek leave of Court to amend the Fourth Cause of Action alleging violations of the Equal Credit Opportunity Act; (4) whether plaintiff has sufficiently averred a claim for relief against Argent for violation of California Civil Code §1632; (5) whether plaintiff properly alleged Fraud and Deceit; (6) whether plaintiff properly alleged violation of the Unfair Business and Practices Act.

## FACTUAL BACKGROUND

The crux of this case is simple: Mr. Marcelos, a hard working father of two who is of Mexican descent and who speaks limited English, was preyed upon by Edwin Parada, a mortgage salesman who operated under the Department of Real Estate license of Primestar Financial Services and Shoaib Mahmud. Parada lured Mr. Marcelos into refinancing his home, negotiated the loan in Spanish, gave Mr. Marcelos documents to sign in English, misrepresented the terms of the loan, gave Mr. Marcelos no loan documents in English or in Spanish and then stole $200,000.00 in loan proceeds. It is doubtful that this type of deception, theft and unlawful conduct would be perpetrated on an English speaking man who was not a minority.

Argent was central to this unlawful loan. Were it not for Argent's failure to provide copies of loan documents and documents mandated by federal and state law, Plaintiff would have had notice of the bait and switch and theft perpetrated by the loan salesman and broker. Pursuant to the Truth in Lending Act (hereinafter "TILA"), Argent, the lender, was obligated to deliver mandatory consumer disclosures to Mr. Marcelos. To meet this obligation, Argent relied on their closing agents, New Century Title Company. When New Century failed to fulfill Argent's statutory obligations, Argent became liable pursuant to TILA for failure to make the required disclosures. Argent is also liable under RESPA for kickbacks made in derogation of the Real Estate Settlement Procedures Act in the nature of Yield Spread Premium kickbacks and other undisclosed payments as well as for violations of California

Civil Code §1632 which mandates written translations when a contract is negotiated in Spanish. Plaintiff also contends that his race and national origin played a large role in the nature of the loan and that he suffered adverse and disparate treatment at the hands of the defendants in the making and terms of his home loan.

After the loan documents were executed, Argent sold the loan to Countrywide who, upon purchasing the loan, became liable, under TILA for Argent's conduct and violation of TILA.

### I. Plaintiff's Complaint Satisfies the Liberal Federal Pleading Requirements

Pleadings in federal court serve a limited role. The complaint is intended solely to notify the defendants of the existence and nature of the plaintiff's grievances. In this regard, "[u]nder the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it." *Colaprico v. Sun Microsystems, Inc.* (N.D. Cal. 1991), 758 F. Supp. 1335, 1337.

Because federal pleading rules are so liberal, motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure are strongly disfavored and rarely granted. *Gillian v. Jamaica Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Indeed, "[a] complaint should not be dismissed for failure to state a claim unless it appears <u>beyond doubt</u> that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, (emphasis added). Moreover, dismissal is an "extraordinary" remedy [*United States v. Redwood City* (9th Cir. 1981), 630 F.2d 963, 966], only proper "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Bramlet v. Wilson* (8th Cir. 1974) 495 F.2d 714, 716.

In considering a motion to dismiss, the Court: (1) must accept as true all of the factual allegations in the complaint, (2) construe the complaint in the light most favorable to the plaintiff and (3) determine whether any set of facts would entitle the plaintiff to relief. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 164; *see also Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336, 337-338.

### II. Plaintiff's TILA Allegations Are Viable and Are Not Time-Barred.

Plaintiff's TILA allegations are not time-barred. The TILA has a one year statute of limitations

on claims for statutory damages and a three year statute of limitations for rescission claims based on the non-receipt of material disclosures. 15 USC §§1640(e) and 1635(f); *see also* 15 USC Appx 12 CFR §226.23(a)(3); *and see Beach v. Ocwen Fed. Bank*, (1998) 523 US 410, 414.

Here, plaintiff alleged that he did not receive any loan documents and therefore he has alleged that he did not receive material disclosures in violation of TILA. Complaint ¶46 and 47. The subject loan was consummated on or about March 29, 2005, was rescinded on December 31, 2007 (Compl. ¶3) and the complaint filed on January 4, 2008, well within the three year statute of limitations period for a rescission claim.

