1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  Michael E. Hale (SBN 245378)
   101 Montgomery St., 27th Floor
3  San Francisco, CA, 94104
   T: (415) 543-5050
4  F: (415) 543-3550
   martin@lmslaw.com
5  hale@lmslaw.com

6  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
7  2117(b) University Avenue
   East Palo Alto, CA 94303
8  T: (650) 326-6440
9  s_hochhausen@hotmail.com

10  Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT – SAN FRANCISCO DIVISION

13  RICARDO MARCELOS,                    ) Case No.: 08-00056 WHA
                                         )
14              Plaintiff,               )
                                         ) MEMORANDUM OF POINTS AND
15  v.                                   ) AUTHORITIES IN OPPOSITION TO
                                         ) DEFENDANT NEW CENTURY TITLE
16  EDWIN MAURICIO PARADA DOMINGUEZ,     ) COMPANY'S MOTION TO DISMISS
    GLENDA PARADA, LORENZO PARADA, VIKI  )
17  RAAB, COUNTRYWIDE HOME LOANS,        ) Date of Hearing: April 10, 2008
    ARGENT MORTGAGE COMPANY, LLC,        ) Time: 8:00 a.m.
18  PRIMESTAR FINANCIAL SERVICES, SHOAIB ) Dept.: Courtroom 9, 450 Golden Gate Ave.
    MAHMUD, FINANCIAL TITLE COMPANY,     ) Judge: Honorable William H. Alsup
19  NEW CENTURY TITLE COMPANY,           )
    RECONTRUST COMPANY, N.A.             )
20                                       )
                                         )
21  AND DOES 1 through 100,              )
                Defendants.              )
                                         )

22                         **INTRODUCTION**

23      In its Motion to Dismiss, New Century has fundamentally misconstrued the legal standards that apply to

24  Motions to Dismiss and has ignored the detailed factual allegations contained in the Complaint.

25                      **STATEMENT OF ISSUES**

26      The Court is asked to determine, generally, whether plaintiff's complaint satisfies the liberal federal

27  pleading requirements. Specifically, it should determine whether plaintiff's allegations relating to (1) the Truth

28  in Lending Act are viable and not time-barred; (2) whether the Real Estate Sales Protection Act is timely and

viable; (3) whether plaintiff has sufficiently averred a claim for relief against New Century for violation of California Civil Code §1632; (4) whether plaintiff properly alleged Fraud and Deceit; (5) whether plaintiff adequately alleged claims for breach of fiduciary duty and contract; and (6) whether plaintiff properly alleged violation of the Unfair Business and Practices Act.

### FACTUAL BACKGROUND

The crux of this case is simple: Mr. Marcelos, a hard working father of two who is of Mexican descent and who speaks limited English, was preyed upon by Edwin Parada, a mortgage salesman who operated under the license of Primestar Financial Services and Real Estate License holder Shoaib Mahmud. Parada lured Mr. Marcelos into refinancing his home, negotiated the loan in Spanish, gave Mr. Marcelos documents to sign in English, Parada further misrepresented the terms of the loan, gave Mr. Marcelos no loan documents in English or in Spanish and then stole $200,000.00 in loan proceeds. It is doubtful that this type of deception, theft and unlawful conduct would be perpetrated on an English speaking man who was not a minority.

Argent was central to this unlawful loan. Were it not for Argent's dereliction of duty the Plaintiff would have had notice of the bait and switch and theft perpetrated by the loan salesman and broker. Argent had an obligation under the Truth in Lending Act (hereinafter "TILA") to deliver mandatory borrower disclosures to the Plaintiff. Argent instead relied on their closing agents, New Century Title Company, to fulfill its responsibility under TILA to provide plaintiff with the disclosures and loan documents. When New Century failed to fulfill Argent's statutory obligations, Argent became liable pursuant to TILA for failure to make the required disclosures. Argent is also liable under RESPA for kickbacks made in derogation of the Real Estate Settlement Procedures Act in the nature of Yield Spread Premiums and other undisclosed payments and liable for violations of California Code Sec 1632 which mandates written translations when a contract is negotiated in Spanish. Plaintiff also contends that his race and national origin played a large role in the nature of the loan and that he suffered adverse and disparate treatment at the hands of the defendants in the making and terms of his home loan.

