SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
SIMONE M. KATZ (Bar #246490)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: jzeldin@sflaw.com; skatz@sflaw.com

Attorneys for Defendants
VIKI RAAB and NEW CENTURY TITLE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>    Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., AND DOES 1 through 100,<br><br>    Defendants. | Case No.  CV08-0056 WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS**<br><br>Date:     April 10, 2008<br>Time:     8:00 a.m.<br>Judge:    Honorable William H. Alsup<br>Location: 450 Golden Gate Avenue<br>          Courtroom 9<br>          San Francisco, CA 94102<br><br>Complaint Filed: January 4, 2008 |

Case No. CV08-0056 WHA — REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiff's Factual Allegations Must Be Enough To Raise A Right To Relief Beyond The Speculative Level ................................................................. 2

    B. The First Cause Of Action Against Raab For Violation Of TILA Should Be Dismissed Because It Is Time-Barred And Raab Is Not A "Creditor." ................. 2

        1. Plaintiff has failed to show why equitable tolling should apply to the TILA cause of action ................................................................................ 2

        2. Plaintiff apparently agrees that Raab is not a "creditor" within the meaning of TILA ................................................................................................ 4

    C. The Second Cause Of Action For Violation Of RESPA Is Also Time-Barred And Fails To State A Claim Against New Century Or Raab ..................... 4

        1. Plaintiff has failed to show why equitable tolling should apply to the RESPA cause of action .................................................................. 4

        2. Plaintiff apparently agrees that there is no private right of action for violation of the disclosure provisions of RESPA .................................. 5

        3. Plaintiff also apparently agrees that his conclusory and boilerplate allegations as to RESPA are legally insufficient ..................................... 6

    D. The Third Cause Of Action Against Raab For Violation of FHA Should Be Dismissed ................................................................................................................ 6

    E. The Fifth Cause Of Action For Violation Of Civil Code Section 1632 Is Inapplicable To New Century Or Raab .................................................................. 6

    F. The Seventh Cause Of Action For Fraud Fails To Allege Any Misrepresentation By New Century Or Raab ....................................................... 7

    G. The Eight Cause Of Action For Breach Of Fiduciary Duty And the Ninth Cause Of Action for Breach Of Contract Fail To State A Claim Because Neither New Century Or Raab Violated Instructions From Plaintiff ................... 8

    H. The Tenth Cause Of Action For Rescission And Restitution Should Be Dismissed ................................................................................................................ 9

    I. The Eleventh Cause Of Action For Violation Of California's UCL Fails To Allege Any Particular Conduct By New Century Or Raab That Gives Rise To A UCL Claim ................................................................................................... 10

III. CONCLUSION ................................................................................................................ 10

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

## CASES

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .................................................................................................... 2

*Bloom v. Martin*,
   865 F. Supp. 1377 (N.D. Cal. 1994) ............................................................................... 5

*Conley v. Gibson*,
   355 U.S. 41 (1957) .......................................................................................................... 2

*Kay v. Wells Fargo & Co., N.A.*,
   2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 24, 2007) ........................................... 4, 5

*King v. California*,
   784 F.2d 910 (9th Cir. 1986) .......................................................................................... 3

*Knox v. Ameriquest Mortgage Co.*,
   2005 U.S. Dist. LEXIS 40709 (N.D. Cal. Aug. 10, 2005) ............................................. 3

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) .......................................................................................... 8

*Munoz v. Int'l Home Capital Corp.*,
   2004 U.S. Dist. LEXIS 26362 (N.D. Cal. May 4, 2004) ............................................... 7

*Nevis v. Wells Fargo Bank*,
   2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007) ....................................... passim

*Pareto v. FDIC*,
   139 F.3d 696 (9th Cir. 1998) .......................................................................................... 2

*Ruiz v. Decision One Mortgage Co.*,
   2006 U.S. Dist. LEXIS 54571 (N.D. Cal. July 25, 2006) .............................................. 7

