Sanford Shatz (State Bar No. 127229)
David A. Brooks (State Bar No. 179716)
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone: (818) 871-6073
Facsimile: (818) 871-4669
E-Mail: David_Brooks@Countrywide.com

Stephanie Blazewicz (State Bar No. 240359)
BRYAN CAVE LLP
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
E-Mail: stephanie.blazewicz@bryancave.com

Robert E. Boone III (State Bar No. 132780)
Jennifer Jackson (State Bar No. 192998)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
EMail: reboone@bryancave.com
       jjackson@bryancave.com

Attorneys for Defendants,
COUNTRYWIDE HOME LOANS, INC. AND
RECONTRUST COMPANY, N.A.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICARDO MARCELOS,<br><br>         Plaintiff,<br><br>    v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONSTRUST COMPANY, N.A. AND DOES 1 through 100,<br><br>         Defendants. | Case No. CV 08 0056 WHA<br><br>**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date: April 10, 2008<br>Time: 8:00 a.m.<br>Dept: 9<br><br>Assigned to Hon. William H. Alsup |

SM01DOCS\673916.6

**Table of Contents**

Page

I. INTRODUCTION ..................................................................................................................2

II. MARCELOS' CLAIM FOR STATUTORY DAMAGES UNDER TILA ARE BARRED BY THE ONE-YEAR STATUTES OF LIMITATIONS ...............................2

    A. Equitable Tolling Does Not Apply To Marcelos' TILA Claims Because CHL Did Not Actively Conceal The Alleged TILA Violations .............................3

    B. Equitable Tolling Does Not Apply Because Marcelos Could Have Brought His Claims Within The Statute of Limitations Had He Been Diligent ...................4

    C. Even If Equitable Tolling Applies, Marcelos' TILA Claim Is Still Outside The Statute of Limitations ....................................................................................5

III. MARCELOS' RESPA CLAIMS ARE TIME-BARRED .......................................................6

    A. Equitable Tolling Does Not Apply To Marcelos' RESPA Claims Because CHL Did Not Actively Conceal The RESPA Claims And Marcelos Could Have Discovered The Alleged RESPA Violations Had He Been Diligent .............6

    B. Even If Equitable Tolling Applies, Marcelos' RESPA Claims Are Still Outside The Statute of Limitations ....................................................................7

IV. MARCELOS' CLAIMS UNDER 12 U.S.C. §§ 2604 AND 2607 SHOULD BE DISMISSED ..........................................................................................................................8

V. MARCELOS DOES NOT DISPUTE THAT HIS CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT SHOULD BE DISMISSED ................................................8

VI. MARCELOS SHOULD NOT BE GRANTED LEAVE TO AMEND HIS CLAIM FOR VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT ...........................8

VII. BECAUSE CHL DID NOT NEGOTIATE MARCELOS' LOAN, IT CANNOT BE HELD LIABLE UNDER THE CALIFORNIA TRANSLATION ACT ............................9

VIII. MARCELOS' CLAIM FOR FRAUD AND DECEIT SHOULD BE DISMISSED BECAUSE HE FAILS TO ALLEGE HIS CLAIM WITH PARTICULARITY .............10

IX. MARCELOS' SECTION 17200 CLAIM SHOULD BE DISMISSED BECAUSE MARCELOS HAS NOT ALLEGED UNLAWFUL, UNFAIR OR FRAUDULENT CONDUCT BY CHL .........................................................................................................11

X. MARCELOS CONCEDES THAT HIS RESCISSION AND RESTITUTION CLAIM SHOULD BE DISMISSED ...............................................................................12

XI. MARCELOS CONCEDES THAT HIS REQUEST FOR PUNITIVE DAMAGES SHOULD BE DISMISSED ...............................................................................................12

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

XII.  CONCLUSION..................................................................................................................13

**Table of Authorities**

                                                                                                        **Page(s)**

**Cases**

*Boblo's Inc. v. Sanchez*,
   No. Civ. S-07-894 RRB DAD, 2007 U.S. Dist. LEXIS 83054, at *18 (E.D. Cal. Oct. 24, 2007) ................................................................................................................................. 11

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir. 1997) ..................................................................................................... 10

*Gonzalez v. Ameriquest Mortgage Co.*,
   No. C. 03-00405 JSW, 2004 U.S. Dist. LEXIS 22705 (N.D. Cal. Mar. 1, 2004) ........................ 5

*Hubbard v. Fidelity Fed. Bank*,
   91 F.3d 75 (9th Cir. 1996) ........................................................................................................... 3

*In re: Cmty. Bank of N. Va.*,
   467 F. Supp. 2d 466 (W.D. Pa. 2007) .................................................................................... 3, 4

*Jones v. Saxon Mortgage, Inc.*,
   980 F. Supp. 842 (E.D. Va. 1997) .......................................................................................... 3, 4

*Kay v. Wells Fargo & Co. N.A.*,
   No. C 07-01351 WHA, 2007 U.S. Dist. LEXIS 55519, at *10 (July 24, 2007) ..................... 4, 7

*King v. California*,
   784 F.2d 910 (9th Cir. 1986) ............................................................................................. 2, 5, 6

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
   940 F.2d 397 (9th Cir. 1991) ..................................................................................................... 11

*Laster v. T-Mobile USA, Inc.*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ..................................................................................... 12

*Mostowfi v. 12 Telecom Int'l, Inc.*,
   No. 06-15597, 2008 U.S. App. LEXIS 5380, at *6 (9th Cir. Mar. 4, 2007) ............................. 11

*Ruiz v. Decision One Mortgage Co., LLC*,
   C06-2530 (HRL), 2006 U.S. Dist. LEXIS 54571, at * 14 (N.D. Cal. Jul. 15, 2006) .................. 9

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..................................................................................................... 10

*Student Loan Mktg. Ass'n v. Hanes*,
   181 F.R.D. 629 (S.D. Cal. 1998) ............................................................................................... 10

*Vasquez v. L.A. County*,
   487 F.3d 1246 (9th Cir. 2007) ..................................................................................................... 9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................................... 10

*Williams v. Saxon Mortgage. Servs.*,
   CV 06-0799-WS-B, 2007 U.S. Dist. LEXIS 72337, at *15 (S.D. Ala. Sept. 27, 2007) ............. 3

**Statutes**

12 U.S.C. § 2607(a) ........................................................................................................................ 8
12 U.S.C. § 2614 ............................................................................................................................ 6
15 U.S.C. § 1640(e) ........................................................................................................................ 2
Cal. Bus. & Prof. Code § 17204 ................................................................................................... 12

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## I. INTRODUCTION

At bottom, this is a dispute between Plaintiff Ricardo Marcelos and his allegedly crooked real estate agent, Edwin Parada, who purportedly deceived Marcelos into entering into the loan at issue. Neither Parada nor any of the other defendants have any connection to Defendant Countrywide Home Loans, Inc ("CHL"), except that CHL acquired the servicing rights to Marcelos' loan long after the transaction had closed.

Indeed, an examination of Marcelos' Complaint quickly makes clear that CHL committed none of the alleged wrongs. Rather, the Complaint consists of a litany of accusations of malfeasance by Parada, including a significant understatement of what Marcelos' monthly loan payments would be; theft of the equity in Marcelos' home; and refusal to provide loan documentation. In addition, Defendant Argent—not CHL—originated the loan that Parada purportedly tricked Marcelos into taking.

CHL only came into the picture after all of the wrongdoings alleged in the Complaint were committed. Therefore, it is not surprising that the Complaint fails to identify a single distinct wrong that CHL committed. Marcelos cannot simply lump CHL in with other, unrelated alleged bad actors just because CHL services this loan. Accordingly, as described more fully below, Marcelos' Complaint against CHL should be dismissed.

## II. MARCELOS' CLAIM FOR STATUTORY DAMAGES UNDER TILA ARE BARRED BY THE ONE-YEAR STATUTES OF LIMITATIONS

Marcelos' claims for statutory damages under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and Regulation Z should be dismissed because they are untimely. The statue of limitations for TILA claims is one year, 15 U.S.C. § 1640(e), and "runs from the date of consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

In his Opposition (the "Opposition") to CHL's Motion to Dismiss (the "Motion"), Marcelos admits, as he must, that the "statute of limitations for statutory damages [under TILA] is one year as defendants claim." (Opp'n at 4.) To get around the statute of limitations, Marcelos argues that TILA's one year statute should be equitably tolled. As explained below, Marcelos' tolling argument fails.

**A.     Equitable Tolling Does Not Apply To Marcelos' TILA Claims Because CHL Did Not Actively Conceal The Alleged TILA Violations**

As an initial matter, "[t]he doctrine of equitable tolling is applied sparingly." *Jones v. Saxon Mortgage, Inc.*, 980 F. Supp. 842, 846 (E.D. Va. 1997). Further, it is well established that for TILA's one-year statute of limitations to be equitably tolled, there has to be some active concealment on the defendant's part in addition to the non-disclosures that form the basis of the TILA violations. *See Hubbard v. Fidelity Fed. Bank,* 91 F.3d 75, 79 (9th Cir. 1996) ("Ordinarily, Hubbard would have one year from each inaccurate disclosure to file suit.  Because no evidence suggests Fidelity attempted to conceal its alleged breach of contract before it sent the letter, any TILA claims for inaccurate disclosures before August 22, 1990 are barred.  However, Fidelity's misleading August 22, 1991 letter tolled the statute of limitations, and Hubbard may sue for any inaccurate notice of payment adjustment after August 22, 1990.") (internal citation and footnote omitted)); *In re: Cmty. Bank of N. Va.*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2007) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. . . .  Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress."); *Williams v. Saxon Mortgage. Servs.*, CV 06-0799-WS-B, 2007 U.S. Dist. LEXIS 72337, at *15-*16 (S.D. Ala. Sept. 27, 2007) ("[A] TILA plaintiff who attempts to avail himself of equitable tolling must establish some fraudulent conduct or concealment other than the mere nondisclosure in the loan documents that constitutes the TILA violation itself.").

Marcelos has not alleged that CHL concealed information from him so as to make it "impossible for [him] to seek timely redress."  (Opp'n at 4.)  To the contrary, the Complaint demonstrates that when Marcelos asked for his loan documents from CHL in December 2006, CHL readily provided the documents to him.  (Complt. ¶ 39.)  Absent an allegation of active concealment by CHL, Marcelos is not entitled to equitable tolling of the one-year statute of limitations against CHL.  *Jones*, 980 F. Supp. at 846 ("Jones' claim of fraudulent concealment is based on the failure of Lenders and the Broker to own up to their improper kickback arrangement.

1  Thus, this claim of fraudulent concealment fails simply because neither Saxon nor TCB, the
2  parties pleading the bar of the statute, fraudulently concealed facts that were the basis for Jones'
3  TILA claims. As explained above, it is a basic rule that there must be an identity between the party
4  pleading the limitation period and the party who allegedly perpetrated the act of concealment.").

5  In fact, Marcelos does not allege that any of the defendants actively concealed documents
6  from him. The only allegation that relates to concealing documents from Marcelos is that Parada
7  and Argent failed to provide Marcelos with loan documents in the first instance. (Complt. ¶ 32;
8  *see also* Opp'n at 4-5.) Because this purported non-disclosure is the predicate for Marcelos' TILA
9  claim, it alone is insufficient to support an equitable tolling claim.

10  **B.  Equitable Tolling Does Not Apply Because Marcelos Could Have Brought His
11  Claims Within The Statute of Limitations Had He Been Diligent**

12  If a plaintiff can discover the alleged wrongs with adequate due diligence, TILA's one-year
13  statute of limitations will not be equitably tolled. *In re: Cmty. Bank of N. Va.*, 467 F. Supp. 2d at
14  479 ("Finally, there is strong evidence that equitable tolling should not apply because the class
15  members did not exercise due diligence. The representations that the Objectors contend were
16  inaccurate, thus creating a TILA/HOEPA violation, were contained in the class members' own
17  loan documents. The Objectors' only contention to support the application of equitable tolling is
18  that defendants did not tell them the representations contained in the loan document were
19  inaccurate. This is insufficient to justify the application of equitable tolling to save the otherwise
20  time barred damage claims."); *cf. Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007
21  U.S. Dist. LEXIS 55519, at *10-*11 (N.D. Cal. July 24, 2007) (stating that "[e]quitable tolling
22  may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing
23  on the existence of his claim" in the context of a RESPA claim).

24  Here, if anyone is to blame for Marcelos' failure to timely file a TILA claim, it is Marcelos
25  himself. If his allegations are true, Marcelos should have known that things had gone awry as
26  early as October 2005, when he received a statement showing that his mortgage payment
27  "amounted to $3,200, or $1,000 more per month than he had previously been paying"—despite the
28  fact that Defendant Parada had allegedly told Marcelos that his monthly payment would increase

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673916.6        4
CHL'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS (CV-08-0056 (WHA))

1 by only $100 per month. (Complt. ¶ 35.) This alone should have propelled Marcelos into action
2 and he should have asked for copies of his loan documents in October 2005. Instead, Marcelos
3 chose to sit on his hands for over a year, until he finally requested, and received, his loan
4 documents from CHL in December 2006. (Complt. ¶ 39.)

5     Moreover, the mere fact that CHL did not provide documents to Marcelos in Spanish does
6 not, as Marcelos would have this Court believe, justify the equitable tolling of TILA's one-year
7 statute of limitations. Marcelos' reliance on *Gonzalez v. Ameriquest Mortgage Co.*, No. C. 03-
8 00405 JSW, 2004 U.S. Dist. LEXIS 22705 (N.D. Cal. Mar. 1, 2004), is misplaced because the
9 facts of that case are markedly different than the facts here. First, unlike Marcelos, the plaintiff in
10 *Gonzalez* had a difficult time obtaining her loan documents from her lender, who demanded that
11 she pay for copies of the documents. 2004 U.S. Dist. LEXIS 22705, at *5. Second, the *Gonzalez*
12 court noted that "[d]efendants knew [Gonzalez] could only speak Spanish" and "Gonzalez had no
13 way of knowing [sic] the prohibited terms were in the English-language loan documents." *Id.* at
14 *17. In contrast, there is no allegation that CHL knew Marcelos "could only speak Spanish." Nor
15 was Marcelos in a position in which English documents were useless to him; rather, he admits that
16 he could have taken the English-written documents to someone "who could have translated them
17 or could have explained the terms, conditions and costs of the loan," thereby enabling him to
18 discover the alleged fraud and theft. (Opp'n at 4-5.) Because Marcelos was not diligent in
19 protecting his rights, this Court should not allow him to take advantage of equitable tolling of the
20 statute of limitations.

21     **C.**     **Even If Equitable Tolling Applies, Marcelos' TILA Claim Is Still Outside The**
22         **Statute of Limitations**

23     Even if the doctrine of equitable tolling under TILA applies (which it does not), that
24 doctrine does not dispense with the one-year statute of limitations altogether. Rather, it suspends
25 the limitations period "until the borrower discovers or had reasonable opportunity to discover the
26 fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. Here,
27 Marcelos argues that had he received "the loan documents and disclosures" from Argent, he would
28 have "had an opportunity to protect himself from the fraudulent loan and the theft of the loan

SM01DOCS\673916.6         5

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  proceeds and he could have sought the protection of the Court at an earlier time." (Opp'n at 4-5.)
2  In other words, the loan documentation held the key to Marcelos' discovery of the alleged wrongs
3  that make up the basis of his TILA claims. Thus, the moment he received the loan documents
4  would be the moment that Marcelos "discover[ed] or had reasonable opportunity to discover the
5  fraud or nondisclosures that form the basis of the TILA action" and TILA's one-year statute of
6  limitations would only be suspended until that time. *King*, 784 F.2d at 915.

7        In the case at hand, Marcelos admits that he received his loan documents from CHL in
8  December 2006. (Complt. ¶ 39.) Thus, by his own admission, Marcelos had the information that
9  would lead him to unearth the "fraudulent loan and the theft of the loan proceeds" in December
10 2006. (Opp'n at 5.) Accordingly, Marcelos was obligated to commence his action no later than
11 December 2007. But Marcelos did not file his Complaint until January 4, 2008, after the statute of
12 limitations had run. Marcelos' TILA claims are untimely and should be dismissed.

13 **III.  <u>MARCELOS' RESPA CLAIMS ARE TIME-BARRED</u>**

14       Marcelos' claims under Section 8 of the Real Estate Settlement Procedures Act
15 ("RESPA"), 12 U.S.C. § 2607, are also barred by a one-year statute of limitations. *See* 12 U.S.C.
16 § 2614. Marcelos does not dispute that he has brought his claims after RESPA's one-year statute
17 of limitations expired. (Opp'n at 4.) But he argues that RESPA's one-year statute of limitations
18 should be equitably tolled because "the documents that would have put [Marcelos] on notice of a
19 claim were physically concealed and inaccessible due to language." (Opp'n at 8.) As explained
20 below, Marcelos' tolling argument fails.

21       **A.  <u>Equitable Tolling Does Not Apply To Marcelos' RESPA Claims Because CHL
22           Did Not Actively Conceal The RESPA Claims And Marcelos Could Have
23           Discovered The Alleged RESPA Violations Had He Been Diligent</u>**

24       As this Court pointed out several months ago, tolling of RESPA's one-year statute of
25 limitations based on concealment "necessarily requires active conduct by a defendant, above and
26 beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff suing in
27
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

time."[1]/ *Kay*, 2007 U.S. Dist. LEXIS 55519, at *13. Fraudulent concealment must be plead with particularity. *Id.* Further, in order to justify tolling of RESPA's one-year statute of limitations, a plaintiff must show that "despite all due diligence, [he] is unable to obtain vital information bearing on the existence of his claim." *Id.* at *11.

Here, as with his tardy TILA claims, Marcelos does not sufficiently allege how CHL's conduct prevented Marcelos from filing timely claims. While Marcelos argues in the Opposition that the "documents that would have put the [him] on notice of a claim were physically concealed" from him (Opp'n at 8), his Complaint belies this contention. The loan documents that would supposedly have put Marcelos on notice of his claims were not "physically concealed" from him by CHL—he just did not ask for them until after the statute of limitations had run in December 2006. (Complt. ¶ 39.) In fact, when Marcelos finally did ask for his loan documents from CHL, CHL readily provided them documents. (Complt. ¶ 39.)

Moreover, "the documents that would have put [Marcelos] on notice of a claim" were not "inaccessible due to language." (Opp'n at 8.) Marcelos' admits that had he had the documents, he could have had them translated and become aware of his claims. (Opp'n at 4-5.) Because Marcelos does not and cannot allege that CHL concealed the alleged RESPA violations from Marcelos, and because Marcelos could have brought a timely claim had he been diligent, equitable tolling does not apply and Marcelos' RESPA claims are time-barred.

**B.   Even If Equitable Tolling Applies, Marcelos' RESPA Claims Are Still Outside The Statute of Limitations**

As discussed *supra*, Part I.C, p. 5, equitable tolling merely suspends the statute of limitations until plaintiff discovers or should have discovered the existence of his claims. Here, Marcelos' RESPA claims could only be equitably tolled until December 2006, when he received "the documents that would have put [him] on notice of a claim." (Opp'n at 8.) As such, he was required to bring his RESPA claims by December 2007. Because he filed his claim on January 4,

---

[1]/   Although not alleged in the Complaint, one of Marcelos' arguments for equitable tolling is apparently based on fraudulent concealment. (Opp'n at 8.)

1  2008, Marcelos' RESPA claims are time-barred.

## IV. MARCELOS' CLAIMS UNDER 12 U.S.C. §§ 2604 AND 2607 SHOULD BE DISMISSED

As explained in the Motion, there is no private right of action under Section 5 of RESPA, 12 U.S.C. § 2604. (Motion at 11-12.) Marcelos does not dispute this point. (Opp'n at 8-9.) Accordingly, Marcelos' claim under this provision should be dismissed.

Although Marcelos is correct that Section 8 of RESPA, 12 U.S.C. § 2607, does provide a private right of action, Marcelos has not alleged any facts that would suggest that CHL paid or received "any fee, kickback, or thing of value pursuant to any agreement or understanding … that business incident to or part of a real estate service … shall be referred to any person." 12 U.S.C. § 2607(a). Indeed, Marcelos admits that his loan transaction was completed before CHL obtained the servicing rights to the loan. (Complt. ¶ 15; Opp'n at 3.) As such, there would not even have been an opportunity for CHL to pay or receive kickbacks in connection with the referral of business pertaining to Marcelos' loan. Because Marcelos has failed to allege that CHL violated Section 8 of RESPA, this claim should be dismissed.

## V. MARCELOS DOES NOT DISPUTE THAT HIS CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT SHOULD BE DISMISSED

As explained in the Motion, Marcelos' claim against CHL for violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3605, should be dismissed because: (1) his claim was filed after the two-year statute of limitations had run; (2) Marcelos fails to allege any facts suggesting that he was discriminated against in any respect, particularly since he obtained the exact loan that he sought; and (3) Marcelos does not explain how CHL—a mere servicer who did not originate Marcelos' loan—acted in a discriminatory manner. (Motion at 12-13.) Marcelos' Opposition does not counter CHL's arguments, and thus Marcelos concedes that his FHA claim should be dismissed.

## VI. MARCELOS SHOULD NOT BE GRANTED LEAVE TO AMEND HIS CLAIM FOR VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT

Courts should deny leave to amend if amendment would be futile. *See Vasquez v. L.A.*

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673916.6

8

CHL'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS (CV-08-0056 (WHA))

1   *County*, 487 F.3d 1246, 1258 (9th Cir. 2007).  This Court should deny Marcelos an opportunity to
2   amend his claim for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691,
3   because amendment would be futile.

4       Indeed, Marcelos fails to offer even a single reason why this Court should grant him leave
5   to amend his ECOA claim.  The reality is that no matter how hard Marcelos tries, he will be
6   unable to assert a viable ECOA claim against CHL for three reasons.  First, any ECOA claim is
7   barred by the two-year statute of limitations.  Second, Marcelos cannot allege that he was
8   discriminated against in any respect because he was approved for and received the very loan he
9   sought.  Third, Marcelos cannot allege that CHL, who only services his loan and had nothing to do
10  with its origination, discriminated against him.  As a result, any amendment would be futile and
11  Marcelos should not be granted leave to amend his ECOA claim against CHL.

12  **VII.  BECAUSE CHL DID NOT NEGOTIATE MARCELOS' LOAN, IT CANNOT BE
13  HELD LIABLE UNDER THE CALIFORNIA TRANSLATION ACT**

14      This Court should dismiss Marcelos' claim under the California Translation Act ("CTA"),
15  Cal. Civ. Code § 1632, because Marcelos has not and cannot allege that CHL acted as Marcelos'
16  real estate broker, negotiated his loan in Spanish, but failed to provide him with loan documents in
17  Spanish.  Indeed, *Ruiz v. Decision One Mortgage Co., LLC*, relied on by Marcelos, held that the
18  defendant lender could not be held directly liable under the CTA because it had not acted as a real
19  estate broker.  C06-2530 (HRL), 2006 U.S. Dist. LEXIS 54571, at * 14-*15 (N.D. Cal. Jul. 15,
20  2006).  Rather, the lender was only held liable under a theory of secondary liability pursuant to
21  plaintiff's agency allegations.  *See id.* at *14**.**

22      Here, Marcelos admits that it was the Paradas, not CHL, who acted as his real estate
23  brokers/agents and allegedly negotiated with Marcelos in Spanish.  (Complt. ¶¶ 11-12, 27-29.)  He
24  further admits that Parada's and Argent's, not CHL's, "conduct and practices targeting the Spanish
25  speaking plaintiff" caused Marcelos' injuries.  (Complt. ¶ 43.)  Marcelos also admits, as he must,
26  that CHL obtained the servicing rights to his loan after the transaction had been completed.
27  (Complt. ¶ 15; Opp'n at 3.)  As such, CHL had nothing to do with the negotiations regarding
28  Marcelos' loan, in Spanish or otherwise.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  Further, Marcelos cannot seriously contend that CHL was in an agency relationship with
2  any of the defendants who did negotiate Marcelos' loan.  While Paragraphs 22 and 23 of the
3  Complaint contain conclusory allegations that all defendants acted as agents of one another, at the
4  same time Marcelos admits that CHL was merely a successor-in-interest to Argent.  (Complt. ¶
5  15.)  "[T]he Court may disregard conclusory allegations that are wholly unsupported or
6  contradicted by the plaintiff's factual allegations." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D.
7  629, 634 (S.D. Cal. 1998); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.
8  2001) (stating that a court is not obligated to accept allegations as true when they are contradicted
9  by exhibits attached to the complaint).  Similarly, Marcelos admits in his Opposition that CHL
10  was not an agent of any of the defendants, but merely acquired the loan after the transaction had
11  closed: "After the loan documents were executed, Argent sold the loan to Countrywide who, upon
12  purchasing the loan, became liable …" (Opp'n at 3.)  Because CHL was neither a real estate
13  broker in Marcelos' transaction, nor in an agency relationship with anyone who allegedly
14  negotiated with Marcelos in Spanish, Marcelos' claims under the CTA must be dismissed.

## VIII. MARCELOS' CLAIM FOR FRAUD AND DECEIT SHOULD BE DISMISSED BECAUSE HE FAILS TO ALLEGE HIS CLAIM WITH PARTICULARITY

17  Marcelos' claim for fraud and deceit against CHL should be dismissed because his
18  allegations lack the required specificity for a fraud claim.  In his Opposition, Marcelos purports to
19  point to various paragraphs in the Complaint that supposedly lay out with particularity how
20  Marcelos was defrauded and deceived by CHL.  (Opp'n at 10-11.)  But not one of the paragraphs
21  that Marcelos identifies provides "the who, what, when, where, and how" of CHL's purported
22  fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (*citing Cooper v.
23  Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted)).  Indeed, Marcelos
24  does not identify a single misrepresentation, concealed fact, or omission by CHL anywhere in his
25  Complaint.  The only allegations that specifically address CHL in any way are that: (1) CHL was a
26  successor-in-interest to Argent with respect to Marcelos' loan; (2) CHL sent loan documents to
27  Marcelos' wife when she requested them; (3) CHL engages in residential real estate transactions;
28  and (4) CHL is a creditor within the meaning of TILA.  (Complt. ¶¶ 3, 15, 32, 39, 58, 63.)  None

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  of these allegations, separately or together, states a claim against CHL for fraud.

2  Nor can Marcelos simply claim that CHL committed fraud because other defendants are
3  alleged to have committed fraud. Marcelos must point to specific fraudulent acts that CHL
4  allegedly committed. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397,
5  405 (9th Cir. 1991) (stating that Rule 9(b) "requires a pleader of fraud to detail with particularity
6  the time, place, and manner of each act of fraud, plus the *role of each defendant* in each scheme"
7  (emphasis added)); *Mostowfi v. 12 Telecom Int'l, Inc.*, No. 06-15597, 2008 U.S. App. LEXIS
8  5380, at *6 (9th Cir. Mar. 4, 2007) (stating that the pleadings did not pass muster under Rule
9  9(b)'s heightened standards "because the plaintiffs lump together the defendants without
10 identifying the particular acts or omissions that each defendant committed"); *Boblo's Inc. v.
11 Sanchez*, No. Civ. S-07-894 RRB DAD, 2007 U.S. Dist. LEXIS 83054, at *18 (E.D. Cal. Oct. 24,
12 2007) (stating that the pleadings do not satisfy Rule 9(b)'s heightened pleading standards because
13 the "allegations refer generally to 'defendants' without attributing any specific misconduct to
14 Burlington"). Because Marcelos does not allege how CHL participated in the fraud that the other
15 defendants allegedly perpetrated, Marcelos' fraud and deceit claim against CHL should be
16 dismissed.

## IX.   MARCELOS' SECTION 17200 CLAIM SHOULD BE DISMISSED BECAUSE MARCELOS HAS NOT ALLEGED UNLAWFUL, UNFAIR OR FRAUDULENT CONDUCT BY CHL

20 Marcelos cannot maintain a claim against CHL under California Business and Professions
21 Code Sections 17200 *et seq.* ("Section 17200") because he has not and cannot allege that CHL
22 engaged in any unlawful, unfair or fraudulent business practice within the meaning of that statute.
23 In his Opposition, Marcelos argues that his claims under TILA, RESPA, and CTA and his claims
24 for common law fraud "would certainly form the predicate unlawful business practice necessary to
25 bring a claim under" Section 17200. (Opp'n at 11-12.) But as explained above: (1) Marcelos'
26 TILA and RESPA claims are barred by the respective statutes of limitations; (2) Marcelos'
27 RESPA Section 8 claim fails because he has not alleged that CHL gave or received any kickbacks;
28 (3) his CTA claim is barred because that statute does not require CHL—who had nothing to do

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 with the negotiation or origination of Marcelos' loan—to provide Marcelos with loan documents
2 in Spanish; and (4) Marcelos' fraud claim fails because Marcelos does not allege that CHL
3 committed any of the fraudulent acts of which Marcelos complains.  Thus, to the extent Marcelos'
4 Section 17200 claim against CHL is predicated on any of those laws, his claim fails as a matter of
5 law.

6       Marcelos further argues that he has stated a claim under the fraudulent prong of Section
7 17200.  Although Marcelos' reasoning is hard to follow, he appears to be saying that the specific
8 acts alleged in this Complaint constitute a business practice likely to deceive members of the
9 public, especially the Spanish-speaking public.  (Opp'n at 12.)  This makes no sense.  The
10 allegations in this Complaint deal principally and atypically with the acts of Parada—an
11 apparently crooked mortgage broker—and are unique to the Marcelos transaction.  How the
12 actions alleged in the Complaint might deceive the public at large is hard to imagine.  In any
13 event, since the passage of Proposition 64 in 2004, it is no longer sufficient to allege that
14 "members of the public are likely to be deceived."  Rather, Marcelos must allege that he actually
15 relied on a misrepresentation by CHL and suffered injury as a result.  Cal. Bus. & Prof. Code §
16 17204, as amended; *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).
17 This Marcelos has failed to do.  As a result, his Section 17200 claim should be dismissed.

18 **X.    MARCELOS CONCEDES THAT HIS RESCISSION AND RESTITUTION CLAIM**
19       **SHOULD BE DISMISSED**

20       As explained in CHL's Motion, Marcelos' claim for rescissionary damages and restitution
21 fails because such "claims" are really remedies.  (Motion at 16.)  Marcelos does not contest this
22 point.  Accordingly, Marcelos' claim for rescission and restitution should be dismissed.

23 **XI.    MARCELOS CONCEDES THAT HIS REQUEST FOR PUNITIVE DAMAGES**
24       **SHOULD BE DISMISSED**

25       As discussed in CHL's Motion, Marcelos has failed to allege that CHL acted with "malice,
26 oppression or fraud" so as to support an award of punitive damages.  (Motion at 17-18.)  Marcelos
27 does not contest this point.  As a result, Marcelos' request for punitive damages should be
28 dismissed.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## XII. CONCLUSION

For the foregoing reasons, CHL respectfully requests that its Motion to Dismiss be granted in its entirety.

Dated: March 19, 2008

**BRYAN CAVE LLP**
ROBERT E. BOONE III
JENNIFER A. JACKSON
STEPHANIE BLAZEWICZ

By: /s/ Robert E. Boone III
     Robert E. Boone III

Attorneys for Defendants,
COUNTRYWIDE HOME LOANS, INC. AND
RECONTRUST COMPANY, N.A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673916.6

13

CHL'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS (CV-08-0056 (WHA))

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2305.

On March 27, 2008, I served the foregoing document(s), described as **DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**, on the interested party(s) in this action, as follows:

> Shirley Hochhausen
> Community Legal Services
> 2117-B University Avenue
> East Palo Alto, CA 94303

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2008, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

          /s/ Sherri Gramza
          Sherri Gramza