BUCHALTER NEMER
A Professional Corporation
JASON E. GOLDSTEIN (SBN: 207481)
DAVID M. LIU (SBN: 216311)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
*jgoldstein@buchalter.com*
*dliu@buchalter.com*

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>        Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ; GLENDA PARADA; LORENZO PARADA; VIKI RAAB; COUNTRYWIDE HOME LOANS; ARGENT MORTGAGE COMPANY, LLC; PRIMESTAR FINANCIAL SERVICES; SHOAIB MAHMUD; FINANCIAL TITLE COMPANY; NEW CENTURY TITLE COMPANY; RECONSTRUCT COMPANY, N.A.; AND DOES 1 THROUGH 100,<br><br>        Defendants. | Case No.: CV 08-00056 WHA<br><br>DEFENDANT ARGENT MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)<br><br>Date: April 10, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 1834844v1

CV 08-00056 WHA

DEF. ARGENT MORTGAGE'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

I.  **INTRODUCTION**

Plaintiff Ricardo Marcelos' Opposition is without merit. Plaintiff's claim for damages under TILA is time-barred. Similarly, Plaintiff's claims under the ECOA and RESPA are also time-barred and without merit. In particular, there is no private right of action for alleged RESPA disclosure violations. Finally, Plaintiff has failed to plead facts sufficient to constitute a claim for fraud, violation of California *Civil Code* § 1632 or a stand-alone rescission claim against Argent. Accordingly, Plaintiff's first, second, fourth, fifth, seventh and tenth claims as to Argent should be dismissed with prejudice.

II. **ARGUMENT**

   A.  **The Alleged Claim For Damages Under TILA Is Time-Barred.**

Plaintiff does not (and cannot dispute) that an action for damages under § 1640 of TILA must be filed "within one year from the date of the occurrence of the violation." *See* 15 U.S.C. § 1640(e). As a matter of law as decided by the Ninth Circuit, a claim for damages under TILA begins to run on the date the loan documents are signed. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Indeed, Plaintiff concedes this point by stating that "The statute of limitations for statutory damages is one year as defendants [sic] claim." Opp., at 4:9.

Hence, based on the allegations in the complaint, Plaintiff's claim for damages under TILA is time-barred. As alleged in the complaint, Plaintiff signed the loan documents in "Spring 2005" but did not file his complaint until January 2008. <u>Plaintiff also admits for the first time in this litigation that he signed the loan documents on March 29, 2005</u> – a fact he avoided pleading in his complaint to avoid the obvious statute of limitations problem. Plaintiff's motive for alleging that he signed his loan documents in "Spring of 2005" is now borne clear – he attempted to obfuscate the fact that the statute of limitations on this claim has already passed. But he chose to nevertheless bring the claim for damages.

To avoid this obvious bar to Plaintiff's claim for damages, Plaintiff argues that equitable tolling should apply because Plaintiff is purportedly "limited English proficient."[1] Equitable

---

[1] Plaintiff's allegation that he is <u>illiterate</u> in the English language is suspect. *See* Cmplt., ¶ 69 ("[T]he loans, were negotiated in Spanish and defendants were fully aware that Plaintiffs [sic] are illiterate in English."). This assertion is directly contradicted by the fact that Plaintiff signed,

tolling does not apply. While the Ninth Circuit has permitted equitable tolling where grounds exist based on fraudulent concealment, this tolling is not infinite. As held in *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986), the statute begins to run upon discovery of the non-disclosure.

For example, in *Katz v. Bank of California*, 640 F.2d 1024 (9th Cir. 1981), a borrower filed a TILA claim against a lender for the lender's alleged failure to provide certain disclosures at the time the contract was executed. About a month after the closing, the borrower learned about a material nondisclosure but did nothing. The lender asserted that the claim was barred by 1-year statute of limitations and moved to dismiss. The Ninth Circuit affirmed the dismissal because even if the disclosures were not allegedly given at the time the contract was made, the borrower discovered the non-disclosure but waited over a year to file his complaint.

As in *Katz*, the Plaintiff's claim for damages under TILA is time-barred even under the liberal "discovery" rule. As alleged, Plaintiff signed his loan documents in "Spring of 2005" which we now know to be March 2005. Cmplt., ¶ 32. Plaintiff alleges that he first discovered that he had entered into a mortgage refinance when:

> [O]ver one year later that plaintiff's wife was able to retrieve the documents from defendant Countrywide. These documents were actually defendant Argent refinance papers and not documents to open a line of credit.

Cmplt., ¶ 32.

Thus, Plaintiff discovered the fact that he had entered into some type of loan arrangement sometime in 2006, and he discovered this fact whether or not he is literate in the English language (although Plaintiff does appear to proficient in English due to, among other things, his verbal acumen at the preliminary injunction hearing).[¹] Assuming that Plaintiff did not learn about the alleged non-disclosures until December 31, 2006, then Plaintiff was required to file his complaint by December 30, 2007. The complaint was not filed until January 4, 2008. Plaintiff's claim for

---

under penalty of perjury, a detailed declaration written in English in support of his motion for a preliminary injunction and asked the Court to be heard – in English – at the preliminary injunction hearing. *See* Page 41, line 18 of the February 26, 2008 transcript of the preliminary injunction hearing wherein Mr. Marcelos stated to the Court in English: "May I have a word, your honor?"

1  damages under TILA is time-barred.

2  Plaintiff's reliance on *Gonzales v. Ameriquest Mortgage Co.*, 2004 WL 2472249 (N.D. Cal. 2004) to support his contention for equitable tolling is misplaced. In *Gonzales*, the court permitted equitable tolling on a TILA claim based on the allegation that the borrower could only understand Spanish and the lender never provided loan documents in the Spanish language.

Here, Plaintiff concedes in his opposition that he has some understanding of the English language and that he received the loan documents in December 2006. Cmplt., ¶ 39. Indeed, Plaintiff entered into two home mortgage loans, both in English, for two separate properties with the first home being an investment property. Cmplt., ¶¶ 10, 30, 34. And since the loan originated by Argent was a refinance, it appears that Plaintiff has obtained at least three home mortgage loans. *Gonzales* is inapposite.

Furthermore, Plaintiff's reliance on *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) is completely misplaced. In *Baldwin County*, the United States Supreme Court denied the application of equitable tolling where a party failed to timely file an employment action with the court. Indeed, the Supreme Court stated:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants...'in the long run, experience teaches that strict adherence to the procedural requirements specified by the Legislature is the best guarantee of evenhanded administration of the law.

*Id.* at 152 (citation omitted).

Argent's motion to dismiss should be granted as to Plaintiff's claim for damages under TILA.

**B.    RESPA Does Not Provide A Private Right of Action.**

In its motion to dismiss, Argent provided multiple cases, including one from this District Court, consistently stating that RESPA pursuant to 12 U.S.C. § 2604 does not provide for a private right of action to pursue any alleged violations for not providing disclosures regarding charges and costs associated with a home loan. Instead of trying to distinguish the cases or address whether a private right of action exists, Plaintiff argues that equitable tolling should apply

to his RESPA claim. Apparently, Plaintiff completely misses the point of the motion to dismiss this particular claim. Simply put, no private right of action exists under RESPA for an alleged failure to provide disclosures. Plaintiff does not dispute this point, nor can he.

In any event, Plaintiff raised the issue that under RESPA at 12 U.S.C. § 2607, a lender is prohibited from providing kickbacks. The statute of limitations for an alleged violation of Section 2607 is 1 year. *See* 12 U.S.C. § 2614. Plaintiff states that his claim is not barred by the 1-year statute of limitations due to equitable tolling. For the same reasons that the claim for damages under TILA is time-barred, Plaintiff's RESPA claim based on kickback is time-barred.

### C. Plaintiff's Request for Leave to Amend His EEOC Claim is Improper.

Argent sought to dismiss Plaintiff's EEOC claim because Plaintiff was never denied credit and because his claim is time-barred. Plaintiff concedes that his EEOC claim is inadequate as a matter of law and seeks leave to amend this claim. This request should be denied. Plaintiff received the credit he sought and, in any event, his claim is time-barred. No amendment can cure these fatal defects.

The motion to dismiss should be granted on the EEOC claim.

### D. Argent Has No Direct Liability For An Alleged Violation of Civil Code § 1632 Because It Did Not Act As A Mortgage Broker

Plaintiff alleged that Argent violated California *Civil Code* § 1632 which requires that certain loan documents be provided in the Spanish language to certain customers that request such documents. In its motion to dismiss, Argent pointed out that *Civil Code* § 1632 expressly excepts application of loans secured by real property. *See* Cal. Civ. Code § 1632(b)(2).

Plaintiff asserts that *Civil Code* § 1632(b)(4) provides that the statute applies to loans secured by real property, if a real estate broker was involved, based on California Business and Professions Code § 10240.

However, Argent has never been alleged to be a real estate broker in this action – a point conceded by Plaintiff in his opposition. Opp., 7:8-9. Hence, this perceived exception to the rule does not apply – Section 1632 is obvious that it does not apply to loans secured by real property.

In any event, as stated in a case relied on by Plaintiff, *Ruiz v. Decision One Mortgage Co.*,

*LLC*, 2006 U.S. Dist. LEXIS 54571, *14-*15 (N.D. Cal. 2006), no direct liability for a lender exists if an independent broker was used to obtain the loan.

Since that is the case here, Argent's motion to dismiss should be granted on the California *Civil Code* § 1632 claim.

### E. No Allegations Support Plaintiff's Claim for Fraud Against Argent.

Plaintiff admits that fraud must be pled with particularity as to the "who, what, where, and when" of the alleged fraud. Opp., at 7:24-25. Plaintiff points out that paragraphs 25 to 43 of the complaint satisfies this requirement. However, what becomes obvious is that there are no allegations that Argent defrauded the Plaintiff.

A simple time comparison illustrates how, as a matter of law, Plaintiff's fraud claim fails:

1) In the "Spring of 2005," Plaintiff signed loan documents when the only person that he had been talking to about obtaining the loan was Parada. Cmplt., ¶ 32.

2) Over a year later, Plaintiff's wife obtained loan documents from Countrywide showing that Plaintiff had entered into a refinance transaction through Argent.

Thus, at the time he entered into the loan through Parada, there are no allegations that Parada told Plaintiff that Parada worked for or otherwise represented Argent. Further, if Parada made such a statement, it could not create any agency relationship as a matter of law. An ostensible agency cannot be established by the representations or conduct <u>of the purported agent</u> because only the statements or acts of the principal can create an agency relationship. *See Lee v. Helmco, Inc.*, 199 Cal. App. 2d 820, 834 (1962).

There are no allegations that Argent made any direct representations to Plaintiff. Nor could Plaintiff truthfully make such an allegation since, based on his own allegations, Plaintiff did not know that Argent was involved until over a year after he signed the loan documents.

Plaintiff's fraud claim fails as a matter of law.

/ / /
/ / /
/ / /
/ / /

## CONCLUSION

For the reasons set forth above, Plaintiff's first, second, fourth, fifth, seventh and tenth claims should be dismissed with prejudice.

DATED: March 27, 2008

BUCHALTER NEMER
A Professional Corporation


By: _____/s/ Jason E. Goldstein_____
JASON E. GOLDSTEIN
Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT ARGENT MORTGAGE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Shirley Hochhausen, Esq.
2117-B University Avenue
East Palo Alto, California 94303

[x] **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on March 27, 2008. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

[ ] **BY FACSIMILE AND MAIL** I caused the above-named document(s) to be sent via facsimile transmission to the law office(s) and facsimile number(s) stated above. The transmission was reported as complete and without error. A copy of the transmission report(s) properly issued by one or more of Buchalter, Nemer's three Xerox 745 WorkCenter facsimile machine(s) [telephone number(s): (213) 896-0400, (213) 896-0411, (213) 896-0408], and (213) 896-0409 is(are) made a part of this proof of service pursuant to CRC §2008. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence will be deposited in an envelope with the United States Postal Service this day in the ordinary course of business for mailing to the address(es) shown above. The envelope was sealed and placed for collection and mailing with the United States Postal Service at Buchalter Nemer in Irvine, California on March 27, 2008 following ordinary business practices.

BN 1796382v1

1  ☐   **BY OVERNIGHT DELIVERY**   On March 27, 2008, I placed the Federal Express/Overnite Express package for overnight delivery in a box or location regularly maintained by Federal Express/Overnite Express at my office, or I delivered the package to an authorized courier or driver authorized by Federal Express/Overnite Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express/Overnite Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

☐   **BY PERSONAL DELIVERY**   On March 27, 2008, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☐   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on March 27, 2008, at Irvine, California.

☒   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 27, 2008, at Irvine, California.

_____
Debby Bodkin

*Debby Bodkin /s/ Debby Bodkin*
(Signature)