Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS, | Case No. CV 08 0056 WHA |
| Plaintiff, | STIPULATED [PROPOSED] PROTECTIVE ORDER |
| v. | |
| EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONSTRUST COMPANY, N.A. AND DOES 1 through 100, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, that the following Order may be entered by the Court to give effect to the stipulations set forth below:

1.      As used herein, "Confidential Information" shall mean information which constitutes, reflects or discloses confidential, competitively sensitive or proprietary information which the designating person wishes to maintain in confidence. As used herein, "Restricted Information" shall mean information which constitutes, reflects or discloses trade secret information of the designating party; confidential, competitively sensitive or proprietary information; and/or information that is protected from disclosure by the privacy rights of customers or other third parties, which the designating person

SM01DOCS\673061.1

1   wishes to maintain in confidence.  Any party to the above-captioned action shall have

2   standing to designate as Confidential Information or Restricted Information any

3   information that was created by or communicated to or from an employee, or agent, of that

4   party.  "Designating person" means the party, or third person or entity, who designates

5   documents, testimony or information as Confidential Information or Restricted

6   Information under this Order.

7        2.    All documents or information produced or to be produced by any party in

8   connection with this litigation which have been designated by the producing party as

9   Confidential Information or Restricted Information shall be used only for the purpose of

10  this litigation, including trial preparation and trial.

11       3.    Except as otherwise provided by order of the Court, no document containing

12  Confidential Information, including information contained therein, shall be furnished,

13  shown, or disclosed to any person except:  (1) counsel for the parties to this action and

14  paralegals and other professional personnel employed by said counsel assisting those

15  attorneys in the preparation and trial of this action; (2) retained experts and consultants

16  who are assisting said counsel in preparation and/or trial, provided that such experts and

17  consultants are not competitors of the party producing the Confidential Information; (3)

18  representatives of the parties having responsibility for the prosecution or defense of the

19  case; and (4) the Court and jury, as necessary for purposes of trial and/or motions, and/or

20  any appeal.  However, such Confidential Information may be disclosed to a witness at

21  deposition or trial for the purpose examining the witness if necessary.  Except for purposes

22  of impeachment of a party hereto, prior to disclosing the Confidential Information to the

23  witness, counsel for the examining party shall, if appropriate, advise counsel for the

24  designating party that he or she intends to use Confidential Information with the witness.

25  In addition, the witness shall be required to sign the form specified in paragraph 5 of this

26  Order prior to disclosure of the Confidential Information.

27       4.    Material designated as "Restricted Information," copies or extracts therefrom

28  and information therein, may be given, shown, made available to, or communicated in any

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1                         2

1   way only to: (1) counsel for the parties to this action and paralegals and other professional

2   personnel employed by said counsel assisting those attorneys in the preparation and trial of

3   this action; (2) retained experts and consultants who are assisting said counsel in

4   preparation and/or trial and to whom it is necessary to disclose such information for

5   purposes of this litigation, provided that such experts and consultants are not competitors

6   of the party producing the Restricted Information; (3) the Court and jury, as necessary for

7   purposes of trial and/or motions, and/or any appeal; and (4) the author or a prior recipient

8   of the document containing the Restricted Information.  Material designated as "Restricted

9   Information" shall not be furnished, shown or disclosed to the parties or their

10  representatives.

11          5.      Each person to whom Confidential Information or Restricted Information is

12  disclosed by counsel shall be provided with a copy of this Order.  Prior to being given

13  access to these materials, each such person shall acknowledge in writing his or her

14  agreement to be bound by the terms of this Order by executing the form specified in

15  Attachment A hereto.

16          6.      Any attorney who discloses Confidential Information or Restricted

17  Information shall maintain in his or her office an executed acknowledgment in the form of

18  Attachment A from each person to whom such Confidential Information or Restricted

19  Information has been disclosed.

20          7.      In connection with the production of documents in this action, any

21  designating person may stamp, mark or otherwise designate any document comprising,

22  containing or referring to Confidential Information produced or to be produced by it in

23  connection with this litigation as "Confidential -- Subject to Protective Order."  Similarly,

24  Restricted Information shall be stamped, marked or otherwise designated as "Restricted --

25  Attorney's Eyes Only -- Subject to Protective Order."

26          8.      In connection with the taking of any deposition in this action:

27          a.      The party who noticed or requested the deposition shall, prior to the

28  commencement of testimony at such deposition, serve a copy of this Order upon the

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1                          3

1    officer reporting the deposition.  Such officer shall acknowledge service of a copy of this

2    Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by

3    the terms of this Order, and shall make no use or disclosure of Confidential Information or

4    Restricted Information unless expressly permitted by the terms of this Order, or by the

5    express consent of all parties and any designating person who are or may become subject

6    to the provisions of this Order.  Such officer shall provide copies of the deposition

7    transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of

8    a third person or entity, to that deponent or his/her attorney.  Depositions at which

9    Confidential Information or Restricted Information is to be disclosed shall be attended only

10   by persons authorized hereunder to have access to such information.

11            b.       Counsel for any party hereto may, either during any such deposition

12   or within thirty days of receipt of the transcript, designate the deposition transcript along

13   with the deposition exhibits, or any portion thereof, as Confidential Information or

14   Restricted Information.  If the deposition is of a third person or entity not joined herein,

15   that third person or entity may use the same designation process set forth in this Paragraph.

16            c.       Relating to deposition testimony, the witness or his counsel shall

17   invoke the provisions of this Order by stating on the record during the deposition that

18   testimony given at the deposition is designated "Confidential" or "Restricted."  No person

19   shall attend those portions of the depositions designated "Confidential" or "Restricted"

20   unless such person is an authorized recipient of classified information under the terms of

21   this Order.  Any court reporter who transcribes "Confidential" or "Restricted" testimony in

22   this action at a deposition shall agree, before transcribing any such testimony, that all

23   "Confidential" or "Restricted" testimony is and shall remain as such and shall not be

24   disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any

25   other transcription records of any such testimony prepared by the court reporter, will be

26   marked "Confidential" or "Restricted," as appropriate, and will be retained in absolute

27   confidentiality and safekeeping by such reporter or delivered to the attorneys of record or

28   filed under seal with the Court.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1                                      4

1    9.    When a party to this Order designates the testimony (including proposed

2  testimony) of a person being deposed as Confidential Information or Restricted

3  Information, and objection is made to such designation, such testimony shall not be

4  withheld because such objection has been made to the Confidential Information or

5  Restricted Information designation.  Such testimony shall be treated as Confidential

6  Information or Restricted Information until a stipulation or order on motion that it should

7  not be so treated.

8    10.    Any part or parts of this Order may be amended at any time by court order

9  pursuant to written stipulation of the parties hereto or by order of this Court for good cause

10  shown.

11    11.    If a party to this Order objects to the designation of any Confidential

12  Information or Restricted Information, that party shall so notify the designating party in

13  writing, identifying the Confidential Information or Restricted Information as to which

14  objection is made.  The designating party shall respond within ten business days from

15  receipt of such notice.  If the parties cannot agree with respect to the treatment to be

16  accorded the material that has been designated as Confidential Information or Restricted

17  Information, any party may seek a ruling from the Court with respect to the designation(s)

18  to which it has objected.  The party seeking to maintain the Confidential Information or

19  Restricted Information shall bear the burden of establishing such status is warranted.

20  Pending the Court's ruling, the provisions of this Order shall remain in force.

21    12.    The parties shall comply with Rule 79-5 of the Northern District of

22  California Local Rules in connection with filing or lodging with the Court documents or

23  information designated as Confidential Information or Restricted Information under this

24  Order.  Such documents or information shall be sealed in a clearly marked envelope and

25  opened only upon further direction of this Court.  No documents filed under seal shall be

26  made available to third parties or the public except by further order of this Court or in

27  accordance with the terms, including the permitted uses specified at Paragraphs 3 and 4, of

28  this Order.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1

5

13.     The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any part on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

14.     Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them.  If such third person or entity chooses to make a Confidential Information or Restricted Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of any challenged designation to the jurisdiction of this Court.

15.     This Order shall not prevent or limit any party from using Confidential Information in discovery or at trial.  This Order shall not prevent or limit any party from using Restricted Information at trial or with respect to depositions of those persons authorized under this Order to view Restricted Information.  Additionally, documents or interrogatory responses which have been designated as Restricted Information may be used at the deposition of the party which produced the Restricted Information.  Any document or interrogatory responses designated as Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Restricted Information.

16.     The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation.  Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise.  Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned.  Each party is responsible

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1    for such return or destruction shall certify to all other counsel of record that such

2    destruction or return in fact took place.

3          17.    Notwithstanding Paragraph 16 above, counsel are not required to destroy

4    legal memoranda or opinion letters and other attorney-client privilege or work product

5    document that may contain references to or information extracted from said documents,

6    and all such memos and correspondence may be retained in the attorney's files.  However,

7    the confidentiality of documents and information is otherwise to be protected in

8    accordance with the terms of this Order.

9          18.    Nothing contained in this Order shall preclude any party from applying to the

10   Court for further relief or for modification of any provision hereof.

11         19.    Nothing contained in this Order is intended to or shall be deemed or limit

12   either party from any further use of Confidential Information or Restricted Information (or

13   information derived therefrom) which that party or its agent has itself produced, generated

14   or obtained other than through discovery in this action.

15         20.    Except as specifically provided herein, the terms, conditions and limitations

16   of this stipulation and Order shall survive the termination of this action.

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1

7

STIPULATED [PROPOSED] PROTECTIVE ORDER

1
2   Dated: March ___, 2008          Liuizzi, Murphy & Solomon, LLP

3                                   By: _____

4
5                                   Attorneys for Plaintiff
                                    RICARDO MARCELOS
6
7   Dated: March ___, 2008          Community Legal Services

8                                   By: _____

9
10                                  Attorneys for Plaintiff
                                    RICARDO MARCELOS
11
12  Dated: March ___, 2008          BRYAN CAVE LLP

13
14                                  By: _____
                                         Robert E. Boone III
15
16                                  Attorneys for Defendant
                                    COUNTRYWIDE HOME LOANS, INC.
17
18  Dated: March ___, 2008          Shartsis Friese LLP

19                                  By: _____

20
21                                  Attorneys for Defendants
                                    NEW CENTURY TITLE and VIKI RAAB
22
23  Dated: March ___, 2008          Buchalter Nemer
24
25                                  By: _____

26
27                                  Attorneys for Defendant
                                    ARGENT MORTGAGE COMPANY, LLC
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

STIPULATED [PROPOSED] PROTECTIVE ORDER

1

2  Dated: March 20, 2008

3

4

5

6

7  Dated: March ___, 2008

8

9

10

11

12  Dated: March 21, 2008

13

14

15

16

17

18  Dated: March ___, 2008

19

20

21

22

23  Dated: March ___, 2008

24

25

26

27

28

Liuizzi, Murphy & Solomon, LLP

By: _____
    Michael E. Hale

Attorneys for Plaintiff
RICARDO MARCELOS


Community Legal Services

By: _____


Attorneys for Plaintiff
RICARDO MARCELOS


BRYAN CAVE LLP

By: _____
    Robert E. Boone III

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.


Shartsis Friese LLP

By: _____


Attorneys for Defendants
NEW CENTURY TITLE and VIKI RAAB


Buchalter Nemer

By: _____


Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1

8

STIPULATED [PROPOSED] PROTECTIVE ORDER

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1

2    Dated: March ___, 2008

3

4

5

6

7    Dated: March ___, 2008

8

9

10

11

12    Dated: March ___, 2008

13

14

15

16

17

18    Dated: March 20, 2008

19

20

21

22

23

24    Dated: March ___, 2008

25

26

27

28

Liuizzi, Murphy & Solomon, LLP

By: _____

Attorneys for Plaintiff
RICARDO MARCELOS

Community Legal Services

By: _____

Attorneys for Plaintiff
RICARDO MARCELOS

BRYAN CAVE LLP

By: _____
        Robert E. Boone III

Attorneys for Defendant
COUNTRYWIDE HOME LOANS, INC.

Shartsis Friese LLP

By: _____

Attorneys for Defendants
NEW CENTURY TITLE and VIKI RAAB

Buchalter Nemer

By: _____

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

1
2   Dated:  March ___, 2008

                           Liuizzi, Murphy & Solomon, LLP

3                          By: _____

4
5                          Attorneys for Plaintiff
                          RICARDO MARCELOS

6
7   Dated:  March ___, 2008          Community Legal Services

8                          By: _____

9
10                       Attorneys for Plaintiff
                          RICARDO MARCELOS

11
12   Dated:  March ___, 2008          BRYAN CAVE LLP

13
14                          By: _____
                              Robert E. Boone III

15                       Attorneys for Defendant
16                       COUNTRYWIDE HOME LOANS, INC.

17
18   Dated:  March ___, 2008          Shartsis Friese LLP

19
20                          By: _____

21                       Attorneys for Defendants
22                       NEW CENTURY TITLE and VIKI RAAB

23   Dated:  March 20, 2008         Buchalter Nemer

24                          By: _____

25
26                       Attorneys for Defendant
27                       ARGENT MORTGAGE COMPANY, LLC
28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1

8

1  Dated:  March ___, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Steve Rood

By: _____


Attorneys for Defendants
ND FINANCIAL and SHOAIB MAHMUD

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS\673061.1

9

Mar 19 08 02:04p    law office of steven rood    510 839 0230    p.2
08/19/2008 15:44 FAX                BRYAN CAVE LLP                        @012/013
Case 3:08-cv-00056-WHA    Document 85    Filed 03/31/2008    Page 13 of 15

1  Dated: March 20, 2008



Law Offices of Steve Rood

By: _____
                        STEVEN ROOD

Attorneys for Defendants
ND FINANCIAL and SHOAIB MAHMUD

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SM01DOCS\673061.1                          9

STIPULATED PROTECTIVE ORDER

1    ATTACHMENT "A"

2

3                          VERIFIED ACKNOWLEDGMENT

4         I, the undersigned, do hereby declare:

5         I have read the protective order in the subject lawsuit regarding confidential and

6    proprietary documents ("Stipulated Protective Order").  I hereby agree to abide by the

7    terms of the Stipulated Protective Order.

8         Executed this ___ day of _____, 2008, at

9    _____, _____.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

STIPULATED [PROPOSED] PROTECTIVE ORDER

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2305.

On March 28, 2008, I served the foregoing document(s), described as

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

on the interested party(s) in this action, as follows:

> Shirley Hochhausen
> Community Legal Services
> 2117-B University Avenue
> East Palo Alto, CA 94303

☐　　**(BY FAX)** I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒　　**(BY MAIL)** I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒　　**(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2008, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_Sherri Gramza_
Sherri Gramza

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401