**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICARDO MARCELOS, | Case No. CV 08 0056 WHA |
| Plaintiff, | [PROPOSED] ORDER ON STIPULATION RE PROTECTIVE ORDER |
| v. | |
| EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONSTRUST COMPANY, N.A. AND DOES 1 through 100, | |
| Defendants. | |

Pursuant to the Stipulated [Proposed] Protective Order entered into by and between the parties, IT IS HEREBY ORDERED as follows:

1.  As used herein, "Confidential Information" shall mean information which constitutes, reflects or discloses confidential, competitively sensitive or proprietary information which the designating person wishes to maintain in confidence. As used herein, "Restricted Information" shall mean information which constitutes, reflects or discloses trade secret information of the designating party; confidential, competitively sensitive or proprietary information; and/or information that is protected from disclosure by the privacy rights of customers or other third parties, which the designating person wishes to maintain in confidence. Any party to the above-captioned action shall have

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401

standing to designate as Confidential Information or Restricted Information any information that was created by or communicated to or from an employee, or agent, of that party. "Designating person" means the party, or third person or entity, who designates documents, testimony or information as Confidential Information or Restricted Information under this Order.

2. All documents or information produced or to be produced by any party in connection with this litigation which have been designated by the producing party as Confidential Information or Restricted Information shall be used only for the purpose of this litigation, including trial preparation and trial.

3. Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial, provided that such experts and consultants are not competitors of the party producing the Confidential Information; (3) representatives of the parties having responsibility for the prosecution or defense of the case; and (4) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal. However, such Confidential Information may be disclosed to a witness at deposition or trial for the purpose examining the witness if necessary. Except for purposes of impeachment of a party hereto, prior to disclosing the Confidential Information to the witness, counsel for the examining party shall, if appropriate, advise counsel for the designating party that he or she intends to use Confidential Information with the witness. In addition, the witness shall be required to sign the form specified in paragraph 5 of this Order prior to disclosure of the Confidential Information.

4. Material designated as "Restricted Information," copies or extracts therefrom and information therein, may be given, shown, made available to, or communicated in any way only to: (1) counsel for the parties to this action and paralegals and other professional

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401

personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial and to whom it is necessary to disclose such information for purposes of this litigation, provided that such experts and consultants are not competitors of the party producing the Restricted Information; (3) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal; and (4) the author or a prior recipient of the document containing the Restricted Information. Material designated as "Restricted Information" shall not be furnished, shown or disclosed to the parties or their representatives.

     5. Each person to whom Confidential Information or Restricted Information is disclosed by counsel shall be provided with a copy of this Order. Prior to being given access to these materials, each such person shall acknowledge in writing his or her agreement to be bound by the terms of this Order by executing the form specified in Attachment A hereto.

     6. Any attorney who discloses Confidential Information or Restricted Information shall maintain in his or her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information or Restricted Information has been disclosed.

     7. In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential -- Subject to Protective Order." Similarly, Restricted Information shall be stamped, marked or otherwise designated as "Restricted -- Attorney's Eyes Only -- Subject to Protective Order."

     8. In connection with the taking of any deposition in this action:

         a. The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401

Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Information or Restricted Information unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Depositions at which Confidential Information or Restricted Information is to be disclosed shall be attended only by persons authorized hereunder to have access to such information.

  b. Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information or Restricted Information. If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

  c. Relating to deposition testimony, the witness or his counsel shall invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Restricted." No person shall attend those portions of the depositions designated "Confidential" or "Restricted" unless such person is an authorized recipient of classified information under the terms of this Order. Any court reporter who transcribes "Confidential" or "Restricted" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" or "Restricted" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential" or "Restricted," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

  9. When a party to this Order designates the testimony (including proposed

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401

testimony) of a person being deposed as Confidential Information or Restricted Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information or Restricted Information designation. Such testimony shall be treated as Confidential Information or Restricted Information until a stipulation or order on motion that it should not be so treated.

10. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

11. If a party to this Order objects to the designation of any Confidential Information or Restricted Information, that party shall so notify the designating party in writing, identifying the Confidential Information or Restricted Information as to which objection is made. The designating party shall respond within ten business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information or Restricted Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected. The party seeking to maintain the Confidential Information or Restricted Information shall bear the burden of establishing such status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force.

12. The parties shall comply with Rule 79-5 of the Northern District of California Local Rules in connection with filing or lodging with the Court documents or information designated as Confidential Information or Restricted Information under this Order. Such documents or information shall be sealed in a clearly marked envelope and opened only upon further direction of this Court. No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified at Paragraphs 3 and 4, of this Order.

13. The execution of this Order shall not, in itself, operate as an admission

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401

against or otherwise prejudice any contention of any part on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

14. Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them. If such third person or entity chooses to make a Confidential Information or Restricted Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of any challenged designation to the jurisdiction of this Court.

15. This Order shall not prevent or limit any party from using Confidential Information in discovery or at trial. This Order shall not prevent or limit any party from using Restricted Information at trial or with respect to depositions of those persons authorized under this Order to view Restricted Information. Additionally, documents or interrogatory responses which have been designated as Restricted Information may be used at the deposition of the party which produced the Restricted Information. Any document or interrogatory responses designated as Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Restricted Information.

16. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned. Each party is responsible for such return or destruction shall certify to all other counsel of record that such

destruction or return in fact took place.

17. Notwithstanding Paragraph 16 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product document that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

18. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

19. Nothing contained in this Order is intended to or shall be deemed or limit either party from any further use of Confidential Information or Restricted Information (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action.

20. Except as specifically provided herein, the terms, conditions and limitations of this stipulation and Order shall survive the termination of this action.

Dated: March ___, 2008

_____

U.S. DISTRICT COURT JUDGE

ATTACHMENT "A"

## VERIFIED ACKNOWLEDGMENT

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order").  I hereby agree to abide by the terms of the Stipulated Protective Order.

Executed this ___ day of _____, 2008, at _____, _____.

_____

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2305.

On March 28, 2008, I served the foregoing document(s), described as

**[PROPOSED] ORDER ON STIPULATION RE PROTECTIVE ORDER**

on the interested party(s) in this action, as follows:

> Shirley Hochhausen
> Community Legal Services
> 2117-B University Avenue
> East Palo Alto, CA 94303

☐ **(BY FAX)** I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2008, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

/s/ Sherri Gramza
Sherri Gramza

674563                                                     CV 08 0056 WHA

PROOF OF SERVICE