LIUZZI, MURPHY & SOLOMON, LLP
Martin D. Murphy (SBN 164669)
Michael E. Hale (SBN 245378)
101 Montgomery St., 27th Floor
San Francisco, CA, 94104
T: (415) 543-5050
F: (415) 543-3550
martin@lmslaw.com
hale@lmslaw.com

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
Shirley Hochhausen (SBN 145619)
2117(b) University Avenue
East Palo Alto, CA 94303
T: (650) 326-6440
s_hochhausen@hotmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT – SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br>                Plaintiff,<br><br>    v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A.<br><br>AND DOES 1 through 100,<br>                Defendants. | Case No.: 08-00056 WHA<br><br>**JOINT RULE 26(f) REPORT** |

      Having met and conferred, the parties jointly submit this Joint Rule 26(f) Report to the Court as required by FRCP 26(f).

**1.    Rule 26(f) Conference; Counsel:**

---

JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN

1   Pursuant to FRCP 26(f), a meeting was held on March 20, 2008 by teleconference. The
2   meeting was attended by:
3   Michael E. Hale, attorney for plaintiff RICARDO MARCELOS; Simone Katz, attorney for
4   defendants NEW CENTURY TITLE COMPANY ("NEW CENTURY") and VIKI RAAB
5   ("RAAB"); Steve Rood, attorney for defendants PRIMESTAR FINANCIAL SERVICES
6   ("PRIMESTAR") and SHOIAB MAHMUD; David Liu and Jason Goldstein, attorneys for
7   defendant ARGENT MORTGAGE CO. ("ARGENT"); Robert Boone III and Jennifer Jackson,
8   attorneys for defendant COUNTRYWIDE HOME LOANS, INC. ("COUNTRYWIDE").

**2.    Description of Case:**

Plaintiff's claims are as follows: plaintiff alleges violations of the Truth in Lending Act, Real Estate Sales Protection Act, the Fair Housing Act, Equal Credit Opportunity Act, California Civil Code §1632, Fraud, Breach of Fiduciary Duty, Breach of Contract and Unfair Business Practices Act.

Defendants Edwin, Glenda and Lorenzo PARADA have been served but have not answered. Defendants PRIMESTAR and MAHMUD have answered and all other defendants have filed Motions to Dismiss which have been briefed and will be heard on April 10, 2008.

**Argent Mortgage Company, LLC's Statement of the Case:**

Plaintiff allegedly hired defendant Edwin Parada to obtain a refinance loan for Plaintiff's home. At all times as alleged in the complaint, Defendant Edwin Parada was purportedly an independent mortgage broker (or utilized the license of an independent mortgage broker) who was never an employee, agent, independent contractor or any type of representative for Argent. Indeed, there are no allegations that Defendant Edwin Parada ever held himself out to be an Argent representative or agent, although it would not make a legal difference if he did. Defendant Edwin Parada allegedly obtained a refinance loan for Plaintiff in March 2005 and then allegedly absconded with $200,000 of funds from Plaintiff's refinance transaction. As alleged in Paragraph 32 of the Complaint, Plaintiff did not know Argent was involved with the loan through which Defendant Edwin Parada allegedly perpetrated his scheme until over a year later. It appears that Defendant Edwin Parada is the sole culprit in this action.

**Countrywide Home Loans, Inc.'s Statement of the Case:**

This is essentially a dispute between plaintiff Marcelos and his allegedly crooked loan broker, defendant Edwin Parada. Marcelos alleges that in 2005, his loan brokers, defendants Shoaib Nahmud and Primestar Financial Services, with Parada acting as their agent, violated various state and federal statutes (set forth above) and committed fraud in connection with their negotiations of Marcelos' home loan, which was originated by defendant Argent. Specifically, Marcelos alleges that Parada negotiated with him in Spanish; refused to provide him any loan documentation, much less documentation written in Spanish; and represented that Marcelos' refinance loan would have payments only $100 per month higher than his existing loan. In reality, the new loan payments were allegedly $1,000 per month higher and, in addition, Parada allegedly stole $200,000 in loan proceeds from Marcelos.

Marcelos does not allege that Countrywide committed any of the transgressions described in the complaint. Rather, he alleges that Countrywide acquired the loan after his transaction closed. The only other allegation against Countrywide is that when asked by Marcelos' wife to provide copies of Marcelos' loan documentation, Countrywide did so.

In fact, Countrywide acquired only the servicing rights to Marcelos' loan, and those rights were acquired from Goldman Sachs, which obtained the rights from Ameriquest, which in turn obtained the rights from Argent. As an assignee, Countrywide is not liable for claims arising from TILA violations that are not apparent on the face of the disclosure statements. See Brodo v. Bankers Trust Co., 847 F. Supp. 353, 359 (D. Pa. 1994). As such, Countrywide cannot be held liable for any of the acts alleged in the complaint, all of which center around the negotiation and closing of Marcelos' loan transaction.

**3.     Rule 26(a) Initial Disclosures:**

Pursuant to FRCP 26(a)(1), the parties have stipulated to move the deadline for exchanging initial disclosures to April 23, 2008, after the hearing on the pending motions to dismiss.

**4.     Discovery Plan:**

On February 26, 2008, the Court ordered the following:

a. On March 21, 2008, defendants PRIMESTAR, MAHMUD, ARGENT and COUNTRYWIDE were to produce documents pursuant to Judge Alsup's instructions, including, but not limited to, any information regarding defendants ARGENT, PRIMESTAR, MAHMUD, PARADA and COUNTRYWIDE'S past business transactions. This information was timely provided to plaintiff's counsel.

b. On March 28, 2008, plaintiff was to produce to defendants all documents in his possession relating to this action. Plaintiff timely produced documents to counsel for the defendants.

c. During the week of either March 24, 2008 or April 4, 2008, defendant MAHMUD was ordered to be deposed. All parties agreed his deposition will be taken on April 8, 2008 at a time and place to be determined. Notice was waived by Mr. Rood and plaintiff's counsel will send a confirming letter with the time and place of deposition.

d. During the week of March 31, 2008, plaintiff seeks to depose witnesses of defendants COUNTRYWIDE and ARGENT. As of the conference, no documents had yet to be produced and all parties agreed to meet and confer once plaintiff had received and reviewed all documents. It is likely that these depositions will take place the week of April 14, 2008 to permit all parties enough time to determine who should be deposed based on the documents produced.

e. Plaintiff's deposition was to be taken on April 7, 2008. Due to a scheduling conflict, all parties agreed to tentatively move his deposition to April 17, 2008 pending the Court's approval.

f. Defendants NEW CENTURY and RAAB were not specifically mentioned as part of the Court's discovery plan laid out on February 26, 2008, but have nonetheless voluntarily produced to Plaintiff and defendants COUNTRYWIDE and ARGENT the escrow file relating to Plaintiff's property. All parties have agreed that defendant RAAB is, at this time, the only NEW CENTURY witness who will be deposed. The

date, time and place of this deposition will be determined after the hearing on NEW CENTURY and RAAB's Motion to Dismiss on April 10, 2008.

**5.     Subjects of Discovery and Limitations on Discovery:**

The parties do not foresee complications related to discovery and Plaintiff, ARGENT, COUNTRYWIDE, and NEW CENTURY have already produced documents to each other.  No limitations on discovery should be imposed under the Federal Rules of Civil Procedure or the local rules other than those already included therein.

**6.     Settlement Potential:**

All Counsel participated in settlement discussions as required by FRCP 26(f) and local rule.  All parties agreed to private mediation and filed a Stipulation for ADR with the Court.

The only hindrance to complete settlement of this case is that defendants PARADA have failed to answer as of yet.

Dated: April 3, 2008                                   LIUZZI, MURPHY & SOLOMON, LLP

By: */s/ Michael E. Hale*
    Michael E. Hale
    Attorney for Plaintiff

Dated: April 3, 2008                                   BRYAN CAVE, LLP

By: */s/ Robert E. Boone III*
    Robert E. Boone III
    Attorney for defendant
    Countrywide Home Loans, Inc.

Dated: April 3, 2008                                   SHARTSIS FRIESE LLP

By: */s/ Simone M. Katz*
    Simone M. Katz
    Attorney for defendants
    New Century Title Co. and Viki Raab

Dated: April 3, 2008                                   LAW OFFICES OF STEVEN ROOD

By: */s/ Steven J. Rood*
    Steven J. Rood
    Attorney for defendants
    Primestar Financial Services and
    Shoaib Mahmud

---

JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN

1
2  Dated: April 3, 2008                    BUCHALTER NEMER
3                                   By: */s/ David M. Liu*
4                                        David M. Liu
                                         Attorney for defendant
5                                        Argent Mortgage Co.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN

## **ECF CERTIFICATION**

I, SIMONE M. KATZ, am the ECF User whose identification and password are being used to file this JOINT RULE 26(f) REPORT. In compliance with General Order 45.X.B, I hereby attest that Michael E. Hale, Robert E. Boone III, Steven J. Rood and David M. Liu have concurred in this filing.

Dated: April 3, 2008                                                            SHARTSIS FRIESE LLP

                                                                                By: */s/ Simone M. Katz*
                                                                                       Simone M. Katz
                                                                                       Attorney for defendants
                                                                                       New Century Title Co. and Viki Raab

5982\004\NBIGLEY\1503039.1