United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICARDO MARCELOS,

    Plaintiff,

v.

EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, VIKI RAAB, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., and DOES 1 through 100,

    Defendants.

No. C 08-00056 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

**INTRODUCTION**

This action arises out of the sub-prime lending crisis. Defendants Countrywide Home Loans, Argent Mortgage Company, New Century Title Company, and Viki Raab move to dismiss all claims against them. This order holds that certain claims are time-barred and therefore **DISMISSED WITHOUT LEAVE TO AMEND**: the claim for statutory damages under the Truth in Lending Act ("TILA"), the claim under the Real Estate Settlement Procedures Act ("RESPA"), the claim under the Fair Housing Act, and the claim under the Equal Credit Opportunity Act. This order holds that certain claims were not pled with sufficient specificity and are hereby **DISMISSED WITH LEAVE TO AMEND**: the claim under TILA against Raab,

the claim under California Civil Code Section 1632 against New Century Title and Raab, the claim for fraud and deceit, the claim for rescission and restitution, the claims for breach of fiduciary duty and breach of contract against Viki Raab, the claim under California Business & Professions Code Section 17200, and the claim for punitive damages. This order holds that all other claims were sufficiently pled and the motions to dismiss are hereby **DENIED**.

## STATEMENT

For the purpose of this motion, all well-pled material allegations of the complaint are taken as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). Plaintiff Ricardo Marcelos filed this action on January 4, 2008, to prevent the foreclosure of his family home on Folsom Street in San Francisco, and to reclaim monies owed to him by defendants as a result of a home-refinance loan. Plaintiff generally alleges that he was deceived by mortgage broker Edwin Parada into taking out a loan on his Folsom Street home by negotiating in Spanish but requiring plaintiff to sign loan documents in English only, thereby concealing key terms of the loan. Countrywide Home Loans is the current holder of the loan.

Plaintiff purchased the home on Folsom Street on December 15, 1994, as a joint tenant, and became the sole owner on March 5, 2002. In February 2005, defendant Edwin Parada, one alleged villain of the piece, contacted plaintiff at his home, and, speaking in Spanish, introduced himself as a real estate agent and asked plaintiff if he wished to refinance his home. Plaintiff said no. Edwin Parada pursued plaintiff with multiple phone calls and unannounced visits. Plaintiff informed Edwin Parada that he could not afford a bigger mortgage and did not want to raise his debt. Edwin Parada, however, eventually persuaded plaintiff to open a line of credit to purchase a second home by showing on his laptop that the Folsom Street home was valued at $800,000 and by informing plaintiff that a line of credit would not increase his mortgage payments by more than $100 per month. All conversations were conducted in Spanish (Compl. ¶¶ 25–30).

Edwin Parada later brought his brother, defendant Lorenzo Parada, to the Folsom Street home. Speaking in Spanish, Lorenzo assured plaintiff that a second home was a good idea and that he would take plaintiff to view potential new homes. Plaintiff gave them documents

2

indicating that his monthly income was $4,200 with only $2,000 in savings. Edwin Parada told plaintiff that his income would not be a problem, and that Edwin would take care of any problems (*id*. at 31–32).

In Spring 2005, Lorenzo Parada met plaintiff to sign the documents at a Starbucks coffee shop in Hayward, California. Edwin Parada was not present. Lorenzo presented plaintiff with a set of documents in English and directed him where to sign. Plaintiff signed the documents and was not given any copies. These documents turned out later to be refinance papers with defendant Argent Mortgage Company, not documents to open a line of credit. Within these documents, the HUD-1 disclosure settlement costs authorized a disbursement of $200,000 to Edwin Parada (*id*. at ¶ 32).

Lorenzo Parada took plaintiff to see numerous homes in Hayward and San Francisco, and plaintiff was finally persuaded to purchase a home on Girard Street in San Francisco. The apparent purpose of purchasing a second home was to acquire a larger home for his family to live in and to rent out the smaller Folsom Street home. On May 27, 2005, plaintiff met Edwin Parada and defendant Viki Raab, a notary public in Alameda County, at Starbucks to sign the purchase documents for the Girard Street property. Plaintiff signed these documents, which were in English, in Raab's presence and at her direction while Edwin Parada was away from the table. Plaintiff did not receive any copies of the documents, and was told he would receive copies in the mail (*id*. at ¶¶ 33–34).

In October 2005, plaintiff received a bill on the Folsom Street home for $3,200 per month — $1,000 more per month than he had previously been paying. The loan has now since readjusted upward and the payments are $4,400 per month. Also in October 2005, plaintiff approached Edwin Parada at his office and questioned him about the increased payments. It is unclear from plaintiff's allegations whether and how Edwin explained the increases. At the meeting, Edwin also informed plaintiff that a sum of $200,000 in funds from the Folsom Street property transaction, originally intended as a down payment on the Girard Street property, was instead being held by Edwin. Edwin said plaintiff could have the funds at any time, and the parties agreed that Edwin would pay plaintiff $3,000 per month in interest until Edwin could

pay the full amount. Edwin made only two or three such payments and then stopped (*id*. at ¶¶ 35–36).

A few months later, plaintiff requested the full amount of $200,000 from Edwin Parada. Plaintiff was unable to get a hold of him until August 2006, whereupon he wrote plaintiff a bad check for $10,000. In November 2006, plaintiff and his wife finally met with Edwin in his office, where he agreed to pay the remainder in three installments over the next twelve months. No further payments were made. Edwin Parada made more promises to repay plaintiff in January 2007 and thereafter, but made no payments. In or around January 2007, plaintiff received a notice of foreclosure on the Girard Street home. That property was sold at a foreclosure sale on June 6, 2007. Plaintiff's family was at that time living in the Girard Street home while renting out the Folsom Street home. As of September 2007, plaintiff's family moved back into the Folsom Street home (*id*. at ¶¶ 37–42).

Previously, in December 2006, having never received any loan documents from Edwin Parada, plaintiff requested such documents from defendant Countrywide and received "some of the loan documents" for the Folsom Street home, all in English (*id*. at ¶¶ 27, 39). Countrywide is purportedly the successor-in-interest to and/or assumed all rights, remedies, and liabilities of Argent Mortgage Company, the company with which defendant Edwin Parada refinanced plaintiff's Folsom Street home (*id*. at ¶ 15).

New Century Title Company entered into a contract with Argent and plaintiff to serve as escrow agent (*id*. at ¶ 82).

Defendants Countrywide, Argent, New Century Title, and Viki Raab now move to dismiss the claims against them.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d at 340. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

4

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).[1]

### 1.  SUFFICIENCY OF THE ALLEGATIONS.

Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the entire complaint on the basis that it is so sweeping and generally insufficient in its factual allegations against defendants. New Century Title and Raab argue specifically that the complaint fails the pleading requirements of FRCP 8(a). Notwithstanding the specific holdings for each claim, this order finds that, with respect to the complaint as a whole, the allegations therein are sufficiently specific to withstand a motion to dismiss.

### 2.  FAILURE TO STATE A CLAIM.

Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss all claims against them for failure to state a claim.

#### A.  TILA and Regulation Z Violations.

Plaintiff asserts claims under TILA against defendants Countrywide, Argent, and Viki Raab. These defendants each move to dismiss such claims as barred by the statute of limitations. Defendant Raab moves to dismiss the claim on the separate ground that she is not a creditor under TILA. Defendant Countrywide moves to dismiss the claim on the further ground that plaintiff has failed to state a claim to a right to rescind and also that plaintiff failed to state a claim against Countrywide as an assignee.

##### *(1)  Defendant Raab: Not A Creditor Under TILA.*

Defendant Raab moves to dismiss any TILA claims against her because she is not a "creditor" within the meaning of TILA. 15 U.S.C. 1602(f). Plaintiff does not address this argument in his opposition and plaintiff's counsel conceded at the hearing that defendant Raab should be dismissed with respect to this claim. This order thus dismisses claims under TILA against defendant Raab.

---

[1] Unless indicated otherwise, all decisions cited in this order omit internal citations.

5

### *(2) The Claim for Rescission of the Loan Transaction.*

Plaintiff asserts a claim for rescission of the loan transaction and defendants' security interest in his home on the basis of TILA violations.

#### (a) The Rescission Claim Is Not Time-Barred.

Plaintiff alleges he did not receive material disclosures in violation of TILA, including notice of his three-day right to rescind the loan transaction (Compl. ¶ 46–47). The statute of limitations for rescission claims under TILA is three years. 15 U.S.C. 1635(f). The statute of limitations typically runs from the date of the consummation of the loan. The loan was consummated on or about March 29, 2005 (Opp. 4) and was rescinded on December 31, 2007 (Compl. ¶ 49). This action was filed on January 4, 2008, within the three-year statute of limitations. Plaintiff's claim for rescission under TILA is thus not time-barred.

#### (b) Right to Rescind.

Defendant Countrywide argues that plaintiff has failed to state a claim for a right to rescind under 15 U.S.C. 1635 because he has not alleged that he tendered the loan proceeds to Countrywide. Plaintiff has alleged grounds for rescission based on defendants' alleged TILA violations, and sent a letter of notification of rescission to Countrywide on December 31, 2007 (Compl. ¶¶ 3, 39). Contrary to Countrywide's assertions, plaintiff nowhere contends that such notice automatically and unilaterally rescinded the loan and voided Countrywide's security interest in it. This order finds that plaintiff has stated sufficient facts to claim rescission of the loan on this motion to dismiss. However, as the Court has stated, rescission means plaintiff must eventually give the loan proceeds back, but we can address the specific form of rescission at a later time.

### *(3) The Claim for Statutory Damages Is Time-Barred.*

In addition to his claim for rescission of the loan contract, plaintiff also asserts a claim for statutory damages under TILA. Plaintiff concedes that the statute of limitations for statutory damages under TILA is one year pursuant to 15 U.S.C. 1640(e), but nonetheless argues that the statute of limitations should be equitably tolled. Plaintiff argues that, because defendants

6

1  withheld documents and failed to provide translations thereof, he was unable to seek timely
2  redress.

3         The statute of limitations under TILA for statutory damages may be equitably tolled.
4  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling is appropriate where,
5  despite due diligence, a plaintiff does not have reasonable opportunity to discover the existence
6  of possible claims within the limitations period. *Santa Maria v. Pacific Bell*, 202 F.3d 1170,
7  1178 (9th Cir. 2000). Contrary to defendant Countrywide's arguments that a showing of
8  defendants' active concealment is required, equitable tolling does not depend on the wrongful
9  conduct of the defendant, but rather whether the plaintiff's delay was excusable.
10 Countrywide confuses equitable tolling with equitable estoppel, which requires a showing of
11 wrongful conduct on the part of the defendant. *Ibid*.

12        Plaintiff alleges in the complaint that in October 2005, he received a bill on the Folsom
13 Street property for "$1,000.00 more per month than he had previously been paying . . . even
14 though he had been told by defendant Edwin Parada that his mortgage payments on the Folsom
15 Street property would not increase by more than $100.00" (Compl. ¶ 35). Also in October
16 2005, plaintiff alleges he approached Edwin Parada at his office and questioned him about the
17 increased payments, thus indicating that he understood the contents of the bill and realized that
18 his mortgage payments were increased more than originally agreed to (*id*. at ¶ 36). At the same
19 meeting, Edwin informed plaintiff that a sum of $200,000 in funds from the Folsom Street
20 property transaction was being held by Edwin (*ibid*.). As shown by the allegations in the
21 complaint, plaintiff was put on notice in October 2005 that (i) his Folsom Street home mortgage
22 payments had been increased more than originally negotiated, and (ii) Edwin Parada was in
23 possession of $200,000 from the Folsom Street transaction. Thus, the statute of limitations
24 started running in October 2005 at the latest for any claim for which either of these facts would
25 put a reasonable person on notice of potential claims.

26        The alleged TILA violations include failing to include certain charges in finance charge
27 disclosure, improperly calculating the annual percentage rate ("APR"), including a prohibited
28 prepayment penalty, and extending credit without considering plaintiff's ability to repay the

7

loan. Higher than expected mortgage bills, together with an amount of $200,000 taken from the loan transaction, would put a reasonable person on notice of claims relating to the amount and terms of the loan agreement, including the finance charge, the APR, and other charges. Additionally, the amount of the mortgage bill would put a reasonable person on notice that the lender may not have taken into account one's income and other factors relating to ability to repay the loan.

For the above-stated reasons, this order finds that, even if equitable tolling is appropriate in this case, plaintiff was put on notice of potential TILA violations in October 2005. The statute of limitations thus started running at this time at the latest, and the one-year statute of limitations for statutory damages claims ran in October 2006. This action being filed on January 4, 2008, plaintiff's claims for statutory damages under TILA are hereby dismissed as time-barred without leave to amend.

### *(4)   Defendant Countrywide: Assignee Liability.*

Defendant Countrywide argues that an assignee is only liable if violations of TILA are apparent on the face of the disclosure statement pursuant to 15 U.S.C. 1641(a), and that plaintiff has failed to state particulars as to how Countrywide violated the TILA. Plaintiff has, however, alleged that Countrywide was a successor-in-interest to the Argent loan (Compl. ¶ 15), and noted that the loan documents indicated a broker disbursement of $200,000, a "highly unusual circumstance" (Opp. 5). The right to rescind is available against "any assignee." 15 U.S.C. 1641(c). The decision as to whether a violation was apparent on the face of the disclosure statement is a question of fact to be determined at a later time. Because plaintiff has alleged that the loan documents indicated violations and that Countrywide was a successor-in-interest to the loan, this order finds that plaintiff has pled sufficient facts to assert a right to rescind against defendant Countrywide as assignee.

### **B.   RESPA Violations.**

Defendant argue that plaintiff's second claim under RESPA should be dismissed because any such claim is barred by the one-year statute of limitations, and further that plaintiff

has failed to state a claim under Section 5 of RESPA because it does not provide for private actions.

### *(1)  Statute of Limitations for Section 8 Claims.*

Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss the second claim for violations of Section 8 of the Real Estate Sales Protection Act (RESPA) because the claim is time-barred by the one-year statute of limitations pursuant to 12 U.S.C. 2614. Plaintiff concedes that the statute of limitations is one year, but again argues that the statute of limitations should be equitably tolled.

### **(a)  Availability of Equitable Tolling Under RESPA.**

The Ninth Circuit has not addressed the question of whether equitable tolling is available under RESPA. Of the three courts in this district to address this question, two held that equitable tolling was available and the third declined to reach the question.[2]

Absent a clear indication to the contrary, equitable tolling should be read into every federal statute. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396–97 (1946). Two appellate decisions have addressed whether the statute of limitations in RESPA is subject to equitable tolling with two different results. The D.C. Circuit in *Hardin v. City Title & Escrow Company*, 797 F.2d 1037, 1040–41 (D.C. Cir. 1986), held that the statute of limitations was not subject to equitable tolling. The statute of limitations was in the same section, 12 U.S.C. 2614, that established jurisdiction for RESPA claims, evincing Congress' intent that the statute of limitations was jurisdictional. The decision also pointed out that 12 U.S.C. 2614 was "identical in all material respects" to 15 U.S.C. 1640(e), the statute of limitations under TILA. *Id*. at 1039. The statute of limitations under TILA had been held to be jurisdictional by some circuits. By analogy, so too was the statute of limitations for RESPA.

The Seventh Circuit disagreed in *Lawyers Title Insurance Corporation v. Dearborn Title Corporation*, 118 F.3d 1157, 1166–67 (7th Cir. 1997), and held otherwise. That decision first noted that the majority of statutes of limitations are not considered jurisdictional. *Id*. at

---

[2] *See Kay v. Wells Fargo & Co. N.A.*, 2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 24, 2007) (Alsup, J.); *Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1106 (W.D. Wash. 2007) (Robart, J.); *Bloom v. Martin*, 865 F. Supp. 1377, 1386–87 (N.D. Cal. 1994) (Armstrong, J.).

9

1166. While discussing *Hardin*, it noted "[o]f particular relevance are the decisions which hold that the statute of limitations in the Truth in Lending Act is *not* jurisdictional even though the limitations period is found in the same section as the provision conferring jurisdiction on the federal courts to enforce the Act." *Ibid* (emphasis added). Those included a decision from the Ninth Circuit, *King v. California,* 784 F.2d at 914–15, which held that TILA claims are subject to equitable tolling. Particularly since *Lawyers Title* rested its holding on Ninth Circuit precedent, this order finds the Seventh Circuit's logic more apt. Furthermore, a number of district courts have held that RESPA's statute of limitations is subject to equitable tolling.[3] Accordingly, equitable tolling is available for RESPA claims.

### (b) Adequacy of Plaintiff's Allegations for Application of Equitable Tolling.

Plaintiff alleges defendants violated Section 8 of RESPA by "failing to make and provide the required disclosure, by taking kickbacks and unearned fees, and by making and collecting prohibited charges" (Compl. ¶ 54). As discussed for plaintiff's TILA claims above, if either the increases in the Folsom Street mortgage payments or Edwin Parada's possession of $200,000 from the transaction would put a reasonable person on notice of potential claims, the statute of limitations started running at the latest in October 2005, the time plaintiff learned of these facts. Upon finding out that one's broker was in possession of $200,000 from a loan transaction, originally intended for a down payment on another property, a reasonable person would be put on notice that there were possibly kickbacks or unearned fees taken, or other prohibited charges made during the loan transaction. A reasonable person would have inquired. As a further matter, plaintiff also fails to allege what other kickbacks, unearned fees, or other prohibited charges defendants allegedly took or made. This order thus finds that plaintiff has failed to allege facts sufficient to toll the statute of limitations beyond October 2005. The statute of limitations for plaintiff's RESPA Section 8 claim thus ran in October 2006 at the

---

[3] *See, e.g., Mullinax v. Radian Guar., Inc.*, 199 F. Supp. 2d 311, 328 (M.D. N.C. 2002) (Beaty, J.); *Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 793–96 (D. Md. 1998) (Blake, J.); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284, 1286–89 (S.D. N.Y. 1998) (Leisure, J.); *contra Zaremski v. Keystone Title Assocs., Inc.*, 884 F.2d 1391, slip op. at *2 (4th Cir. 1989).

latest. This action was filed on January 4, 2008. Plaintiff's RESPA Section 8 claim is thus time-barred and dismissed without leave to amend.

### *(2)   Claim Pursuant to RESPA Section 5.*

Defendants argue that plaintiff attempts to make a claim under Section 5 of RESPA by alleging defendants "fail[ed] to make and provide the required disclosure" (Compl. ¶ 54), and that such claim should be dismissed because Section 5 does not provide for private actions. Plaintiff does not specifically assert a claim under 12 U.S.C. 2604 in his complaint, nor does he counter defendants' arguments in his pleadings. This order finds that, to the extent that any claim has been asserted under Section 5 of RESPA, it is hereby dismissed without leave to amend.

### C.   Violations of the Fair Housing Act.

This order finds that plaintiff's claim for violations of the Fair Housing Act, 42 U.S.C. 3605, is barred by the two-year statute of limitations pursuant to 42 U.S.C. 3613(a)(1). Plaintiff signed the loan documents on or about March 29, 2005, and this action was filed on January 4, 2008, over two and a half years later (Opp. 4). Plaintiff does not argue otherwise in his opposition. This order thus dismisses plaintiff's third claim for violations of the Fair Housing Act without leave to amend.

### D.   Violations of the Equal Credit Opportunity Act.

This order finds that plaintiff's claim for violations of the Equal Credit Opportunity Act, 42 U.S.C. 1691, is barred by the two-year statute of limitations pursuant to 42 U.S.C. 1691e(f). Plaintiff does not argue otherwise in his opposition, but rather requests leave to amend the claim (Opp. 9). Dismissal without leave to amend is not appropriate where, as here, amendment would be futile. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002). No amendment could change the fact that the statute of limitations has run. This order thus dismisses plaintiff's fourth claim for violations of the Equal Credit Opportunity Act without leave to amend.

11

### E. Violations of California Civil Code Section 1632.

Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss the claim under California Civil Code Section 1632 because it does not apply to the loan at issue and/or sufficient facts have not been alleged against them.

#### *(1) Section 1632 Applies to the Loan at Issue.*

While Section 1632(a)(1) generally excludes loans secured by real property, Section 1632(b)(4) identifies transactions specifically covered by the statute: "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code. . . ." Cal. Civ. Code 1632. Section 10240 of the California Business and Professions code in turn applies to certain loans secured by real property that are negotiated by a real estate broker. Cal. Bus. & Prof. Code 10240. Section 1632 thus applies to the loan at issue.[4]

#### *(2) Sufficient Allegations.*

Defendants Countrywide, Argent, New Century Title, and Viki Raab contend that plaintiff has not alleged sufficient facts for a claim under Section 1632.

##### **(a) Defendants New Century Title and Viki Raab.**

Defendants New Century Title and Viki Raab argue that plaintiff fails to allege that, as the escrow company and officer, they were brokers within the definition of Section 1632. Plaintiff does not argue otherwise in his opposition, and fails to cite any law extending the broker's duty under Section 1632 to the escrow holder. Claims for violations of Section 1632 against New Century Title and Viki Raab are hereby dismissed with leave to amend.

##### **(b) Defendants Countrywide and Argent.**

Countrywide argues that plaintiff fails to allege that it negotiated the loan at all, much less in Spanish, and therefore Section 1632 does not apply to it. Argent argues for the first time

---

[4] *See also Ruiz v. Decision One Mortgage Co., LLC*, 2006 U.S. Dist. LEXIS 54571 (N.D. Cal. July 25, 2006); *Munoz v. Int'l Home Capital Corp.*, 2004 U.S. Dist. LEXIS 26362 (N.D. Cal. May 4, 2004).

12

1  in its reply brief that plaintiff has not alleged that it is was a loan broker for this transaction,
2  and therefore Section 1632 likewise does not apply to it.
3      Plaintiff has alleged that the Paradas negotiated with plaintiff primarily in Spanish and
4  subsequently failed to provide a copy of the loan agreement in Spanish (Compl. ¶¶ 25–43).
5  Plaintiff further alleges agency relationships between all defendants (*id*. at ¶¶ 22–23).
6      Plaintiff's specific allegations of violation of Section 1632 by the Paradas, together with
7  allegations of agency relationships between the Paradas, Countrywide, and Argent,
8  are sufficient to withstand defendants' motions to dismiss. *See Munoz v. Int'l Home Capital*
9  *Corp.*, 2004 U.S. Dist. LEXIS 26362 at *27 (holding that a "boilerplate allegation of agency"
10  was sufficient to maintain a claim against a mortgage lender on a motion to dismiss).
11  Plaintiff alleges Argent was the mortgage company for the transaction, while Countrywide was
12  the successor-in-interest to Argent's rights under the loan.  This order finds that extending the
13  duties of the broker under Section 1632 to Argent and Countrywide is appropriate, at least for
14  purposes of a motion to dismiss.
15      At the hearing, counsel for both sides indicated that the deposition of defendant Shoaib
16  Mahmud revealed that Mahmud, and not Edwin Parada, was in fact the loan broker for this
17  transaction.  Plaintiff's counsel are thus reminded of their duties under Rule 11 to have support
18  for any factual allegations upon filing any amended complaint.  This order thus finds that claims
19  for violations of California Civil Code Section 1632 against Countrywide and Argent are not
20  dismissed at this time.
21          **F.    Fraud and Deceit.**
22      Defendants Countrywide, Argent, Viki Raab, and New Century Title contend that
23  plaintiff has not stated a claim for fraud with sufficient particularity as required by FRCP 9(b).
24  Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting
25  fraud or mistake shall be stated with particularity."  What this means is that allegations of fraud
26  must be "specific enough to give defendants notice of the particular misconduct which is
27  alleged to constitute the fraud charged so that they can defend against the charge and not just
28  deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.

13

1993). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 671–72. For fraud claims involving multiple defendants, the plaintiff must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal brackets omitted).

Plaintiff alleges that the Paradas made false representations (Compl. ¶¶ 25–43). With respect to defendant Viki Raab, it is alleged that plaintiff signed documents for the Girard Street property in English "in her presence and at her direction" on May 27, 2005 (*id.* at ¶ 34). Plaintiff further alleges agency relationships between all defendants (*id.* at ¶¶ 22–23).

It is not enough for plaintiff to allege that Countrywide, Argent, Viki Raab, and New Century Title are responsible for the Paradas' acts without identifying their specific roles in the fraudulent scheme so that they may defend against the charge. *See Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 606 (N.D. Cal. 2007); *Swartz v. KPMG LLP*, 476 F.3d at 765. With respect to defendant Viki Raab, it is insufficient to merely allege that she was present at the closing for a *different* property without any allegations of particular misconduct on her part. This order thus finds that plaintiff has not pled fraud against Countrywide, Argent, Viki Raab, or New Century Title with sufficient particularity pursuant to Rule 9(b). Accordingly, the claim for fraud and deceit is dismissed with leave to amend with respect to defendants Countrywide, Argent, Viki Raab, and New Century Title.

### G. Breach of Fiduciary Duty and Breach of Contract.

Defendants New Century Title and Viki Raab move to dismiss the claims for breach of fiduciary duty and breach of contract on the ground that they had no duty to plaintiff to deliver the loan documents to him, and also that they in fact delivered such documents to plaintiff.

Plaintiff alleges that New Century Title entered into a contract with Argent and plaintiff to perform the duties of escrow agent for closing the subject loan, and breached that contract by failing to comply with the escrow instructions requiring delivery of two copies of the rescission notice to plaintiff (Compl. ¶ 82). Plaintiff's only allegations with respect to Raab are that she

1  was a notary public in the County of Alameda, was involved in the transactions, and was
2  present at the Girard Street property closing (*id*. at ¶¶ 14, 34).  At the hearing, plaintiff's
3  counsel asserted the following new facts:  New Century Title and its employee Viki Raab
4  entered into a contract to perform duties as escrow company and officer for the Folsom Street
5  property but never conducted a face to face meeting to close escrow.  Defense counsel for New
6  Century Title and Viki Raab stated that such allegations were factually incorrect and that Raab
7  recalls meeting plaintiff in her office.

8        Although generally the scope of review on a motion to dismiss is limited to the
9  allegations in the complaint, evidence on which the complaint "necessarily relies" may be
10  considered if: "(1) the complaint refers to the document; (2) the document is central to the
11  plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)
12  motion."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Plaintiff's allegations as to
13  New Century Title refer to the escrow instructions, the alleged breach of which is central to
14  plaintiff's claim.  Plaintiff did not attach the escrow instructions to the complaint, and so
15  New Century Title has provided a copy (Grossman Decl. Exh. A).  Plaintiff does not question
16  the authenticity of the document in his opposition.  The escrow instructions provided by
17  New Century Title do in fact require that each borrower and person having an ownership
18  interest in the collateral property receive two copies of the rescission notice, albeit in slightly
19  different language than alleged in the complaint (*id.* at 1).  Defendants argue, however, that
20  because the escrow instructions were from "Argent Mortgage Company," and not from plaintiff,
21  New Century Title and Viki Raab as escrow company and officer owed no duty to plaintiff to
22  fulfill these instructions.  None of the cases cited by defendants supports the proposition that the
23  escrow company owes a duty only to the *provider* of the instructions to follow such
24  instructions.  The cases cited merely support the proposition that the duties of the escrow holder
25  are "limited to the obligation of the escrow holder to carry out the instructions of each of the
26  parties to the escrow" and that if "the escrow holder fails to carry out an instruction it has
27  contracted to perform, the injured party has a cause of action for breach of contract."
28  *Summit Fin. Holdings v. Cont'l Lawyers Title Co.*, 27 Cal. 4th 705, 711 (2002).  Plaintiff has

15

thus sufficiently pled claims for breach of fiduciary duty and breach of contract against New Century Title with the following allegations: (i) New Century Title was the escrow holder; (ii) the escrow instructions required that two copies of the rescission notice be sent to plaintiff; and (iii) plaintiff never received such documents.

Defendants also argue that plaintiff's signature on the rescission notice negates plaintiff's claim that he did not receive the documents (Grossman Decl. Exh. B). Such evidence does not defeat plaintiff's claim on a motion to dismiss, especially in light of plaintiff's allegations that his primary language is Spanish and thus the crux of this case rests on his inability to understand the documents he signed. Such evidentiary arguments should be made at a later time.

This order finds that plaintiff has sufficiently pled claims for breach of fiduciary duty and breach of contract against New Century Title. There are no allegations in the complaint that Viki Raab was the escrow officer, or that she entered into a contract with plaintiff. Accordingly, the claims for breach of fiduciary duty and breach of contract against Viki Raab are hereby dismissed with leave to amend. Plaintiff's counsel are reminded, however, of their duty to comply with the requirements of Rule 11 that all factual allegations must have support.

### H. Rescission and Restitution.

Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the claim for rescission and restitution on the ground that it is not a claim for relief, but rather a remedy. Defendants are correct, and plaintiff does not contend otherwise in his opposition. Accordingly, the claim for rescission and restitution is dismissed with leave to amend with respect to defendants Countrywide, Argent, New Century Title, and Raab.

### I. Violations of Section 17200.

Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the claim for violations of Section 17200. Under Section 17200, the plaintiff must assert an "unlawful, unfair or fraudulent business act or practice." Thus, Section 17200 establishes three alternative theories for finding illegal conduct: (1) unlawful, (2) unfair and deceptive, or (3) fraudulent. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th

16

1  163, 180 (1999). Since Section 17200 is written in the disjunctive, the plaintiff need allege only
2  one of the three theories to properly plead a claim. Here, plaintiff alleges that defendants'
3  practices violated all three prongs of the statute (Compl. ¶¶ 102–110). Plaintiff presents
4  arguments for only the unlawful and fraudulent prongs.

### *(1)    Fraudulent.*

6  Section 17200 claims that are grounded in fraud must satisfy the particularity
7  requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)
8  (applying Rule 9(b)'s pleading requirements for claims based in fraud to a Section 17200
9  claim). Accordingly, plaintiffs must identify with particularity the statements or omissions that
10 were made. For the reasons stated above with respect to plaintiff's fraud and deceit claim,
11 plaintiff has not met the particularity requirements of Rule 9(b), and thus plaintiff has failed to
12 meet the pleading requirements for the fraudulent prong under Section 17200.

### *(2)    Unlawful.*

14 Plaintiff fails to allege the predicate for the unlawful prong of Section 17200 in his
15 complaint, except for a catchall "in violation of federal and state law." Plaintiff must allege the
16 specific laws violated by defendants.

17 This order hereby dismisses plaintiff's Section 17200 claim with leave to amend.

### 3.   PUNITIVE DAMAGES.

19 Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss
20 plaintiff's claim for punitive damages. For an award of punitive damages, plaintiff must prove
21 oppression, fraud, or malice on the part of defendants. Cal. Civ. Code 3294. Plaintiff has not
22 pled with sufficient particularity any allegations of oppression, fraud or malice, and does not
23 argue otherwise in his opposition. Accordingly, plaintiff's claim for punitive damages is
24 dismissed with leave to amend with respect to defendants Countrywide, Argent, New Century
25 Title, and Raab.

### 4.   MORE DEFINITE STATEMENT.

27 Defendant also moves for a more definite statement. Under Rule 12(e), "[i]f a pleading
28 to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

17

reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." For the reasons discussed above, this order finds that the sustained portions of the complaint are not so vague or ambiguous that defendants cannot reasonably frame a response, and accordingly holds that plaintiff is not required to file a more definite complaint.

## CONCLUSION

For all of the above-stated reasons, defendants' motions to dismiss are **GRANTED IN PART AND DENIED IN PART**. This order holds that certain claims are time-barred and therefore **DISMISSED WITHOUT LEAVE TO AMEND**: the claim for statutory damages under TILA, the claim under RESPA, the claim under the Fair Housing Act, and the claim under the Equal Credit Opportunity Act. This order holds that certain claims were not pled with sufficient specificity and are hereby **DISMISSED WITH LEAVE TO AMEND**: the claim under TILA against Raab, the claim under California Civil Code Section 1632 against New Century Title and Raab, the claim for fraud and deceit, the claim for rescission and restitution, the claims for breach of fiduciary duty and breach of contract against Viki Raab, the claim under California Business & Professions Code Section 17200, and the claim for punitive damages. This order holds that all other claims were sufficiently pled and the motions to dismiss are hereby **DENIED**. Any amended complaint must be filed by **MAY 12, 2008, AT NOON**. Plaintiff should plead his best case inasmuch as further leave to amend is unlikely. Defendants must respond to any amended complaint by **MAY 22, 2008**.

**IT IS SO ORDERED.**

Dated: April 21, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE