1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  Michael E. Hale (SBN 245378)
   101 Montgomery St., 27th Floor
3  San Francisco, CA, 94104
4  T: (415) 543-5050
   F: (415) 543-3550
5  martin@lmslaw.com
   hale@lmslaw.com
6
7  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
8  2117(b) University Avenue
   East Palo Alto, CA 94303
9  T: (650) 326-6440
   s_hochhausen@hotmail.com
10
11 Attorneys for Plaintiff

12 [Other Counsel Listed Below]

13                    UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT – SAN FRANCISCO DIVISION

15 RICARDO MARCELOS,                    ) Case No.: 08-00056 WHA
                        Plaintiff,      )
16                                      ) **JOINT CASE MANAGEMENT**
          v.                            ) **STATEMENT**
17                                      )
   EDWIN MAURICIO PARADA                )
18 DOMINGUEZ, GLENDA PARADA,            ) Date of CMC: May 1, 2008
   LORENZO PARADA, VIKI RAAB,           ) Time: 11:00 a.m.
19 COUNTRYWIDE HOME LOANS, ARGENT       ) Place: Courtroom 19, 450 Golden Gate
   MORTGAGE COMPANY, LLC,               ) Judge: Honorable William H. Alsup
20 PRIMESTAR FINANCIAL SERVICES,        )
21 SHOAIB MAHMUD, FINANCIAL TITLE       )
   COMPANY, NEW CENTURY TITLE           )
22 COMPANY, RECONTRUST COMPANY,         )
23 N.A.                                 )
                                        )
24 AND DOES 1 through 100,              )
                        Defendants.     )
25                                      )

26

27       Pursuant to Local Rule 16-9, Plaintiff RICARDO MARCELOS ("PLAINTIFF") and

28 defendants COUNTRYWIDE HOME LOANS ("COUNTRYWIDE"), ARGENT MORTGAGE

---
1
JOINT CASE MANAGEMENT STATEMENT

COMPANY ("ARGENT"), PRIMESTAR FINANCIAL SERVICES ("PRIMESTAR"), SHOAIB MAHMUD, NEW CENTURY TITLE COMPANY ("NEW CENTURY") and VIKI RAAB ("RAAB") hereby jointly present their case management statement.

1. **Jurisdiction and Service**

   A.  <u>Subject Matter Jurisdiction</u>: Plaintiff states that subject matter jurisdiction is based on the federal statutory claims brought by plaintiff alleging violations of the Truth in Lending Act ("TILA"), Real Estate Sales Protection Act ("RESPA"), Fair Housing Act ("FHA") and Equal Credit and Opportunity Act ("ECOA").

   B.  <u>Service</u>: All parties have been served, including Mr. Edwin Parada, for whom an affidavit of personal service was filed on April 15, 2008.

2. **Facts**

   A.  <u>Brief Chronology</u>:

PLAINTIFF STATES:

Mr. Marcelos, a hard-working father of two who is of Mexican descent and who speaks limited English, was preyed upon by Edwin Parada, a mortgage salesman who operated under the Department of Real Estate license of Primestar Financial Services and Shoaib Mahmud. With the help of his family members, defendants Lorenzo and Glenda Parada, Edwin Parada lured Mr. Marcelos into refinancing his home. They negotiated in Spanish but defendant Parada gave Mr. Marcelos documents to sign in English so that he could more easily misrepresent the terms of the loan. He also failed give Mr. Marcelos any loan documents in English or in Spanish and then stole $200,000.00 in loan proceeds that were supposed to be used as a down-payment for an investment property.

Argent was the loan originator and pursuant to TILA was obligated to deliver mandatory consumer disclosures to Mr. Marcelos. Argent relied on their closing agents, New Century Title Company and its then employee, Viki Raab, to deliver the disclosures and they, too, allegedly failed to do so. Argent is also liable for violation of California Civil Code §1632 which mandates written translations when a contract is negotiated in Spanish.

After the loan documents were executed, Argent sold the loan to Countrywide who, upon

purchasing the loan, became liable, under TILA for Argent's conduct and violation of TILA.

NEW CENTURY AND RAAB STATE:

This case involves a dispute between Plaintiff, on the one hand, and his realtor and mortgage broker, Edwin Parada, on the other hand, over Parada's alleged theft of $200,000 belonging to Plaintiff. New Century, the escrow company, and Raab, the escrow officer and New Century's former employee, on the Folsom Street refinance transaction were simply following the escrow instructions (including instructions from Plaintiff) to disburse the $200,000 to Parada. As to Plaintiff's claim that he did not receive the necessary loan documents (e.g., the notice of right to cancel), his recent testimony at his deposition has revealed that he is confused and cannot remember whether or not he received the loan documents. Further, Raab's custom and practice was to deliver at least two copies of the notice of right to cancel to all borrowers. Plaintiff signed the notice of right to cancel acknowledging that he received two copies of the notice of right to cancel and evidencing that he was shown at least one copy of the notice. Thus, Plaintiff's allegations that he did not receive two copies of the notice of right to cancel are contradicted by the signed acknowledgement as well as his testimony that he cannot recall whether or not he received the copies. In addition, Plaintiff does not have valid breach of contract or breach of fiduciary duty claims based on a purported violation of another party's escrow instructions.

DEFENDANTS COUNTRYWIDE AND ARGENT STATE:

Argent is a wholesale residential mortgage lender who works with independent mortgage brokers to fund mortgage loans to homeowners and would-be homeowners. Countrywide, in the context of this case, is a loan servicer, meaning it is the entity to which loan payments are directed. This is Countrywide's sole function in this case. Countrywide had absolutely nothing to do with the origination of Mr. Marcelos loan and has never owned Mr. Marcelos loan. Similarly, there is no relationship between Argent and Countrywide, except to the extent that Countrywide is the servicer of Mr. Marcelos loan, which was originally funded by Argent.

The fact that counsel for Argent and Countrywide are signing this Joint Case Management

Statement should not be construed as acceding to, or stipulating to, the existence of any of the facts and/or allegations of Mr. Marcelos or any other party. Argent and Countrywide continue to dispute liability as to any of the claims asserted against them by Mr. Marcelos in this action. All of Argent's and Countrywide's rights and remedies are all expressly reserved.

      B.     <u>Principal Factual Issues in Dispute</u>:

PLAINTIFF STATES:

- whether Mr. Marcelos received the loan documents and TILA mandated disclosures in accord with the terms of TILA/ whether defendants Argent/New Century/Raab gave the loan documents and disclosures to Mr. Marcelos and if so, where, when, what and how many did he receive;
- whether Mr. Marcelos actually signed and/or initialed various material documents;
- whether Mr. Marcelos received disclosure of material loan terms and documents in the Spanish language.

NEW CENTURY AND RAAB STATE:

- Whether Plaintiff is mistaken that he did not receive the necessary loan documents (e.g., the notice of right to cancel).
- Whether Plaintiff is confused about whether Raab was at a Starbucks for the signing of the loan documents and whether Raab speaks Spanish.

DEFENDANTS ARGENT AND COUNTRYWIDE STATE:

- whether there is any factual basis for Countrywide to remain in this case since Countrywide does not own Mr. Marcelos's loan, had nothing to do with its origination, and is only its servicer, meaning its only function is to collect Mr. Marcelos payments and to apply and disburse those payments.
- Whether, in plaintiff's allegations of fraud at loan origination, there is any factual basis for Countrywide, the present loan servicer, to support Mr. Marcelos allegations of agency and

conspiracy with respect to Argent and Countrywide

Argent and Countrywide reserve their rights to assert and discover additional factual disputes in this action. The fact that their counsel is signing this Joint Case Management Statement does not constitute a waiver of any of Argent's and Countrywide's rights and remedies in this regard, all of which are expressly reserved.

Plaintiff also reserves his rights in that regard. New Century and Raab also reserve their rights in that regard.

3. **Legal Issues**

PLAINTIFF STATES:
- whether Mr. Marcelos entitled to rescission pursuant to TILA, and, if so, on what terms and conditions;
- whether the loan contract w/ Argent fails because there was no meeting of the minds;
- whether Mr. Marcelos is entitled to rescission pursuant to Cal. Civ Code 1632;
- whether New Century and plaintiff entered into a contract and if so for what and under what terms;
- whether New Century and Raab had and then breached its fiduciary/contractual obligation to Marcelos;
- whether Primestar and Mr. Marcelos entered into a contract for a loan and if so under what terms;
- whether Primestar and its employees and agents had a fiduciary responsibility to Mr. Marcelos and whether they fulfilled that fiduciary responsibility;
- whether Argent and Mr. Marcelos formed a contract for a loan and if so on what terms and conditions;
- whether Argent knew that its "outside" brokers were not abiding by state and federal laws including but not limited to Cal CC 1632 and TILA;
- whether Argent and Countrywide knew or should have known the loan was not in conformity

    with TILA and CCP §1632;

- whether Argent had a pattern of discriminating against limited English proficient borrowers;
- whether New Century and Raab are subject to §1632;
- whether Primestar and its employees or agents unlawfully and without consent took $200,000.00 from the loan proceeds;
- whether Edwin Parada unlawfully and without consent took $200,000 from the loan proceeds;
- whether Edwin Parada and/or Glenda Parada and/or Lorenzo Parada conspired among themselves or with any other defendants to defraud Mr. Parada;
- whether Mahmud fulfilled his statutory duties as a licensed Loan Broker;
- whether defendants can overcome plaintiff's rebuttal of the presumption created by merely having a document signed by plaintiff purporting to evidence his receipt of the disclosures;
- in a TILA rescission, who must tender first and, regardless, whether the "property" that must be returned may be the house itself or if it must be the money originally loaned in the transaction;
- the remaining legal issues generally revolve around whether the fraud, the Unfair Business and Practices Act apply and punitive damages;

Each will be addressed in plaintiff's First Amended Complaint to be filed by May 12, 2008 at noon.

NEW CENTURY AND RAAB STATE:

- Whether New Century and Raab are proper parties in this litigation.[1]

DEFENDANTS ARGENT AND COUNTRYWIDE STATE:

- whether Mr. Marcelos can rebut the presumption under TILA that he was provided with the appropriate copies of the Notice of Right to Cancel
- whether Mr. Marcelos can effectuate the requested rescission by returning the entirety of the

---

[1] Despite (1) repeated requests to dismiss Raab in her individual capacity from this lawsuit, and (2) counsel's representation at the April 10, 2008 hearing on the motions to dismiss that Raab should be dismissed, Plaintiff has failed to voluntarily dismiss Raab from this lawsuit.

funds loaned to him by Argent, including the $200,000 disbursement to Edwin Parada, minus those funds specifically required to be deducted from this amount pursuant to TILA assuming that the loan is even rescindable

- whether Argent and/or Countrywide are subject to California Civil Code Section 1632
- whether Mr. Marcelos proposed First Amended Complaint will bring each of the purported legal issues above into an actual controversy in this case.

Argent and Countrywide reserve their rights to assert and discover additional legal disputes in this action. The fact that their counsel is signing this Joint Case Management Statement does not constitute a waiver of any of Argent's and Countrywide's rights and remedies in this regard, all of which are expressly reserved.

Plaintiff also reserves his rights in that regard. New Century and Raab also reserve their rights in that regard.

**Motions**

The Court took under submission defendant Argent, Countrywide, New Century, and Raab's motions to dismiss on April 10, 2008 and issued its Order on April 22, 2008. No other motions have been heard or are pending but motions for summary judgment and/or adjudication as well as motions in limine are expected to be made by plaintiff and defendants.

4.   **Amendment of Pleadings**

PLAINTIFF STATES:

It is possible that the current owner of the loan at issue will need to be added as a party to this case.

It is anticipated that plaintiff will be permitted to amend the pleadings with leave of court after it rules on defendants' motions to dismiss. The deadline will be according to court order. A proposed deadline for otherwise amending the pleadings is 30 days before trial.

NEW CENTURY AND RAAB STATE:

The Court recently dismissed the vast majority of claims against New Century and all of the claims against Raab. The Court dismissed the claim for statutory damages under TILA, the RESPA claim, and the FHA claim without leave to amend. The Court allowed leave to amend as to the TILA claim against Raab, the Section 1632 claim, the fraud claim, the breach of contract and breach of fiduciary duties claims against Raab, and the Section 17200 claim.[2] The Court ordered that any amended complaint must be filed by May 12, 2008.

5. **Evidence Preservation**

NEW CENTURY AND RAAB STATE:

They have taken steps to preserve evidence relevant to the issues reasonably evident in this action. New Century has placed a hold on the destruction of all electronic documents and communications, if any exist, which relate to this action. New Century has also taken steps to preserve paper files (e.g., the escrow file) relevant to this action.

DEFENDANTS ARGENT AND COUNTRYWIDE STATE

Evidence preservation does not appear to be an issue in this case.

6. **Disclosures**

The parties stipulated to make initial disclosures on April 23, 2008.

NEW CENTURY AND RAAB STATE: They made their initial disclosures on April 23, 2008.

7. **Discovery**

---

[2] It appears that the granting of leave to amend as to the TILA claim against Raab may have been a typographical error in the Court's April 21, 2008 Order. Based on Plaintiff's counsel's concession at the April 10, 2008 hearing on the motion to dismiss that Raab should be dismissed with respect to this claim, the TILA claim should have been dismissed without leave to amend, particularly since Plaintiff had failed to address that Raab is not a "creditor" within the meaning of TILA. If New Century and Raab are in error as to this point, please disregard this footnote.

PLAINTIFF STATES:

To date, plaintiff timely produced all documents in his possession to all defendants who have appeared in this action pursuant to court order. Plaintiff's deposition was held on April 17, 2008. The parties have agreed to complete his deposition on May 7, 2008.

Defendants Argent and Countrywide timely produced documents relating to the loan at issue as well as 6 other loans that Argent originated through Primestar and Mahmud. Although on February 26, 2008 Judge Alsup ordered them to be produced, internal documents (such as memoranda and emails) relating to Primestar, Mahmud, Parada and the interactions and business dealings between Argent and Countrywide as they pertain to other defendants and the buying and selling of loans, have not been propounded by defendants Argent or Countrywide. Argent and Countrywide corporate representatives were deposed the week of April 14, 2008, as ordered by the Court. Additional depositions may be necessary. Formal written discovery is anticipated as well. Expert discovery may also be necessary to determine the authenticity of some signatures in the loan documents.

Defendants Primestar and Mahmud were ordered to produce documents on March 21, 2008 and they were produced on April 3, 2008. Defendant Mahmud's deposition was taken on April 8, 2008. A business associate of defendant Mahmud and defendant Parada, Christian Covarubias, may need to be deposed.

Defendants New Century and Raab, although not specifically ordered to, produced the escrow file of the property at issue. Additional documents were received on April 21, 2008. Ms. Raab's deposition will be taken as soon as her schedule permits.

The parties do not anticipate any need for limitations or modifications of the Federal Rules or the Local Civil Rules.

NEW CENTURY AND RAAB STATE:

New Century and Raab will take Plaintiff's deposition on May 7, 2008. New Century and Raab anticipate conducting discovery related to whether Plaintiff received the necessary loan documents (e.g., the notice of right to cancel). New Century and Raab are still considering what additional depositions and/or discovery needs to be taken in this action.

DEFENDANTS ARGENT AND COUNTRYWIDE STATE

The deposition of the current Mrs. Marcelos will need to be taken. Due to the late stage of her pregnancy, a date for this deposition will need to be agreed upon by the parties. The deposition of New Century's designated corporate representative and/or Ms. Raab will need to be taken. Written discovery will also need to be taken, and expert discovery may also be needed. Countrywide conducted an exhaustive search for documents in accordance with this Court's order and timely produced those documents to counsel for Marcelos. Countrywide even further conducted a random sampling of loans, which was beyond the discovery order, to confirm the lack of a relationship with the parties. Countrywide has also produced the deal documents evidencing how and when the servicing rights were acquired for Mr. Marcelos's loan. Argent also conducted an exhaustive search for documents in accordance with this Court's order and timely produced those documents to Mr. Marcelos. As a result of those searches it appears that there would be no emails responsive to this Court's order.

As a result of the depositions that have been taken, additional documents have been requested by the parties and it is anticipated that the parties will resolve these requests appropriately.

Argent and Countrywide are still considering what additional depositions and/or discovery needs to be taken in this action.

8. **Class Action**

This case is not a class action.

9. **Related Cases**

PLAINTIFF STATES: See Section 13 of this statement.

10. **Relief**

PLAINTIFF STATES:

Plaintiff is entitled to rescission of the loan, attorney's fees and treble damages under TILA. At

the very least, damages amount to the cost of closing the loan ($12,918.40), interest paid to date ($77,443.68), converted money ($200,000.00), and Attorney's fees at approximately $120,000.00. Punitive damages may also be available.

NEW CENTURY AND RAAB STATE:

New Century and Raab deny Plaintiff's claims and will seek judgment of dismissal in their favor. Because the pleadings are still unsettled, New Century and Raab do not yet know Plaintiff's damage theory as against them and therefore it is premature to assess bases on which they contend damages should be calculated if liability is established.

DEFENDANTS ARGENT AND COUNTRYWIDE STATE

Argent and Countrywide dispute that Mr. Marcelos is entitled to any type of relief in this action as to, at a minimum, Argent and Countrywide.

11. **Settlement and ADR**

All parties have stipulated to private mediation with JAMS which will take place within 30 days of the Case Management Conference.

12. **Consent To Magistrate**

PLAINTIFF STATES:

Not Applicable.

NEW CENTURY AND RAAB STATE:

They do not consent to having a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

DEFENDANTS ARGENT AND COUNTRYWIDE STATE:

Argent and Countrywide do not consent to a Magistrate at this time.

13. **Other References**

1  PLAINTIFF STATES: Defendants Countrywide and Argent have requested that this case be added to
2  a case in District Court in Illinois for allegedly having similar causes of action and facts. Whether this
3  case is appropriate for Multi-District Litigation has yet to be decided.

5  14.  **Narrowing of Issues**
6  PLAINTIFF STATES:
7      The issues sought to be narrowed or eliminated by motions to dismiss will be finalized upon
8  the court's order thereto. Although some factual issues remain, it is likely that many facts can be
9  agreed upon and summarized for purposes of expediting the presentation of evidence at trial, though it
10 is premature at this time.

12 NEW CENTURY AND RAAB STATE:
13     They believe that it is premature to narrow issues for trial as the Court has recently dismissed
14 the vast majorities of claims against New Century and all of the claims against Raab and the pleadings
15 are still unsettled.

17 DEFENDANTS ARGENT AND COUNTRYWIDE STATE:
18     Argent and Countrywide will work with the parties to agree to any facts upon which an
19 agreement can be made. However, it is premature to do this at this time.

21 15.  **Expedited Schedule**
22 PLAINTIFF STATES: It is unlikely this case will need a more expedited schedule than the one already
23 ordered.
24 NEW CENTURY AND RAAB STATE: They agree that this case will not need a more expedited
25 schedule than the one already ordered by the Court.
26 16.  **Scheduling**
27 PLAINTIFF STATES:
28     Designation of experts: 30 days before trial

1  Discovery Cut-off: 10 days before trial

2  Hearing of Dispositive Motions: 15 days before trial

3  Pre-trial Conferences: as necessary

4  Trial: (on February 26, 2008 Judge Alsup said "sometime in June or July")

6  NEW CENTURY AND RAAB PROPOSE THE FOLLOWING SCHEDULE:

7  Designation of experts: same as Plaintiff's proposal

8  Discovery Cut-off: 45 days before trial

9  Hearing on Dispositive Motions: 30 days before trial

10  Pre-trial Conferences: same as Plaintiff's proposal

11  Trial: It is premature to set a trial date until the pleadings are settled

13  DEFENDANTS ARGENT AND COUNTRYWIDE STATE:

14  Argent and Countrywide state that setting a trial at this time is premature as there will be another round of motions to dismiss the proposed first amended complaint and discovery is ongoing and will include non-parties to this case.

18  17.  **Trial**

19  PLAINTIFF STATES: The case will be tried by a jury and will take approximately 7 days.

20  NEW CENTURY AND RAAB STATE: They are in agreement.

22  18.  **Disclosure of Non-Party Interested Entities or Persons**

23  PLAINTIFF STATES: Discovery has shown that Goldman Sachs and/or an unnamed trust own the loan at issue.

26  NEW CENTURY STATES: It filed its "Certification of Interested Entities or Persons" as required by Local Rule 3-16. As stated in its Certification, LandAmerica Financial Group, Inc. and Capital Title Group, Inc. have either: (i) a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In addition, New Century will be filing a notice of dissolution and substitution of parties naming Commonwealth Land Title Company as the substitute party for New Century.

Dated: 4/24/08                                    LIUZZI, MURPHY & SOLOMON, LLP

                                                  By: _____
                                                      Michael E. Hale
                                                      Attorney for Plaintiff

Dated: 4-24-08                                    SHARTSIS FRIESE LLP

                                                  By: /s/ Simone M. Katz
                                                      Simone M. Katz
                                                      Attorney for defendants
                                                      New Century Title Co. and Viki Raab

Dated:                                            LAW OFFICES OF STEVEN ROOD

                                                  By: _____
                                                      Steven J. Rood
                                                      Attorney for defendants
                                                      Primestar Financial Services and
                                                      Shoaib Mahmud

Dated: 4/24/08                                    BUCHALTER NEMER

                                                  By: /s/ Jason Goldstein
                                                      Jason Goldstein
                                                      Attorney for defendants
                                                      Argent Mortgage Co. and Countrywide

JOINT CASE MANAGEMENT STATEMENT