1   Martin D. Murphy (164669)
    Michael E. Hale, Esq. (SBN 245378)
2   LIUZZI, MURPHY & SOLOMON, LLP.
    101 Montgomery Street, 27th Floor
3   San Francisco, CA 94104
    Tel: (415) 543-5050
4   Fax: (415) 543-3550
5
    COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
6   Shirley Hochhausen (SBN 145619)
    2117(b) University Avenue
7   East Palo Alto, CA 94303
    Tel: (650) 326-6440
8   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

12

13   RICARDO MARCELOS,                    )  Case No.
                          Plaintiff,      )
14                                        )  **FIRST AMENDED COMPLAINT FOR**
          v.                             )  **INJUNCTIVE RELIEF, RESCISSION,**
15                                        )  **RESTITUTION, DAMAGES, PUNITIVE**
     EDWIN MAURICIO PARADA DOMINGUEZ,     )  **DAMAGES AND ATTORNEY FEES**
16   GLENDA PARADA, LORENZO PARADA,       )
     COUNTRYWIDE HOME LOANS, ARGENT       )
17   MORTGAGE COMPANY, LLC, ND            )
     FINANCIAL SERVICES d/b/a PRIMESTAR   )
18   FINANCIAL SERVICES, SHOAIB MAHMUD,   )
     NEW CENTRUY TITLE COMPANY,           )  **DEMAND FOR JURY TRIAL**
19   RECONTRUST COMPANY, N.A.             )
                                          )
20                                        )
     AND DOES 1 through 100,              )
21                        Defendants.     )
                                          )
22

23   _____

24                **INTRODUCTION**

25

26   1.    Mr. Ricardo Marcelos (hereinafter Mr. Marcelos or "plaintiff") is a forty-three year-old married

27        man and father of two who is employed as a roofer by Lawson Roofing Company.  The Marcelos

28

1    family make their home at 4023 Folsom St. in San Francisco's Mission District (hereinafter
2    "Folsom Property").

3    2.    With the help of the other defendants, Mr. Marcelos was tricked by his realtor and mortgage
4         broker, defendant Edwin Parada ("Parada"), into taking out a loan on the Folsom Street property.
5         He was deceived about the loan terms and costs.

6    3.    Mr. Marcelos is limited English proficient and at the time of the transaction could not read
7         English, a fact which was known to defendants Parada and which they exploited in the course of
8         the transactions underlying this case.  The terms were negotiated in Spanish but Mr. Parada did
9         not receive any documents in Spanish in accordance with California Civil Code §1632(b)(4), nor
10        did he receive consumer protective notices mandated by the Truth in Lending Act 15 U.S.C.
11        1635 ("TILA"). 12 C.F.R. § 226.23(b)(1).

12   4.    Plaintiff's counsel rescinded the subject loan by letter dated December 31, 2007 and requested
13        that the current servicer of the loan, Countrywide Home Loans ("Countrywide"), stop the
14        foreclosure sale based on the rescission of the loan and resultant cancellation of the security
15        interest in the property which leaves the lender without a basis for foreclosure.

16   5.    As the result of the predatory and unconscionable home refinance loan provided by Argent
17        Mortgage ("Argent") and the theft of $200,000 in cash from the home's equity, by the Marcelos'
18        mortgage broker, Edwin Parada, the home is presently in foreclosure but the foreclosure sale has
19        been stayed pursuant to a Temporary Restraining Order issued February 26, 2008.

20   6.    By this complaint plaintiff seeks rescission of the transaction entered into in March of 2005 and
21        redress for all fraudulent practices conducted by or on behalf of each defendant.

22

23                                **JURISDICTION AND VENUE**

24   7.    This Court has personal jurisdiction over the Defendants named herein because a substantial
25        portion of the wrongdoing alleged in this complaint took place in the Northern District of
26        California, and the Defendants are authorized to, and regularly do, conduct business in the
27        Northern District of California

28

8.  This is an action for violations of TILA (15 U.S.C. §§1601 *et seq.*).  Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.  Jurisdiction is thus founded on 28 U.S.C. §§1331 and 1367.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events and omissions giving rise to this complaint occurred within the Northern District of California.  The loan contracts between Plaintiff and Defendants were made to be performed in, and the obligations arose in, the Northern District of California.

10.  Plaintiff Ricardo Marcelos (hereinafter Mr. Marcelos or "plaintiff") is a natural person.

## **PARTIES**

11.  Plaintiff is an individual who resides in the city and county of San Francisco in California at 4023 Folsom St. in the Mission District.  The transactions which gave rise to the subject of this complaint involve his current residence in San Francisco, CA.

12.  Plaintiff is informed and believes and thereon alleges that defendant Edwin Mauricio Parada Dominguez (hereinafter defendant Edwin Parada) is a natural person who had, at all relevant times, an active license with the California Department of Real Estate, No. 01460236, which has since been suspended.  Plaintiff is also informed and believes and on that basis alleges that Edwin Parada was at all relevant times conducting business in California and was involved in the transactions which are the subject of this action.

13.  Plaintiff is informed and believes and on that basis alleges that defendant Glenda Parada is a natural person who is licensed with the California Department of Real Estate, No. 01705863, is conducting business in the state of California and was involved in the transactions which are the subject of this action.  Plaintiff is also informed and believes that defendant Glenda Parada is the sister of defendant Edwin Parada.

14.  Plaintiff is informed and believes and on that basis alleges that defendant Lorenzo Parada is a natural person who was involved in the transactions which are the subject of this action.  Plaintiff is also informed and believes that defendant Lorenzo Parada is the brother of defendant Edwin Parada.

15. Plaintiff is informed and believes and on that basis alleges that defendant Countrywide is a corporation organized under the laws of the State of California, is doing business in California and is the current servicer of the loan which is the subject of this transaction. Plaintiff also is informed and believes and thereon alleges that defendant Countrywide assumed all rights, remedies and liabilities of defendant Argent Mortgage Company, LLC (hereinafter "Argent"), particularly pursuant to the Truth in Lending Act.

16. Plaintiff is informed and believed and on that basis alleges that defendant Argent is the company with which defendant Edwin Parada refinanced the Folsom Property and with whose knowledge, consent, name and goodwill he persuaded plaintiff's authorization to conduct said refinance.

17. Plaintiff is informed and believes and on that basis alleges that defendant Primestar Financial Company ("Primestar"), a dba of ND Financial, is a corporation organized under the laws of the State of California, doing business in California and was involved in the transactions which are the subject of this action.

18. Plaintiff is informed and believes and on that basis alleges that defendant Shoaib Mahmud is a broker duly licensed by the California Department of Real Estate who is doing business in California and was involved in the transactions which are the subject of this action.

19. Plaintiff is informed and believes and on that basis alleges that defendant New Century Title Company ("New Century") is a corporation organized under the laws of the State of California, doing business in California and was involved in the transactions which are the subject of this action.

20. Plaintiff is informed and believes and on that basis alleges that defendant Recontrust Company, N.A. is a corporation organized under the laws of the State of California, doing business in California and was involved in the transactions which are the subject of this action. Countrywide used Reconstruct Company, N.A. ("Recontrust") as trustee of the grant deed to notice and pursue the foreclosure sale and has previously filed notice with the Court that Recontrust has no financial interest in the case but will adhere to any judgment or ruling.

21. Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to plaintiffs. Plaintiff is informed and believes and on that

basis alleges that each of the fictitiously named defendants is in some manner legally responsible for the events and damages plaintiffs allege in this complaint or claim a legal or equitable right, title, stake, lien, or interest in the properties which are the subject of this action adverse to plaintiff's title or any cloud on Plaintiff's title to these properties. Plaintiff will amend this complaint to allege their true names and capacities, and any additional allegations, when they are ascertained by plaintiffs.

22. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each of the defendants was acting as an agent, servant, or employee of the remaining co-defendants and were at all times acting within the course and scope of said agency, service or employment.

23. Plaintiff is informed and believes and thereon alleges that each defendant was the agent and/or employee and/or principal of each of the remaining defendants, and in doing the acts herein alleged were acting within the course and scope of such agency and employment, and/or with the knowledge, consent, authority of each of the remaining defendants and/or with knowledge of their acts and/or wrongdoing. By virtue of the foregoing, each defendant had knowledge and constructive notice of and/or authorized and consented to the acts of each of the other defendants, and/or ratified the wrongful acts of each of the other defendants, as herein alleged by, among other things, retaining and sharing in the benefits of said acts.

24. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, knowingly and willfully entered into an agreement or agreements and conspiracy or conspiracies with the other defendants to do all or some of the acts herein alleged.

## STATEMENT OF FACTS

25. All of the following statements of fact are based On plaintiff's information and belief.

26. Plaintiff Marcelos is a 43 year-old married man who works in the roofing business. He and his wife, Jacqueline Marcelos, live with his two children from a previous marriage at 4023 Folsom St. in the Mission District of the city and county of San Francisco, CA.

27. Plaintiff purchased the home on December 15, 1994 as a joint tenant, the full rights to which were transferred to him on March 5, 2002. He is now the sole owner of record of the Folsom Property.

28. All communications between Mr. Marcelos and defendant Edwin Parada were conducted in Spanish. All of the documents in the transaction were drafted in English.

29. In February of 2005, Mr. Marcelos' was contacted at the Folsom Property by defendant Edwin Parada. Defendant Edwin Parada addressed Mr. Marcelos in Spanish and introduced himself as a Real Estate Agent and asked if Mr. Marcelos was interested in refinancing his home. Mr. Marcelos responded that he did not wish to do business with defendant Edwin Parada because his credit was not very good and he already had low mortgage payments.

30. Defendant Edwin Parada then began pursuing Mr. Marcelos with multiple telephone calls and unannounced visits to the Folsom Property on weekends and evenings. The conversations between Mr. Marcelos and Mr. Edwin Parada were always in Spanish. On one such visit, defendant Edwin Parada tried to persuade plaintiff that he needed a bigger home as his children, a boy and a girl then aged 10 and 7, respectively, should not have been sharing a room. Mr. Marcelos again informed Mr. Parada that he could not afford a bigger mortgage and he did not want to raise his debt. Mr. Marcelos was then paying $2,600.00 per month for his mortgage.

31. Undaunted, defendant Edwin Parada returned and ultimately persuaded Mr. Marcelos to open an equity line of credit to purchase a second home. Defendant Parada did so by using a laptop to check the value of the home online which he quoted at $800,000.00. He then told Mr. Marcelos that a line of credit would not increase his mortgage payments by more than $100.00 per month and could be used to purchase a new home. The money would be used as a down payment to keep payments manageable considering his income. Plaintiff and his family could then rent the Folsom Property to cover that mortgage and live in the new, larger home. Some of the line of credit would also be used to fix up the Folsom Property.

32. Defendant Parada later brought his brother, defendant Lorenzo Parada, to the Folsom Property. He also spoke Spanish to Mr. Marcelos and reassured him that the second home was a good idea and that he would take him to view potential new homes. Defendants Parada were given a pay

stub, bank statements and other documents which showed that plaintiff's monthly income was $4,200.00 with only $2,000.00 in savings. Defendant Edwin Parada told Mr. Marcelos that his income would not be a problem and that "he would take care of any problems" that his credit and income requirements may present as he knew lenders, such as Argent, that would help people with credit and income like Mr. Marcelos. Mr. Parada described the loan he could get for plaintiff as a line of credit from the Folsom Property's equity that would not increase his current monthly mortgage payments by more than $100.00.

33. Plaintiff is informed and believes and thereon alleges that Defendant Edwin Parada procured Argent as a lender through defendant ND Financial d/b/a Primestar, owned by defendant Shoaib Mahmud, under whose individual real estate license an independent contractor named either Hector or Christian Covarubias falsified loan application documents, forged plaintiff's signature and failed to provide Spanish language documents when he knew Spanish was used to negotiate the loans.

34. Sometime in March of 2005, defendant Lorenzo Parada met Mr. Marcelos at a Starbucks in Hayward, CA to sign documents. Defendant Edwin Parada was not present at this meeting but an unknown female notary was present. Defendant Lorenzo Parada put a set of documents before plaintiff and the female notary directed him where he was to sign. Plaintiff cannot recall with certainty whether these documents related to the Folsom Property or to another property that was a part of the transaction and is not related to this lawsuit (hereinafter "Girard Property," a second home that was to be purchased by plaintiff with the subsequently stolen loan proceeds from the Folsom Property on Edwin Parada's advice). The documents were drafted in English and were not provided in Spanish or otherwise explained to Mr. Marcelos in Spanish.

35. Mr. Marcelos was not given any copies of the documents and was told that if he had any questions defendant Edwin Parada would answer them at a later time.

36. Based on information and belief, shortly thereafter, on March 29, 2005, Mr. Marcelos was taken by Edwin and/or Lorenzo Parada to the offices of New Century in Hayward, CA where he went to the desk of Viki Raab, an escrow agent and notary then employed by New Century. During a closing that took an unknown amount of time, Mr. Marcelos was shown by Ms. Raab where to

1   sign various documents. Mr. Marcelos never spoke to Ms. Raab and English was never spoken
2   by him at the closing. It is believed that Ms. Raab was aware, or should have been aware, that
3   Marcelos was limited English proficient.

4   37.   Based on information and belief, these documents were the loan refinance agreement for the
5         Folsom Property. Mr. Marcelos is unsure what these documents were as they were in English
6         and were not explained to him by anyone present. Mr. Marcelos did not receive any of the loan
7         documents at this meeting, nor did he receive any by mail anytime thereafter. Furthermore, Mr.
8         Marcelos did not receive a written translation of the documents at anytime.

9   38.   The Folsom Property loan documents signed on March 29, 2005 list Humberto Covarrubias of
10        Primestar as the broker or broker representative. He was not present at the meeting with Ms.
11        Raab. Based on information and belief, it appears that Ms. Raab assumed Edwin Parada was Mr.
12        Marcelos' real estate agent.

13  39.   Plaintiff is informed and believes and thereon alleges that one of the loan documents authorizes
14        the disbursement of funds in the amount of $200,000.00 to defendant Edwin Parada. This
15        document was drafted by New Century and appears to have been based on a document entitled
16        "Borrower's Instructions" drafted by New Century and appearing on New Century letterhead.
17        Ms. Raab did not verify with Mr. Marcelos whether he could speak or read English or whether he
18        understood her, the documents, the instructions, and the disbursement, the nature of the
19        transaction or anything pertaining thereto. Ms. Raab also failed to confirm the debt with Mr.
20        Marcelos or ask for a payoff demand.

21  40.   It was not until over one year later, in October of 2006, that plaintiff's wife, Jacqueline, was able
22        to retrieve the documents from defendant Countrywide. These documents were actually
23        defendant Argent's refinance papers and not documents to open a line of credit. In addition, the
24        HUD-1 disclosure of settlement costs authorized defendant Edwin Parada to receive $200,000.00
25        from the refinance.

26  41.   Over the next few weekends, defendant Lorenzo Parada took plaintiff to see numerous homes in
27        Hayward and San Francisco. Plaintiff informed him that he could not afford a home that would

28

cost more than $2,000.00 per month. Mr. Marcelos ultimately was persuaded to purchase a home on 274 Girard St. in San Francisco, CA (hereinafter "Girard Property").

42.   In October of 2005, Mr. Marcelos received a bill for payment of monies due on the Folsom Property that amounted to $3,200.00 per month, or $1,000.00 more per month than he had previously been paying. This occurred even though he had been told by defendant Edwin Parada that his mortgage payments on the Folsom Street property would not increase by more than $100.00. The loan has since readjusted and the payments are now at least $4,400.00 per month.

43.   Also in October of 2005, plaintiff approached defendant Edwin Parada at his place of residence on 5700 Mission St. in San Francisco, CA and questioned him about the increased payments due on the Folsom Property. At this meeting, defendant Parada informed plaintiff that he was holding $200,000.00 in funds received from the transaction on the Folsom Property that was supposed to be used as a down payment on the Girard Property but, in fact, was held onto by defendant Parada without the knowledge or consent of plaintiff. Defendant Parada told plaintiff that the funds would be available for him at anytime. Both parties decided that defendant Edwin Parada would pay $3,000.00 per month in interest until he could pay back the full amount of $200,000.00. Defendant Edwin Parada made these payments two or three times and then stopped.

44.   After a few months, plaintiff requested the remainder of the $200,000.00. Defendant Parada avoided numerous attempts at communicating with plaintiff and his wife until August 2006 when he presented them with a check for $10,000.00. The check bounced.

45.   Plaintiff again tried to contact defendant Parada on numerous occasions but was unsuccessful as defendant Parada was conveniently out of town or in meetings whenever Mr. Marcelos attempted to meet him at his office. Plaintiff sent emails informing him that he wanted the money taken from the Folsom Property equity to be returned. Finally, in November of 2006, Mr. and Mrs. Marcelos met with defendant Parada at his office and he agreed to pay the remainder of the monies owed in three installments over the next 12 months. No further payments were ever made despite numerous requests and attempts at communication by email and otherwise.

46. In December of 2006, having never received any documents from defendant Edwin Parada, Mrs. Marcelos requested and received from defendant Countrywide some of the loan documents for the Folsom Property.

47. On January 8, 2007, plaintiff and his wife were told by defendant Parada that he would repay them in March of that year. He did not.

48. After again avoiding plaintiffs for some time, defendant Parada resurfaced and promised to repay them after he received a loan from a business partner. The Folsom Property was being rented, so the Marcelos Family rented a home in Oakland beginning in July of that year. They moved back into the Folsom Property home in September of 2007.

49. The true terms of the loan on the Folsom Property made it impossible for Mr. Marcelos to keep up with the initial $3,600.00 per month payments. The payments adjusted to $4,400.00 per month but Mr. Marcelos only had an income of approximately $ $4,500.00 per month. He could not make the payments due to the unscrupulous, dubious and predatory transactions entered into by defendants, and each of them, on plaintiff's behalf.

50. Mr. Marcelos received a default notice on October 15, 2007. A notice of foreclosure sale was received on December 15, 2007. The sale was scheduled to proceed on January 7, 2008 at 2p.m. but was postponed and later stayed by a Temporary Restraining Order until the resolution of this matter. Plaintiff posted a $5,000.00 bond with the court and currently makes $1,900.00 in payments per month to an account being held in their name by their attorneys, per court order.

51. Plaintiff now faces the imminent threat of foreclosure and the loss of his family home as a direct and proximate result of the defendants' Parada, New Century, Primestar, Mahmud and Argent's conduct and practices in targeting the Spanish speaking plaintiff, deceiving him about the loan terms and costs, stealing $200,000.00 cash from the refinance of his property and violating state and federal laws.

//

//

**FIRST CAUSE OF ACTION**
**Violations of TILA and Regulation Z**
**(Against Countrywide and Argent)**

52. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

53. Defendant Argent is a creditor within the meaning of TILA.

54. Defendant Countrywide is a successor-in-interest within the meaning of TILA.

55. The loan transaction between plaintiff and defendant Argent is a high-fee loan within the meaning of 12 C.F.R. section 226.32(a)(1)(ii).

56. Defendant Argent and Countrywide have violated the requirements of TILA and Regulation Z in the following non-exhaustive manner:

   a. by failing to provide any and all loan documents at the closing,

   b. by failing to provide in a timely and adequate way the required disclosure, commonly known as the "three day right of rescission" in violation of 15 U.S.C. §1635(a),

   c. by failing to provide the required disclosure in violation of 1638(b) and Regulation Z §226.17(b);

   d. by failing to provide the required disclosures clearly, conspicuously in writing in violation of 15 U.S.C. §1632 and Regulation Z §226.17(a);

   e. by failing to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. §1605 and Regulation Z §226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. §1638(a)(3) and Regulation Z §226.18(d);

   f. by improperly including certain charges in the amount financed which are finance charges, Defendant improperly disclosed the amount financed in violation of 15 U.S.C. §1638(a)(2) and Regulation Z §226.18 (b);

   g. by calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. §1606, Regulation Z §226.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. §1638 (a) (4) and Regulation Z §226.18(c);

h.  by extending credit to Plaintiff based on Plaintiff's collateral rather than considering Plaintiff's current and expected income, current obligations, and employment status to determine whether Plaintiff was able to make the scheduled payments to repay the obligation in violation of section 129(h) of TILA, 15 U.S.C. §1639(h) and section 226.32(e)(l) of Regulation Z, 12 C.F.R. §226.32(e)(l); and,

i.  by including a prohibited "prepayment penalty" provision in violation of section 129(c) of TILA; 15 U.S.C. §1639(h) and section 226.32(d) (6) of Regulation Z, 12 C.F.R. §226.32(d) (6).

57.  Because of the violations of TILA listed above, Plaintiff retained the right to rescind the transaction up to three years after its consummation.

58.  On December 31, 2007, Plaintiff rescinded the instant loan in writing.

59.  As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein. as well as statutory and punitive damages all in an amount to be proven at trial.

60.  Plaintiff faces imminent and irreparable injury if the foreclosure of Plaintiff's home is not enjoined.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE §1632**
**(Against all Defendants except Recontrust Company, N.A.)**

61.  Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

62.  Defendants, and each of them, are engaged in a business whereby in the course of conducting that business they negotiate agreements entirely in Spanish.

63.  In violation of California Civil Code section 1632, defendants, and each of them, failed to provide Plaintiffs with documents or truthful and accurate translations of documents in Spanish, despite the fact that the contracts, including the loans, were negotiated in Spanish and defendants were fully aware that Plaintiffs are illiterate in English.

1    64.  Plaintiff has been injured as a result of defendants' conduct as more fully set forth below.

### THIRD CAUSE OF ACTION
### Fraud and Deceit
### (As to all Defendants, except Recontrust Company, N.A.)

65.  Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

66.  Defendant New Century and Argent made false promises and misrepresentations to Plaintiff, as alleged above, in that they promised to put Mr. Marcelos' best interest foremost and before their own and to deliver the Folsom Property loan documents at the closing of the loan on March 29, 2005 and failed to do so. In so doing, they each misrepresented the terms of the loan and plaintiff's rights thereto, particularly his right to cancel.

67.  Furthermore, defendant New Century misrepresented the nature of its services as escrow agent in that it assumed the responsibility of plaintiff's representative in escrow services then purposefully disregarded its duties by failing to: (1)take any measures to ensure plaintiff knew the nature of the transaction, (2) understood the documents, (3) understood that he was transferring $200,000.00 to defendant Parada, (4) ensure Spanish language documents were not required given, and (5) negligently preparing the escrow instructions by misrepresenting the "payoff" to Edwin Parada .

68.  As loan servicer, defendant Countrywide is liable for the fraud perpetrated by those who came before it, namely Argent, under the Truth in Lending Act.

69.  Plaintiff is informed and believes and thereon alleges that Defendants Primestar and Mahmud did knowingly, or did knowingly permit, the falsification of financial records and the forgery of plaintiff's signature in order to fraudulently induce plaintiff into a refinance instead of an equity line of credit. Furthermore, these defendants knowingly refused or failed to use Spanish language documents when knew, or should have known, that the loan was transacted in Spanish.

70.  Defendants Parada intentionally concealed from Plaintiff that their true intention was to make a loan that would enrich them and that Defendants knew that Plaintiff could not pay the monthly charges on the loan and would face foreclosure.

71.  Defendants Parada engaged in the fraudulent acts and practices alleged above and by falsifying the contents of the loan application, misrepresenting Plaintiff's income, misrepresenting the costs and nature of the loan and engaging in fraudulent and illegal practices as alleged above.

72.  When Defendants, and each of them, made the false promises and misrepresentations and engaged in deceitful acts, as alleged above, Defendants knew that the promises and misrepresentations were false, that the concealments were deceitful, and that the false promises, misrepresentations and deceitful acts and concealments were intended by them to deceive and defraud Plaintiff and to fraudulently induce him to enter into the loan, to his detriment.

73.  Defendants together, and each of them, intentionally defrauded plaintiff of his home by each misrepresentation, false promise and deceitful act.

74.  In entering into the loan, Plaintiff actually and reasonably relied on Defendants' false promises, misrepresentations and concealments.  Plaintiff would not have entered into the loan or followed Defendants' instructions to sign the loan documents had he known the true facts about Defendants' false promises, misrepresentations, concealments and deceitful acts and practices.

75.  As a direct proximate and legal result of the Defendants' acts alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.  Defendants have engaged in the fraudulent promises, misrepresentations, concealments and deceitful acts and practices alleged herein with malice and with the intent to deceive and injure Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION
### Aiding and Abetting Fraud
### (Against New Century, Argent and Countrywide)

76.  Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

77.  Plaintiff is informed and believes and thereon alleges that defendants Argent and Primestar entered into an agreement whereby Argent enfranchised Primestar and its agents or employees, including defendants Parada, to solicit potential borrowers such as plaintiff.

78.  Defendant Countrywide is likewise liable as the loan servicer to whom all fraudulent activity

1    runs pursuant to the Truth in Lending Act.

2    79.    Plaintiff is informed and believes and thereon alleges that defendants Argent and Countrywide

3    knew, or should have known, that defendants Parada, its agents and employees would represent

4    to potential borrowers that Argent had a relationship with Primestar and the Paradas to provide

5    funding for loans.

6    80.    Plaintiff is informed and believes and thereon alleges that defendants Argent and Countrywide

7    knew, or should have known, that defendants Primestar, its agents, employees and assigns,

8    including the defendants Parada, were using its financing, name and goodwill in a fraudulent

9    scheme that included breaches of fiduciary and contractual duties. Specifically, Argent knew or

10    should have known that brokers who originated loans funded by Argent and whom Argent

11    permitted to use its name and goodwill were concealing and suppressing material information

12    and failing to abide by state and federal law, facts that ultimately led plaintiff to transact with

     Argent.

13    81.    Plaintiff is informed and believes and thereon alleges that defendants Argent and Countrywide

14    knew, or should have known, that defendants Primestar, its agents, employees and assigns,

15    including the defendants Parada, were using its financing, name and goodwill in a fraudulent

16    scheme that included the knowing failure to use Spanish language documents when negotiations

17    were made in Spanish.

18    82.    Plaintiff is informed and believes and thereon alleges that New Century knew, or should have

19    known, that defendants Primestar, its agents, employees and assigns, including the defendants

20    Parada, were using its name and goodwill in a fraudulent scheme that included breaches of

21    fiduciary and contractual duties. Specifically, New Century knew or should have known that

22    brokers who originated loans funded by Argent were concealing and suppressing material

23    information and failing to abide by state and federal law, facts that ultimately led plaintiff to

24    transact with Argent.

25    83.    Plaintiff is informed and believes and thereon alleges that New Century knew, or should have

26    known, that defendants Primestar, its agents, employees and assigns, including the defendants

27    Parada, were targeting limited English proficient potential borrowers, such as plaintiff, and

28    negotiating the transactions in Spanish but deliberately providing the documents in English

thereby fraudulently inducing those borrowers, including plaintiff, into transactions the terms and rights appurtenant to which the borrowers, such as plaintiff, were subsequently made unaware.

84. Plaintiff is informed and believes and thereon alleges that defendants Argent and Countrywide substantially assisted in this fraudulent scheme when it performed ordinary business transactions in furtherance of the fraudulent scheme, namely, funding the loan transaction.

85. Plaintiff is informed and believes and thereon alleges that defendant New Century substantially assisted in this fraudulent scheme when it acted as escrow agent and assumed responsibilities and duties towards plaintiff in the transaction which is the subject of this lawsuit, including, but not limited to, drafting borrower's closing instructions, instructing plaintiff to sign documents and notarizing various documents in the loan transaction.

86. But for the knowledge and substantial assistance of defendants New Century, Argent and Countrywide in funding and furthering the fraudulent scheme, the subject loan would not have been made and Mr. Marcelos and his family would not be at risk of losing their home.

## FIFTH CAUSE OF ACTION
### Breach of Fiduciary Duty
**(Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

87. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

88. Defendants acted in the capacity of a mortgage loan broker and/or financial advisor or escrow agent for Plaintiff and thereby owed a fiduciary duty to Plaintiff.

89. Plaintiff understood that Defendants were acting on his behalf in the capacity of a mortgage broker, fiduciary and/or financial advisor to him.

90. Defendants owed Plaintiff a fiduciary duty of the highest good faith, fair dealing, loyalty, honesty and truthfulness toward Plaintiff and were charged with; putting their client's interest ahead of all others, including their own, a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiff's decision to enter into the loan.

91. In addition, New Century Title Company entered into a contract with Argent and Plaintiff to perform the duties of escrow agent for closing the subject loan.

92.  New Century's fiduciary duty included drafting Plaintiff's escrow instructions and carrying out the escrow instructions of both parties to the transaction.  In drafting Plaintiff's escrow instructions,  New Century failed to confirm the validity of the Parada "debt" in any manner and breached their fiduciary responsibility when, without any inquiry, included in the escrow instructions,  the direction to pay Parada, by cashiers check, the amount of two hundred thousand dollars.

93.  New Century further breached their fiduciary responsibility to Plaintiff pursuant to closing instructions dated on or about March 29, 2005.  Pursuant to the escrow instructions defendant New Century was to deliver on Argent's behalf, "rescission notice: two copies to each borrower complete with accurate transaction and cancellation dates."  Both Argent and their agent, New Century Title Company failed to deliver these documents to Plaintiff.

94.  Upon information and belief, Defendants breached their fiduciary duty to Plaintiff by negligently or fraudulently engaging in the conduct alleged herein, including without limitation the following acts and omissions:

   a.  Defendants misrepresented to Plaintiff the nature and effect of the loan application documents presented to her for signature;

   b.  Defendants failed to act in good faith and in the best interest of Plaintiff;

   c.  Defendants charged excessive fees and costs;

   d.  Defendants failed to provide proper notices, copies, and disclosures as required by law;

   e.  Defendants failed to properly advise Plaintiff of the true nature and effect of the transaction;

   f.  Defendants failed to consider the interests of Plaintiff before their own; and,

   g.  Defendants unjustly profited from the transaction.

   h.  Defendants were negligent in carrying out their duties

   i.  Defendants committed these wrongful acts while Plaintiff held them in a position of trust and confidence and they had a fiduciary relationship with Plaintiff.

95.  Plaintiff would not have entered into the loan had he known the true nature, effect and costs of the transaction and had Defendants not breached their fiduciary duties.

96.    As a direct and proximate result of the Defendants' breach of their fiduciary duties, Plaintiff has suffered economic damages in an amount according to proof.

97.    As a further direct, proximate, and foreseeable result of Defendants' conduct, as set forth above, Plaintiff has suffered, and continues to suffer, humiliation, mental anguish, fear, and emotional and physical distress, all to his damage in an amount to be proven at trial.

98.    Defendants' acts were intentional, malicious, and oppressive, and were undertaken in conscious and reckless disregard of Plaintiff's rights thereby entitling Plaintiff to an award of punitive damages in accordance with proof.

## SIXTH CAUSE OF ACTION
### Breach of Contract
**(As to all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

99.    Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

100.   Defendants offered to enter into a contract with Plaintiff under which Defendants promised to secure a mortgage loan for Plaintiff, on certain terms including but not limited to a "line of credit" that would not increase the monthly payments on the Folsom Street property and would permit the Plaintiff to purchase the Girard Property and Plaintiff accepted the offer, as alleged above.

101.   In addition, New Century Title Company entered into a contract with Argent and Plaintiff to perform the duties of escrow agent for closing the subject loan. The escrow instructions gave rise to a fiduciary duty to carry out the instructions. Pursuant to closing instructions dated on or about March 29, 2005, defendant Argent was to deliver "rescission notice: two copies to each borrower complete with accurate transaction and cancellation dates." New Century Title Company failed to deliver these documents to Plaintiff. Plaintiff performed all of his obligations under these contracts.

102.   Defendants breached the contracts, *inter alia*, by failing to provide the equity line on the promised terms and with the required delivery of disclosures and documents. As alleged above.

103. As a direct and proximate result of Defendants' breach of contracts, Plaintiff has sustained monetary damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Unfair Business Practices [Business & Professions Code Section 17200]
### (As against all Defendants)

104. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint as though fully set forth herein.

105. Defendants committed acts of unfair business practices, as defined by the California Business and Professions Code Section 17200 et seq., by engaging in practices which include but are not limited to the subject acts and practices alleged above and further including but not limited to making loans to borrowers based on information that Defendants knew or should have known was inaccurate or incorrect; making loans without verifying borrower information; making loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; making loans without regard to the borrower's ability to repay the loan; misleading the borrower regarding the terms of loans, proceeding with the foreclosure when the underlying security interest had been canceled.

106. These deceptive acts and practices and the fraudulent and predatory lending scheme alleged herein violate California Business and Practices Code Section 17200 in the manner alleged above and in the following respects:

a. making mortgage loans without regard to the borrower's ability to repay;

b. making mortgage loans based on deceptive, fraudulent or unconscionable advertising, and/or representations or practices in violation of lending disclosure laws;

c. making loans subject to illegal kickbacks and/or unearned fees; and

d. making loans subject to excessive loan costs and fees and other abusive loan terms as alleged herein.

e. making loans in violation of federal and state law.

107. Defendants' practices, as alleged above, constitute unlawful, unfair and fraudulent business acts or practices within the meaning of California Business and Professions Code §17200.

108. Furthermore, defendants' unlawful, unfair and fraudulent business practices target the most vulnerable people in our society, including, as exemplified by plaintiff, minority, low-income and financially unsophisticated homeowners who are at high risk of losing their homes as a result of the predatory lending practices alleged herein. Unless restrained, defendants will continue these unlawful and unfair predatory practices and continue to sell these abusive home equity products to homeowners who are unable to afford them and unaware of their true nature, terms, costs and consequences. Plaintiff is therefore entitled to a permanent injunction enjoining defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein.

109. As a direct and proximate result of the aforementioned acts, Defendants caused Plaintiff to become obligated on a loan he could not afford to repay, and put him at risk of losing his home as alleged above.

110. As a further direct and proximate result of Defendants' wrongful conduct, as alleged above, Plaintiff has sustained damages, including attorney's fees and legal costs, and will sustain additional damages in prosecuting this action. Plaintiff is entitled to an award of attorney's fees and legal costs pursuant to California Code of Civil Procedure Section 1021.5.

111. As a further direct and proximate result of the Defendants' wrongful conduct, Plaintiff is entitled to restitution and disgorgement of the wrongful commissions and windfall profits taken by the Defendants as alleged herein.

112. Plaintiff faces imminent and irreparable injury in that Defendants will foreclose on Plaintiff's home.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants as set forth below:

1. For a preliminary injunction enjoining Wells Fargo and any successor in interest from foreclosing on Plaintiff's home pending adjudication of Plaintiff's claims set forth herein;

2. For a permanent injunction enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged herein;

3.  For rescission of the loan contract and restitution by Defendants to Plaintiff according to proof at trial;

4.  For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;

5.  For monetary damages according to proof at trial;

6.  For pre-judgment and post-judgment interest according to proof at trial;

7.  For pain and suffering damages according to proof at trial;

8.  For punitive damages according to proof at trial; and,

9.  For attorney's fees and costs as provided by statute,

10. Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

Dated: May 12, 2008                          LIUZZI, MURPHY & SOLOMON, LLP.


                                             By: _____
                                                 Michael E. Hale
                                                 Attorney for Plaintiff

FIRST AMENDED COMPLAINT