1  LIUZZI, MURPHY & SOLOMON, LLP
   Martin D. Murphy (SBN 164669)
2  Michael E. Hale (SBN 245378)
   101 Montgomery St., 27th Floor
3  San Francisco, CA, 94104
4  T: (415) 543-5050
   F: (415) 543-3550
5  martin@lmslaw.com
   hale@lmslaw.com
6
7  COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
   Shirley Hochhausen (SBN 145619)
8  2117(b) University Avenue
   East Palo Alto, CA 94303
9  T: (650) 326-6440
   s_hochhausen@hotmail.com
10
11 Attorneys for Plaintiff

12                    UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT – SAN FRANCISCO DIVISION

14 RICARDO MARCELOS,                    )Case No.:  08-00056 WHA
                                        )
15                    Plaintiff,        )
                                        )**EX PARTE APPLICATION AND**
16      v.                              )**[PROPOSED] ORDER FOR SHORTENING**
                                        )**TIME TO HEAR PLAINTIFF'S MOTION**
17 EDWIN MAURICIO PARADA                )**FOR LEAVE TO FILE AMENDED**
   DOMINGUEZ, GLENDA PARADA,            )**PLEADING**
18 LORENZO PARADA, COUNTRYWIDE          )
   HOME LOANS, ARGENT MORTGAGE          )
19 COMPANY, LLC, ND FINANCIAL dba       )Place: Courtroom 19, 450 Golden Gate
   PRIMESTAR FINANCIAL SERVICES,        )Judge: Honorable William H. Alsup
20 SHOAIB MAHMUD, NEW CENTURY           )
   TITLE COMPANY, RECONTRUST            )
21 COMPANY, N.A.                        )
                                        )
22                                      )
   AND DOES 1 through 100,              )
23                    Defendants.       )
                                        )
24 _____  )

25

26                    **APPLICATION FOR ORDER**

27      Plaintiff RICARDO MARCELOS hereby files an Ex Parte Application to Shorten Time to hear

28 his Motion for Leave to File Amended Pleading pursuant to Federal Rules of Civil Procedure 6(d).

---

1    Prior to presenting this request to the court, plaintiff's counsel emailed all defense counsel that

2    this Ex Parte Application and Order to Shorten Time to hear Plaintiff's Motion for Leave to File

3    Amended Pleadings. (*Exhibit 1*, Declaration of Michael E. Hale, paragraph 2)

4    Plaintiff MARCELOS desires to file a motion for Leave to File Amended Pleading.  A copy of

5    the proposed motion is attached as *Exhibit 2* to this application.  Plaintiff requests the hearing being

6    set for May 22, 2008 at 8:00a.m., or as soon as the Court deems practicable.  Plaintiff bases this

7    application on the following:

8    1.    Plaintiff's cause will be irreparably harmed prejudiced if the underlying motion is heard

9          according to regular noticed motion procedures as the Court has set a discovery and trial

10         timeline that will otherwise be offset if plaintiff must wait until the motion can be heard.  It

11         is necessary to bypass the regular noticed motion procedure in order to maintain

12         compliance with the Court's Case Management Orders and trial schedule.

13   2.    Excusable neglect is the cause of the immediate crisis which gave rise to this application

14         where, on April 21, 2008 (*Exhibit 3*), the Court granted leave to amend by noon on May

15         12, 2008.  On May 1, 2008, the Court issued the following order, "Subject to the outcome

16         of future motions to dismiss, leave to add new parties or pleading amendments must be

17         sought by May 8, 2008." (emphasis added) (*Exhibit 3*).  Plaintiff understood this order to

18         mean that any new parties and amendments, other than those permitted by the original April

19         21, 2008 order, would be due May 8, 2008.  Plaintiff did not understand this order to

20         supersede the original order regarding amendments, especially considering the new order

21         shortened the time to file the pleadings and responses for all parties. (*Exhibit 1*, Declaration

22         of Michael E. Hale, paragraph 3)

23   3.    Furthermore, no new parties were added to the case on May 12, 2008.  Defendant Primestar

24         Financial Services was named in the original complaint as the defendant loan brokerage but

25         it was later determined that its true name is ND Financial dba Primestar Financial Services.

26         The First Amended Complaint filed on May 12, 2008 merely clarified the legal name of an

27         existing party; it did not add a new party. (*Exhibit 1*, Declaration of Michael E. Hale,

28         paragraph 4)

1    Service of this Motion for Leave to File Amended Pleadings on all defendants by electronic

2  filing no later than Thursday, May 15, 2008 at 5:30p.m., a full week before the suggested hearing date,

3  will be reasonable and fair notice.

4

5  Respectfully submitted,

6  Dated: May 13, 2008                          LIUZZI, MURPHY & SOLOMON, LLP.

7

8                                               By: _____

9                                                    Michael E. Hale
                                                     Attorney for Plaintiff

10

11                          **ORDER SHORTENING TIME**

12    IT IS ORDERED THAT Plaintiff MARCELOS' Motion to for Leave to File Amended

13  Pleadings may be served by electronic filing no later than Thursday, May 15, 2008 at 5:30p.m. A copy

14  of this Order Shortening time must be served along with the Motion.

15    All defendants will have until May 20, 2008 at 5:30p.m. to electronically file a response to the

16  Motion.

17

18  Dated: _____          _____

19                                               Honorable Judge William Alsup

20                                               United States District Court

21

22

23

24

25

26

27

28

EX PARTE APPLICATION AND [PROPOSED] ORDER FOR SHORTENING TIME TO HEAR PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED PLEADING

# EXHIBIT 1

1   LIUZZI, MURPHY & SOLOMON, LLP
    Martin D. Murphy (SBN 164669)
2   Michael E. Hale (SBN 245378)
    101 Montgomery St., 27th Floor
3   San Francisco, CA, 94104
    T: (415) 543-5050
4   F: (415) 543-3550
    martin@lmslaw.com
5   hale@lmslaw.com

6
    COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
7   Shirley Hochhausen (SBN 145619)
    2117(b) University Avenue
8   East Palo Alto, CA 94303
    T: (650) 326-6440
9   s_hochhausen@hotmail.com

10
    Attorneys for Plaintiff
11

12                      UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT – SAN FRANCISCO DIVISION

14  RICARDO MARCELOS,                    )Case No.: 08-00056 WHA
                                         )
15                    Plaintiff,         )
                                         )**DECLARATION OF MICHAEL E. HALE**
16         v.                            )**IN SUPPORT OF PLAINTFF'S EX PARTE**
                                         )**APPLICATION AND [PROPOSED]**
17  EDWIN MAURICIO PARADA                )**ORDER FOR SHORTENING TIME TO**
    DOMINGUEZ, GLENDA PARADA,            )**HEAR PLAINTIFF'S MOTION FOR**
18  LORENZO PARADA, COUNTRYWIDE          )**LEAVE TO FILE AMENDED PLEADING**
    HOME LOANS, ARGENT MORTGAGE          )
19  COMPANY, LLC, ND FINANCIAL dba       )
    PRIMESTAR FINANCIAL SERVICES,        )Place: Courtroom 19, 450 Golden Gate
20  SHOAIB MAHMUD, NEW CENTURY           )Judge: Honorable William H. Alsup
    TITLE COMPANY, RECONTRUST            )
21  COMPANY, N.A.                        )
                                         )
22  AND DOES 1 through 100,              )
                                         )
23                    Defendants.        )
                                         )
24  _____     )

25

26  I, Michael E. Hale, declare as follows:

27  1.      I am an attorney at law, duly admitted to practice before this Court, and am an associate in the

28          law firm of Liuzzi, Murphy & Solomon, LLP.  I am one of the attorneys of record for plaintiff

                                              1
    DECLARATION OF MICHAEL E. HALE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION AND
    [PROPOSED] ORDER FOR SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR LEAVE TO FILE
                                    AMENDED PLEADING

1    RICARDO MARCELOS. I make this declaration of my own personal knowledge, and if

2    called upon to do so, could and would competently testify thereto.

3  2.    Prior to presenting this Ex Parte request to the court, I emailed all defense counsel that this Ex

4    Parte Application and Order to Shorten Time to hear Plaintiff's Motion for Leave to File

5    Amended Pleadings.

6  3.    Excusable neglect is the cause of the immediate crisis which gave rise to this application

7    where, on April 21, 2008, the Court granted leave to amend by noon on May 12, 2008. On

8    May 1, 2008, the Court issued the following order, "Subject to the outcome of future motions

9    to dismiss, leave to add new parties or pleading amendments must be sought by May 8, 2008."

10    (emphasis added). I understood this order to mean that any new parties and amendments,

11    other than those permitted by the original April 21, 2008 order, would be due May 8, 2008. I

12    did not understand this order to supersede the original order regarding amendments, especially

13    considering it shortened the time to file the pleadings and responses for all parties.

14  4.    Furthermore, no new parties were added to the case on May 12, 2008. Defendant Primestar

15    Financial Services was named in the original complaint as the defendant loan brokerage but it

16    was later determined that its true name is ND Financial dba Primestar Financial Services. The

17    First Amended Complaint filed on May 12, 2008 merely clarified the legal name of an existing

18    party; it did not add a new party.

19

20  I declare under penalty of perjury that the foregoing is true and correct. Executed May 13, 2008 in San

21  Francisco, CA.

22

23    Michael E. Hale

24

25

26

27

28

DECLARATION OF MICHAEL E. HALE IN SUPPORT OF PLAINTFF'S EX PARTE APPLICATION AND
[PROPOSED] ORDER FOR SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED PLEADING

# EXHIBIT 2

1    LIUZZI, MURPHY & SOLOMON, LLP
     Martin D. Murphy (SBN 164669)
2    Michael E. Hale (SBN 245378)
     101 Montgomery St., 27th Floor
3    San Francisco, CA, 94104
     T: (415) 543-5050
4    F: (415) 543-3550
     martin@lmslaw.com
5    hale@lmslaw.com

6
     COMMUNITY LEGAL SERVICES IN EAST PALO ALTO
7    Shirley Hochhausen (SBN 145619)
     2117(b) University Avenue
8    East Palo Alto, CA 94303
     T: (650) 326-6440
9    s_hochhausen@hotmail.com

10
     Attorneys for Plaintiff
11

12                     UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT – SAN FRANCISCO DIVISION

14   RICARDO MARCELOS,                    )Case No.: 08-00056 WHA
                                          )
15                      Plaintiff,        )
                                          )**PLAINTIFF'S NOTICE OF MOTION AND**
16         v.                             )**MOTION FOR LEAVE TO FILE**
                                          )**AMENDED PLEADING; POINTS AND**
17   EDWIN MAURICIO PARADA                )**AUTHORITIES IN SUPPORT OF MOTION**
     DOMINGUEZ, GLENDA PARADA,            )**FOR LEAVE TO FILE AMENDED**
18   LORENZO PARADA, COUNTRYWIDE          )**PLEADING**
     HOME LOANS, ARGENT MORTGAGE          )
19   COMPANY, LLC, ND FINANCIAL dba       )
     PRIMESTAR FINANCIAL SERVICES,        )Date: May 22, 2008
20   SHOAIB MAHMUD, NEW CENTURY           )Time: 8:00a.m.
     TITLE COMPANY, RECONTRUST            )Place: Courtroom 19, 450 Golden Gate
21   COMPANY, N.A.                        )Judge: Honorable William H. Alsup
                                          )
22   AND DOES 1 through 100,              )
                                          )
23                      Defendants.       )
                                          )
24   _____)

25

26   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27         Please take notice that on [May 22, 2008 at 8:00a.m.], or as soon thereafter as the parties may

28   be heard, plaintiff RICARDO MARCELOS will move this Court, at the United States District

                                           1
     PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED PLEADING; POINTS AND
          AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING

1  Courthouse located 450 Golden Gate Ave., Courtroom 19, in San Francisco, CA, for leave to file a
2  First Amended Complaint.

3      Plaintiff moves this Court for such an order pursuant to its May 13, 2008 Order Striking
4  Amended Complaint, wherein the Court stated that plaintiff may seek leave to file an Amended
5  Complaint pursuant to Federal Rule of Civil Procedure 16 and upon a showing of good cause.

6      This motion is based on the Notice of Motion and Motion, the accompanying Declaration of
7  Michael E. Hale, the points and authorities, oral argument and the pleadings and papers on file in this
8  action.

9                          **POINTS AND AUTHORITIES**

10     **A.    Statement of Issues**

11     Plaintiff MARCELOS seeks leave of Court to file his First Amended Pleadings pursuant to the
12  Court order issued on April 21, 2008 permitting plaintiff to file his amended pleadings on May 12,
13  2008 at noon which was subsequently altered on May 1, 2008 and shortened to May 8, 2008.

14     Excusable neglect caused the confusion as to whether the May 1, 2008 order vacated or
15  superseded the April 21, 2008 order and plaintiff seeks leave to file the amended pleadings to avoid
16  considerable prejudice and injustice.

17     **B.    Statement of Facts**

18     Plaintiff MARCELOS was the victim of a predatory lending scheme whereby he was duped by
19  defendants into entering into a loan transaction that he thought was an equity line of credit but instead
20  was a refinance. Defendants stole the loan proceeds, lied about the terms of the loan and foreclosed on
21  Mr. Marcelos' property.

22     On April 10, 2008, the Court heard arguments regarding defendants NEW CENTURY TITLE
23  CO.'S ("NEW CENTURY"), ARGENT MORTGAGE CO. ("ARGENT) and COUNTRYWIDE
24  HOME LOANS' ("COUNTRYWIDE") Motion to Dismiss. On April 21, 2008, the Court issued an
25  Order granting plaintiff leave to amend the pleadings for various defendants and causes of action by no
26  later than May 12, 2008 at noon.

27     On May 1, 2008, all parties attended a Case Management Conference the orders to which the
28  Court issued the same day. One order read as follows: ""Subject to the outcome of future motions to

1   dismiss, leave to add <u>new</u> parties or pleading amendments must be sought by May 8, 2008." (emphasis

2   added). Neither the Court nor any other party, including plaintiff, clarified what affect, if any, this new

3   order would have on the April 21, 2008 order.

4   ### C.   **Argument**

5        Federal Rule of Civil Procedure 16(b) permits the filing of an amended complaint after the

6   deadline set forth in the case management order upon a showing of good cause. *See also Zivkovic v.*

7   *Southern Cal. Edison Co.* (9th Cir. 2002) 302 F3d 1080, 1087-88.

8        Good cause here exists based on excusable neglect where, on April 21, 2008, the Court granted

9   leave to amend by noon on May 12, 2008. On May 1, 2008, the Court issued the following order,

10  "Subject to the outcome of future motions to dismiss, leave to add <u>new</u> parties or pleading amendments

11  must be sought by May 8, 2008." (emphasis added). Plaintiff understood this order to mean that any

12  <u>new</u> parties and amendments, other than those permitted by the original April 21, 2008 order, would be

13  due May 8, 2008. Plaintiff did not understand this order to supersede or vacate the original order

14  regarding amendments, especially considering the new order shortened the time to file the pleadings

15  and responses for all parties. (***Exhibit 1***, Declaration of Michael E. Hale) In addition, plaintiff's

16  counsel, as well as the Court and all other parties present at the case management conference,

17  neglected to clarify the order's affect on the April 21, 2008 order. (***Exhibit 1***, Declaration of Michael

18  E. Hale)

19       Furthermore, in granting leave to amend the Court must consider the following factors: (1)

20  undue delay by the plaintiff, (2) bad faith, (3) repeated failure to cure deficiencies by previous

21  amendments, (4) undue prejudice to opposing parties, (5) futility of the amendment. *Foman v. Davis*

22  (1962) 371 US 178, 182.

23       Plaintiff's excusable neglect in failing to clarify the affect of the CMC order on the order re: the

24  motion dismiss cannot be considered undue delay where plaintiff complied with the order he thought

25  applied at the time. Likewise, there could not have been bad faith. There have not been any previous

26  amendments so there could not have been repeated failures to cure deficiencies. There is no undue

27  prejudice to the opposing counsel as the First Amended Complaint was only mistakenly filed four (4)

28  days late. This assumes, of course, that the opposing parties understood that the May 1, 2008 CMC

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED PLEADING; POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING

order superseded or vacated the previous Motion to Dismiss order from April 21, 2008, which they likely did not as no one sought clarification of when their responses would be due. Finally, the amendment is not futile as it was ordered by the Court and is necessary to preserve plaintiff's rights, interests and claims in this case.

Furthermore, no new parties were added to the case on May 12, 2008. Defendant Primestar Financial Services was named in the original complaint as the defendant loan brokerage but it was later determined that its true name is ND Financial dba Primestar Financial Services. The First Amended Complaint filed on May 12, 2008 merely clarified the legal name of an existing party; it did not add a new party. (*Exhibit 1*, Declaration of Michael E. Hale)

Based on these facts, the excusable neglect of plaintiff's counsel and the foregoing argument, Plaintiff respectfully requests leave of Court to immediately file amended pleadings, attached hereto as *Exhibit 2*.

Dated: May 13, 2008

LIUZZI, MURPHY & SOLOMON, LLP.

By: _____
Michael E. Hale
Attorney for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED PLEADING; POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING

# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICARDO MARCELOS,

    Plaintiff,

    v.

EDWIN MAURICIO PARADA DOMINGUEZ,
GLENDA PARADA, LORENZO PARADA,
VIKI RAAB, COUNTRYWIDE HOME
LOANS, ARGENT MORTGAGE COMPANY,
LLC, PRIMESTAR FINANCIAL SERVICES,
SHOAIB MAHMUD, FINANCIAL TITLE
COMPANY, NEW CENTURY TITLE
COMPANY, RECONTRUST COMPANY,
N.A., and DOES 1 through 100,

    Defendants.

_____/

No. C 08-00056 WHA

**ORDER GRANTING IN
PART AND DENYING IN
PART DEFENDANTS'
MOTIONS TO DISMISS**

**INTRODUCTION**

    This action arises out of the sub-prime lending crisis. Defendants Countrywide Home

Loans, Argent Mortgage Company, New Century Title Company, and Viki Raab move to

dismiss all claims against them. This order holds that certain claims are time-barred and

therefore **DISMISSED WITHOUT LEAVE TO AMEND**: the claim for statutory damages under the

Truth in Lending Act ("TILA"), the claim under the Real Estate Settlement Procedures Act

("RESPA"), the claim under the Fair Housing Act, and the claim under the Equal Credit

Opportunity Act. This order holds that certain claims were not pled with sufficient specificity

and are hereby **DISMISSED WITH LEAVE TO AMEND**: the claim under TILA against Raab,

United States District Court
For the Northern District of California

1    the claim under California Civil Code Section 1632 against New Century Title and Raab,

2    the claim for fraud and deceit, the claim for rescission and restitution, the claims for breach of

3    fiduciary duty and breach of contract against Viki Raab, the claim under California Business &

4    Professions Code Section 17200, and the claim for punitive damages. This order holds that all

5    other claims were sufficiently pled and the motions to dismiss are hereby **DENIED**.

6                                   **STATEMENT**

7         For the purpose of this motion, all well-pled material allegations of the complaint

8    are taken as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).

9    Plaintiff Ricardo Marcelos filed this action on January 4, 2008, to prevent the foreclosure of

10   his family home on Folsom Street in San Francisco, and to reclaim monies owed to him by

11   defendants as a result of a home-refinance loan. Plaintiff generally alleges that he was deceived

12   by mortgage broker Edwin Parada into taking out a loan on his Folsom Street home by

13   negotiating in Spanish but requiring plaintiff to sign loan documents in English only, thereby

14   concealing key terms of the loan. Countrywide Home Loans is the current holder of the loan.

15        Plaintiff purchased the home on Folsom Street on December 15, 1994, as a joint tenant,

16   and became the sole owner on March 5, 2002. In February 2005, defendant Edwin Parada,

17   one alleged villain of the piece, contacted plaintiff at his home, and, speaking in Spanish,

18   introduced himself as a real estate agent and asked plaintiff if he wished to refinance his home.

19   Plaintiff said no. Edwin Parada pursued plaintiff with multiple phone calls and unannounced

20   visits. Plaintiff informed Edwin Parada that he could not afford a bigger mortgage and did not

21   want to raise his debt. Edwin Parada, however, eventually persuaded plaintiff to open a line of

22   credit to purchase a second home by showing on his laptop that the Folsom Street home was

23   valued at $800,000 and by informing plaintiff that a line of credit would not increase his

24   mortgage payments by more than $100 per month. All conversations were conducted in

25   Spanish (Compl. ¶¶ 25–30).

26        Edwin Parada later brought his brother, defendant Lorenzo Parada, to the Folsom Street

27   home. Speaking in Spanish, Lorenzo assured plaintiff that a second home was a good idea and

28   that he would take plaintiff to view potential new homes. Plaintiff gave them documents

                                        2

1    indicating that his monthly income was $4,200 with only $2,000 in savings. Edwin Parada told

2    plaintiff that his income would not be a problem, and that Edwin would take care of any

3    problems (*id.* at 31–32).

4        In Spring 2005, Lorenzo Parada met plaintiff to sign the documents at a Starbucks

5    coffee shop in Hayward, California. Edwin Parada was not present. Lorenzo presented plaintiff

6    with a set of documents in English and directed him where to sign. Plaintiff signed the

7    documents and was not given any copies. These documents turned out later to be refinance

8    papers with defendant Argent Mortgage Company, not documents to open a line of credit.

9    Within these documents, the HUD-1 disclosure settlement costs authorized a disbursement of

10   $200,000 to Edwin Parada (*id.* at ¶ 32).

11       Lorenzo Parada took plaintiff to see numerous homes in Hayward and San Francisco,

12   and plaintiff was finally persuaded to purchase a home on Girard Street in San Francisco.

13   The apparent purpose of purchasing a second home was to acquire a larger home for his family

14   to live in and to rent out the smaller Folsom Street home. On May 27, 2005, plaintiff met

15   Edwin Parada and defendant Viki Raab, a notary public in Alameda County, at Starbucks to

16   sign the purchase documents for the Girard Street property. Plaintiff signed these documents,

17   which were in English, in Raab's presence and at her direction while Edwin Parada was away

18   from the table. Plaintiff did not receive any copies of the documents, and was told he would

19   receive copies in the mail (*id.* at ¶¶ 33–34).

20       In October 2005, plaintiff received a bill on the Folsom Street home for $3,200 per

21   month — $1,000 more per month than he had previously been paying. The loan has now since

22   readjusted upward and the payments are $4,400 per month. Also in October 2005, plaintiff

23   approached Edwin Parada at his office and questioned him about the increased payments. It is

24   unclear from plaintiff's allegations whether and how Edwin explained the increases. At the

25   meeting, Edwin also informed plaintiff that a sum of $200,000 in funds from the Folsom Street

26   property transaction, originally intended as a down payment on the Girard Street property, was

27   instead being held by Edwin. Edwin said plaintiff could have the funds at any time, and the

28   parties agreed that Edwin would pay plaintiff $3,000 per month in interest until Edwin could

United States District Court
For the Northern District of California

3

1    pay the full amount. Edwin made only two or three such payments and then stopped (*id.* at

2    ¶¶ 35–36).

3        A few months later, plaintiff requested the full amount of $200,000 from Edwin Parada.

4    Plaintiff was unable to get a hold of him until August 2006, whereupon he wrote plaintiff a bad

5    check for $10,000. In November 2006, plaintiff and his wife finally met with Edwin in his

6    office, where he agreed to pay the remainder in three installments over the next twelve months.

7    No further payments were made. Edwin Parada made more promises to repay plaintiff in

8    January 2007 and thereafter, but made no payments. In or around January 2007, plaintiff

9    received a notice of foreclosure on the Girard Street home. That property was sold at a

10   foreclosure sale on June 6, 2007. Plaintiff's family was at that time living in the Girard Street

11   home while renting out the Folsom Street home. As of September 2007, plaintiff's family

12   moved back into the Folsom Street home (*id.* at ¶¶ 37–42).

13       Previously, in December 2006, having never received any loan documents from Edwin

14   Parada, plaintiff requested such documents from defendant Countrywide and received "some of

15   the loan documents" for the Folsom Street home, all in English (*id.* at ¶¶ 27, 39). Countrywide

16   is purportedly the successor-in-interest to and/or assumed all rights, remedies, and liabilities of

17   Argent Mortgage Company, the company with which defendant Edwin Parada refinanced

18   plaintiff's Folsom Street home (*id.* at ¶ 15).

19       New Century Title Company entered into a contract with Argent and plaintiff to serve as

20   escrow agent (*id.* at ¶ 82).

21       Defendants Countrywide, Argent, New Century Title, and Viki Raab now move to

22   dismiss the claims against them.

                                 **ANALYSIS**

24       A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

25   alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484

26   (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the

27   light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d at 340.

28   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

4

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).[1]

### 1.    SUFFICIENCY OF THE ALLEGATIONS.

Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the entire complaint on the basis that it is so sweeping and generally insufficient in its factual allegations against defendants. New Century Title and Raab argue specifically that the complaint fails the pleading requirements of FRCP 8(a). Notwithstanding the specific holdings for each claim, this order finds that, with respect to the complaint as a whole, the allegations therein are sufficiently specific to withstand a motion to dismiss.

### 2.    FAILURE TO STATE A CLAIM.

Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss all claims against them for failure to state a claim.

#### A.    TILA and Regulation Z Violations.

Plaintiff asserts claims under TILA against defendants Countrywide, Argent, and Viki Raab. These defendants each move to dismiss such claims as barred by the statute of limitations. Defendant Raab moves to dismiss the claim on the separate ground that she is not a creditor under TILA. Defendant Countrywide moves to dismiss the claim on the further ground that plaintiff has failed to state a claim to a right to rescind and also that plaintiff failed to state a claim against Countrywide as an assignee.

##### (1)    *Defendant Raab: Not A Creditor Under TILA.*

Defendant Raab moves to dismiss any TILA claims against her because she is not a "creditor" within the meaning of TILA. 15 U.S.C. 1602(f). Plaintiff does not address this argument in his opposition and plaintiff's counsel conceded at the hearing that defendant Raab should be dismissed with respect to this claim. This order thus dismisses claims under TILA against defendant Raab.

---

[1] Unless indicated otherwise, all decisions cited in this order omit internal citations.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*(2)    The Claim for Rescission of the Loan Transaction.*

Plaintiff asserts a claim for rescission of the loan transaction and defendants' security

interest in his home on the basis of TILA violations.

**(a)    The Rescission Claim Is Not Time-Barred.**

Plaintiff alleges he did not receive material disclosures in violation of TILA, including

notice of his three-day right to rescind the loan transaction (Compl. ¶ 46–47). The statute of

limitations for rescission claims under TILA is three years. 15 U.S.C. 1635(f). The statute of

limitations typically runs from the date of the consummation of the loan. The loan was

consummated on or about March 29, 2005 (Opp. 4) and was rescinded on December 31, 2007

(Compl. ¶ 49). This action was filed on January 4, 2008, within the three-year statute of

limitations. Plaintiff's claim for rescission under TILA is thus not time-barred.

**(b)    Right to Rescind.**

Defendant Countrywide argues that plaintiff has failed to state a claim for a right to

rescind under 15 U.S.C. 1635 because he has not alleged that he tendered the loan proceeds to

Countrywide. Plaintiff has alleged grounds for rescission based on defendants' alleged TILA

violations, and sent a letter of notification of rescission to Countrywide on December 31, 2007

(Compl. ¶¶ 3, 39). Contrary to Countrywide's assertions, plaintiff nowhere contends that such

notice automatically and unilaterally rescinded the loan and voided Countrywide's security

interest in it. This order finds that plaintiff has stated sufficient facts to claim rescission of the

loan on this motion to dismiss. However, as the Court has stated, rescission means plaintiff

must eventually give the loan proceeds back, but we can address the specific form of rescission

at a later time.

*(3)    The Claim for Statutory Damages Is Time-Barred.*

In addition to his claim for rescission of the loan contract, plaintiff also asserts a claim

for statutory damages under TILA. Plaintiff concedes that the statute of limitations for statutory

damages under TILA is one year pursuant to 15 U.S.C. 1640(e), but nonetheless argues that the

statute of limitations should be equitably tolled. Plaintiff argues that, because defendants

6

1    withheld documents and failed to provide translations thereof, he was unable to seek timely

2    redress.

3        The statute of limitations under TILA for statutory damages may be equitably tolled.

4    *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling is appropriate where,

5    despite due diligence, a plaintiff does not have reasonable opportunity to discover the existence

6    of possible claims within the limitations period. *Santa Maria v. Pacific Bell*, 202 F.3d 1170,

7    1178 (9th Cir. 2000). Contrary to defendant Countrywide's arguments that a showing of

8    defendants' active concealment is required, equitable tolling does not depend on the wrongful

9    conduct of the defendant, but rather whether the plaintiff's delay was excusable.

10   Countrywide confuses equitable tolling with equitable estoppel, which requires a showing of

11   wrongful conduct on the part of the defendant. *Ibid.*

12       Plaintiff alleges in the complaint that in October 2005, he received a bill on the Folsom

13   Street property for "$1,000.00 more per month than he had previously been paying . . . even

14   though he had been told by defendant Edwin Parada that his mortgage payments on the Folsom

15   Street property would not increase by more than $100.00" (Compl. ¶ 35). Also in October

16   2005, plaintiff alleges he approached Edwin Parada at his office and questioned him about the

17   increased payments, thus indicating that he understood the contents of the bill and realized that

18   his mortgage payments were increased more than originally agreed to (*id.* at ¶ 36). At the same

19   meeting, Edwin informed plaintiff that a sum of $200,000 in funds from the Folsom Street

20   property transaction was being held by Edwin (*ibid.*). As shown by the allegations in the

21   complaint, plaintiff was put on notice in October 2005 that (i) his Folsom Street home mortgage

22   payments had been increased more than originally negotiated, and (ii) Edwin Parada was in

23   possession of $200,000 from the Folsom Street transaction. Thus, the statute of limitations

24   started running in October 2005 at the latest for any claim for which either of these facts would

25   put a reasonable person on notice of potential claims.

26       The alleged TILA violations include failing to include certain charges in finance charge

27   disclosure, improperly calculating the annual percentage rate ("APR"), including a prohibited

28   prepayment penalty, and extending credit without considering plaintiff's ability to repay the

United States District Court
For the Northern District of California

7

1    loan. Higher than expected mortgage bills, together with an amount of $200,000 taken from the

2    loan transaction, would put a reasonable person on notice of claims relating to the amount and

3    terms of the loan agreement, including the finance charge, the APR, and other charges.

4    Additionally, the amount of the mortgage bill would put a reasonable person on notice that the

5    lender may not have taken into account one's income and other factors relating to ability to

6    repay the loan.

7        For the above-stated reasons, this order finds that, even if equitable tolling is appropriate

8    in this case, plaintiff was put on notice of potential TILA violations in October 2005.

9    The statute of limitations thus started running at this time at the latest, and the one-year statute

10    of limitations for statutory damages claims ran in October 2006. This action being filed on

11    January 4, 2008, plaintiff's claims for statutory damages under TILA are hereby dismissed as

12    time-barred without leave to amend.

13                    *(4)    Defendant Countrywide: Assignee Liability.*

14        Defendant Countrywide argues that an assignee is only liable if violations of TILA are

15    apparent on the face of the disclosure statement pursuant to 15 U.S.C. 1641(a), and that plaintiff

16    has failed to state particulars as to how Countrywide violated the TILA. Plaintiff has, however,

17    alleged that Countrywide was a successor-in-interest to the Argent loan (Compl. ¶ 15), and

18    noted that the loan documents indicated a broker disbursement of $200,000, a "highly unusual

19    circumstance" (Opp. 5). The right to rescind is available against "any assignee." 15 U.S.C.

20    1641(c). The decision as to whether a violation was apparent on the face of the disclosure

21    statement is a question of fact to be determined at a later time. Because plaintiff has alleged

22    that the loan documents indicated violations and that Countrywide was a successor-in-interest to

23    the loan, this order finds that plaintiff has pled sufficient facts to assert a right to rescind against

24    defendant Countrywide as assignee.

25                **B.    RESPA Violations.**

26        Defendant argue that plaintiff's second claim under RESPA should be dismissed

27    because any such claim is barred by the one-year statute of limitations, and further that plaintiff

28

8

1  has failed to state a claim under Section 5 of RESPA because it does not provide for private

2  actions.

### *(1)    Statute of Limitations for Section 8 Claims.*

4          Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss

5  the second claim for violations of Section 8 of the Real Estate Sales Protection Act (RESPA)

6  because the claim is time-barred by the one-year statute of limitations pursuant to 12 U.S.C.

7  2614. Plaintiff concedes that the statute of limitations is one year, but again argues that the

8  statute of limitations should be equitably tolled.

### (a)    Availability of Equitable Tolling Under RESPA.

10         The Ninth Circuit has not addressed the question of whether equitable tolling is

11  available under RESPA. Of the three courts in this district to address this question, two held

12  that equitable tolling was available and the third declined to reach the question.[2]

13         Absent a clear indication to the contrary, equitable tolling should be read into every

14  federal statute. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396–97 (1946). Two appellate

15  decisions have addressed whether the statute of limitations in RESPA is subject to equitable

16  tolling with two different results. The D.C. Circuit in *Hardin v. City Title & Escrow Company*,

17  797 F.2d 1037, 1040–41 (D.C. Cir. 1986), held that the statute of limitations was not subject to

18  equitable tolling. The statute of limitations was in the same section, 12 U.S.C. 2614, that

19  established jurisdiction for RESPA claims, evincing Congress' intent that the statute of

20  limitations was jurisdictional. The decision also pointed out that 12 U.S.C. 2614 was "identical

21  in all material respects" to 15 U.S.C. 1640(e), the statute of limitations under TILA. *Id.* at

22  1039. The statute of limitations under TILA had been held to be jurisdictional by some circuits.

23  By analogy, so too was the statute of limitations for RESPA.

24         The Seventh Circuit disagreed in *Lawyers Title Insurance Corporation v. Dearborn*

25  *Title Corporation*, 118 F.3d 1157, 1166–67 (7th Cir. 1997), and held otherwise. That decision

26  first noted that the majority of statutes of limitations are not considered jurisdictional. *Id.* at

27

28  ───────────────
    [2] *See Kay v. Wells Fargo & Co. N.A.*, 2007 U.S. Dist. LEXIS 55519 (N.D. Cal. July 24, 2007)
    (Alsup, J.); *Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1106 (W.D. Wash. 2007) (Robart, J.);
    *Bloom v. Martin*, 865 F. Supp. 1377, 1386–87 (N.D. Cal. 1994) (Armstrong, J.).

*United States District Court*
*For the Northern District of California*

1166. While discussing *Hardin*, it noted "[o]f particular relevance are the decisions which hold that the statute of limitations in the Truth in Lending Act is *not* jurisdictional even though the limitations period is found in the same section as the provision conferring jurisdiction on the federal courts to enforce the Act." *Ibid* (emphasis added). Those included a decision from the Ninth Circuit, *King v. California,* 784 F.2d at 914–15, which held that TILA claims are subject to equitable tolling. Particularly since *Lawyers Title* rested its holding on Ninth Circuit precedent, this order finds the Seventh Circuit's logic more apt. Furthermore, a number of district courts have held that RESPA's statute of limitations is subject to equitable tolling.[3] Accordingly, equitable tolling is available for RESPA claims.

### (b)  Adequacy of Plaintiff's Allegations for Application of Equitable Tolling.

Plaintiff alleges defendants violated Section 8 of RESPA by "failing to make and provide the required disclosure, by taking kickbacks and unearned fees, and by making and collecting prohibited charges" (Compl. ¶ 54). As discussed for plaintiff's TILA claims above, if either the increases in the Folsom Street mortgage payments or Edwin Parada's possession of $200,000 from the transaction would put a reasonable person on notice of potential claims, the statute of limitations started running at the latest in October 2005, the time plaintiff learned of these facts. Upon finding out that one's broker was in possession of $200,000 from a loan transaction, originally intended for a down payment on another property, a reasonable person would be put on notice that there were possibly kickbacks or unearned fees taken, or other prohibited charges made during the loan transaction. A reasonable person would have inquired. As a further matter, plaintiff also fails to allege what other kickbacks, unearned fees, or other prohibited charges defendants allegedly took or made. This order thus finds that plaintiff has failed to allege facts sufficient to toll the statute of limitations beyond October 2005. The statute of limitations for plaintiff's RESPA Section 8 claim thus ran in October 2006 at the

---

[3] *See, e.g., Mullinax v. Radian Guar., Inc.,* 199 F. Supp. 2d 311, 328 (M.D. N.C. 2002) (Beaty, J.); *Kerby v. Mortgage Funding Corp.,* 992 F. Supp. 787, 793–96 (D. Md. 1998) (Blake, J.); *Moll v. U.S. Life Title Ins. Co. of N.Y.,* 700 F. Supp. 1284, 1286–89 (S.D. N.Y. 1998) (Leisure, J.); *contra Zaremski v. Keystone Title Assocs., Inc.,* 884 F.2d 1391, slip op. at *2 (4th Cir. 1989).

United States District Court
For the Northern District of California

1   latest. This action was filed on January 4, 2008. Plaintiff's RESPA Section 8 claim is thus

2   time-barred and dismissed without leave to amend.

3                             *(2)*    **Claim Pursuant to RESPA Section 5.**

4         Defendants argue that plaintiff attempts to make a claim under Section 5 of RESPA by

5   alleging defendants "fail[ed] to make and provide the required disclosure" (Compl. ¶ 54),

6   and that such claim should be dismissed because Section 5 does not provide for private actions.

7   Plaintiff does not specifically assert a claim under 12 U.S.C. 2604 in his complaint, nor does he

8   counter defendants' arguments in his pleadings. This order finds that, to the extent that any

9   claim has been asserted under Section 5 of RESPA, it is hereby dismissed without leave to

10   amend.

11                     **C.**    **Violations of the Fair Housing Act.**

12         This order finds that plaintiff's claim for violations of the Fair Housing Act, 42 U.S.C.

13   3605, is barred by the two-year statute of limitations pursuant to 42 U.S.C. 3613(a)(1).

14   Plaintiff signed the loan documents on or about March 29, 2005, and this action was filed on

15   January 4, 2008, over two and a half years later (Opp. 4). Plaintiff does not argue otherwise in

16   his opposition. This order thus dismisses plaintiff's third claim for violations of the Fair

17   Housing Act without leave to amend.

18                   **D.**    **Violations of the Equal Credit Opportunity Act.**

19         This order finds that plaintiff's claim for violations of the Equal Credit Opportunity Act,

20   42 U.S.C. 1691, is barred by the two-year statute of limitations pursuant to 42 U.S.C. 1691e(f).

21   Plaintiff does not argue otherwise in his opposition, but rather requests leave to amend the claim

22   (Opp. 9). Dismissal without leave to amend is not appropriate where, as here, amendment

23   would be futile. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

24   No amendment could change the fact that the statute of limitations has run. This order thus

25   dismisses plaintiff's fourth claim for violations of the Equal Credit Opportunity Act without

26   leave to amend.

27

28

United States District Court
For the Northern District of California

11

United States District Court
For the Northern District of California

### E.    Violations of California Civil Code Section 1632.

Defendants Countrywide, Argent, New Century Title, and Viki Raab move to dismiss the claim under California Civil Code Section 1632 because it does not apply to the loan at issue and/or sufficient facts have not been alleged against them.

#### (1)    *Section 1632 Applies to the Loan at Issue.*

While Section 1632(a)(1) generally excludes loans secured by real property, Section 1632(b)(4) identifies transactions specifically covered by the statute: "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code. . . ." Cal. Civ. Code 1632. Section 10240 of the California Business and Professions code in turn applies to certain loans secured by real property that are negotiated by a real estate broker. Cal. Bus. & Prof. Code 10240. Section 1632 thus applies to the loan at issue.[4]

#### (2)    *Sufficient Allegations.*

Defendants Countrywide, Argent, New Century Title, and Viki Raab contend that plaintiff has not alleged sufficient facts for a claim under Section 1632.

##### (a)    Defendants New Century Title and Viki Raab.

Defendants New Century Title and Viki Raab argue that plaintiff fails to allege that, as the escrow company and officer, they were brokers within the definition of Section 1632. Plaintiff does not argue otherwise in his opposition, and fails to cite any law extending the broker's duty under Section 1632 to the escrow holder. Claims for violations of Section 1632 against New Century Title and Viki Raab are hereby dismissed with leave to amend.

##### (b)    Defendants Countrywide and Argent.

Countrywide argues that plaintiff fails to allege that it negotiated the loan at all, much less in Spanish, and therefore Section 1632 does not apply to it. Argent argues for the first time

---

[4] *See also Ruiz v. Decision One Mortgage Co., LLC*, 2006 U.S. Dist. LEXIS 54571 (N.D. Cal. July 25, 2006); *Munoz v. Int'l Home Capital Corp.*, 2004 U.S. Dist. LEXIS 26362 (N.D. Cal. May 4, 2004).

United States District Court

For the Northern District of California

1  in its reply brief that plaintiff has not alleged that it is was a loan broker for this transaction,

2  and therefore Section 1632 likewise does not apply to it.

3    Plaintiff has alleged that the Paradas negotiated with plaintiff primarily in Spanish and

4  subsequently failed to provide a copy of the loan agreement in Spanish (Compl. ¶¶ 25–43).

5  Plaintiff further alleges agency relationships between all defendants (*id.* at ¶¶ 22–23).

6    Plaintiff's specific allegations of violation of Section 1632 by the Paradas, together with

7  allegations of agency relationships between the Paradas, Countrywide, and Argent,

8  are sufficient to withstand defendants' motions to dismiss. *See Munoz v. Int'l Home Capital*

9  *Corp.*, 2004 U.S. Dist. LEXIS 26362 at *27 (holding that a "boilerplate allegation of agency"

10  was sufficient to maintain a claim against a mortgage lender on a motion to dismiss).

11  Plaintiff alleges Argent was the mortgage company for the transaction, while Countrywide was

12  the successor-in-interest to Argent's rights under the loan. This order finds that extending the

13  duties of the broker under Section 1632 to Argent and Countrywide is appropriate, at least for

14  purposes of a motion to dismiss.

15    At the hearing, counsel for both sides indicated that the deposition of defendant Shoaib

16  Mahmud revealed that Mahmud, and not Edwin Parada, was in fact the loan broker for this

17  transaction. Plaintiff's counsel are thus reminded of their duties under Rule 11 to have support

18  for any factual allegations upon filing any amended complaint. This order thus finds that claims

19  for violations of California Civil Code Section 1632 against Countrywide and Argent are not

20  dismissed at this time.

21    **F.    Fraud and Deceit.**

22    Defendants Countrywide, Argent, Viki Raab, and New Century Title contend that

23  plaintiff has not stated a claim for fraud with sufficient particularity as required by FRCP 9(b).

24  Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting

25  fraud or mistake shall be stated with particularity." What this means is that allegations of fraud

26  must be "specific enough to give defendants notice of the particular misconduct which is

27  alleged to constitute the fraud charged so that they can defend against the charge and not just

28  deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.

13

United States District Court
For the Northern District of California

1    1993). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting

2    fraud so that the defendant can prepare an adequate answer from the allegations. The complaint

3    must specify such facts as the times, dates, places, benefits received, and other details of the

4    alleged fraudulent activity." *Id.* at 671–72. For fraud claims involving multiple defendants,

5    the plaintiff must, at a minimum, "identify the role of each defendant in the alleged fraudulent

6    scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal brackets omitted).

7        Plaintiff alleges that the Paradas made false representations (Compl. ¶¶ 25–43).

8    With respect to defendant Viki Raab, it is alleged that plaintiff signed documents for the Girard

9    Street property in English "in her presence and at her direction" on May 27, 2005 (*id.* at ¶ 34).

10   Plaintiff further alleges agency relationships between all defendants (*id.* at ¶¶ 22–23).

11       It is not enough for plaintiff to allege that Countrywide, Argent, Viki Raab, and New

12   Century Title are responsible for the Paradas' acts without identifying their specific roles in the

13   fraudulent scheme so that they may defend against the charge. *See Maganallez v. Hilltop*

14   *Lending Corp.*, 505 F. Supp. 2d 594, 606 (N.D. Cal. 2007); *Swartz v. KPMG LLP*, 476 F.3d at

15   765. With respect to defendant Viki Raab, it is insufficient to merely allege that she was

16   present at the closing for a *different* property without any allegations of particular misconduct

17   on her part. This order thus finds that plaintiff has not pled fraud against Countrywide, Argent,

18   Viki Raab, or New Century Title with sufficient particularity pursuant to Rule 9(b).

19   Accordingly, the claim for fraud and deceit is dismissed with leave to amend with respect to

20   defendants Countrywide, Argent, Viki Raab, and New Century Title.

21               **G.    Breach of Fiduciary Duty and Breach of Contract.**

22       Defendants New Century Title and Viki Raab move to dismiss the claims for breach of

23   fiduciary duty and breach of contract on the ground that they had no duty to plaintiff to deliver

24   the loan documents to him, and also that they in fact delivered such documents to plaintiff.

25       Plaintiff alleges that New Century Title entered into a contract with Argent and plaintiff

26   to perform the duties of escrow agent for closing the subject loan, and breached that contract by

27   failing to comply with the escrow instructions requiring delivery of two copies of the rescission

28   notice to plaintiff (Compl. ¶ 82). Plaintiff's only allegations with respect to Raab are that she

United States District Court

For the Northern District of California

1    was a notary public in the County of Alameda, was involved in the transactions, and was

2    present at the Girard Street property closing (*id.* at ¶¶ 14, 34). At the hearing, plaintiff's

3    counsel asserted the following new facts: New Century Title and its employee Viki Raab

4    entered into a contract to perform duties as escrow company and officer for the Folsom Street

5    property but never conducted a face to face meeting to close escrow. Defense counsel for New

6    Century Title and Viki Raab stated that such allegations were factually incorrect and that Raab

7    recalls meeting plaintiff in her office.

8        Although generally the scope of review on a motion to dismiss is limited to the

9    allegations in the complaint, evidence on which the complaint "necessarily relies" may be

10   considered if: "(1) the complaint refers to the document; (2) the document is central to the

11   plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

12   motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff's allegations as to

13   New Century Title refer to the escrow instructions, the alleged breach of which is central to

14   plaintiff's claim. Plaintiff did not attach the escrow instructions to the complaint, and so

15   New Century Title has provided a copy (Grossman Decl. Exh. A). Plaintiff does not question

16   the authenticity of the document in his opposition. The escrow instructions provided by

17   New Century Title do in fact require that each borrower and person having an ownership

18   interest in the collateral property receive two copies of the rescission notice, albeit in slightly

19   different language than alleged in the complaint (*id.* at 1). Defendants argue, however, that

20   because the escrow instructions were from "Argent Mortgage Company," and not from plaintiff,

21   New Century Title and Viki Raab as escrow company and officer owed no duty to plaintiff to

22   fulfill these instructions. None of the cases cited by defendants supports the proposition that the

23   escrow company owes a duty only to the *provider* of the instructions to follow such

24   instructions. The cases cited merely support the proposition that the duties of the escrow holder

25   are "limited to the obligation of the escrow holder to carry out the instructions of each of the

26   parties to the escrow" and that if "the escrow holder fails to carry out an instruction it has

27   contracted to perform, the injured party has a cause of action for breach of contract."

28   *Summit Fin. Holdings v. Cont'l Lawyers Title Co.*, 27 Cal. 4th 705, 711 (2002). Plaintiff has

15

1    thus sufficiently pled claims for breach of fiduciary duty and breach of contract against

2    New Century Title with the following allegations:  (i) New Century Title was the escrow

3    holder; (ii) the escrow instructions required that two copies of the rescission notice be sent to

4    plaintiff; and (iii) plaintiff never received such documents.

5         Defendants also argue that plaintiff's signature on the rescission notice negates

6    plaintiff's claim that he did not receive the documents (Grossman Decl. Exh. B). Such evidence

7    does not defeat plaintiff's claim on a motion to dismiss, especially in light of plaintiff's

8    allegations that his primary language is Spanish and thus the crux of this case rests on his

9    inability to understand the documents he signed. Such evidentiary arguments should be made at

10   a later time.

11        This order finds that plaintiff has sufficiently pled claims for breach of fiduciary duty

12   and breach of contract against New Century Title. There are no allegations in the complaint

13   that Viki Raab was the escrow officer, or that she entered into a contract with plaintiff.

14   Accordingly, the claims for breach of fiduciary duty and breach of contract against Viki Raab

15   are hereby dismissed with leave to amend. Plaintiff's counsel are reminded, however, of their

16   duty to comply with the requirements of Rule 11 that all factual allegations must have support.

17              **H.    Rescission and Restitution.**

18        Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the

19   claim for rescission and restitution on the ground that it is not a claim for relief, but rather a

20   remedy. Defendants are correct, and plaintiff does not contend otherwise in his opposition.

21   Accordingly, the claim for rescission and restitution is dismissed with leave to amend with

22   respect to defendants Countrywide, Argent, New Century Title, and Raab.

23              **I.    Violations of Section 17200.**

24        Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss the

25   claim for violations of Section 17200. Under Section 17200, the plaintiff must assert an

26   "unlawful, unfair or fraudulent business act or practice." Thus, Section 17200 establishes three

27   alternative theories for finding illegal conduct: (1) unlawful, (2) unfair and deceptive, or

28   (3) fraudulent. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th

163, 180 (1999). Since Section 17200 is written in the disjunctive, the plaintiff need allege only one of the three theories to properly plead a claim. Here, plaintiff alleges that defendants' practices violated all three prongs of the statute (Compl. ¶¶ 102–110). Plaintiff presents arguments for only the unlawful and fraudulent prongs.

### (1) Fraudulent.

Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (applying Rule 9(b)'s pleading requirements for claims based in fraud to a Section 17200 claim). Accordingly, plaintiffs must identify with particularity the statements or omissions that were made. For the reasons stated above with respect to plaintiff's fraud and deceit claim, plaintiff has not met the particularity requirements of Rule 9(b), and thus plaintiff has failed to meet the pleading requirements for the fraudulent prong under Section 17200.

### (2) Unlawful.

Plaintiff fails to allege the predicate for the unlawful prong of Section 17200 in his complaint, except for a catchall "in violation of federal and state law." Plaintiff must allege the specific laws violated by defendants.

This order hereby dismisses plaintiff's Section 17200 claim with leave to amend.

### 3. PUNITIVE DAMAGES.

Defendants Countrywide, Argent, New Century Title, and Raab move to dismiss plaintiff's claim for punitive damages. For an award of punitive damages, plaintiff must prove oppression, fraud, or malice on the part of defendants. Cal. Civ. Code 3294. Plaintiff has not pled with sufficient particularity any allegations of oppression, fraud or malice, and does not argue otherwise in his opposition. Accordingly, plaintiff's claim for punitive damages is dismissed with leave to amend with respect to defendants Countrywide, Argent, New Century Title, and Raab.

### 4. MORE DEFINITE STATEMENT.

Defendant also moves for a more definite statement. Under Rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

United States District Court
For the Northern District of California

1  reasonably be required to frame a responsive pleading, the party may move for a more definite

2  statement before interposing a responsive pleading." For the reasons discussed above, this

3  order finds that the sustained portions of the complaint are not so vague or ambiguous that

4  defendants cannot reasonably frame a response, and accordingly holds that plaintiff is not

5  required to file a more definite complaint.

6  **CONCLUSION**

7       For all of the above-stated reasons, defendants' motions to dismiss are **GRANTED IN**

8  **PART AND DENIED IN PART**. This order holds that certain claims are time-barred and therefore

9  **DISMISSED WITHOUT LEAVE TO AMEND**: the claim for statutory damages under TILA, the

10 claim under RESPA, the claim under the Fair Housing Act, and the claim under the Equal

11 Credit Opportunity Act. This order holds that certain claims were not pled with sufficient

12 specificity and are hereby **DISMISSED WITH LEAVE TO AMEND**: the claim under TILA against

13 Raab, the claim under California Civil Code Section 1632 against New Century Title and Raab,

14 the claim for fraud and deceit, the claim for rescission and restitution, the claims for breach of

15 fiduciary duty and breach of contract against Viki Raab, the claim under California Business &

16 Professions Code Section 17200, and the claim for punitive damages. This order holds that all

17 other claims were sufficiently pled and the motions to dismiss are hereby **DENIED**.

18 Any amended complaint must be filed by **MAY 12, 2008, AT NOON**. Plaintiff should plead his

19 best case inasmuch as further leave to amend is unlikely. Defendants must respond to any

20 amended complaint by **MAY 22, 2008**.

21

22      **IT IS SO ORDERED.**

23

24 Dated: April 21, 2008.

25                                                   WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE

26

27

28

18

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICARDO MARCELOS,

       Plaintiff,

    v.

EDWIN MAURICIO PARADA DOMINGUEZ,
GLENDA PARADA, LORENZO PARADA,
COUNTRYWIDE HOME LOANS, ARGENT
MORTGAGE COMPANY, LLC, PRIMESTAR
FINANCIAL SERVICES, SHOAIB
MAHMOUD, NEW CENTURY TITLE
COMPANY, RECONTRUST COMPANY, N.A.,
AND DOES 1 through 100,

       Defendants.

_____/

No. C 08-00056 WHA

**CASE MANAGEMENT
ORDER AND REFERENCE
TO MAGISTRATE JUDGE
FOR MEDIATION/
SETTLEMENT**

After a case management conference, the Court enters the following order pursuant to

Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1.    All initial disclosures under FRCP 26 must be completed by **MAY 8, 2008**, on pain of

preclusion under FRCP 37(c).

2.    Subject to the outcome of future motions to dismiss, leave to add any new parties or

pleading amendments must be sought by **MAY 8, 2008**.

3.    The non-expert discovery cut-off date shall be **JULY 31, 2008**.

4.    The last date for designation of expert testimony and disclosure of full expert reports

under FRCP 26(a)(2) as to any issue on which a party has the burden of proof

United States District Court
For the Northern District of California

("opening reports") shall be **JULY 31, 2008**. Within **FOURTEEN CALENDAR DAYS**
thereafter, all other parties must disclose any responsive expert testimony with full
expert reports responsive to opening reports ("opposition reports"). Within
**SEVEN CALENDAR DAYS** thereafter, the opening parties must disclose any reply reports
rebutting specific material in opposition reports. Reply reports must be limited to true
rebuttal and should be very brief. They should not add new material that should have
been placed in the opening report. Without a reply report disclosure, no reply/rebuttal
expert testimony will ordinarily be allowed. The cutoff for all expert discovery shall be
**FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an
opposition or reply report, a responding party may depose the adverse expert
sufficiently before the deadline for the opposition or reply report so as to use the
testimony in preparing the response. Experts must make themselves readily available
for such depositions. Alternatively, the responding party can elect to depose the expert
later in the expert-discovery period. An expert, however, may be deposed only once
unless the expert is used for different opening and/or opposition reports, in which case
the expert may be deposed independently on the subject matter of each report. At least
**28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a
list of issues on which it will offer any expert testimony in its case-in-chief (including
from non-retained experts). This is so that all parties will be timely able to obtain
counter-experts on the listed issues and to facilitate the timely completeness of all
expert reports. Failure to so disclose may result in preclusion.

5.  As to damages studies, the cut-off date for *past damages* will be as of the expert report
(or such earlier date as the expert may select). In addition, the experts may try to
project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for
future damages can be met. With timely leave of Court or by written stipulation, the
experts may update their reports (with supplemental reports) to a date closer to the time
of trial.

2

6.   At trial, the direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination.

This means the reports must be complete and sufficiently detailed.

Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements.

7.   To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 15 below.

8.   Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 8:00 a.m. The Court sometimes rules on the papers, issuing a written order and vacating the hearing. If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

9.   The last date to file dispositive motions shall be **AUGUST 28, 2008**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

10.  The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **OCTOBER 14, 2008**. For the form of submissions for the final pretrial conference and trial, please see paragraph 15 below.

11.  A **JURY TRIAL** shall begin on **OCTOBER 20, 2008**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

12.  Counsel may not stipulate around the foregoing dates without Court approval.

13.  While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

14.  To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of

4

United States District Court
For the Northern District of California

1   the entire case is lodged reasonably in advance of the pretrial conference or trial and

2   only a ministerial act remains, the Court will arrange a telephone conference to work

3   out an alternate procedure pending a formal dismissal.

4   15.   If you have not already done so, please read and follow the "Supplemental Order to

5   Order Setting Initial Case Management Conference in Civil Cases Before Judge

6   William Alsup" and other orders issued by the Clerk's office when this action was

7   commenced. Among other things, the supplemental order explains when submissions

8   are to go to the Clerk's Office (the general rule) versus when submissions may go

9   directly to chambers (rarely). With respect to the final pretrial conference and trial,

10   please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil

11   Jury Cases Before The Honorable William Alsup." All orders and guidelines

12   referenced in the paragraph are available on the district court's website at

13   http://www.cand.uscourts.gov. The website also includes other guidelines for

14   attorney's fees motions and the necessary form of attorney time records for cases

15   before Judge Alsup. If you do not have access to the Internet, you may contact Deputy

16   Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

17   16.   All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

18   must be made on the schedule established by said rule.

19   17.   This case is hereby **REFERRED** to **MAGISTRATE JUDGE EDWARD M. CHEN** for

20   **MEDIATION/SETTLEMENT**.

21

22   **IT IS SO ORDERED.**

23

24   Dated: May 1, 2008.

                                   WILLIAM ALSUP

25                                    UNITED STATES DISTRICT JUDGE

26

27

28