SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
SIMONE M. KATZ (Bar #246490)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111
Telephone:  (415) 421-6500
Facsimile:  (415) 421-2922
Email:  jzeldin@sflaw.com; skatz@sflaw.com

Attorneys for Defendant
NEW CENTURY TITLE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, ND FINANCIAL SERVICES d/b/a/ PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., AND DOES 1 through 100,<br><br>　　　　　Defendants. | Case No.  CV08-0056 WHA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S MOTION FOR THIS COURT TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION, OR IN THE ALTERNATIVE, TO DISMISS THE SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date:　　　July 3, 2008<br>Time:　　　8:00 a.m.<br>Judge:　　　Honorable William H. Alsup<br>Location:　　450 Golden Gate Avenue<br>　　　　　　Courtroom 9<br>　　　　　　San Francisco, CA 94102 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

    I.    PLAINTIFF'S COMPLAINT AND NEW CENTURY'S PRIOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ............................................. 2

    II.    THIS COURT'S APRIL 21, 2008 ORDER AND PLAINTIFF'S VOLUNTARY DISMISSAL OF RAAB ........................................................................ 3

    III.    PLAINTIFF'S FIRST AMENDED COMPLAINT AND ITS RELEVANT ALLEGATIONS .................................................................................................... 3

ARGUMENT ................................................................................................................................... 5

    I.    THE COURT HAS DISCRETION TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER NEW CENTURY ............................. 5

    II.    IN THE ALTERNATIVE, THE SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AGAINST NEW CENTURY ......................... 6

        A.    The Second Cause Of Action For Violation Of Civil Code Section 1632 Fails To State A Claim Because Plaintiff Has Not Alleged Any Facts To Bring New Century Within The Purview Of Section 1632 .................................................................................................................... 6

        B.    The Third Cause Of Action For Fraud Fails To State A Claim Because It Is Not Pled With Sufficient Particularity And Plaintiff Has Not Adequately Alleged Reliance ......................................................... 7

        C.    The Fourth Cause Of Action For Aiding And Abetting Fraud Fails To State A Claim Because Actual Knowledge And Substantial Assistance Are Not Adequately Alleged ......................................................... 9

        D.    The Seventh Cause Of Action For Violation Of The UCL Fails To State A Claim Because There Are No Factual Allegations Of Any Particular Conduct By New Century Which Would Give Rise To A UCL Claim .................................................................................................. 11

CONCLUSION ............................................................................................................................. 12

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

## CASES

*Goldrich v. Natural Y Surgical Specialties*,
  25 Cal. App. 4th 772 (1994) .................................................................................................. 9

*Gonzales v. Lloyds TSB Bank*,
  532 F. Supp. 2d 1200 (C.D. Cal. 2006) ................................................................................ 10

*Henry v. Lehman Commer. Paper, Inc.*,
  471 F.3d 977 (9th Cir. 2006) ............................................................................................ 9, 10

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) ........................................................................................................... 7

*Mirkin v. Wasserman*,
  5 Cal. 4th 1082 (1993) ........................................................................................................... 8

*Munoz v. Int'l Home Capital Corp.*,
  2004 U.S. Dist. LEXIS 26362 (N.D. Cal. May 4, 2004) ....................................................... 7

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................................... 10

*Nevis v. Wells Fargo Bank*,
  2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007) .................................................... 11

*Ruiz v. Decision One Mortg. Co., LLC*,
  2006 U.S. Dist. LEXIS 54571 (N.D. Cal. July 25, 2006) ...................................................... 7

*San Pedro Hotel Co. v. City of Los Angeles*,
  159 F.3d 470 (9th Cir. 1998) ................................................................................................. 5

*Vess v. Ciba-Geigy Corp.*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................................... 7

*Walton v. Mead*,
  2004 U.S. Dist. LEXIS 22154 (N.D. Cal. Oct. 28, 2004) ...................................................... 9

## STATUTES

28 United States Code
  Section 1367(c)(2) ................................................................................................................. 5

California Business & Professions Code
  Section 17200 ...................................................................................................................... 11

California Civil Code
  Section 1632(a) ...................................................................................................................... 6
  Section 1632(b) ...................................................................................................................... 6

## RULES

Federal Rules of Civil Procedure
  Rule 9(b) ................................................................................................................................ 7

**INTRODUCTION**

This case remains a dispute between Plaintiff Ricardo Marcelos ("Plaintiff"), on the one hand, and his mortgage broker, Primestar Financial Services ("Primestar"), and its agent, Edwin Parada ("Parada"), on the other hand, over a loan on Plaintiff's property at 4023 Folsom Street in San Francisco (the "Folsom Property"). Despite this, Plaintiff continues his attempts to sweep in as many defendants as possible, including New Century Title Company ("New Century"), the escrow company on the transaction, by asserting multiple claims which lack factual support.[1] While Plaintiff has added factual allegations regarding New Century to its First Amended Complaint ("FAC"), those allegations are insufficient to support the state law claims asserted against New Century.

As discussed below, only state law claims remain against New Century and this Court has discretion to decline to exercise supplemental jurisdiction over New Century because the state law claims substantially predominate over the sole federal claim (the Truth in Lending Act ("TILA") cause of action), which is not asserted against New Century. In the alternative, the Second, Third, Fourth, and Seventh Causes of Action are insufficiently pled and lack facts which show any wrongdoing on the part of New Century. Specifically,

- The California Civil Code Section 1632 ("Section 1632") cause of action for allegedly failing to provide Plaintiff with documents in Spanish fails to state a claim against New Century because Plaintiff has not pleaded any factual allegations that brings New Century within the purview of Section 1632.
- The fraud cause of action fails to state a claim against New Century because it is not pled with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and, more particularly, because Plaintiff has not adequately alleged reliance, which is an essential element of a fraud claim.
- The aiding and abetting fraud cause of action fails to state a claim against New Century

---

[1] Concurrently herewith, New Century has filed a stipulation and proposed order substituting Commonwealth Land Title Company ("Commonwealth") for New Century by reason of New Century's dissolution and transfer of assets and liabilities to Commonwealth.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

because Plaintiff has failed to adequately alleged actual knowledge or substantial assistance, both of which are essential elements of an aiding and abetting claim.

- The California Unfair Competition Law ("UCL") cause of action fails to state a claim against New Century because Plaintiff has only asserted factual allegations relating to mortgage lending and lending practices, neither of which involves New Century, which provided only escrow services; has failed to allege any particular statute that New Century violated as a predicate for the UCL cause of action; and has failed to adequately allege any fraudulent conduct on the part of New Century.

Accordingly, pursuant to Rule 12(b)(6), this Court should grant New Century's motion to dismiss the Second, Third, Fourth, and Seventh Causes of Action of the FAC without leave to amend. After the last motion to dismiss was granted as to these claims for relief, Plaintiff had an opportunity to plead "his best case." Plaintiff has nevertheless failed to correct the legal insufficiency of his claims as against New Century because he cannot.

## STATEMENT OF FACTS

### I. PLAINTIFF'S COMPLAINT AND NEW CENTURY'S PRIOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff's original Complaint asserted seven claims against New Century and nine claims against Viki Raab ("Raab"), New Century's former employee and escrow officer. And yet, the Complaint included only two factual allegations that even referred to New Century or Raab (Complaint, ¶¶ 34, 82, 90). Specifically, the Complaint alleged that New Century entered into a contract with Argent Mortgage Company ("Argent") and Plaintiff to perform the duties of escrow agent for the closing of the loan on the Folsom Property, and that New Century purportedly failed to deliver two copies of a rescission notice to Plaintiff. Complaint, ¶¶ 82, 90. As to Raab, the Complaint alleged that on May 27, 2005, Raab attended a signing of loan documents at a Starbucks in Hayward, CA and that Plaintiff signed those documents in her presence and at her direction while Parada was away from the table. *Id.*, ¶ 34.

New Century and Raab moved to dismiss the Complaint, pursuant to Rule 12(b)(6), for failure to allege facts sufficient to state claims against them.

- 2 -

Case No. CV08-0056 WHA | MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS FAC

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## II. THIS COURT'S APRIL 21, 2008 ORDER AND PLAINTIFF'S VOLUNTARY DISMISSAL OF RAAB

In its April 21, 2008 Order ("April 21 Order"), this Court granted in part and denied in part New Century and Raab's motion to dismiss. As to the claims asserted against New Century, the Court dismissed the claim under the Real Estate Settlement Procedures Act ("RESPA") without leave to amend, and the claim under Section 1632, the claim for fraud and deceit, the claim for rescission and restitution, the claim under the UCL, and the claim for punitive damages with leave to amend. April 21 Order at 1:23-2:4. The Court only denied New Century's motion to dismiss as to the breach of contract and breach of fiduciary duty claims. *Id*. at 2:4-5. As to the claims asserted against Raab, the Court dismissed the RESPA claim and the claim under the Fair Housing Act ("FHA") without leave to amend, and the claim under the Truth in Lending Act ("TILA"), the claim under Section 1632, the claim for fraud and deceit, the claims for breach of fiduciary duty and breach of contract, the claim for rescission and restitution, the claim under the UCL, and the claim for punitive damages with leave to amend. *Id.* at 1:23-2:4.

The Court allowed Plaintiff until May 12, 2008 to file an amended complaint. *Id*. at 18:18. The Court cautioned Plaintiff that he "should plead his best case inasmuch as further leave to amend is unlikely." *Id*. at 18:18-19. Following the April 21 Order, Plaintiff voluntarily dismissed Raab from this action.

## III. PLAINTIFF'S FIRST AMENDED COMPLAINT AND ITS RELEVANT ALLEGATIONS

Plaintiff invokes the subject matter jurisdiction of this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367. FAC, ¶ 8. Further, Plaintiff only alleges state law claims against New Century in his amended complaint. Specifically, Plaintiff alleges, in addition to the breach of fiduciary duty and breach of contract claims, a claim for violation of Civil Code section 1632, a claim for fraud, a new claim for aiding and abetting fraud, and a claim for violation of the UCL. A review of the amended complaint shows that Plaintiff has added the following allegations regarding New Century:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 3 -
Case No. CV08-0056 WHA | MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS FAC

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

On information and belief, Plaintiff was taken by Parada or Lorenzo Parada to New Century's offices in Hayward, CA [i.e., not at Starbuck's] and went to the desk of Raab. During a closing that took an unknown amount of time, Plaintiff "was shown by Ms. Raab where to sign various documents. [Plaintiff] never spoke to Ms. Raab and English was never spoken by him at the closing. It is believed that Ms. Raab was aware, or should have been aware, that [Plaintiff] was limited English proficient." FAC, ¶ 36.

On information and belief, the documents that Plaintiff signed were the loan documents for the Folsom Property refinance. Plaintiff "is unsure what these documents were as they were in English and were not explained to him by anyone present. [Plaintiff] did not receive any of the loan documents at this meeting, nor did he receive any by mail anytime thereafter. Further, [Plaintiff] did not receive a written translation of the documents at any time." *Id.*, ¶ 37.

On information and belief, it appears that Raab "assumed Edwin Parada was [Plaintiff]'s real estate agent. *Id.*, ¶ 38.

On information and belief, "one of the loan documents authorizes the disbursement of funds in the amount of $200,000 to defendant Edwin Parada. This document was drafted by New Century and appears to have been based on a document entitled 'Borrower's Instructions' drafted by New Century and appearing on New Century letterhead. [Raab] did not verify with [Plaintiff] whether he could speak or read English or whether he understood her, the documents, the instructions, and the disbursement, the nature of the transaction or anything pertaining thereto. [Raab] also failed to confirm the debt with [Plaintiff] or ask for a payoff demand." *Id.*, ¶ 39.

New Century "made false promises and misrepresentations to Plaintiff . . . in that they promised to put [Plaintiff]'s best interest foremost before their own and to deliver the Folsom Property loan documents at the closing of the loan on March 29, 2005 and failed to do so. In so doing, [New Century] misrepresented the terms of the loan and plaintiff's right thereto, particularly his right to cancel." *Id.*, ¶ 66.

New Century "misrepresented the nature of its services as escrow agent in that it assumed the responsibility of plaintiff's representative in escrow services then purposefully disregarded its duties by failing to: (1) take any measures to ensure plaintiff knew the nature of the transaction, (2) understood the loan documents, (3) understood that he was transferring $200,000.00 to defendant Parada, (4) ensure Spanish language documents were not required given [sic], and (5) negligently preparing the escrow instructions by misrepresenting the 'payoff' to Edwin Parada." *Id.*, ¶ 67.

On information and belief, "New Century knew, or should have known, that defendants Primestar, its agents, employees and assigns, including the defendants Parada, were using its name and goodwill in a fraudulent scheme that included breaches of fiduciary and contractual duties. Specifically, New Century knew or should have known that brokers who originated loans funded by Argent were concealing and suppressing material information and failing to abide by state and federal law, facts that ultimately led plaintiff to transact with Argent." *Id.*, ¶ 82.

On information and belief, "New Century knew, or should have known, that defendants Primestar, its agents, employees and assigns, including the defendants Parada, were targeting limited English proficient potential borrowers, such as plaintiff, and negotiating the transactions in Spanish but deliberately providing the

> documents in English thereby fraudulently inducing those borrowers, including plaintiff, into transactions the terms and rights appurtenant to which the borrowers, such as plaintiff, were subsequently made unaware." *Id.*, ¶ 83.

As discussed below, none of these so-called allegations supports the Section 1632, fraud, aiding and abetting fraud, and UCL claims against New Century.

## ARGUMENT

### I. THE COURT HAS DISCRETION TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER NEW CENTURY

Supplemental jurisdiction is properly declined where the state law claims substantially predominate over the federal claims. *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if. . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."). Here, there is only one federal claim remaining in the case -- the TILA cause of action -- and this claim is <u>not asserted</u> against New Century. *See* FAC at 11:1-2. The other six claims are all state law claims that substantially predominate over the TILA claim because they raise a number of different issues including: (1) whether New Century negotiated anything at all with Plaintiff in Spanish and whether Section 1632 even applies to New Century; (2) whether New Century committed fraud and whether Plaintiff has adequately alleged reliance; (3) whether New Century aided and abetted an alleged fraud and whether New Century had actual knowledge of other defendants' alleged fraud; (4) whether New Century breached any fiduciary duties owed to Plaintiff by allegedly failing to verify the validity of the $200,000 payment to Parada; (5) whether New Century breached any contract with Plaintiff based on an alleged failure by New Century to deliver rescission notices to Plaintiff; and (6) whether any of New Century's actions alleged in the amended complaint rise to the level of a violation of the UCL. All of these issues address state law claims that have little relationship with the sole remaining federal claim. Accordingly, this Court should employ its discretion and decline to exercise supplemental jurisdiction over New Century. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-9 (9th Cir. 1998) (finding that the district court did not abuse its discretion when it "dismissed with prejudice all the [plaintiffs'] supplemental claims under 28 U.S.C. § 1367(c)(2),

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -

1  concluding that the state law claims substantially predominate over the federal law claims.")

2  (internal quotation marks omitted).

## II. IN THE ALTERNATIVE, THE SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AGAINST NEW CENTURY

### A. The Second Cause Of Action For Violation Of Civil Code Section 1632 Fails To State A Claim Because Plaintiff Has Not Alleged Any Facts To Bring New Century Within The Purview Of Section 1632.

Dismissed with leave by the April 21 Order, Plaintiff has not pleaded any additional facts in his amended complaint to bring New Century within the purview of Section 1632. By its terms, Section 1632 is meant to apply to businesses that conduct negotiations in Spanish (or other foreign languages). *See* Cal. Civ. Code §§ 1632(a) and (b) ("Any person engaged in a trade or business who negotiates primarily in Spanish . . . ."). And yet, there are absolutely no facts that New Century <u>negotiated anything with Plaintiff primarily in Spanish</u>, as required by the statute. Instead, the amended complaint states to the contrary: "During a closing [on March 29, 2005 at New Century's offices in Hayward, CA], that took an unknown amount of time, Mr. Marcelos was shown by Ms. Raab where to sign various documents. <u>Mr. Marcelos never spoke to Ms. Raab</u> and English was never spoken by him at the closing. It is believed that Ms. Raab was aware, or should have been aware, that Marcelos was limited English proficient." FAC at 7:27-8:3 (emphasis added). The only factual allegations regarding negotiations in Spanish center implicitly around the Paradas' communications with Plaintiff. *See* FAC at ¶¶ 3, 28-32. Aside from the boilerplate allegation (which Plaintiff alleged in his original Complaint but the Court found to be inadequate) that New Century is "engaged in a business whereby in the course of conducting that business [it] negotiate[s] agreements entirely in Spanish," Plaintiff does not allege a single fact that supports a Section 1632 claim against New Century. *Id.*, ¶ 62.

Further, even if Section 1632 applies to the loan at issue in this case, there are no factual allegations that New Century <u>was a real estate broker</u> (as required by Cal. Civ. Code § 1632(b)(4) and Cal. Bus. & Prof. Code § 10240). As this Court explained in its April 21 Order, New Century moved to dismiss the Section 1632 claim from the original Complaint because it is not a broker within the definition of Section 1632. April 21 Order at 12:18-19. "Plaintiff [did] not

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

argue otherwise in his opposition, and fail[ed] to cite to any law extending the broker's duty under Section 1632 to the escrow holder." *Id.* at 12:20-21. The same is true for the amended complaint. While case law applies Section 1632 to <u>mortgage companies</u>, there is no law extending a broker's duties under Section 1632 to an <u>escrow company</u>. *See Ruiz v. Decision One Mortg. Co., LLC*, 2006 U.S. Dist. LEXIS 54571 at *10-11, 14 (N.D. Cal. July 25, 2006) (finding that the plaintiff's agency allegations between the mortgage broker and the mortgage company were sufficient to state a claim for violation of Civil Code § 1632 against the mortgage company); *Munoz v. Int'l Home Capital Corp.*, 2004 U.S. Dist. LEXIS 26362 at *2, 5, 27-28 (N.D. Cal. May 4, 2004) (finding that the plaintiff's agency allegations between the real estate broker, mortgage broker, and the mortgage company were sufficient to state a claim for violation of Civil Code § 1632 against the mortgage company). This make sense -- while a broker is arguably an agent for a mortgage company, a broker is <u>not</u> an agent of an escrow company. Accordingly, this cause of action is defective as to New Century, and should be dismissed without leave to amend.

### B. The Third Cause Of Action For Fraud Fails To State A Claim Because It Is Not Pled With Sufficient Particularity And Plaintiff Has Not Adequately Alleged Reliance.

Under California law, the elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks and citations omitted). In federal court, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Because fraud is a serious charge, "the circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks and additional citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1998)). As this Court explained when it

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 7 -

1  dismissed this claim with leave to amend, "[f]or fraud claims involving multiple defendants, the
2  plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent
3  scheme.'" April 21 Order at 14:4-6 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir.
4  2007) (internal brackets omitted)).

5  Following this Court's dismissal of Plaintiff's fraud claim for failure to adequately allege
6  fraud against New Century, Plaintiff amended his complaint to add allegations regarding New
7  Century. *See, e.g.,* FAC, ¶¶ 36, 37, 38, 39, 66, 67. However, Plaintiff has still failed to identify
8  any specific misrepresentations by New Century, aside from general conclusory statements about
9  New Century's alleged "false promises and misrepresentations to Plaintiff . . . to put Mr.
10 Marcelos' best interest foremost and before their own and to deliver the Folsom Property loan
11 documents at the closing of the loan on March 29, 2005 . . . . " and New Century's alleged
12 misrepresentations regarding "the nature of its services as escrow agent" FAC, ¶¶ 66, 67.
13 Plaintiff has also failed to allege with sufficient particularity when any alleged misrepresentations
14 were made, how they were made, and where they were made, as required by the case law
15 interpreting Rule 9(b).

16 Even if Plaintiff would have met the requirements of Rule 9(b), Plaintiff has failed to
17 adequately allege an essential element of his fraud claim -- reliance. *See Mirkin v. Wasserman*, 5
18 Cal. 4th 1082, 1088 (1993) ("It is settled that a plaintiff, to state a cause of action for deceit based
19 on a misrepresentation, must plead that he or she actually relied on the misrepresentation.").

20 By Plaintiff's own allegations,

21 • During a closing that took an unknown amount of time, Mr. Marcelos was shown
22   by Ms. Raab [New Century's escrow officer] where to sign various documents.
23   Mr. Marcelos never spoke to Ms. Raab and English was never spoken by him at
24   the closing." FAC, ¶ 36 (emphasis added).

25 • The documents that Plaintiff signed were, "[b]ased on information and belief," the
26   loan documents for the Folsom Property. "Mr. Marcelos is unsure what these
27   documents were as they were in English and were not explained to him by anyone
28   present. Mr. Marcelos did not receive any of the loan documents at this meeting,

- 8 -

Case No. CV08-0056 WHA | MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS FAC

> nor did he receive any by mail anytime thereafter. Furthermore, Mr. Marcelos <u>did not receive a written translation of the documents at anytime</u>." *Id.*, ¶ 37 (emphasis added).
>
> - "Ms. Raab did not verify with Mr. Marcelos <u>whether he could speak or read English or whether he understood her</u>, the documents, the instructions, and the disbursement, the nature of the transaction or anything pertaining thereto. Ms. Raab also failed to confirm the debt with Mr. Marcelos or ask for a payoff demand." *Id.*, ¶ 39.

Thus, Plaintiff who allegedly never spoke to anyone at New Century, never received any documents from New Century, and never understood any of the documents that he signed, could not have relied on any purported misrepresentations by New Century (which supposed misrepresentations are never identified with specificity) in entering into the refinance loan for the Folsom Property. *See Goldrich v. Natural Y Surgical Specialties,* 25 Cal. App. 4th 772, 783 (1994) ("Reliance is alleged in equally insufficient terms, with no explanation about how [the plaintiff] could have relied upon something she cannot now describe in any fashion.").

Accordingly, this claim should be dismissed without leave to amend because it is not stated with sufficient particularity and Plaintiff's own allegations foreclose the possibility that he can plead a fraud claim against New Century. *See Walton v. Mead*, 2004 U.S. Dist. LEXIS 22154 at *20-21 (N.D. Cal. Oct. 28, 2004) (Breyer, J.) (granting the defendant's motion to dismiss the fraud claim without leave to amend because the plaintiff failed to plead any reliance on the alleged misrepresentations made by the defendant).

### C. The Fourth Cause Of Action For Aiding And Abetting Fraud Fails To State A Claim Because Actual Knowledge And Substantial Assistance Are Not Adequately Alleged.

Under California law,

> "[L]iability may . . .be imposed on one who aids and abets the commission of an intentional tort if the person . . . *knows* the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act."

*Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d 977, 993 (9th Cir. 2006) (quoting *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (2005)) (emphasis in original). "California law

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

requires that a defendant have actual knowledge of tortious activity before it can be held liable as an aider and abettor, and federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge." *Gonzales v. Lloyds TSB Bank*, 532 F. Supp. 2d 1200, 1206 (C.D. Cal. 2006). *See also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118-9 (C.D. Cal. 2003) ("In the first amended complaint, plaintiffs alleged that the [defendants] 'knew or should have known' of [another]'s fraud. The court found such an allegation insufficient because California law requires that a defendant have actual knowledge of tortious activity before it can be held liable as an aider and abettor, and federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge.").

A review of the amended complaint reveals that Plaintiff has failed to adequately allege actual knowledge on the part of New Century of any alleged fraud committed by another party. All of Plaintiff's allegations are on information and belief and state that New Century "knew or should have known" that other defendants were allegedly committing fraud. *See* FAC, ¶¶ 82, 83. These allegations are insufficient to state an essential element of an aiding and abetting claim. *Gonzales*, 532 F. Supp. 2d at 1206. *See also Henry*, 471 F.3d at 993 (explaining that "[t]he court in *Casey* specified that to satisfy the knowledge prong, the defendant must have actual knowledge of the specific primary wrong the defendant substantially assisted.") (internal quotation marks and citation omitted); *Neilson*, 290 F. Supp. 2d 1101 at 1120 ("Generally, courts have found pleadings sufficient if they allege generally that defendants had actual knowledge of a specific primary violation.").

Further, Plaintiff has also failed to adequately allege substantial assistance on the part of New Century. Plaintiff simply alleges that, on information and belief,

> New Century substantially assisted in this fraudulent scheme when it acted as escrow agent and assumed responsibilities and duties towards plaintiff in the transaction which is the subject of this lawsuit, including, but not limited to, drafting borrower's closing instructions, instructing plaintiff to sign documents and notarizing various documents for the loan transaction.

FAC, ¶ 85. However, "[f]ederal courts have held that the substantial assistance prong of a claim that defendant aided and abetted the commission of a fraud must be pled with heightened specificity." *Neilson*, 290 F. Supp. 2d at 1130 n.81. Plaintiff's general and conclusory single

allegation regarding New Century's alleged "substantial assistance" is not sufficiently particularized as required by Rule 9(b). *Compare id.* at 1130-31 (finding that the complaint adequately alleged substantial assistance because the "complaint contains numerous allegations concerning specific activities in which [the defendant] engaged" and because the complaint pleaded "numerous specific statements by [the defendant] to [investors], and states why they were false").

Accordingly, this Court should dismiss the aiding and abetting fraud claim because Plaintiff has failed to adequately allege essential elements of the claim.

### D. The Seventh Cause Of Action For Violation Of The UCL Fails To State A Claim Because There Are No Factual Allegations Of Any Particular Conduct By New Century Which Would Give Rise To A UCL Claim.

Under the UCL, a plaintiff must assert an "unlawful, unfair or fraudulent act or practice." Cal. Bus. & Prof. Code § 17200. And yet, even after leave to amend, Plaintiff's claim for violation of the UCL fails to allege any particular conduct on the part of New Century that amounts to a violation of the UCL. *See Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932, *14-15 (N.D. Cal. Sept. 6, 2007) (Patel, J.) ("[A]s with plaintiff's other claims, plaintiff's unfair business practice claim fails to allege any 'particular conduct' whatsoever on the part of the [escrow company.]").

As to any allegations regarding unfair acts or practices, Plaintiff's allegations remain directed to mortgage lending practices, not escrow practices. *See* FAC, ¶¶ 105, 106, 108. For example, Plaintiff stands on his previous allegations that "Defendants" as a whole (without any differentiation among them) make "loans to borrowers based on information that Defendants knew or should have known was inaccurate or incorrect;" or make "loans without verifying borrower information;" or make "loans without providing the borrower with accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower." *Id.*, ¶ 105. These allegations relate to mortgage lenders and mortgage brokers, not escrow companies.

As to the "fraudulent" prong of the UCL, as this Court has stated, UCL "claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b)." April 21 Order at

- 11 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

17:6-9. However, as explained above, Plaintiff has not adequately alleged fraudulent conduct on the part of New Century because he has failed to articulate his fraud claim with sufficient particularity and has failed to adequately allege reliance, an essential element of a fraud claim.

As to the "unlawful" prong of the UCL, this Court previously ruled with respect to Plaintiff's original Complaint that he "must allege the specific laws violated by defendants" because "Plaintiff fail[ed] to allege the predicate for the unlawful prong" of the UCL. April 21 Order at 17:14-17. Despite an opportunity to amend his allegations, Plaintiff has failed to do this, at least as New Century, and Plaintiff has merely repeated his catchall "in violation of federal and state law." FAC at 19:26; April 21 Order at 17:14-15. There are no factual allegations as to <u>any specific law</u> that New Century has violated, other than Section 1632. And, as explained above, Plaintiff's Section 1632 claim is legally insufficient against New Century who neither negotiated anything in Spanish with Plaintiff nor is a broker. Accordingly, the UCL claim should be dismissed without leave to amend, as Plaintiff had an opportunity to adequately state this claim but failed to do so.

## CONCLUSION

For the foregoing reasons, this Court should employ its discretion to decline to exercise supplemental jurisdiction over New Century and dismiss the amended complaint against New Century. In the alternative, this Court should grant New Century's motion to dismiss the Second, Third, Fourth, and Seventh Causes of Action of the FAC, without leave to amend. This Court allowed Plaintiff an opportunity to plead "his best case" in his amended complaint "as further leave to amend is unlikely." April 21 Order at 18:18-19. However, Plaintiff's factual allegations are legally insufficient against New Century, at least, as to the Section 1632, fraud, aiding and abetting fraud, and UCL claims.

DATED: May 22, 2008　　　　　　　　　　SHARTSIS FRIESE LLP

By: */s/ Simone M. Katz*
　　　SIMONE M. KATZ

Attorneys for Defendant
NEW CENTURY TITLE COMPANY

5982\004\SKATZ\1510866.3

- 12 -

Case No. CV08-0056 WHA　　MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S MOTION TO DISMISS FAC

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111