1    BUCHALTER NEMER
     A Professional Corporation
2    Jason E. Goldstein (SBN: 207481)
     David M. Liu (SBN: 216311)
3    18400 Von Karman Avenue, Suite 800
     Irvine, California 92612-0514
4    Telephone:  (949) 760-1121
     Facsimile:   (949) 720-0182
5    jgoldstein@buchalter.com
     dliu@buchalter.com
6
     Attorneys for Defendants
7    Argent Mortgage Company, LLC and
     Countrywide Home Loans, Inc.
8
                    UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
10

11

12   RICARDO MARCELOS,                      Case No.:  CV 08-00056 WHA

13                  Plaintiff,              DEFENDANT ARGENT MORTGAGE
                                            COMPANY, LLC'S NOTICE OF MOTION
14          v.                              AND MOTION TO DISMISS PURSUANT TO
                                            FEDERAL RULE OF CIVIL PROCEDURE
15   EDWIN MAURICIO PARADA                  12(b)(6); MEMORANDUM OF POINTS AND
     DOMINGUEZ; GLENDA PARADA;              AUTHORITIES IN SUPPORT
16   LORENZO PARADA; VIKI RAAB;
     COUNTRYWIDE HOME LOANS; ARGENT         [Concurrently filed with Request for Judicial
17   MORTGAGE COMPANY, LLC;                 Notice; and [Proposed] Order]
     PRIMESTAR FINANCIAL SERVICES;
18   SHOAIB MAHMUD; FINANCIAL TITLE         Date:    July 3, 2008
     COMPANY; NEW CENTURY TITLE             Time:    8:00 a.m.
19   COMPANY; RECONSTRUCT COMPANY,          Place:   Courtroom 9
     N.A.; AND DOES 1 THROUGH 100,
20
                  Defendants.
21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT on July 3, 2008, at 8:00 a.m., in Courtroom 9 of the

3    above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102,

4    defendant Argent Mortgage Company, LLC ("Argent") moves for an order dismissing certain

5    claims for relief in the first amended complaint of plaintiff Ricardo Marcelos ("Plaintiff").

6    This motion is based on Federal Rule of Civil Procedure 12(b)(6) because certain of

7    Plaintiff's claims fail to state a claim upon which relief can be granted:

8    1)    The third claim for relief for Argent's alleged fraud and deceit against Plaintiff

9    fails to state a claim for, among other reasons, it fails to satisfy the particularity requirements of

10    Federal Rule of Civil Procedure 9(b).  Specifically, there is no allegation of any representation, let

11    alone a misrepresentation, by an Argent employee or agent.

12    2)    The fourth claim for relief for aiding and abetting fraud fails to state a claim for,

13    among other reasons, it fails to satisfy the particularity requirements of Federal Rule of Civil

14    Procedure Rule 9(b);

15    3)    The seventh claim for relief for alleged violation of California Business and

16    Professions Code section 17200 fails because Argent has not acted unfairly, unlawfully or

17    fraudulently; and

18    4)    The claim for punitive damages in the fraud and deceit claim is barred because the

19    claim is insufficiently pled, and the claim for punitive damages in the TILA cause of action is

20    barred because TILA does not provide for punitive damages.

21    This motion is based upon this notice, the attached memorandum of points and authorities,

22    the concurrently filed request for judicial notice, and upon such further evidence as may be

23    presented at the time of the hearing.

24    DATED:  May 22, 2008                     BUCHALTER NEMER
                                              A Professional Corporation
25
                                              By:  _____/s/ Jason E. Goldstein_____
26                                                 JASON E. GOLDSTEIN
                                                   Attorneys for Defendants
27                                                 ARGENT MORTGAGE COMPANY, LLC and
                                                   COUNTRYWIDE HOME LOANS, INC.
28

MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

Defendant Argent Mortgage Company, LLC ("Argent") is a wholesale mortgage lender that works with independent mortgage brokers to originate loans for homeowners and would-be homeowners.[1]  Independent mortgage brokers submit application packages to Argent for review and possible funding.  In this instance, Plaintiff Ricardo Marcelos ("Plaintiff") had his broker agent submit a loan package to Argent and Argent ultimately funded a loan to Plaintiff.  That is the extent of Argent's involvement in this matter.  Plaintiff has already testified that he had never heard of Argent until only recently – and not prior to the funding of the loan that is the subject of this lawsuit – and that Argent itself had no role in his obtaining this loan other than funding it.

Accordingly, Argent respectfully requests that the fraud claim, the aiding and abetting fraud claim and the Business & Professions Code § 17200 claim ("Section 17200") alleged against it be dismissed, with prejudice, as well as the punitive damage allegations stricken.

II.    FACTUAL BACKGROUND

A.    Plaintiff Uses His Independent Broker To Refinance His Property Through Argent.

Plaintiff resides at the real property located at 4023 Folsom Street in San Francisco (the "Folsom Property").  *See* FAC., ¶ 26.  In February 2005, defendant Edwin Parada contacted Plaintiff regarding a possible refinance loan for the Folsom Property.  *See id.* at ¶ 29. defendant Edwin Parada "pursued" Plaintiff with telephone calls and unannounced visits to the Folsom Property.  *See id.* at ¶ 30.  Defendant Edwin Parada "ultimately persuaded [Plaintiff] to open an equity line of credit to purchase a second home."  *See id.* at ¶ 31.  In March 2005, defendant Lorenzo Parada and a female notary met with Plaintiff to sign loan documents.  *See id.* at ¶ 34.  Plaintiff does not know if he signed loan documents for the Folsom Property or for another property purchased for investment purposes – the real property located at 274 Girard Street in San Francisco (the "Girard Property").  *See id.*

---

[1] *See  Wyatt v. Union Mortgage Co.*, (1979) 24 Cal.3d 773, 782  (holding that a mortgage loan broker is customarily retained by a borrower to act as the borrower's agent in negotiating an acceptable loan.)

1    Argent funded the loan for the Folsom Property. *See id.* at ¶ 16. Defendant Edwin Parada
2    retained approximately $200,000 in loan proceeds from the refinance of the Folsom Property and
3    he provided a small amount of these funds (about $9,000) to Plaintiff. *See id.* at ¶¶ 43.

4    B.    This Court Enjoins the Foreclosure of the Folsom Property.

5    Beginning in December 2007, foreclosure proceedings began against the Folsom Property
6    with a foreclosure sale scheduled for January 7, 2008. *See id.* at ¶ 42. This action was filed on
7    January 4, 2008 seeking, among other things, an injunction to prevent the sale of the Folsom
8    Property. On January 7, 2008, this Court issued a temporary restraining order to halt the
9    foreclosure sale.

10    C.    Argent Moves to Dismiss the Complaint

11    On February 5, 2008, Argent filed its Rule 12(b)(6) motion to dismiss the complaint.
12    Defendant Countrywide Home Loans, Inc. ("Countrywide") and defendant New Century Title
13    also filed their motions to dismiss. The Court heard argument on the motions to dismiss on April
14    10, 2008 and entered its order granting in part, and denying in part, the motions to dismiss.

15    The Court dismissed certain claims without leave to amend. The Court also permitted
16    leave to amend the claims for fraud and unfair competition under Section 17200.

17    E.    The First Amended Complaint

18    On May 12, 2008, Plaintiff filed his First Amended Complaint ("FAC"). The allegations
19    against Argent include amended claims for alleged violation of TILA, alleged violation of
20    California Civil Code section 1632, fraud, and alleged unfair business practices pursuant to
21    Section 17200. The FAC also adds a claim for alleged aiding and abetting fraud against Argent.

22    III.   ARGUMENT

23    A.    The Court May Dismiss The Claims Against Argent

24    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where
25    there is a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable
26    legal theory. *See Ballistereri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).
27    Although a Court must assume that a plaintiff's allegations are true on a motion to dismiss, the
28    Court may disregard conclusory allegations and unreasonable inferences. *See Transphase Sys. v.*

1  *Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993). Moreover, the Court does not

2  assume the truth of legal conclusions which are cast in the form of factual allegations. *See*

3  *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

4      B.     The Claim For Fraud Fails As A Matter of Law

5           The elements for a fraud claim are: (1) a misrepresentation; (2) knowledge of the

6  falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage. *See Charpentier v. Los*

7  *Angeles Rams Football Co.*, 75 Cal. App. 4th 301 (1999). A plaintiff's burden in asserting a

8  fraud claim against a corporation, as opposed to an individual, is even greater. *Lazar v. Sup. Ct.*

9  (1996) 12 Cal.4th 631, 645. In such a case, the plaintiff must allege the name of the person who

10  made the allegedly fraudulent representations, their authority to speak, what they said or wrote

11  and when it was said or written. *Id*. *See also Sanders v. Ford Motor Co.* (1979) 96 Cal.App.3d

12  Supp. 43, 46.

13      Federal Rule of Civil Procedure 9 requires that "in all averments of fraud…, the

14  circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P.

15  9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled

16  with a high degree of meticulousness). In short, a plaintiff must allege "the who, what, where,

17  and when of the alleged fraud." *Ackerman v. Northwestern Mutual Life Ins. Co.,* 172 F.3d 467,

18  469 (7th Cir. 1999). This rule requires a plaintiff to conduct a pre-complaint investigation in

19  sufficient depth to assure that the charge of fraud is responsible and supported, rather than

20  defamatory and extortionate. *Id*.

21      Vague or conclusory allegations do not satisfy the particularity required by Rule 9(b).

22  *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). "'To comply with

23  Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular

24  misconduct which is alleged to constitute the fraud charged so that they can defend against the

25  charge and not just deny that they have done anything wrong.' (citation omitted)." *Swartz v.*

26  *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

27      Plaintiff's fraud claim must fail as a matter of law as to Argent.

28

DEF. ARGENT MORTGAGE CO.'S NOTICE AND RULE 12(b)(6) MOTION TO DISMISS

To begin with, Plaintiff has failed to allege a misrepresentation on behalf of an Argent person. Plaintiff only alleges in conclusory fashion in paragraph 66 of the FAC that:

> "Defendant New Century and Argent made false promises and misrepresentations to Plaintiff, as alleged above, in that they promised to put Mr. Marcelos' best interest foremost and before their own and to deliver the Folsom Property loan documents at the closing of the loan on March 29, 2005 and failed to do so. In so doing, they each misrepresented the terms of the loan and plaintiff's right thereto, particularly his right to cancel."

Paragraph 66 of the FAC does not constitute a misrepresentation *by an Argent person*. Any "representations" that were made to Plaintiff were by his broker and agent and the Paradas. These allegations do not satisfy the requirements of Fed. R. Civ. P. 9(b) as to Argent. In *Swartz*, the Ninth Circuit held that conclusory allegations were insufficient to satisfy the pleading requirements prescribed by Fed. R. Civ. P. 9(b):

> "Conclusory allegations that Presidio and DB 'knew that [KPMG and B & W] were making . . . false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B & W] and 'were acting as agents] [of KPMG and B&W] and were 'active participants in the conspiracy' without any stated factual basis are insufficient as a matter of law." *Id.* At 765.

As in *Swarz*, it is simply not enough for Plaintiff to allege that Argent is responsible for the acts of Plaintiff's broker and agent and the Paradas – Argent's role in the alleged fraudulent scheme has to be alleged. *Maganallez v. Hilltop Lending Corp.*, 505 F.supp.2d 594, 606 (N.D.Cal. 2007). This, Plaintiff has failed to do. Further, as held in *Swarz*, generic agency allegations do not suffice for facts. Moreover, Plaintiff cannot allege an agency relationship between Argent and any of the other defendants as a matter of law.

Plaintiff has failed to identify a single person at Argent that purportedly made a misrepresentation to him. Plaintiff's conclusory allegations in paragraphs 22-24 of the FAC that each of the defendants was the agent and/or employee of the other defendants is patently insufficient to impose liability for alleged fraud upon Argent on an agency theory because the requisite facts to support such an agency relationship are glaringly absent – *even after Plaintiff has deposed representatives of their choice from Argent and Countrywide* pursuant to this Court's prior Order.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

1    This is because an agency is either actual or ostensible. *See* Cal. Civil Code § 2298. An

2  agency is actual when the agent is really employed by the principal. *See* Cal. Civil Code § 2299.

3  An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a

4  third person to believe another to be his agent who is not really employed by him. *See* Cal. Civil

5  Code § 2300.

6    Based upon the allegations in the FAC (and from discovery in this case for that matter),

7  there is no factual basis upon which an agency relationship can be established whereby the

8  representations of Plaintiff's broker and agent or the Paradas can be imputed to Argent. Even if

9  Plaintiff's broker and agent or the Paradas had made such alleged representations, *i.e.*, that they

10  were agents of Argent, it would be irrelevant to the agency analysis.

11    This is because ostensible agency *cannot* be established by the representations or conduct

12  of the purported agent; the statements or acts of the principal must be such as to cause the third

13  party to believe the agency. *See Lee v. Helmco, Inc.* (1962) 199 Cal. App. 2d 820, 834. To state

14  the same requirements in different terms and in reverse order, there must be some intentional

15  conduct or neglect on the part of the alleged principal creating a belief in the minds of third

16  persons that an agency exists, and a reasonable reliance thereon by such third persons. *McMurray*

17  *v. Pacific Ready-Cut Homes* (1931) 111 Cal. App. 341, 343.

18    Plaintiff's fraud claim must fail as a matter of law as to Argent.

19    D.    The Claim for Aiding and Abetting Fraud Fails as a Matter of Law

20    As Plaintiff's fraud claim fails against Argent, so does his claim for alleged aiding and

21  abetting fraud. Liability may be imposed on one who aids and abets the commission of an

22  intentional tort only if the defendant: (1) knew the other party's conduct constituted a breach of

23  duty and gave substantial assistance or encouragement to the other to so act, or (2) gave

24  substantial assistance to the other in accomplishing a tortious result and the person's own

25  conduct, separately considered, constitutes a breach of duty to the third person. *See Casey v. U.S.*

26  *Bank Nat'l Ass'n* (2005) 127 Cal. App. 4th 1138, 1144. To be liable as a cotortfeasor, a

27  defendant must have known that a tort had or would be committed and acted with the intent to

28  facilitate the tort. *See Gerard v. Ross* (1988) 204 Cal. App. 3d 968, 983.

1    With respect to the knowledge requirement, mere knowledge that a tort is being

2    committed and the failure to prevent the tort does not constitute aiding and abetting.  *See Fiol v.*

3    *Doellstedt* (1996) 50 Cal. App. 4th 1318, 1326.  The pleader must allege that the aider and

4    abettor had *actual knowledge* of the primary violation.  *See Nielson v. Union Bank of Cal., N.A.*,

5    290 F.Supp.2d 1101, 1118-20 (C.D. Cal. 2003).  This is why in *Chance World Trading E.C. v.*

6    *Heritage Bank of Commerce*, 2005 WL 2989298, 5 (N.D.Cal. 2005), the Court held that, as a matter

7    of California law, a bank's failure to adhere to a two signature requirement which resulted in the

8    conversion of $200,000, cannot constitute actual knowledge of tortious activity.  Absent a special

9    relationship between the parties, there is no duty to control the conduct of a third person so as to

10   prevent him from harming another.  *See Fiol, supra*, 50 Cal. App. 4th at 1326.

11   In *Casey, supra,* the trustee sued three banks alleging that the banks participated in a

12   scheme by the officers and directors of debtor to launder money stolen from debtor.  The trustee

13   alleged that the banks aided in the scheme by allowing accounts to be opened with invalid tax

14   identification numbers, which accounts were used to drain money from debtor, allowing

15   withdrawals of large amount of cash in violation of banking regulations and internal policies, and

16   paying checks whose endorsements had obviously been forged.  *See id.* at 1142.  The trustee

17   alleged that the banks "knew that the debtor was engaged in wrongful conduct in breach of their

18   fiduciary duties" and "knew that the debtor was involved in a criminal and wrongful enterprise."

19   *Id.* at 1152-53.  The court found these allegations to be too generic to satisfy the standard for

20   pleading actual knowledge of a specific primary violation and held that the trial court properly

21   sustained the demurrer.  *See id.*

22   Plaintiff's allegations that Argent "knew, or should have known" about Plaintiff's broker

23   and agent and the Paradas alleged bad acts does not satisfy Plaintiff's pleading burden or satisfy

24   Fed. R. Civ. P. 9(b).  In fact, this very argument was scuttled by the Ninth Circuit in *Neubronner*

25   *v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) as follows:

26   "The complaint then asserts that Drexel and Milken <u>must have
     <u>known</u> about that information in advance of its public release, and
27   therefore must have use it to trade for their own benefit.
     Neubronner does not allege specifically what information Milken
28   obtained, when and from whom he obtained it, and how he used it

for his own advantage.  It is difficult to imagine how Milken could respond to the complaint other than by generally denying that he ever obtained any material, adverse nonpublic information about Gibralter which he then used to trade Gibralter securities for his own benefit.  The complaint offers no specific acts demonstrating wrongdoing which Milken could deny or otherwise controvert."  [Emphasis added]

The fact that Plaintiff is making his allegations "on information and belief" does not help him here.  As further held in *Neubronner*:

"[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief.  (citations omitted).  Indeed, Neubronner essentially admits in his fifth amended complaint that he has alleged no more than 'suspicious circumstances'; those circumstances –i.e., that Milken was an investment banker for Gibralter and Gibralter eventually sank into financial trouble do not constitute a sufficient factual basis for allegations of insider trading." *Id.* at 672.

Similarly, Plaintiff's fact-less allegations do not suffice for proper allegations of aiding and abetting mortgage fraud as to Argent.  This is especially patent here where there is no allegation of *actual* knowledge or intent to aid and abet any alleged fraud

Moreover, Plaintiff's legal conclusion in paragraph 77 of the FAC that Argent allegedly, "enfranchised Primestar and its agents or employees, including defendants Parada, to solicit potential borrowers such as plaintiff," and in paragraph 80 of the FAC that Argent knew, or should have known that Primestar was using its "goodwill in a fraudulent scheme" are categorically false and belies the deposition testimony of Plaintiff and the broker.  *See* Argent's Request For Judicial Notice Exhibits "2" and "3"[2].

*1.*    *To The Extent Plaintiff Contends That Argent Is Liable For Aiding And Abetting A Breach Of Fiduciary Duty, This Claim Fails Because A Party Cannot Aid And Abet A Duty It Does Not Owe*

It is elementary, black-letter law that no fiduciary duty exists between a lender, such as Argent, and a borrower, such as Plaintiff.  *Wagner v. Benson* (1980) 101 Cal.App.3d 27, 45-35;

---

[2] With respect to collective Exhibit "3", see *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) (holding that, "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim, and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  (citations omitted).  The court may treat such a document as 'part of the complaint, and thus may assume its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).")

1   *Nymark v. Heart Fed'l Savings & Loan* (1991) 231 Cal.App.3d 1089, 1096 ("a financial
2   institution owes no duty of care to a borrower when the institution's involvement in the loan
3   transaction does not exceed the . . . conventional role as a mere lender of money . . ."). As the
4   Court states in *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476:

> It has long been regarded as "axiomatic that the relationship
> between a bank and its depositor arising out of a general deposit is
> that of a debtor and creditor." "A debt is not a trust and there is not
> a fiduciary relation between a debtor and creditor as such." The
> same principle should apply with even greater clarity to the
> relationship between a bank and its loan customers. Id., quoting
> Morse v. Crocker Nat'l Bank (1983) 142 Cal.App.3d 228, 232 and
> Downey v. Humphreys (1951) 102 Cal.App.2d 323, 332.

This principle was recently reaffirmed in *Oakland Raiders v. Nat'l Football League* (2005) 131 Cal.App.4th 621, 632, in which the court restated that as a matter of law a lender does not owe a fiduciary duty to its borrower. *See also, Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* (1990) 222 Cal.App.3d 1371, 1400 (finding that no special relationship exists between a bank and its borrower); *Wolf v. Superior Court* (2003) 107 Cal.App.4th 25, 33-34 (providing that a mere contract or debt does not constitute a trust or a fiduciary duty).

Since Argent has no fiduciary duty to Plaintiff as a matter of law, Plaintiff's aiding and abetting claim must stand or fail on the first prong. It fails. Mere knowledge that a tort is being committed (knowledge of any tort at the time of origination is denied) and the failure to prevent it does not constitute aiding and abetting. *Fiol*, 50 Cal.App.4th at 1326. Absent a special relationship between the parties, which is not present here, there is no duty to control the conduct of a third person so as to prevent him from harming another. *Coffman v. Kennedy* (1977) 74 Cal.App.3d 28, 33. Further, under California law, actual knowledge and intent are required to impose aiding and abetting liability. *Gerard*, 204 Cal.App.3d at 983; *see Lomita Land and Water Co. v. Robinson* (1908) 154 Cal. 36, 47 (holding that "aid" and "abet" may be construed to imply an intentional participation with actual knowledge of the object to be obtained).

Plaintiff's aiding and abetting claim fails as a matter of law.

DEF. ARGENT MORTGAGE CO.'S NOTICE AND RULE 12(b)(6) MOTION TO DISMISS

1        E.    <u>The Claim For Violation Of The California Unfair Business Practices Act Should</u>

2            <u>Be Dismissed</u>

3          In his 17200 claim, Plaintiff seeks restitution and disgorgement of the money that he paid,

4    attorney's fees and costs, and punitive damages based on unspecified malicious and oppressive

5    acts. The Court dismissed this claim, with leave to amend, finding that Plaintiff had failed to

6    allege specific facts regarding any alleged fraud and had failed to allege the specific laws

7    allegedly violated by the defendants.

8          Claims under section 17200 prohibit unfair competition, including unlawful, unfair and

9    fraudulent business acts. The claim embraces anything that can properly be called a business

10   practice and that at the same time is forbidden by law. *See Korea Supply Co. v. Lockhead Martin*

11   *Corp.*, 29 Cal. 4th 1134, 1143 (2203). It borrows violations of other laws, making them

12   independently actionable as unfair competitive practices. *See Cel-Tech Comm., Inc. v. Los*

13   *Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). However, the statute "is not an all-

14   purpose substitute for a tort or contract action." *See Cortez v. Purolater Air Filtration Products*

15   *Co.*, 23 Cal. 4th 163, 173 (2000). Remedies are limited under this act in that damages cannot be

16   recovered. *See Korea Supply Co.*, *supra*, 29 Cal. 4th at 1144.

17         To succeed on a claim for unfair competition, Plaintiff must demonstrate that Argent's

18   conduct was unlawful, unfair or fraudulent. *See* Bus. & Prof. Code § 17200; *Plotkin v. Tanner's*

19   *Vacuums*, 53 Cal. App. 3d 454, 459-460 (1975). Plaintiff cannot do this. Plaintiff has not alleged

20   any facts that show Argent engaged in any type of improper conduct, let alone deceptive,

21   unlawful and unfair competitive conduct that was likely to deceive reasonable members of the

22   public.

23         There is no basis to this claim and it should be dismissed again, without leave to amend.

24        *1.*    *Argent Has Not Acted Unfairly or Unlawfully*

25         "Unfair" has been commonly defined as conduct that "offends an established public

26   policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to

27   consumers." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003) (citations

28   omitted). An unfair claim must be based on some public policy that is tethered" to a specific

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

DEF. ARGENT MORTGAGE CO.'S NOTICE AND RULE 12(b)(6) MOTION TO DISMISS

1  constitutional, statutory, or regulatory provision, in order to find an objective basis for

2  determining whether the alleged conduct is unfair. *Id.* at 941. Plaintiff does not allege that

3  Argent engaged in any conduct other than funding Plaintiff's loan. Plaintiff simply lumps all

4  defendants together without distinguishing for which wrongful acts each defendant is responsible.

5              2.    *Argent Did Not Act Fraudulently*

6         Section 17200 claims that are grounded in fraud must satisfy the particularity

7  requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.

8  2003).

9         There is nothing "fraudulent" about Argent's conduct. There are no allegations that

10 Argent made any representations, false or otherwise, that were reasonably relied on to Plaintiff's

11 detriment. As Plaintiff's fraud and aiding and abetting claims fails as to Argent, so does this

12 prong of Section 17200.

13       F.    Plaintiff Has Failed to Assert a Factual or Legal Basis for Punitive Damages.

14        In paragraph 59 of the TILA claim, in paragraph 75 of the fraud and deceit claim, and in

15 paragraph 8 of his prayer for relief, Plaintiff seeks punitive and exemplary damages. The

16 California Civil Code provides that in an action for the breach of an obligation not arising from

17 contract, "where it is proven by clear and convincing evidence that the defendant has been guilty

18 of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover

19 damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294

20 (a). Plaintiff prays for punitive damages without specifying which of his claims support such

21 relief.

22        As a general rule, punitive damages are not recoverable for a breach of contract claim.

23 *See* Cal. Civ. Code § 3294(a); *Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment*, 189 F.3d

24 1017, 1031 (9th Cir. 1999). While Plaintiff has not asserted a breach of contract claim, Plaintiff

25 has alleged various failures of Argent to disclose loan terms, which disclosures were mandated by

26 various statutes. However, none of these alleged statutory violations can give rise to a right to

27 punitive damages as alleged.

28        Moreover, to the extent punitive damages are sought in the fraud and deceit claim, they

1 | are subject to dismissal because the fraud and deceit claim is insufficiently pled.

2 | IV.     <u>CONCLUSION</u>

3 |     For the reasons set forth above, Plaintiff's third, fourth, and seventh claims should be

4 | dismissed with prejudice as to Argent.

5 | DATED: May 22, 2008              BUCHALTER NEMER
6 |                         A Professional Corporation

7 |             By:      /s/ Jason E. Goldstein
8 |                  JASON E. GOLDSTEIN
                 Attorneys for Defendants
9 |                  ARGENT MORTGAGE COMPANY, LLC and
                 COUNTRYWIDE HOME LOANS, INC.

1    **PROOF OF SERVICE**

2

3    I am employed in the County of Orange, State of California. I am over the age of 18 and

4    not a party to the within action. My business address is at BUCHALTER NEMER, A

5    Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

6    On the date set forth below, I served the foregoing document described as:

7    **DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF
     MOTION AND MOTION TO DIMISS PURSUANT TO FEDERAL RULE
8    OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT**

9

10   on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof

11   in a sealed envelope as follows:

12   Shirley Hochhausen, Esq.
     2117-B University Avenue
13   East Palo Alto, California 94303

14

15

16   ☒    **BY MAIL**   I am readily familiar with the business' practice for collection and processing
17   of correspondence for mailing with the United States Postal Service. The address(es) shown above
     is(are) the same as shown on the envelope. The envelope was placed for deposit in the United
18   States Postal Service at Buchalter Nemer in Irvine, California on May 22, 2008. The envelope
19   was sealed and placed for collection and mailing with first-class prepaid postage on this date
     following ordinary business practices.

20
     ☐    **BY FACSIMILE AND MAIL**   I caused the above-named document(s) to be sent via
21   facsimile transmission to the law office(s) and facsimile number(s) stated above. The
22   transmission was reported as complete and without error.  A copy of the transmission report(s)
     properly issued by one or more of Buchalter, Nemer's three Xerox 745 WorkCenter facsimile
23   machine(s) [telephone number(s): (213) 896-0400, (213) 896-0411, (213) 896-0408], and (213)
     896-0409 is(are) made a part of this proof of service pursuant to CRC §2008. I am readily
24   familiar with the business' practice for collection and processing of correspondence for mailing
25   with the United States Postal Service. The correspondence will be deposited in an envelope with
     the United States Postal Service this day in the ordinary course of business for mailing to the
26   address(es) shown above. The envelope was sealed and placed for collection and mailing with the
     United States Postal Service at Buchalter Nemer in Irvine, California on May 22, 2008 following
27   ordinary business practices.

28

BUCHALTER NEMER    BN 1796382v1
A PROFESSIONAL CORPORATION
IRVINE

**PROOF OF SERVICE**

1

☐    **BY OVERNIGHT DELIVERY**    On May 22, 2008, I placed the Federal
Express/Overnite Express package for overnight delivery in a box or location regularly
maintained by Federal Express/Overnite Express at my office, or I delivered the package to an
authorized courier or driver authorized by Federal Express/Overnite Express to receive
documents.  The package was placed in a sealed envelope or package designated by Federal
Express/Overnite Express with delivery fees paid or provided for, addressed to the person(s) on
whom it is to be served at the address(es) shown above, as last given by that person on any
document filed in the cause; otherwise at that party's place of residence.

☐    **BY PERSONAL DELIVERY**    On May 22, 2008, I placed the above-referenced
envelope or package in a box or location regularly maintained at my office for our
messenger/courier service or I delivered the envelope or package to a courier or driver authorized
by our messenger/courier service to receive documents.  The package was placed in a sealed
envelope or package designated by our messenger/courier service with delivery fees paid or
provided for, addressed to the person(s) on whom it is to be personally served at the address(es)
shown above as last given by that person on any document filed in the cause.  The
messenger/courier service was provided with instructions that the envelope or package be
personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☐    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge.  Executed on May 22, 2008, at Irvine,

California.

☒    I declare that I am employed in the office of a member of the bar of this court at whose

direction the service was made.  Executed on May 22, 2008, at Irvine, California.

Laura Urias _____          _____
                                                                                (Signature)

BN 1796382v1                                  2

*13*

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**PROOF OF SERVICE**