1  SHARTSIS FRIESE LLP
   JOEL ZELDIN (Bar #51874)
2  SIMONE M. KATZ (Bar #246490)
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA  94111
   Telephone:  (415) 421-6500
4  Facsimile:  (415) 421-2922
   Email:  jzeldin@sflaw.com; skatz@sflaw.com
5
   Attorneys for Defendant Commonwealth Land Title
6  Company, successor-in-interest to New Century
   Title Company
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | RICARDO MARCELOS, | Case No.  CV08-0056 WHA |
|---|---|
13 | Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT NEW CENTURY TITLE COMPANY'S (NOW, COMMONWEALTH LAND TITLE COMPANY'S) MOTION FOR THIS COURT TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION, OR IN THE ALTERNATIVE, TO DISMISS THE SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |
14 | v. | |
15 | EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, ND FINANCIAL SERVICES d/b/a/ PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, COMMONWEALTH LAND TITLE COMPANY, SUCCESSOR-IN-INTEREST TO NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., AND DOES 1 through 100, | |
   | | Date:       July 17, 2008 |
   | | Time:       8:00 a.m. |
   | | Judge:      Honorable William H. Alsup |
   | | Location:   450 Golden Gate Avenue |
   | |             Courtroom 9 |
   | |             San Francisco, CA 94102 |
22 | Defendants. | |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.    THIS COURT SHOULD DISREGARD EVIDENCE OUTSIDE OF THE PLEADINGS (AND PLAINTIFF'S INCORRECT CHARACTERIZATION OF IT) AND STRIKE THE "EVIDENCE" SUBMITTED BY PLAINTIFF ........................................................................................ 2

    II.    PLAINTIFF'S FACTUAL ALLEGATIONS MUST BE ENOUGH TO RAISE A RIGHT TO RELIEF BEYOND THE SPECULATIVE LEVEL ........... 4

    III.    THIS COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 1632 WITHOUT LEAVE TO AMEND BECAUSE IT DOES NOT APPLY TO COMMONWEALTH ........................................................................................ 4

    IV.    THIS COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR FRAUD WITHOUT LEAVE TO AMEND BECAUSE IT FAILS TO ADEQUATELY ALLEGE RELIANCE ............................................................. 5

    V.    THIS COURT SHOULD DISMISS THE FOURTH CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD WITHOUT LEAVE TO AMEND BECAUSE IT FAILS TO ALLEGE ESSENTIAL ELEMENTS AGAINST COMMONWEALTH ............................................................... 6

    VI.    THIS COURT SHOULD DISMISS THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE UCL WITHOUT LEAVE TO AMEND BECAUSE NONE OF THE THREE PRONGS IS ADEQUATELY ALLEGED AS AGAINST COMMONWEALTH ..................... 7

CONCLUSION ............................................................................................................................. 8

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- i -

Case No. CV08-0056 WHA

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS FAC

# TABLE OF AUTHORITIES

## CASES

*Arpin v. Santa Clara Valley Transp. Agency*,
   261 F.3d 912 (9th Cir. 2001) ................................................................................................ 2

*Azadpour v. Sun Microsystems, Inc.*,
   2007 U.S. Dist. LEXIS 27786 (N.D. Cal. Apr. 2, 2007) ....................................................... 2

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .......................................................................................................... 4

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ................................................................................................... 3

*Conley v. Gibson*,
   355 U.S. 41 (1957) ................................................................................................................ 4

*Gonzales v. Lloyds TSB Bank*,
   532 F. Supp. 2d 1200 (C.D. Cal. 2006) ................................................................................. 6

*Henry v. Lehman Commer. Paper, Inc.*,
   471 F.3d 977 (9th Cir. 2006) ................................................................................................. 6

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................................. 7

*Pareto v. FDIC*,
   139 F.3d 696 (9th Cir. 1998) ................................................................................................. 4

*Sedaghatpour v. California*,
   2007 U.S. Dist. LEXIS 77322 (N.D. Cal. Oct. 9, 2007) ....................................................... 3

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................................... 7

*Mirkin v. Wasserman*,
   5 Cal. 4th 1082 (1993) .......................................................................................................... 5

## RULES

Federal Rules of Evidence
   Rule 201 ................................................................................................................................ 3

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

## INTRODUCTION

Plaintiff fails to adequately allege essential elements of the claims for relief asserted against Commonwealth Land Title Company ("Commonwealth"), successor-in-interest to New Century Title Company. Specifically,

- The Second Cause of Action for violation of California Civil Code Section 1632 ("Section 1632") fails to state a claim against Commonwealth because Plaintiff has not established that Commonwealth was a "broker" within the meaning of the statute.

- The Third Cause of Action for fraud fails to adequately allege reliance -- an essential element of a fraud claim -- against Commonwealth.

- The Fourth Cause of Action for adding and abetting fraud fails to adequately allege both actual knowledge <u>and</u> substantial reliance on the part of Commonwealth.

- The Seventh Cause of Action for violation of California's Unfair Competition Law ("UCL") fails to state a claim against Commonwealth because Plaintiff has not alleged any specific law violated by Commonwealth (aside from Section 1632, which is not applicable to Commonwealth), nor adequately alleged fraudulent conduct on the part of Commonwealth as required by Rule 9(b), nor alleged any unfairness on the part of Commonwealth.

Plaintiff also has disregarded this Court's April 21, 2008 Order ("April 21 Order") which provided specific guidance to Plaintiff as to the various causes of action in Plaintiff's initial complaint which were inadequately pleaded. Despite this guidance, Plaintiff has failed to cure legal deficiencies in his First Amended Complaint ("FAC"). Accordingly, this Court should grant Commonwealth's motion to dismiss the Second, Third, Fourth, and Seventh Causes of Action without leave to amend, as the Court cautioned Plaintiff in its April 21 Order that he "should plead his best case inasmuch as further leave to amend is unlikely." April 21 Order at 18:18-19.

In the alternative, this Court should employ its discretion pursuant to 28 U.S.C. section 1367(c)(2) and decline to exercise supplemental jurisdiction over Commonwealth because only

- 1 -

Case No. CV08-0056 WHA   REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS FAC

state law claims are asserted against it, and those claims predominate over the one federal claim remaining in the case (and, not asserted against Commonwealth). If this case ultimately proceeds to trial, Commonwealth is concerned that the issues involving the other defendants and the foreclosure of Plaintiff's property will predominate over the state law claims involving Commonwealth, and thereby prejudice Commonwealth's ability to distinguish itself from the other defendants. Commonwealth is also concerned that it will sit through a lengthy trial on issues that do not concern it (e.g., the foreclosure of Plaintiff's property) and that a jury may be confused as to Commonwealth's limited role and even more limited responsibilities.

## ARGUMENT

### I. THIS COURT SHOULD DISREGARD EVIDENCE OUTSIDE OF THE PLEADINGS (AND PLAINTIFF'S INCORRECT CHARACTERIZATION OF IT) AND STRIKE THE "EVIDENCE" SUBMITTED BY PLAINTIFF.

Plaintiff presents "evidence" outside of the pleadings in opposition to Commonwealth's motion to dismiss in contravention of the rules governing a 12(b)(6) motion. Except in limited circumstances not applicable here, the Court only considers the allegations of a complaint in ruling on a 12(b)(6) motion. *See, e.g., Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("While evidence outside the complaint indicates that [defendants] interviewed additional witnesses, such extraneous evidence should not be considered in ruling on a motion to dismiss."); *Azadpour v. Sun Microsystems, Inc.*, 2007 U.S. Dist. LEXIS 27786 at *24-5 (N.D. Cal. Apr. 2, 2007) (Jenkins, J.) ("[I]n the context of a Rule 12(b)(6) [motion], a court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials). Therefore the Court will not consider the content of Plaintiff's declaration as [a] means of defeating the current fraud claim.") (citing Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2006) §§ 9:198, 9:211).

A court may consider evidence outside of the pleadings if the materials are properly submitted as part of the complaint (e.g., an exhibit to the complaint), if the materials are referred to in the complaint but not attached thereto, or if the materials are matters of public record (e.g., subject to judicial notice). As this Court has explained

- 2 -

Case No. CV08-0056 WHA   REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS FAC

> A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. Although materials outside of the pleading should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits to the complaint. It also may take judicial notice of matters of public record.

*Sedaghatpour v. California*, 2007 U.S. Dist. LEXIS 77322 at *3 (N.D. Cal. Oct. 9, 2007) (Alsup, J.) (internal quotation marks and citations omitted). *See also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

These limited circumstances are not present here. The deposition testimony of Viki Raab ("Raab") relates to disputed facts, appropriate for a motion for summary judgment, not a motion to dismiss. *See* Opposition to Defendant New Century Title Company's Motion to Dismiss ("Opposition"), Exs. 1 and 2 (rough versions of Raab's deposition). The deposition testimony is not an exhibit to the complaint, nor referred to in the complaint, nor a matter subject to judicial notice. *See* Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Accordingly, this Court should strike any reference from Plaintiff's opposition referring to or relying on Raab's deposition testimony and not consider it in ruling on Commonwealth's motion to dismiss.

For the record, Plaintiff has badly mischaracterized the Raab deposition testimony he cites. Raab did not "admit" that she failed to provide two copies of the notice of right to cancel to Plaintiff or that she knew Parada was allegedly committing fraud. To the contrary, Plaintiff misstates the two excerpts of Raab's deposition testimony. The first excerpt simply acknowledges that Raab made copies of the loan documents for Plaintiff and that she does not remember one way or the other whether Plaintiff left Commonwealth's office with the loan documents. (Incidentally, neither did Plaintiff.) This is not an admission that Plaintiff did not receive the notice of right to cancel. The second excerpt conveniently fails to highlight that Raab

specifically stated that she <u>did not</u> have any reason to believe in 2005 that Parada was committing any alleged fraud. *See* Opposition, Ex. 2 at 167:4-7 ("Q. But nothing -- but you heard no, like, rumors or gossip about Parada individually about any fraud he may have committed or allegedly committed. A. No.").

## II. PLAINTIFF'S FACTUAL ALLEGATIONS MUST BE ENOUGH TO RAISE A RIGHT TO RELIEF BEYOND THE SPECULATIVE LEVEL.

Plaintiff again misstates the law applicable to a Rule 12(b)(6) motion. This Court need only accept as true <u>material factual</u> allegations in the Complaint in the light most favorable to the non-moving party, not conclusory allegations. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). As explained in Commonwealth's prior motion to dismiss, the Supreme Court has modified the rule articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)[1] that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." This phrase in *Conley*

> is best forgotten as an incomplete, negative gloss on an accepted pleading standard: <u>once a claim has been stated adequately</u>, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*Bell Atlantic*, 127 S. Ct. at 1969 (emphasis added). Thus, this Court must determine whether, in light of Plaintiff's material factual allegations in the FAC, he has sufficiently pleaded his causes of action against Commonwealth.

## III. THIS COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 1632 WITHOUT LEAVE TO AMEND BECAUSE IT DOES NOT APPLY TO COMMONWEALTH.

Plaintiff fails to cite a <u>single</u> authority that would bring Commonwealth within the purview of Section 1632. Instead, Plaintiff misconstrues and misstates this Court's April 21 Order. Contrary to what Plaintiff represents, this Court specifically <u>dismissed</u> this claim for relief

---

[1] Plaintiff again relies upon this case in his opposition. *See* Opposition at 4:11-13. Plaintiff also incorrectly relied upon this case in his opposition to Commonwealth's prior motion to dismiss. *See* Memorandum of Points and Authorities in Opposition to Defendant New Century Title Company's [First] Motion to Dismiss at 3:5-7.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1 with leave to amend against Commonwealth because Plaintiff "fail[ed] to cite any law extending
2 the broker's duty under Section 1632 to the escrow holder." April 21 Order at 12:18-22. Plaintiff
3 has ignored this ruling and has failed to address this deficiency in his allegations against
4 Commonwealth. There is not a single factual allegation in the FAC that Commonwealth was a
5 real estate broker (as required by Cal. Civ. Code § 1632(b)(4) and Cal. Bus. & Prof. Code §
6 10240). Further, there is no case law extending a broker's duties under Section 1632 to an escrow
7 company. Accordingly, this cause of action is defective as to Commonwealth and should be
8 dismissed without leave to amend.

## IV. THIS COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR FRAUD WITHOUT LEAVE TO AMEND BECAUSE IT FAILS TO ADEQUATELY ALLEGE RELIANCE.

Plaintiff's own allegations foreclose the possibility that he can adequately plead a fraud claim against Commonwealth. Nowhere does Plaintiff allege that he <u>actually relied</u> on anything that Commonwealth allegedly did. *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1088 (1993) ("It is settled that a plaintiff, to state a cause of action for deceit based on a misrepresentation, must plead that he or she actually relied on the misrepresentation."). To the contrary, the allegations of the FAC highlight that it is impossible for Plaintiff to have relied upon any alleged misrepresentation by Commonwealth because he never spoke to anyone at New Century, never received any documents from New Century, and never understood any of the documents that he signed. *See* FAC, ¶¶ 36, 37, 39. In his opposition, Plaintiff directs the Court to paragraph 82 of the FAC, which Plaintiff argues pleads reliance. A review of the FAC shows that this is a mischaracterization of Plaintiff's own allegations:

> Plaintiff is informed and believes and thereon alleges that [Commonwealth] knew, or should have known, that defendants Primestar, its agents, employees and assigns, including the defendants Parada, were using its name and goodwill in a fraudulent scheme that included breaches of fiduciary and contractual duties. Specifically, [Commonwealth] knew or should have known that brokers who originated loans funded by Argent were concealing and suppressing material information and failing to abide by state and federal law, facts that ultimately led plaintiff to transact with Argent.

FAC, ¶ 82. Where is the reliance? There is not a single allegation of any alleged misrepresentation by Commonwealth, let alone, any actual reliance by Plaintiff. Accordingly,

- 5 -
Case No. CV08-0056 WHA | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS FAC

1  this Court should dismiss the fraud claim without leave to amend as it threatened in sustaining the

2  motion to dismiss the last time, because Plaintiff has failed to allege an essential element of this

3  claim.

### V. THIS COURT SHOULD DISMISS THE FOURTH CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD WITHOUT LEAVE TO AMEND BECAUSE IT FAILS TO ALLEGE ESSENTIAL ELEMENTS AGAINST COMMONWEALTH.

Aiding and abetting liability requires allegations of actual knowledge and substantial assistance. *Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d 977, 993 (9th Cir. 2006). Thus, the failure on the part of a plaintiff to allege either element is fatal to an aiding and abetting claim. Here, Plaintiff acknowledges that the "actual knowledge" prong poses a difficult burden to a plaintiff. A review of his complaint shows that he has failed to adequately allege this essential element because all of his allegations are that he believes Commonwealth "knew or should have known" that other defendants were allegedly committing fraud. *See Gonzales v. Lloyds TSB Bank*, 532 F. Supp. 2d 1200, 1206 (C.D. Cal. 2006) ("California law requires that a defendant have actual knowledge of tortious activity before it can be held liable as an aider and abettor, and federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge.") (emphasis added). Plaintiff's reliance in his opposition on evidence outside of the pleadings is inappropriate and should not be considered by the Court in determining whether Plaintiff has adequately alleged aiding and aiding fraud in his complaint. *See* discussion in Section I above.

Plaintiff ignores that he also must plead substantial assistance with heightened specificity and does not address this essential element of an aiding and aiding claim in his opposition. Plaintiff has only pleaded a single allegation regarding Commonwealth's alleged "substantial assistance,"[2] and this allegation is not sufficiently particularized as required by Rule 9(b).

---

[2] Paragraph 85 of the FAC alleges: "Plaintiff is informed and believes and thereon alleges that defendant New Century substantially assisted in this fraudulent scheme when it acted as escrow agent and assumed responsibilities and duties towards plaintiff in the transaction which is the subject of this lawsuit, including, but not limited to, drafting borrower's closing instructions, instructing plaintiff to sign documents and notarizing various documents in the loan transaction. FAC, ¶ 85.

- 6 -

Case No. CV08-0056 WHA    REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COMMONWEALTH LAND TITLE COMPANY'S MOTION TO DISMISS FAC

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1130 n.81 (C.D. Cal. 2003). Accordingly, this Court should dismiss the aiding and aiding fraud claim without leave to amend because essential elements are missing from this claim.

### VI. THIS COURT SHOULD DISMISS THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE UCL WITHOUT LEAVE TO AMEND BECAUSE NONE OF THE THREE PRONGS IS ADEQUATELY ALLEGED AS AGAINST COMMONWEALTH.

In his opposition, Plaintiff only focuses on the "unlawful" and "fraudulent" prongs of the UCL and does not mention the "unfair" prong. Plaintiff is technically correct that "virtually any law - federal, state or local - can serve as a predicate for an action" under the UCL. Opposition at 7:13-14 (citation omitted). The problem for Plaintiff is that he has not alleged a violation of any law as to Commonwealth, other than the purported violation of Section 1632. However, as explained above, Section 1632 has no application to Commonwealth because it is not a broker. The violation of TILA is not asserted against Commonwealth and, thus, cannot serve as a predicate for a UCL claim against it. As this Court ruled in its April 21 Order, "Plaintiff must allege the specific laws violated by defendants." April 21 Order at 17:15-16. Plaintiff's catchall "in violation of federal and state law," previously asserted in his original complaint and found defective by this Court, does not satisfy this test or identify any specific law that Commonwealth allegedly violated.

As to the "fraudulent" prong of the UCL, this Court has emphasized that UCL claims grounded in fraud must be pleaded with particularity. April 21 Order at 17:6-9. As set forth in Commonwealth's moving papers [at 7:16-8:15], Plaintiff has failed to meet this standard for his fraud claim because he has not identified any specific misrepresentations by Commonwealth, aside from general and conclusory allegations. FAC, ¶¶ 66, 67. Rule 9(b) requires that Plaintiff "identify with particularity the statements or omissions that were made." April 21 Order at 17:9-10. In federal court, it is not procedurally sufficient to allege that "members of the public are likely to be deceived," as Plaintiff argues in his opposition, and Plaintiff must allege the circumstances of the fraud with sufficient particularity to satisfy Rule 9(b). *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 7 -

elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action. While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule.") (internal quotation marks and citation omitted). Thus, for the same reasons that Plaintiff's UCL allegations in his initial complaint were defective as to Commonwealth, his allegations in his amended complaint fail as well. Accordingly, this Court should dismiss the UCL cause of action without leave to amend.

## **CONCLUSION**

For the foregoing reasons, and as more fully set forth in Commonwealth's moving papers, this Court should decline to exercise supplemental jurisdiction over Commonwealth. In the alternative, this Court should grant Commonwealth's motion to dismiss the Second, Third, Fourth, and Seventh Causes of Action of the FAC without leave to amend as this Court has already given Plaintiff an opportunity to plead "his best case," and trial is set for October 20, 2008. Plaintiff has failed to cure the defects in his complaint and leave to amend would be futile.

DATED:   July 3, 2008                           SHARTSIS FRIESE LLP

By: */s/ Simone M. Katz*
         SIMONE M. KATZ

Attorneys for Defendant
COMMONWEALTH LAND TITLE
COMPANY, SUCCESSOR-IN-INTEREST
TO NEW CENTURY TITLE COMPANY

5982\004\SKATZ\1518809.3

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111