BUCHALTER NEMER
A Professional Corporation
Jason E. Goldstein (SBN: 207481)
David M. Liu (SBN: 216311)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
*jgoldstein@buchalter.com*
*dliu@buchalter.com*

Attorneys for Defendants
Argent Mortgage Company, LLC and
Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO MARCELOS,<br><br>           Plaintiff,<br><br>v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ; GLENDA PARADA; LORENZO PARADA; VIKI RAAB; COUNTRYWIDE HOME LOANS; ARGENT MORTGAGE COMPANY, LLC; PRIMESTAR FINANCIAL SERVICES; SHOAIB MAHMUD; FINANCIAL TITLE COMPANY; NEW CENTURY TITLE COMPANY; RECONSTRUCT COMPANY, N.A.; AND DOES 1 THROUGH 100,<br><br>           Defendants. | Case No.: CV 08-00056 WHA<br><br>DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)<br><br>Date:   July 17, 2008<br>Time:   8:00 a.m.<br>Place:  Courtroom 9 |

I. INTRODUCTION

Plaintiff Ricardo Marcelos's ("Plaintiff") Opposition to Argent Mortgage Company, LLC's ("Argent") motion to dismiss certain claims from the First Amended Complaint ("FAC") is totally and completely without merit.[1] In essence, this lawsuit, as to Argent, is an alleged Truth-In-Lending Act ("TILA") rescission case. That's it. But in defiance of Ninth Circuit and Northern District of California precedent as to the requisite pleading of fraud related claims – as well as in defiance of the deposition testimony of Plaintiff himself - Plaintiff has continued to pursue his fraud related claims based upon insufficient facts, conclusory allegations, unreasonable inferences, and distortions – if not outright lies. Argent's motion to dismiss must be granted, in its entirety, with prejudice.

II. PLAINTIFF HAD NEVER HEARD OF ARGENT AT OR NEAR THE TIME OF THE ORIGINATION OF THE SUBJECT LOAN AND THE "ENFRANCHISEMENT" ALLEGATION IS A CONCLUSION WITHOUT FACTUAL OR LEGAL SUPPORT

Plaintiff's FAC and Opposition contradict the deposition testimony taken in this case with respect to Argent's alleged role in this action. Argent was *only* the wholesale lender who funded the subject loan to Plaintiff after an application was submitted to Argent for review and consideration for funding by Plaintiff's broker and agent. That's it.

Undaunted, Plaintiff continues with his attempt to fabricate a fraud case against Argent in the FAC – since none of the actual facts suffice to do so – by using unsupported conclusory allegations and unreasonable inferences. All this in defiance of this Court's Order on April 10, 2008 that any amendment has to be in, "GOOD FAITH"[2], "BASED ON SPECIFIC FACTS AND NOT BOILERPLATE GENERALITIES,"[3] and under the expectation that, "COUNSEL WILL DO THEIR JOB UNDER RULE 11 AND MAKE SURE WHATEVER THEY ALLEGE IS SUPPORTED."[4]

---

[1] Plaintiff has not objected to Argent's Request For Judicial Notice. Accordingly, Argent respectfully requests that this Court take notice of its Exhibits "1" –"3" as further specified herein.
[2] *See* Transcript of April 10, 2008 hearing, page 16, line 14.
[3] *See* Transcript of April 10, 2008 hearing, page 16, lines 16-17.
[4] *See* Transcript of April 10, 2008 hearing, page 20, lines 9-10.

For example, Plaintiff alleges in paragraph 16 of his FAC that, "Argent is the company with which defendant Edwin Parada refinanced the Folsom Property and with whose knowledge, consent, name and goodwill he persuaded plaintiff's authorization to conduct said refinance." Plaintiff further alleges in paragraph 32 of his FAC that, Edwin Parada, "knew lenders, such as Argent, that would help people with credit and income like Mr. Marcelos."

Plaintiff's deposition testimony begs to differ with Plaintiff's spurious and unsupported allegations:

> Q. IN 2005 WHEN YOU SIGNED PAPERS FOR THE LOAN THAT'S THE SUBJECT OF THIS LAWSUIT, HAVE YOU EVER HEARD OF ARGENT MORTGAGE COMPANY?
>
> A. NO.[5]
>
> Q. YOU'VE TESTIFIED MULTIPLE TIMES TODAY THAT YOU HAD NOT HEARD OF ARGENT UNTIL ONLY A FEW MONTHS AGO AND THAT PRIOR TO SIGNING THE LOAN, YOU HAD NEVER HEARD OF ARGENT. ISN'T THAT CORRECT.
>
> A. YES. THAT'S CORRECT.[6]
>
> Q. SO YOU NEVER HAD ANY KNOWLEDGE OF [ARGENT'S] REPUTATION, WHATEVER THAT IS?
>
> A. NO.[7]

Despite Plaintiff's undisputed testimony, Plaintiff asserts to the contrary in his FAC and on page 5, lines 17-18 of the Opposition that, "defendant Mahmud admits that he conducts business with Argent <u>and plaintiff never states that he did not rely on the presence of Argent in trusting Edwin Parada when he agreed to the transaction.</u>" This statement is utterly false as to Plaintiff, as are numerous statements in the prior declaration he filed in this case. To argue that Plaintiff relied on someone he had never heard of (and thus could have had no basis upon which to form reliance on that unknown person) is incredulous *at best*.

The aforementioned contention as to Plaintiff's broker and agent, as well as the statement on page 5, lines 22-24 of the Opposition that, "None of this can be read to state or imply that

---

[5] *See* Argent's Request for Judicial Notice, Exhibit "2," page 6 (page 55, ll. 9-12).
[6] *See* Argent's Request for Judicial Notice, Exhibit "2," page 8 (page 139, ll. 15-19).
[7] *See* Argent's Request for Judicial Notice, Exhibit "2," page 11 (page 142, ll. 15-17).

Argent did not enfranchise or know that Primestar, its employees and Parada were using its goodwill and name to steal from people like plaintiff," are also contradicted by the undisputed testimony of Plaintiff's broker and agent – the sole written agreement between Argent and Plaintiff's broker which defined their status - and constitutes nothing more than a false conclusory allegation, legal conclusion and unreasonable inference that this Court may, and should, disregard as will be shown below. *See Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624 and *Transphase Sys. v. Southern Cal. Edison Co.* (C.D. Cal. 1993) 839 F.Supp. 711, 718.

> Q. Okay. So Primestar is not any type of subsidiary, franchisee of Argent Mortgage?
>
> A. That is correct.[8]

It further contradicts the Mortgage Broker Agreement between Argent and Plaintiff's broker:

> B. Lender, among other activities, accepts applications submitted by <u>independent mortgage brokerage companies</u> for funding consideration.[9] [Underlining added]
>
> 13. **Status of Mortgage Broker**: <u>Lender and Mortgage Broker acknowledge and agree that Mortgage Broker is an independent contractor</u>. Nothing in this Agreement is intended, nor shall anything in this Agreement be construed, to make Mortgage Broker a joint venturer, partner, representative, employee or agent of Lender, and Mortgage Broker is expressly prohibited from holding itself out as such, nor shall Mortgage Broker hold itself out, at anytime, as the sole representative of Lender in any area, state or jurisdiction in which Lender does business. Mortgage Broker is expressly prohibited from using Lender's name in any advertising.[10] [Underlining added]

Pursuant to *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006), since Plaintiff's "enfranchisement" allegation necessarily relies on the Mortgage Broker Agreement between Plaintiff's broker and Argent – the only agreement between Argent and Plaintiff's broker which defines their status – "The court may treat such a document as 'part of the complaint, and thus may assume its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"

---

[8] *See* Argent's Request for Judicial Notice, Exhibit "3," page 6 (page 97, ll. 6-8)
[9] *See* Argent's Request for Judicial Notice, Exhibit "3," page 18.
[10] *See* Argent's Request for Judicial Notice, Exhibit "3," page 20.

1  III.   THE FRAUD CLAIM FAILS AS A MATTER OF LAW

2  Plaintiff does not dispute or distinguish any of the cases cited in Argent's motion to dismiss regarding Plaintiff's fraud claim. The reason for this: Plaintiff cannot do so. Plaintiff also does not cite to any cases in support of the untenable arguments made in his Opposition with respect to his fraud claim. The reason for this: there are no cases that support Plaintiff's untenable fraud claim as to Argent.

Plaintiff improperly contends in his Opposition that he has stated a misrepresentation by Argent in paragraph 66 of the FAC. This contention fails for a multitude of reasons.

For example, Plaintiff is required to allege "the who, what, where, and when of the alleged fraud." *See Ackerman v. Northwestern Mutual Life Ins. Co.* (7th Cir. 1999) 172 F.3d 467, 469. This rule requires a plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. *Id*. This is because Federal Rule of Civil Procedure 9 requires that "in all averments of fraud…, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022-1023 (fraud must be pled with a high degree of meticulousness).

Here, Plaintiff has failed to identify any person at Argent that purportedly made a misrepresentation to Plaintiff or that a misrepresentation was made at all by an Argent person. This is especially patent considering that numbers are the same in both English and Spanish and that the only allegations as to Argent are that it funded a loan at Plaintiff's behest and thus issued the pertinent loan documents. There are no allegations that Argent made any misrepresentation regarding any term of Plaintiff's loan or that the loan documents issued by Argent were any different than the actual loan documents that Plaintiff admittedly signed. Moreover, Plaintiff has failed to allege that any person at Argent told Plaintiff that any of the other defendants were its agents or caused him to believe that was the situation (when it obviously was not).[11]

---

[11] Argent will not repeat its argument as to what constitutes an agency relationship as it has gone unchallenged in Plaintiff's Opposition.

Instead, Plaintiff has only alleged a statutory violation of TILA – a claim that Argent will seek to dispatch via summary judgment or at trial. Nevertheless, Plaintiff continues on with vague and conclusory fraud related allegations that do not satisfy the particularity requirement of Rule 9(b). *See Moore v. Kayport Package Express, Inc.* (9th Cir. 1989) 885 F.2d 531, 540.

"'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.' (citation omitted)." *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764.

It is clear that Plaintiff has not complied with the requirements imposed by Rule 9(b) or the Ninth Circuit. That is why in *Swartz*, the Ninth Circuit held that conclusory allegations were insufficient to satisfy the pleading requirements prescribed by Fed. R. Civ. P. 9(b):

> "Conclusory allegations that Presidio and DB 'knew that [KPMG and B & W] were making . . . false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B & W] and 'were acting as agents] [of KPMG and B&W] and were 'active participants in the conspiracy' without any stated factual basis are insufficient as a matter of law." *Id*. At 765.

As in *Swarz*, it is simply not enough for Plaintiff to allege that Argent is responsible for the acts of Plaintiff's broker and agent and the Paradas <u>or that of New Century</u>. Further, as held in *Swarz*, generic agency allegations do not suffice for facts. It is thus clear that Plaintiff cannot allege an agency relationship between Argent and any of the other defendants as a matter of law.

All Plaintiff can come up with is the testimony of Viki Raab to the effect that Ms. Raab *heard* rumors of something shady going on at the office where Parada worked – although the rumor Ms. Raab *heard* <u>was not</u> with respect to Parada. *It was with respect to a Tony Navarro*. *See* Opposition, page 5, line 3, Exhibit "2", page 15 of the filing, lines 18-20 at the top.[12]

These glaring defects are fatal to Plaintiff's fraud claim as to Argent.

---

[12] Since Plaintiff has not requested that this Court take judicial notice of the Viki Raab "rough" deposition transcript <u>and</u> it is not authenticated per the Ninth Circuit, Argent requests that it not be considered on this motion to dismiss. *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

IV. THE AIDING AND ABETTING FRAUD CLAIM FAILS AS A MATTER OF LAW

Plaintiff does not dispute or distinguish any of the cases cited in Argent's motion to dismiss regarding Plaintiff's aiding and abetting fraud claim. The reason for this: Plaintiff cannot do so. Plaintiff also does not cite to any cases in support of the untenable arguments made in his Opposition with respect to his aiding and abetting fraud claim. The reason for this: there are no cases that support Plaintiff's untenable aiding and abetting fraud claim as to Argent.

Plaintiff contends on line 1 of page 5 of the Opposition that, "it *appears* that Argent knew of fraud perpetrated by the Paradas." [Italics added]. Plaintiff further contends on lines 7-8 of Page 5 of the Opposition that, "it *seems likely* that defendant Argent, too, would be aware of the same rumors of fraud being perpetrated by the Paradas by nature of being a player in the same market." [Italics added]. This is patently insufficient to support an aiding abetting fraud claim since it cannot, and does not, satisfy the particularity requirements for a fraud claim under Rule 9(b). *See Neubronner v. Milken* (9th Cir. 1993) 6 F.3d 666, 672.

To be liable as a cotortfeasor, a defendant must have known that a tort had or would be committed and acted with the intent to facilitate the tort. *See Gerard v. Ross* (1988) 204 Cal. App. 3d 968, 983. Mere knowledge that a tort is being committed and the failure to prevent the tort does not constitute aiding and abetting. *See Fiol v. Doellstedt* (1996) 50 Cal. App. 4th 1318, 1326. The pleader must allege that the aider and abetttor had *actual knowledge* of the primary violation. *See Nielson v. Union Bank of Cal., N.A.* (C.D. Cal. 2003) 290 F.Supp.2d 1101, 1118-20. This, Plaintiff has not, and cannot, do.

Plaintiff has also ignored (as he did every case cited by Argent regarding his bogus fraud allegations) the *Chance World Trading E.C. v. Heritage Bank of Commerce* (N.D. Cal. 2005) 2005 WL 2989298, 5 cited in Argent's motion, which, in an uncanny fashion, deals with the alleged conversion of $200,000 – the same amount allegedly stolen from Plaintiff by Parada – and the fact that a bank's failure to adhere to a two signature requirement which resulted in the conversion of $200,000, cannot constitute actual knowledge of tortious activity as a matter of law. The *Chance* case is analogous to the alleged failure to follow the requirements of TILA with respect to disclosure documents.

1    And absent a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from harming another. *See Fiol*, *supra*, 50 Cal. App. 4th at 1326. Here there is no special relationship between Argent and Marcelos as a matter of law since a lender does not have a duty of care to its borrower when its role does not exceed its conventional role as a money lender – which is exactly what happened here. *See Nymark v. Heart Fed'l Savings & Loan* (1991) 231 Cal.App.3d 1089, 1096.

Finally, Plaintiff's contention on line 26 of page 5 of the Opposition that Argent, "substantially assisted the fraud when it funded the loan at issue" is beyond the pale. Merely funding a loan, without more, cannot constitute substantial assistance with committing an intentional tort.

V.    THE UNFAIR BUSINESS PRACTICES CLAIM FAILS AS A MATTER OF LAW

Plaintiff contends in his opposition that the pending TILA claim and California Civil Code § 1632 claim suffice to support a Business & Professions Code § 17200 claim against Argent. Plaintiff is mistaken.

Plaintiff has not alleged any facts that show Argent engaged in any type of improper conduct, let alone deceptive, unlawful and unfair competitive conduct that was likely to deceive reasonable members of the public. Plaintiff does not allege that Argent engaged in any conduct other than funding Plaintiff's loan. Plaintiff simply lumps all defendants together without distinguishing for which wrongful acts each defendant is responsible.

Plaintiff also ignores the case of *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1103-1105 which holds that a Section 17200 claim that is grounded in fraud must satisfy the particularity requirements of Rule 9(b).

Plaintiff has not alleged, and cannot allege, that an Argent person made any representations, let alone misrepresentations, to Plaintiff. Plaintiff also cannot allege, and has not alleged, that an Argent person negotiated the subject loan with Marcelos. Plaintiff also cannot allege, and has not alleged, that it was an Argent person that allegedly did not give Plaintiff copies of his loan documents. Accordingly, what Plaintiff seeks to do is impose Section 17200 liability upon Argent based upon the acts of others. This, Plaintiff cannot do.

1   Section 17200 claims cannot be based upon vicarious liability. *See Emery v. Visa Int'l Serv. Ass'n* (2002) 95 Cal.App.4th 952, 960, citing to *People v. Toomey* (1984) 157 Cal.App.3d 1.

## VI.   THE PUNITIVE DAMAGE ALLEGATIONS FAIL

TILA does not provide for punitive damages. *See* 15 U.S.C. § 1640. Moreover, the fraud claim is insufficiently pled and does not state facts sufficient to support a punitive damage claim as to Argent. Moreover, Plaintiff prays for punitive damages without specifying which of his claims support such relief. This is patently improper.

## VII.   CONCLUSION

For the reasons set forth above, Plaintiff's third, fourth, and seventh claims, and the punitive damage allegations, should be dismissed with prejudice as to Argent.

DATED: July 3, 2008                BUCHALTER NEMER
                                    A Professional Corporation


                                    By:    /s/ Jason E. Goldstein
                                        JASON E. GOLDSTEIN
                                        Attorneys for Defendants
                                        ARGENT MORTGAGE COMPANY, LLC and
                                        COUNTRYWIDE HOME LOANS, INC.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

2072408_1.DOC                           - 8 -                          CV 08-00056 WHA

DEF. ARGENT MORTGAGE CO.'S REPLY TO OPP. TO MOTION TO DISMISS FAC

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.