The statute of limitations for statutory damages is one year as defendants claim. In the circumstances of this case, however, the statute of limitations should be equitably tolled. The Ninth Circuit Court of Appeals has held that the statute of limitations under §1640(e) for statutory damages is not jurisdictional and can be equitably tolled. *See King v. California* (9th Cir. 1986) 784 F.2d 910.

The TILA statute of limitations should be tolled for Mr. Marcelos because when Argent withheld documents and failed to provide translations and otherwise concealed the terms of the loan transaction it became impossible for Plaintiff to seek timely redress. Argent and Countrywide, the assignee to the loan, are responsible for the delayed discovery of the wrongs they committed and should not benefit from their own wrongdoing.

In circumstances similar to those in the case at bar, the Court found that the lender's failure to provide loan documents in Spanish where the loan was negotiated in Spanish was a proper basis for tolling statutes of limitation. *Gonzales v. Ameriquest*, (N.D. Cal. March 1, 2004) 2004 WL 2472249 and (N.D. Cal. June 3, 2004) 2004 WL 2480661. In this case, just as in *Gonzalez*, equitable tolling should be applied because Mr. Marcelos is limited English proficient and could not read the loan documents he signed. Compl. ¶¶32 and 69.

Furthermore, in *Baldwin County Welcome Ctr. v. Brown*, the Supreme Court held that courts may properly allow tolling where a claimant has received inadequate notice. (1984) 466 U.S. 147 (per curiam). When Argent failed to deliver any disclosures to Mr. Marcelos it became impossible for him to take the loan documents and disclosures to someone who could have translated them or could have explained the terms, conditions and costs of the loan. Had he been able to do so, Mr. Marcelos would

have had an opportunity to protect himself from the fraudulent loan and the theft of the loan proceeds and he could have sought the protection of the Court at an earlier time. Again, equitable tolling is appropriate in these circumstances.

Plaintiff's complaint is not time-barred as he brought his rescission claim within three years of the consummation of the loan. The claim for statutory damages pursuant to TILA should be equitably tolled as well. Consequently, Countrywide's motion to dismiss Plaintiff's TILA claims should be denied.

### III. Plaintiff Has Properly Stated a Claim Upon Which Relief Can Be Granted Against Countrywide Pursuant to Assignee Liability Under TILA.

Defendant Countrywide misunderstands TILA assignee liability. The TILA makes it explicitly clear that assignees are liable for the actions of their predecessors in interest and are subject to liability for statutory damages and rescissionary damages.

Title 15 of the United States Code §1641(a) states, in pertinent part, "any civil action for a violation of (TILA)…which may be brought against a creditor may be maintained against any assignee of such creditor…if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement…." Sub-section (c) of the same statute grants the additional right to rescind against "any assignee." 15 USC 1641(c)(emphasis added). Given that Congress established assignee liability for rescission separate from, and in addition to, the assignee liability laid out in §1641(a), courts have applied §1641(a) assignee liability to statutory damages only. *Miranda v Universal Fin. Group, Inc.* (2006, ND Ill) 459 F Supp 2d 760.

Plaintiff alleged that Countrywide is the successor-in-interest to the Argent loan. Compl. ¶15. Therefore, in light of the assignee liability for statutory and rescission damages, it is against Countrywide that plaintiff seeks relief. Whether Countrywide should or could have determined that it would be liable as an assignee to the loan at issue based on the face of the disclosure statement is a question of fact to be determined at trial. It seems obvious that there would be liability, however, when the loan documents show a broker received a $200,000.00 disbursement, a highly unusual circumstance.

As for assignee liability for rescission under §1641(c), again, plaintiff properly alleged that

1  Countrywide is the successor-in-interest to the loan. Compl. ¶15. Clearly, in this capacity, Countrywide
2  is liable for rescission under the statute. Even if Countrywide does not own the loan and is merely a
3  "servicer", the term "any assignee" has been interpreted to permit assignee liability for rescission under
4  §1641(c) even against former assignees who do not own the loan. *Miranda v Universal Fin. Group, Inc.*
5  (2006, ND Ill) 459 F Supp 2d 760.

6  Countrywide is liable for the TILA violations as an assignee of the loan originated by Argent its
7  motion to dismiss should be denied.

### IV. **Plaintiff Has Alleged Sufficient Facts to Trigger His Right To Rescind.**

Defendant Countrywide again misunderstands TILA where it claims to be entitled to tender by plaintiff before it may accept a rescission. This is a patently false misconstruction of the statute and applicable case law. Defendant Countrywide is confusing California state rescission processes with that laid out in TILA and, in so doing, illegally conditions the rescission in violation of federal law.

In alleging the non-receipt of material disclosures (Compl. ¶¶46 and 47) and the mailing of a TILA compliant rescission letter (Compl. ¶3), plaintiff has properly alleged sufficient facts to avail himself of the equitable powers granted the court by TILA to determine the following: (1) whether, based on the facts, rescission is warranted, (2) what, if any, tender is required to be delivered, and (3) when the tender is to be made.

United States Code Section 1635(b), Title 15, outlines the process by which the right to rescind under TILA, as opposed to California or other federal law, is to be implemented. This process is expanded upon and clarified by 12 CFR 226.23(b) and (d)(1)-(4) and subsequent case law. Generally, the rescission process operates as follows: first, the borrower sends notice of rescission. 15 USC Appx 12 CFR 226.23(d)(1). Second, the creditor then has twenty (20) days to respond, either accepting or rejecting the claim for rescission. 15 USC Appx 12 CFR 226.23(d)(2). If the claim is accepted, the creditor's security interest in the property becomes void and it will be required to return any money or property that has been given to <u>anyone</u> in connection with the transaction. After this has been done, the third step requires the borrower to return "the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the borrower's option, tender of

property may be made at the location of the property or at the borrower's residence. Tender of money must be made at the creditor's designated place of business." 15 USC Appx 12 CFR §226.23(d)(3).

This process may be altered, however. Congress amended TILA to grant the court equitable discretion as to the order of steps two and three in the rescissionary process, i.e. which party may be first required to tender money or property in the event of a rescission. 15 USCS Appx 12 CFR §226.23(d)(4). Therefore, if the creditor rejects the borrower's rescission and the Court later finds that the rescission was valid, it may determine whether the borrower or the creditor will be required to tender money or property, if anything at all. *See Yamamoto v. Bank of New York* (9th Cir., 2007) 329 F. 3d 1173. This is to be determined on a case-by-case basis. *Id.*

Countrywide's security interest is not automatically voided by notice of rescission and plaintiff has never alleged that it had. In *American Mortgage Network Inc. v. Shelton*, the Court states that a properly delivered rescission only voids the security interest when it is acknowledged by the note holder or the court determines rescission is available based on the facts. (4th Cir. 2007) 486 F.3d 815, *citing Large v. Canseco Fin.* (1st Cir. 2002) 292 F. 3d 49, 54-55. In other words, once the rescission is noticed and rejected, only the Court may determine whether, based on the equities, the borrower has a valid claim for rescission.

If Countrywide were to insist that plaintiff tender the loan proceeds before it rescinds the loan, Countrywide would be further violating TILA and may be voiding its right to receive tender. Case law has made it clear that TILA has abolished conditioning rescission on the return of loan proceeds. *See Palmer v Wilson* (9th Cir., 1974) 502 F2d 860 (the requirement of tender of consideration as prerequisite to rescission was abolished by Truth in Lending Act).

In fact, in a case cited by Countrywide, the court denied the lender the right to receive tender as a matter of law when it conditioned rescission on the receipt of tender. *Powers v Sims & Levin Realtors* (1975, ED Va) 396 F Supp 12 (where defendant lender fails to follow sequence for rescission set forth in 15 USCS § 1635(b) and insists on unwarranted and unreasonable preconditions before it would rescind, plaintiffs as matter of law are excused from making statutory tender envisioned by §1635(b)).

1  Plaintiff has grounds to rescind, did properly rescind and has properly alleged facts sufficient to
2  trigger his right to rescind and seek the equitable discretion of the court to determine whether the
3  rescission is warranted in this case.

5  **V.    Plaintiff States a Timely Claim Under Section 8 of RESPA.**

Plaintiff's complaint sets out a viable claim pursuant to Section 8 of the Real Estate Sales Protection Act (hereinafter "RESPA"), which prohibits certain payments and kickbacks in the making of loans.

The statute provides a private right of action for private plaintiffs suing for an alleged violation of §2607 and sets the statute of limitations at one year. 12 U.S.C. §2614. In the circumstances of this case, the statute of limitations should be tolled because the documents which would have put the Plaintiff on notice of a claim were physically concealed and inaccessible due to language. In addition, tolling will allow the plaintiff to explore the illegal kickbacks alleged in the case at bar.

There is ample authority for tolling statutes of limitation. *See Young v. United States*, (2002) 535 U.S. 43 at 49 (in which a unanimous Supreme Court found that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this back ground principle."). Moreover, RESPA specifically may be tolled. *See Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, (7th Cir. 1997) 118 F.3d 1157, 1166-1167 (allowing equitable tolling in RESPA case); *and see Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787 (D. Md. 1998) (allowing equitable tolling in RESPA and §1640(e) case); *and see Moll v. U.S.Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284 (S.D.N.Y. 1988) (allowing equitable tolling in RESPA case). Indeed, as *Lawyers Title* indicated, although states are more likely to treat their statutes of limitations as jurisdictional, the "period of limitations in federal statutes…are universally regarded as nonjurisdictional." (7th Cir. 1997) 118 F.3d at 1166-1167.

The United States Supreme Court has said in *Baldwin County Welcome Ctr. v. Brown*, that courts may properly allow tolling where a claimant has received inadequate notice. (1984) 466 U.S. 147 (per curiam). As the Court held in *Gonzalez*, tolling should be granted in circumstances where the

1  limited English proficient borrowers received no notice in Spanish. (N.D. Cal. March 1, 2004) 2004 WL
2  2472249 and (N.D. Cal. June 3, 2004) 2004 WL 2480661.
3        Congress enacted RESPA "to ensure that real estate consumers 'are provided with greater and
4  more timely information on the nature and costs of the settlement process and are protected from
5  unnecessarily high settlement charges caused by certain abusive practices.'" *O'Sullivan v. Countrywide*
6  *Home Loans, Inc.,* (5th Cir.2003) 319 F.3d 732, 738 (quoting 12 U.S.C. §2601(a)). To this end, RESPA
7  prohibits any person from giving or accepting "any fee, kickback, or thing of value pursuant to any
8  agreement or understanding ... that business incident to or a part of a real estate service ... shall be
9  referred to any person," 12 U.S.C. § 2607(a), and from accepting any unearned fee in relation to a
10 settlement service. 12 U.S.C. § 2607(b). The statute provides a private right of action for private
11 plaintiffs suing for an alleged violation of §2607. The prohibition on kickbacks is an important public
12 protection and should not be lost to plaintiff or other potential victims because of the defendant's sharp
13 practices.
14       For all of these reasons the RESPA one year statute of limitations should be tolled and the
15 motion to dismiss this claim denied.

17 **VI.    Plaintiff Seeks Leave of Court to Amend the Fourth Cause of Action Alleging Violation of**
18 **the Equal Credit and Opportunity Act.**

20 **VII.   Plaintiff Has Sufficiently Averred a Claim for Relief Against Countrywide for Violation**
21 **of California Civil Code §1632.**

22       Defendant Countrywide alleges that plaintiff has failed to state a claim for relief under
23 California Civil Code §1632, on the basis that §1632(a)(1) specifically excludes loans secured by real
24 property, the type of loan given by defendant to plaintiff. While §1632(a)(1) generally exempts loans
25 secured by real property, §1632(b)(4) identifies those transactions which are, in fact, subject to the Act
26 and states that the following types of transactions are protected by the statute:
27 
> a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business

1  and Professions Code.

2  This section of the California Business and Professions Code applies to certain loans secured by real property which are negotiated by a real estate broker. *See* Cal. Business and Professions Code §10240. Plaintiff's loan was negotiated by a real estate agent, defendant Edwin Parada, working under the broker's license of defendant Shoaib Mahmud and defendant Primestar Financial. Therefore, the loan at issue in this case comes back within the purview of §1632 through subsection (b)(4). Indeed, at least two cases in the United States District Courts of California, Northern District, have held §1632 applies to loans such as the one at issue. *See Ruiz v. Decision One Mortgage* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 54571; *and see Munoz v. International Home Capital Corp.* (N.D. Cal. 2004) 2004 U.S. Dist. LEXIS 26362. In fact, in each of these two cases the courts ruled on a motion to dismiss identical to the ones filed by Countrywide and found that California Civil Code §1632 was applicable to home loan refinances such as the one at issue in this case.

The loan at issue is subject to §1632 of the California Civil Code and therefore the motion to dismiss should be denied.

### VIII. Plaintiff Properly Alleged Fraud and Deceit.

Federal Rules of Civil Procedure 9(b) states, in pertinent part: In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. In paragraphs 25-43 of his complaint, plaintiff outlines the circumstances which gave rise to his allegation of fraud. In short, he stated that defendant Edwin Parada, a broker, misrepresented the nature of the loan he was procuring for plaintiff with defendant Argent and subsequently stole $200,000.00 in equity. Compl. 25-43. Defendant Edwin Parada was alleged to be an agent of Argent and used its name and goodwill to trick plaintiff into agreeing to open an equity line of credit that, in actuality, was a refinance.

All of the details of the circumstances giving rise to the fraud allegations were incorporated into the fraud cause of action by reference in paragraph 71 of the Complaint. Paragraphs 72 through and including 77, with paragraphs 22-24, adequately and sufficiently plead the requisite elements of a fraud claim. Paragraphs 72 and 74 address the misrepresentations made by defendants, specifically incorporating the details described in paragraphs 25-43. Paragraph 73 and 75 address knowledge and

intent. Paragraph 76 addresses reliance and 77 addresses damages. Any argument that these paragraphs are not pled with specificity is misguided as they incorporate the details of the entire complaint which clearly outline the circumstances of the fraud.

Plaintiff adequately pled fraud with sufficient specificity and defendant's motion to dismiss should be denied.

### IX. Plaintiff Has Properly Alleged a Cause of Action Under The Unfair Business and Practices Act.

The Unfair Business and Practices Act, or §17200 of the California Business and Professions Code (hereinafter "UBPA") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by… §17500." Bus. & Prof. Code §17200. "The (UBPA's) scope is broad. By defining unfair competition to include 'any unlawful…business or practice' [citation](emphasis added), the UBPA permits violations of other laws to be treated as unfair competition that is independently actionable. [Citation.]" *Kasky v. Nike, Inc.* (2002) 27 Cal. 4th 939 at 949. "An 'unlawful' business activity includes '"anything that can be properly called a business practice and that at the same time is forbidden by law." [Citation.]' Virtually any law – federal, state or local – can serve as a predicate for an action under…§17200. [Citation.]" *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App. 4th 700, 717-718. Thus, violations of federal law will form the predicate unlawful business practice necessary to bring a claim under the UBPA. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 733, 787 [violation of disclosure requirements in RESPA is unlawful practice under UBPA].

Here, plaintiff adequately alleged violations of TILA and RESPA by defendant's failure to provide material disclosures  A violation of any either of these federal acts would support an allegation of §17200 against defendant. Should the Court agree plaintiff properly alleged violations of either TILA or RESPA these would form the predicate unlawful business practice necessary to bring a claim under the UBPA as well.

In addition, plaintiff adequately alleged violation of Cal. Civil Code §1632 and fraud, both California laws that would certainly form the predicate unlawful business practice necessary to bring a

claim under the UBPA. Section 1632 generally prohibits the business and practice of negotiating in one language and presenting documents in another. Clearly, a violation of this would bring Countrywide under the UBPA.

With regard to fraud, case law is clear that the term "fraudulent" as used in section 17200 "only requires a showing that members of the public are likely to be deceived." *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 839 (citing *Bank of the West v. Superior Court* (1994) 2 Cal. 4th 1254, 1267). This level of specificity surely has been met where defendant is a national mortgage company who deals with thousands of potential borrowers and/or their agents on a daily basis. Where plaintiff has alleged fraud in paragraphs 71-77, which incorporate by reference paragraphs 22-43, defendant's role in this lawsuit implicates a likelihood that other members of the public, especially predominately Spanish-speaking members, are likely to be deceived by defendants, their agents, employees or assigns.

Section 17200 of the UBPA is adequately pled where plaintiff has properly alleged violations of federal and state law such that each, on their own, would form the predicate unlawful business practice necessary to bring a claim under the UBPA. Defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny the motion to dismiss complaint. In the event that the Court finds the motion to dismiss to any cause of action is proper, plaintiff respectfully requests that the Court specify the grounds upon which the ruling is based and grant plaintiff leave to amend his complaint to cure any defects. In the event the Court finds that such defects cannot be cured, plaintiff respectfully requests that the Court grant leave to amend to allege that the defendant bringing this motion to dismiss is properly joined as a necessary party since in this defendant's absence the Court cannot afford complete relief between the parties.

Dated: March 20, 2008                    LIUZZI, MURPHY & SOLOMON, LLP.


By: /s/ Michael E. Hale
    Michael E. Hale
    Attorney for Plaintiff