After the loan documents were executed, Argent sold the loan to Countrywide who, upon purchasing the loan, became liable, under TILA for Argent's conduct and violation of TILA.

### I.    Plaintiff's Complaint Satisfies the Liberal Federal Pleading Requirements

Pleadings in federal court serve a limited role. The complaint is intended solely to notify the defendants of the existence and nature of the plaintiff's grievances. In this regard, "[u]nder the liberal federal pleading

1 policies, a plaintiff need only give defendant fair notice of the claims against it." *Colaprico v. Sun Microsystems,*
2 *Inc.* (N.D. Cal. 1991), 758 F. Supp. 1335, 1337.

3    Because federal pleading rules are so liberal, motions under Rule 12(b)(6) of the Federal Rules of Civil
4 Procedure are strongly disfavored and rarely granted. *Gillian v. Jamaica Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.
5 1997). Indeed, "[a] complaint should not be dismissed for failure to state a claim unless it appears <u>beyond doubt</u>
6 that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief." *Conley v.*
7 *Gibson*, 355 U.S. 41, 45-46, (1957) (emphasis added). Moreover, dismissal is an "extraordinary" remedy
8 [*United States v. Redwood City* (9th Cir. 1981), 630 F.2d 963, 966], only proper "in the unusual case in which a
9 plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."
10 *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974).

11    In considering a motion to dismiss, the Court: (1) must accept as true all of the factual allegations in the
12 complaint, (2) construe the complaint in the light most favorable to the plaintiff and (3) determine whether any
13 set of facts would entitle the plaintiff to relief. *Leatherman v. Tarrant County Narcotics Intelligence and*
14 *Coordination Unit* (1993) 507 U.S. 163, 164; *see also Cahill v. Liberty Mut. Ins. Co.* (9th Cir. 1996) 80 F.3d 336,
15 337-338.

16 **II.    Plaintiff's TILA Allegations Are Viable and Are Not Time-Barred.**

17    Plaintiff's TILA allegations are not time-barred. The TILA has a one year statute of limitations on
18 claims for statutory damages and a three year statute of limitations for rescission claims based on the non-receipt
19 of material disclosures. 15 USC §§1640(e) and 1635(f); *see also* 15 USC Appx 12 CFR §226.23(a)(3); *and see*
20 *Beach v. Ocwen Fed. Bank*, (1998) 523 US 410, 414. Here, plaintiff alleged that he did not receive any loan
21 documents and therefore he has alleged that he did not receive material disclosures in violation of TILA.
22 Complaint ¶46 and 47. The loan was consummated on or about March 29, 2005 and the complaint was filed
23 January 4, 2008, well within the three year statute of limitations period for a rescission claim.

24    While the defendant is right in asserting that statutory damages are to be brought within one year of the
25 consummation of the loan documents, the Court of Appeals for the Ninth Circuit has held that the statute of
26 limitation under §1640(e) is not jurisdictional and can be equitably tolled. *See King v.California* (9th Cir. 1986)
27 784 F.2d 910. The statute should here be equitably tolled because when New Century failed to provide plaintiff
28 with any of the TILA mandated disclosures (Compl. ¶¶46 and 47), he could not determine the nature of the loan

1    let alone that it was made in derogation of the law. In order to bring an action under TILA, plaintiff would have

2    had to understand what had transpired. Without the loan documents he could neither understand what had

3    happened nor could he have sought assistance in understanding what had happened. Equitable tolling is best

4    utilized in situations such as this.

5         Moreover, plaintiff was vulnerable because he is limited English proficient and could not read the loan

6    documents that he signed. Compl. ¶32 and 69. In *Gonzales v. Ameriquest*, the Court found that the lender's

7    failure to provide loan documents in Spanish where the loan is negotiated in Spanish was a proper basis for

8    tolling statutes of limitation. 2004 WL 2472249 (N.D. Cal. March 1, 2004) and 2004 WL 2480661 (N.D. Cal.

9    June 3, 2004). Just as in *Gonzalez*, the court should here equitably toll the statute of limitations to permit

10    plaintiff to allege statutory damages where New Century, the escrow agent entrusted with the duty to deliver the

11    disclosures, failed in its responsibility to provide plaintiff with any loan documents, let alone the TILA mandated

12    material disclosures. As a result, New Century deprived Mr. Marcelos of disclosures in Spanish or English that

13    would have allowed him to be an informed borrower and understand the terms, conditions and costs of his loan

14    thereby affording himself the opportunity to be protected from a fraudulent loan and the theft of the loan

15    proceeds.

16         Plaintiff's complaint is not time-barred as he brought his rescission claim within three years and because

17    the statutory damages claim should be equitably tolled.

18    **III.     Plaintiff States a Timely Claim Under Section 8 of RESPA.**

19         New Century is liable under Section 8 of the Real Estate Sales Protection Act (hereinafter "RESPA"),

20    which prohibits certain payments and kickbacks in the making of loans.

21         The statute provides a private right of action for private plaintiffs suing for an alleged violation of §2607

22    and sets the statute of limitations at one year. 12 U.S.C. §2614. In the circumstances of this case, the statute of

23    limitations should be tolled because the documents which would have put the plaintiff on notice of a claim were

24    physically concealed and inaccessible due to language. In addition, tolling will allow the plaintiff to explore the

25    illegal kickbacks alleged in the case at bar.

26         There is ample authority for tolling statutes of limitation. *See Young v. United States*, (2002) 535 U.S. 43

27    at 49 (in which a unanimous Supreme Court found that "[i]t is hornbook law that limitations periods are

28

1   customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute.

2   Congress must be presumed to draft limitations periods in light of this back ground principle.").

3       Moreover, RESPA specifically may be tolled. *See Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, (7th

4   Cir. 1997) 118 F.3d 1157, 1166-1167 (allowing equitable tolling in RESPA case); *and see Kerby v. Mortgage*

5   *Funding Corp.*, 992 F. Supp. 787 (D. Md. 1998) (allowing equitable tolling in RESPA and §1640(e) case); *and*

6   *see Moll v. U.S.Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284 (S.D.N.Y. 1988) (allowing equitable tolling in

7   RESPA case). Indeed, as *Lawyers Title* indicated, although states are more likely to treat their statutes of

8   limitations as jurisdictional, the "period of limitations in federal statutes…are universally regarded as

9   nonjurisdictional." (7th Cir. 1997) 118 F.3d at 1166-1167.

10      The United States Supreme Court has said in *Baldwin County Welcome Ctr. v. Brown* that courts may

11  properly allow tolling where a claimant has received inadequate notice. (1984) 466 U.S. 147 (per curiam).

12  Further, as the Court held in *Gonzalez*, tolling should be granted in circumstances where the limited English

13  proficient borrowers received no notice in Spanish. (N.D. Cal. March 1, 2004) 2004 WL 2472249 and (N.D. Cal.

14  June 3, 2004) 2004 WL 2480661.

15      Congress enacted RESPA "to ensure that real estate consumers 'are provided with greater and more

16  timely information on the nature and costs of the settlement process and are protected from unnecessarily high

17  settlement charges caused by certain abusive practices.'" *O'Sullivan v. Countrywide Home Loans, Inc.,* (5th

18  Cir.2003) 319 F.3d 732, 738 (quoting 12 U.S.C. §2601(a)). To this end, RESPA prohibits any person from

19  giving or accepting "any fee, kickback, or thing of value pursuant to any agreement or understanding ... that

20  business incident to or a part of a real estate service ... shall be referred to any person," 12 U.S.C. § 2607(a), and

21  from accepting any unearned fee in relation to a settlement service, 12 U.S.C. § 2607(b). The statute provides a

22  private right of action for private plaintiffs suing for an alleged violation of §2607. The prohibition on kickbacks

23  is an important public protection and should not be lost to plaintiff or other potential victims because of the

24  defendant's sharp practices.

25      For all of these reasons the RESPA one year statute of limitations should be tolled and the motion to

26  dismiss this claim denied.

27  **IV.  Plaintiff Has Sufficiently Averred a Claim for Relief Against Argent for Violation of California Civil Code §1632.**

28      Defendant New Century alleges that plaintiff has failed to state a claim for relief under California Civil

Code §1632, on the basis that §1632(a)(1) specifically excludes loans secured by real property, the type of loan given by defendant to plaintiff. While §1632(a)(1) generally exempts loans secured by real property, §1632(b)(4) identifies those transactions which are, in fact, subject to the Act and states that the following types of transactions are protected by the statute:

> a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code, or Division 7 (commencing with Section 18000),(emphasis added) or Division 9 (commencing with Section 22000) of the Financial Code.

The cited section of the California Business and Professions Code applies to certain loans secured by real property which are negotiated by a real estate broker. *See* Cal. Business and Professions Code §10240. Therefore, the loan at issue in this case comes back within the purview of §1632 through subsection (b)(4) because it involves just such a loan. At least two cases in the United States District Courts of California, Northern District, have held §1632 applies to loans such as the one at issue. *See Ruiz v. Decision One Mortgage* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 54571; *and see Munoz v. International Home Capital Corp.* (N.D. Cal. 2004) 2004 U.S. Dist. LEXIS 26362. In fact, in each of these two cases the courts ruled against a motion to dismiss identical to the ones filed by New Century and found that California Civil Code §1632 was applicable to home loan refinances such as the one at issue in this case.

Furthermore, the agency relationship alleged by plaintiff between New Century and the broker, defendant Edwin Parada, alleged by plaintiff will defeat any argument that New Century is not liable under the above-cited exception to the real property loans exemption. Compl. ¶22.

The loan at issue is subject to §1632 of the California Civil Code and therefore the motion to dismiss should be denied.

## V.    Plaintiff Properly Alleged Fraud and Deceit.

Federal Rules of Civil Procedure 9(b) states, in pertinent part: In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. In paragraphs 25-43 of his complaint, plaintiff outlines the circumstances which gave rise to his allegation of fraud. In short, he stated that defendant Edwin Parada, a broker, misrepresented the nature of the loan he was procuring for plaintiff with defendant Argent and subsequently stole $200,000.00 in equity. Compl. ¶¶25-43. Defendant Edwin Parada was alleged to

1 | be an agent of Argent and used its name and goodwill to trick plaintiff into agreeing to open an equity line of

2 | credit that, in actuality, was a refinance. Argent contracted with New Century to deliver the loan documents and

3 | they failed to do so.

4 | All of the details of the circumstances giving rise to the fraud allegations were incorporated into the

5 | fraud cause of action by reference in paragraph 71 of the Complaint. Paragraphs 72 through and including 77,

6 | with paragraphs 22-24, adequately and sufficiently plead the requisite elements of a fraud claim. Paragraphs 72

7 | and 74 address the misrepresentations made by defendants, specifically incorporating the details described in

8 | paragraphs 25-43. Paragraph 73 and 75 address knowledge and intent. Paragraph 76 addresses reliance and 77

9 | addresses damages. Any argument that these paragraphs are not pled with specificity is misguided as they

10 | incorporate the details of the entire complaint which clearly outlines the circumstances of the fraud.

11 | Plaintiff adequately pled fraud with sufficient specificity and defendant's motion to dismiss should be

12 | denied. To the extent that the Court deems it necessary, plaintiff respectfully requests leave to amend.

13 | **VI.    Breach of Fiduciary Duty and Breach of Contract**

14 | **1.    New Century breached its duty to plaintiff when it failed to act in accord with the escrow instructions and put plaintiff's best interests first.**

15 |

16 | An escrow holder, as a dual agent of the parties to the escrow, owes a duty to each of the parties to the

17 | escrow. *Vournas v. Fidelity Nat. Tit. Ins. Co.* (1999) 73 Cal.App.4th 668, 674. However, those duties are

18 | limited. The primary duty owed by an escrow holder is to strictly and faithfully perform the instructions given to

19 | it by the parties to the escrow. 2 Miller & Starr, Cal. Real Estate (2d ed. 1989) Escrows § 5:22, pp. 442-449.

20 | As the escrow agent, New Century and its employee, defendant Raab, owed a duty to plaintiff as

21 | memorialized by the escrow agreement. New Century was instructed to deliver the loan documents to the

22 | borrower, including all TILA and RESPA disclosures. Argent's Motion to Dismiss, pg. 14, lines 3-11; *and see*

23 | Argent's Motion to Dismiss, ***Exhibit A***. Plaintiff has alleged that he did not receive any loan documents

24 | whatsoever. Compl. ¶46 and 47. Surely this would qualify as evidence of a breach of the escrow instructions

25 | including those which set out the escrow holder's obligation to deliver the loan documents.

26 | Furthermore, New Century and Raab cannot claim lack of fault in failing to deliver the documents by

27 | arguing that they further delegated their duty to do so to defendant Parada, the real estate agent and loan broker,

28 | because the escrow instructions clearly state that defendant New Century is not permitted to delegate this duty.

1 | Argent's Motion to Dismiss, *Exhibit A.*

2 | In addition to New Century and Raab's duty to act in accord with the escrow instructions, they had a

3 | duty to advise plaintiff of the unusual and unexplained disbursement of $200,000.00 to the real estate agent,

4 | defendant Parada. New Century and Raab became aware of this fraudulent disbursement, or should have been

5 | aware of it, upon preparation of the closing documents. Once they had acquired that knowledge New Century

6 | and Raab had a duty to advise Mr. Marcelos of this unusual fact. In failing to do so, New Century and Raab

7 | breached their duty to disclose known fraud to the parties with whom they had an escrow relationship. *See*

8 | *Burkons v. Ticor Title Ins. Co. of California*, (Ariz. 1991) 813 P.2d 710, 716-18; *and see American State Bank v.*

9 | *Adkins*, (S.D. 1990) 458 N.W.2d 807, 810.

10 | Defendant New Century owed a duty to plaintiff as fiduciary and contractual obligor, both of which were

11 | violated by New Century and Raab's failure to deliver the loan documents as instructed.

12 | **2.    The signed Notice of Right to Cancel merely creates a rebuttable presumption of receipt**

13 | **that, once rebutted, creates a question of fact precluding the granting of a motion to dismiss.**

14 | Defendant New Century claims to have complied with the escrow instructions by presenting a signed

15 | Notice of Right to Cancel that has allegedly been signed by plaintiff. The TILA is very clear on the evidentiary

16 | value of such documents where in 15 USCS §1635(c) it states the following, in pertinent part: "written

17 | acknowledgment of receipt of any disclosures required under (TILA) by a person to whom information, forms,

18 | and a statement is required to be given…does no more than create a rebuttable presumption of delivery thereof."

19 | 15 USCS §1635(c).

20 | As long as plaintiff rebuts the presumption that the presence of signed documents evidencing his receipt

21 | of material disclosures there will be question of fact. *Briggs v. Provident Bank*, (2004, ND Ill.) 349 F. Supp. 2d

22 | 1124 at 1129. The presumption may be rebutted by affidavit or declaration. *See Powers v Sims & Levin Realtors*

23 | (1975, ED Va) 396 F Supp 12. Therefore, in any case where the presumption has been rebutted there can be no

24 | dismissal because the consumer must be given an opportunity to prove their allegations that they did not receive

25 | the documents. *See Hopkins v First NLC Fin. Servs.* (In re Hopkins) (2007, BC ED Pa) 372 BR 734.

26 | In short, the mere presence of a document with the consumer's signature is not enough to support the

27 | granting of a motion to dismiss or motion for summary judgment where the consumer has sworn under oath that

28 |

1    he had not received those documents because that affidavit creates a question of fact that can only be determined

2    at trial.

3        **3.    Raab was an employee of New Century and the escrow agent of record to whose**
            **responsibility it was to execute the escrow instructions and deliver the loan documents.**

4        Defendant Raab is an employee of New Century and plaintiff properly pled as much in paragraphs 22-

5    24.

6        Plaintiff respectfully requests leave of court to amend the complaint to more adequately allege facts

7    against defendant Raab where necessary.  At the time of filing, it was clear she had a role and that she was an

8    employee of defendant New Century.  It is now apparent that she was not simply a notary public but was the

9    escrow agent of record who was responsible for delivering the loan documents.

10   **VIII.    Unfair Business Practices Act**

11       The Unfair Business and Practices Act, or §17200 of the California Business and Professions Code

12   (hereinafter "UBPA") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice

13   and unfair, deceptive, untrue or misleading advertising and any act prohibited by... §17500." Bus. & Prof. Code

14   §17200. "The (UBPA's) scope is broad.  By defining unfair competition to include 'any unlawful...business or

15   practice' [citation](emphasis added), the UBPA permits violations of other laws to be treated as unfair

16   competition that is independently actionable. [Citation.]" *Kasky v. Nike, Inc.* (2002) 27 Cal. 4th 939 at 949. "An

17   'unlawful' business activity includes '"anything that can be properly called a business practice and that at the

18   same time is forbidden by law." [Citation.]'  Virtually any law – federal, state or local – can serve as a predicate

19   for an action under...§17200. [Citation.]"  *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App.

20   4th 700, 717-718.  Thus, violations of federal law will form the predicate unlawful business practice necessary to

21   bring a claim under the UBPA. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 733, 787

22   [violation of disclosure requirements in RESPA is unlawful practice under UBPA].

23       Here, plaintiff adequately alleged violations of TILA and RESPA based on defendant's failure to provide

24   material disclosures.  A violation of either of these federal acts would support an allegation of §17200 against

25   defendant.  Should the Court agree plaintiff properly alleged violations of either TILA or RESPA, these, too,

26   would form the predicate unlawful business practice necessary to bring a claim under the UBPA as well.

27       In addition, plaintiff adequately alleged violation of Cal. Civil Code §1632 and fraud, both California

28   laws that would certainly form the predicate unlawful business practice necessary to bring a claim under the

1  UBPA. Section 1632 generally prohibits the business and practice of negotiating in one language and presenting
2  documents in another. Clearly, a violation of this would bring New Century under the UBPA.

3    With regard to fraud, case law is abundantly clear that the term "fraudulent" as used in section 17200
4  "only requires a showing that members of the public are likely to be deceived." *Saunders* v. *Superior Court*
5  (1994) 27 Cal. App. 4th 832, 839 (*citing Bank of the West v. Superior Court* (1994) 2 Cal. 4th 1254, 1267). This
6  level of specificity surely has been met where defendant is a national escrow and title company who deals with
7  thousands of lenders and potential borrowers and/or their agents on a daily basis. Where plaintiff has alleged
8  fraud in paragraphs 71-77, which incorporate by reference paragraphs 22-43, defendant's role in this lawsuit
9  implicates a likelihood that other members of the public, especially predominately Spanish-speaking members,
10 are likely to be deceived by defendants, their agents, employees or assigns.

11   Section 17200 of the UBPA is adequately pled where plaintiff has properly alleged violations of federal
12 and state law such that each, on their own, would form the predicate unlawful business practice necessary to
13 bring a claim under the UBPA. Defendant's motion to dismiss should be denied.

## CONCLUSION

15   For the foregoing reasons, plaintiff respectfully requests that the Court deny the motion to dismiss
16 complaint. In the event that the Court finds the motion to dismiss to any cause of action is proper, plaintiff
17 respectfully requests that the Court specify the grounds upon which the ruling is based and grant plaintiff leave to
18 amend his complaint to cure any defects. In the event the Court finds that such defects cannot be cured, plaintiff
19 respectfully requests that the Court grant leave to amend to allege that the defendant bringing this motion to
20 dismiss is properly joined as a necessary party since in this defendant's absence the Court cannot afford complete
21 relief between the parties.

23 Dated: March 20, 2008              LIUZZI, MURPHY & SOLOMON, LLP.

25                    By: /s/ Michael E. Hale
26                       Michael E. Hale
                         Attorney for Plaintiff