*Santa Maria v. Pacific Bell*,
   202 F.3d 1170 (9th Cir. 2000) ........................................................................................ 5

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................................ 7

*Hannon v. Western Title Ins. Co.*,
   211 Cal. App. 3d 1122 (1989) ........................................................................................ 9

*Lee v. Title Ins. & Trust Co.*,
   264 Cal. App. 2d 160 (1968) .......................................................................................... 8

*Smith v. State Farm Mutual Automobile Ins. Co.*,
   93 Cal. App. 4th 700 (2001) ......................................................................................... 10

*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*,
   27 Cal. 4th 705 (2002) ................................................................................................ 8, 9

Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111

**STATUTES**

12 Code of Federal Regulations
    Section 226.1(c) ................................................................................................................ 4

12 United States Code
    Section 2603 ..................................................................................................................... 5
    Section 2604 ..................................................................................................................... 5
    Section 2607 ..................................................................................................................... 4
    Section 2614 ..................................................................................................................... 4

15 United States Code
    Section 1602(f) ................................................................................................................. 4
    Section 1640(e) ................................................................................................................ 2

California Business & Professions Code
    Section 10240 .................................................................................................................. 7

California Civil Code
    Section 1632(b)(4) ........................................................................................................... 7

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- iii -
Case No. CV08-0056 WHA — REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff chooses to ignore that both New Century (an escrow company) and Raab (its former escrow agent) have moved to dismiss the Complaint. Plaintiff principally focuses on New Century and disregards entire sections of the moving papers submitted by New Century and Raab. For example, Plaintiff fails to address the following arguments raised by New Century and Raab:

- TILA does not apply to Raab because she is not a "creditor" within the meaning of the statute.
- There is no private right of action for violation of the disclosure provisions of RESPA and the Complaint only contains legally insufficient boilerplate allegations against New Century and Raab as to the alleged RESPA violation.
- The Third Cause of Action for violation of FHA fails to state a claim against Raab.

This complete failure to address these arguments highlights that Plaintiff apparently acknowledges that he has no viable federal claims under TILA, RESPA, or FHA against either New Century or Raab.

As to the remaining causes of action -- all of which are state law claims -- Plaintiff has also failed to sufficiently plead his causes of action for violation of California Civil Code section 1632, fraud, breach of fiduciary duty, breach of contract, rescission and restitution, and violation of California's UCL against New Century or Raab. Plaintiff's Complaint remains devoid of any factual allegations to support the broad and sweeping claims against New Century or Raab -- two peripheral parties to the Folsom Street transaction. Any "detailed" factual allegations in the Complaint relate to other parties to the transaction and the only two factual allegations that even refer to New Century or Raab (*See* Complaint, ¶¶ 34, 82, 90) are legally insufficient to withstand New Century and Raab's motion to dismiss.

## II. ARGUMENT

### A. Plaintiff's Factual Allegations Must Be Enough To Raise A Right To Relief Beyond The Speculative Level.

Plaintiff misstates the law applicable to a Rule 12(b)(6) motion. This Court need only accept as true material factual allegations in the Complaint in the light most favorable to the non-

- 1 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

moving party, not conclusory allegations. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The factual allegations contained in the Complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Indeed, the Supreme Court has recently modified the rule articulated in *Conley v. Gibson*, 355 U.S. 41 (1957)[1] that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As explained in *Twombly*, a literal reading of *Conley's* "no set of facts" language would result in a "wholly conclusory statement of claim" surviving a motion to dismiss. *Twombly*, 127 S. Ct. at 1968. The Supreme Court determined, however, that this phrase in *Conley*

> is best forgotten as an incomplete, negative gloss on an accepted pleading standard: <u>once a claim has been stated adequately</u>, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Id*. at 1969 (emphasis added). Thus, this Court must determine whether, in light of Plaintiff's material factual allegations in his Complaint, he has sufficiently pleaded his numerous causes of action against New Century and Raab.

### B. The First Cause Of Action Against Raab For Violation Of TILA Should Be Dismissed Because It Is Time-Barred And Raab Is Not A "Creditor."

#### 1. Plaintiff has failed to show why equitable tolling should apply to the TILA cause of action.

Plaintiff has only asserted his TILA cause of action against Countrywide, Argent and Raab, not New Century. Complaint at 9:20-21. The parties are in agreement that TILA has a one-year statute of limitations for civil liability. 15 U.S.C. § 1640(e). However, Plaintiff argues that the one-year statute of limitations should be equitably tolled.

Plaintiff has failed to meet his burden of showing why equitable tolling should apply to the facts of this case. As the Ninth Circuit has explained,

> [W]e hold that the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in

---

[1] Plaintiff relies upon this case in his opposition. *See* Memorandum of Points and Authorities in Opposition to Defendant New Century Title Company's Motion to Dismiss ("Opposition") at 3:5-7.

- 2 -

Case No. CV08-0056 WHA | REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

> the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, <u>as a general rule the limitations period starts at the consummation of the transaction</u>. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (emphasis added). Thus, Plaintiff must present specific facts to justify circumventing the general rule that the one-year statute of limitations applicable to a TILA civil action runs from the date of the consummation of the transaction (e.g., when the loan documents were signed).

Here, Plaintiff has <u>not pleaded</u> any facts in his Complaint to support equitable tolling against Raab and has simply argued in his opposition that New Century "failed to provide plaintiff with any of the TILA mandated disclosures." Opposition at 3:27-28. Yet, Judge Conti, in *Knox v. Ameriquest Mortgage Co.*, 2005 U.S. Dist. LEXIS 40709 (N.D. Cal. Aug. 10, 2005), rejected an identical argument (made by the same counsel as Plaintiff has in this case) that failure to provide TILA disclosures and notices was sufficient to toll the statute of limitations. *See Knox,* 2005 U.S. Dist. LEXIS 40709 at *6-10 (finding that the plaintiff had failed to show why failure to provide the TILA disclosures warranted equitably tolling or prevented application of the TILA one-year statute of limitations to bar a claim). While Judge White in *Gonzalez v. Ameriquest Mortgage Co.*, 2004 U.S. Dist. LEXIS 22705 (N.D. Cal. Mar. 1, 2004) reached a different conclusion, this Court must evaluate the specific claims in Plaintiff's Complaint to determine whether he has met his burden of showing why equitable tolling is appropriate here. Plaintiff has not pleaded any facts that would justify tolling the statute of limitations against Raab, the escrow agent, and the general rule that the statute of limitations runs from the signing of the loan documents should apply to the facts of this case.[2]

---

[2] Plaintiff's opposition references a three-year statute of limitations for rescission, but there is nothing to rescind against Raab, and Plaintiff has not sought rescission against her. The only rescission claim is directed to the loan from Argent, which is now possessed by Countrywide. Complaint, ¶¶ 15, 48-49.

- 3 -

Case No. CV08-0056 WHA  REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

**2.   Plaintiff apparently agrees that Raab is not a "creditor" within the meaning of TILA.**

As explained in Raab's moving papers, even if the TILA cause of action is not time-barred, TILA does not apply to Raab because she is not a "creditor" within the meaning of the statute. *See* New Century Title Company's Notice of Motion and Motion to Dismiss ("Motion to Dismiss") at 2:6-9; Memorandum of Points and Authorities in Support of Defendants Viki Raab and New Century Title Company's Motion to Dismiss ("MPA ISO Motion to Dismiss") at 6:17-7:9.

Plaintiff apparently agrees that Raab is not a creditor within the meaning of TILA, as Plaintiff completely ignores Raab's argument that TILA does not apply to her. As explained in Raab's moving papers, there are no factual allegations that Raab <u>extended consumer credit</u> on a regular basis, as required by TILA and Regulation Z to bring her within the statute. *See* 15 U.S.C. § 1602(f) and 12 C.F.R. § 226.1(c). Plaintiff has not alleged, and cannot allege, sufficient facts to show that TILA somehow applies to Raab (or to New Century) and the claim should be dismissed with prejudice and without leave to amend. *Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932, *7 (N.D. Cal. Sept. 6, 2007).

**C.   The Second Cause Of Action For Violation Of RESPA Is Also Time-Barred And Fails To State A Claim Against New Century Or Raab.**

**1.   Plaintiff has failed to show why equitable tolling should apply to the RESPA cause of action.**

The parties agree that the statute of limitations for asserting a violation of Section 8 of RESPA (12 U.S.C. § 2607) is one year from the occurrence of the violation. 12 U.S.C. § 2614. Plaintiff, however, argues that the statute of limitations should be equitably tolled.

"The Ninth Circuit has not addressed the question of whether equitable tolling is available under RESPA." *Kay v. Wells Fargo & Co., N.A.*, 2007 U.S. Dist. LEXIS 55519, *7 (N.D. Cal. July 24, 2007). However, even if equitable tolling applies, Plaintiff has failed to plead equitable tolling in his Complaint or to allege any facts that would justify tolling the statute of limitations against New Century or Raab on his RESPA claim. As the Ninth Circuit has explained, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (reversing and remanding the district court's ruling that the plaintiff's EEOC cause of action was not time-barred because of equitable tolling). Plaintiff has made no such showing.

Here, Plaintiff has only pleaded <u>two</u> factual allegations relating to New Century or Raab in his entire Complaint (¶¶ 34, 82, 90), and neither of these allegations is sufficient to toll the statute of limitations. *See Kay*, 2007 U.S. Dist. LEXIS 55519, at *11-13 (holding that the plaintiff's allegations were inadequate to equitably toll the RESPA statue of limitations). Plaintiff asserts that (1) Raab was allegedly present at the signing of the purchase documents for the Girard Property; and (2) New Century allegedly failed to give Plaintiff a rescission notice.[3] Complaint, ¶¶ 34, 82, 90. Plaintiff fails to plead in his Complaint how either of these facts would justify tolling the RESPA statute of limitations. Accordingly, Plaintiff's RESPA claim is time-barred.

### 2. Plaintiff apparently agrees that there is no private right of action for violation of the disclosure provisions of RESPA.

As explained in New Century and Raab's moving papers, even if the RESPA cause of action is not time-barred, there is no private right of action for violation of the disclosure provisions of RESPA (Sections 4 and 5 of RESPA, 12 U.S.C. §§ 2603, 2604). *See* Motion to Dismiss at 2:10-14; MPA ISO Motion to Dismiss at 7:23-8:25. Plaintiff apparently concedes this by ignoring New Century and Raab's argument that he cannot assert a claim under RESPA for violation of its disclosure provisions. To the extent that Plaintiff attempts to assert such a claim, this Court should dismiss the RESPA cause of action with prejudice. *See Bloom v. Martin*, 865 F. Supp. 1377, 1387 (N.D. Cal. 1994) (dismissing the plaintiff's RESPA cause of action without leave to amend as amendment would be futile).

---

[3] New Century has properly presented to the Court a copy of the rescission notice signed by Plaintiff. *See* MPA ISO Motion to Dismiss at 14:12-22.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -
Case No. CV08-0056 WHA | REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

### 3. Plaintiff also apparently agrees that his conclusory and boilerplate allegations as to RESPA are legally insufficient.

Plaintiff disregards New Century and Raab's argument that even if there is a private right of action under RESPA (e.g., for violation of Section 8 of RESPA, 12 U.S.C. § 2607), and even if his assertion of it is timely, his boilerplate allegations are insufficiently pleaded to withstand their motion to dismiss. *See* Motion to Dismiss at 2:10-14; MPA ISO Motion to Dismiss at 8:26-9:12. As Judge Patel held in *Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007), in considering the exact same allegations as asserted in this Complaint, this cause of action should be dismissed because Plaintiff has failed to plead sufficient facts to bring New Century or Raab within the purview of RESPA. *Nevis*, 2007 U.S. Dist. LEXIS 65932 at *8.

### D. The Third Cause Of Action Against Raab For Violation of FHA Should Be Dismissed.

Plaintiff does not oppose Raab's motion to dismiss the FHA cause of action (which is only asserted against Raab, not New Century), as his opposition completely ignores and disregards the issues raised in Raab's moving papers on this claim. As explained in the moving papers, (1) the FHA cause of action is time-barred pursuant to 42 U.S.C. § 3613(a)(1)(A), (2) FHA does not apply to Raab (who is a notary public and escrow agent, not a real estate lender or broker), and (3) the Complaint fails to allege any facts showing discrimination by Raab against Plaintiff. *See* Motion to Dismiss at 2:15-19; MPA ISO Motion to Dismiss at 9:13-11:8. Accordingly, for the reasons set forth in Raab's moving papers, this Court should dismiss the FHA cause of action with prejudice, and Plaintiff has <u>not</u> presented any argument or authorities to the contrary.

### E. The Fifth Cause Of Action For Violation Of Civil Code Section 1632 Is Inapplicable To New Century Or Raab.

Plaintiff fails to address New Century and Raab's argument that there are no factual allegations in his Complaint that either New Century or Raab negotiated anything with Plaintiff in Spanish. *See* MPA ISO Motion to Dismiss at 11:16-22. Further, even if Civil Code section 1632 applies to the loan at issue in this case, it does not apply to New Century, the escrow company, or

- 6 -

1  Raab, the escrow agent, because there are no allegations that either are real estate brokers. *See*
2  Cal. Civ. Code § 1632(b)(4) and Cal. Bus. & Prof. Code § 10240.

3  Both of the cases cited by Plaintiff in his opposition are distinguishable as to New Century
4  and Raab because the courts in *Ruiz v. Decision One Mortgage Co.*, 2006 U.S. Dist. LEXIS
5  54571 (N.D. Cal. July 25, 2006) and *Munoz v. Int'l Home Capital Corp.*, 2004 U.S. Dist. LEXIS
6  26362 (N.D. Cal. May 4, 2004) were considering allegations against <u>mortgage</u> companies, not an
7  escrow company (or its employee). *See Ruiz*, 2006 U.S. Dist. LEXIS 54571 at *10-11, 14
8  (finding that the plaintiff's agency allegations between the mortgage broker and the mortgage
9  company were sufficient to state a claim for violation of Civil Code § 1632 against the mortgage
10 company); *Munoz*, 2004 U.S. Dist. LEXIS at *2, 5 27-28 (finding that the plaintiff's agency
11 allegations between the real estate broker, mortgage broker, and the mortgage company were
12 sufficient to state a claim for violation of Civil Code § 1632 against the mortgage company).
13 Accordingly, this cause of action is defective as to New Century and Raab and should be
14 dismissed with prejudice.

### F. The Seventh Cause Of Action For Fraud Fails To Allege Any Misrepresentation By New Century Or Raab.

17 Plaintiff has not met his burden under Rule 9(b) to allege fraud with sufficient
18 particularity against either New Century or Raab. Plaintiff cites to absolutely <u>no</u> allegations in
19 the Complaint which show any specific misrepresentation made by either New Century or Raab,
20 let alone any allegations that show to whom any statements by New Century or Raab were made,
21 and how and where any such statements were made. Plaintiff simply reiterates what is already in
22 the Complaint, at paragraphs 25 through 43, related to <u>Parada</u>.[4]  These allegations are legally
23 insufficient against New Century and Raab, and Plaintiff has failed to meet his burden to provide
24 "the who, what, when, where, and how" of the fraudulent misconduct. *Vess v. Ciba-Geigy Corp.*,
25 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

---

[4] The only factual allegation in the Complaint directed to Raab merely states that she allegedly attended the signing of the purchase documents for the Girard Property (not the refinance documents for the Folsom Property) and that Plaintiff "signed the documents in her presence and at her direction while defendant Edwin Parada was away from the table." Complaint, ¶ 34. This allegation includes absolutely <u>no</u> details of any alleged misrepresentation by Raab.

- 7 -

Case No. CV08-0056 WHA   REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

1  Plaintiff has provided nothing more than conclusory allegations of fraud, at paragraphs 71
2  through 77 of the Complaint, directed at all <u>ten</u> defendants without any differentiation among
3  them. Such conclusory allegations are insufficient to withstand New Century and Raab's motion
4  to dismiss. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).
5  Accordingly, this Court should dismiss the cause of action for fraud with prejudice, and should
6  deny Plaintiff's request for leave to amend, as Plaintiff has not shown that he can allege <u>anything</u>
7  <u>at all</u> which rises to the level of fraud against either New Century or Raab.

**G.  The Eight Cause Of Action For Breach Of Fiduciary Duty And the Ninth Cause Of Action for Breach Of Contract Fail To State A Claim Because Neither New Century Or Raab Violated Instructions From Plaintiff.**

10  The parties agree that New Century, as escrow holder, owes only limited duties to
11 Plaintiff and the lender, Argent. Its duties are limited to carrying out the instructions of each of
12 the parties to the escrow. *Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27
13 Cal. 4th 705, 711 (2002). Plaintiff, however, overstates New Century's responsibilities to him.
14 Plaintiff argues in his opposition that "New Century was instructed to deliver the loan documents
15 to the borrower, including all TILA and RESPA disclosures." Opposition at 7:21-23. Yet, the
16 instructions that Plaintiff refers to are <u>Argent's</u> instructions, not Plaintiff's. *See* Decl. of
17 Grossman, Ex. A (Argent's closing instructions).[5] Nowhere does Plaintiff explain how New
18 Century has any obligation to <u>Plaintiff</u> in regards to instructions from the <u>lender</u>.

19  In fact, the law is clear that an escrow holder has separate fiduciary duties to each party to
20 an escrow to carry out that particular party's instructions. *See Lee v. Title Ins. & Trust Co.*, 264
21 Cal. App. 2d 160, 162-63 (1968) (An escrow holder's agency "is treated as a limited agency
22 wherein the obligations of the escrow holder <u>to each party</u> are strictly in accordance with the
23 escrow instructions <u>given by that party</u>.") (emphasis added); *Summit Financial Holdings*, 27 Cal.
24 4th at 711 (stating the same). In other words, even if there was any breach of the lender's closing
25 instructions (which there was not given the rescission notice signed by Plaintiff), any liability

---

[5] Plaintiff erroneously cites to Argent's Motion to Dismiss at 14:3-11 and Argent's Motion to Dismiss, Exhibit A. *See* Opposition at 7:22-23. Plaintiff is actually referring to New Century's Motion to Dismiss at 14:3-11 and Exhibit A to the Declaration of Harold E. Grossman in Support of Defendants Viki Raab and New Century Title Company's Motion to Dismiss.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 8 -
Case No.
CV08-0056 WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

would not be to Plaintiff, the borrower.  Further, even if Plaintiff has purportedly rebutted the presumption of delivery of two copies of the rescission notice, the Court need not reach this issue because the only closing instructions to which Plaintiff refers are Argent's closing instructions and New Century and Raab owe no duty to Plaintiff as to those instructions.

Putting aside the complete lack of factual allegations in the Complaint, Plaintiff also misstates the law as to any duty on the part of New Century or Raab to disclose any alleged fraud on the part of Parada to Plaintiff.  California law (Plaintiff only cites to Arizona and South Dakota law) provides that an escrow holder has no duty to police the loan transaction.  *Hannon v. Western Title Ins. Co.*, 211 Cal. App. 3d 1122, 1128 (1989).  And, "[a]bsent clear evidence of fraud, an escrow holder's obligations are limited to compliance with the parties' instructions." *Summit Financial Holdings*, 27 Cal. 4th at 711.  Here, the Complaint does not allege that there was anything unusual about paying an unsecured debt (such as the pay-off to Parada) as part of a loan transaction.  Simply stated, there are no facts alleged that would have put New Century or Raab on notice, at the closing of the transaction, of any "clear evidence" of fraud on the part of Parada.  New Century and Raab were simply following the escrow instructions as to the $200,000 payment to Parada.

Finally, Plaintiff has made no showing as to why leave to amend should be granted as to his allegations against Raab.  He had ample opportunity to do so in his opposition.  Instead, he disregarded entire sections of Raab's moving papers (e.g., Raab's arguments that (1) TILA does not apply to her, (2) FHA does not apply to her, and (3) there are no factual allegations that she has breached any contractual or fiduciary duties to Plaintiff) and did not respond to the substance of Raab's motion to dismiss.  This Court should accordingly deny Plaintiff's request for leave to amend.

### H.    The Tenth Cause Of Action For Rescission And Restitution Should Be Dismissed.

Plaintiff does not oppose New Century and Raab's motion to dismiss the rescission and restitution cause of action, as he has provided no argument on this claim.  As set forth in the moving papers, these are merely remedies (which do not apply to New Century or Raab), not

- 9 -

causes of action, and the Court should accordingly dismiss this cause of action with prejudice. *See* Motion to Dismiss at 3:4-6; MPA ISO Motion to Dismiss at 15:21-16:3.

### I. The Eleventh Cause Of Action For Violation Of California's UCL Fails To Allege Any Particular Conduct By New Century Or Raab That Gives Rise To A UCL Claim.

California's UCL may be broadly stated, but it is not without its limitations. Here, Plaintiff asserts that he has adequately alleged violations of TILA, RESPA, and California Civil Code section 1632, and fraud to support his UCL claim. However, as explained in New Century and Raab's moving papers and above, all of these claims are legally insufficient against the escrow company or the escrow agent. While the UCL "borrows violations of other laws and treats them as unlawful practices independently actionable" under the UCL, all of the alleged "unlawful" practices of New Century and Raab are merely conclusory and boilerplate allegations. *Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (internal quotation marks and citation omitted). As to Plaintiff's contention that he has adequately alleged fraudulent conduct on the part of New Century or Raab to support a UCL claim, he points only to his conclusory and legally insufficient fraud allegations in paragraphs 71-77 of the Complaint and the allegations focused on the conduct of <u>others</u> (e.g., Parada) in paragraphs 22-43 of the Complaint.[6]

As Judge Patel explained in *Nevis*, Plaintiff must allege particular conduct on the part of New Century and Raab that amounts to a violation of the UCL. *Nevis*, 2007 U.S. Dist. LEXIS 65932 at *14-15. He has failed to meet this standard and this Court should accordingly dismiss this cause of action with prejudice.

### III. CONCLUSION

For the foregoing reasons, and as more fully set forth in New Century and Raab's moving papers, this Court should grant New Century and Raab's motion to dismiss with prejudice, as the defects in the Complaint cannot be cured, and leave to amend would be futile.

---

[6] Again, the only factual allegation relating to Raab states that she attended the signing of the purchase documents for the Girard Property and that Plaintiff signed those documents in her presence and at her direction. Complaint, ¶ 34. Plaintiff fails to present how this conduct gives rise to a UCL claim.

- 10 -

Case No. CV08-0056 WHA | REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS

1  DATED:    March 27, 2008            SHARTSIS FRIESE LLP

2

3                                      By: */s/ Simone M. Katz*
                                              SIMONE M. KATZ
4

5                                      Attorneys for Defendants
                                       VIKI RAAB and NEW CENTURY TITLE
6                                      COMPANY

7  5982\004\SKATZ\1500299.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 11 -

Case No. CV08-0056 WHA    REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VIKI RAAB
                          AND NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS