IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARCELOS,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., and DOES 1 through 100,<br><br>    Defendants.<br>_____/ | No. C 08-00056 WHA<br><br>**ORDER: (1) GRANTING COUNTRYWIDE'S MOTION TO DISMISS; (2) GRANTING IN PART AND DENYING IN PART NEW CENTURY'S MOTION TO DISMISS; (3) DENYING ARGENT'S MOTION TO DISMISS; AND (4) GRANTING IN PART AND DENYING IN PART COUNTRYWIDE AND ARGENT'S REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

This action arises out of the sub-prime lending crisis. Defendants Countrywide Home Loans, Argent Mortgage Company, and New Century Title Company move to dismiss certain claims filed against them. This order finds that plaintiff's first amended complaint fails to state the following claims against Countrywide: (i) violation of the Truth in Lending Act; (ii) fraud and deceit; (iii) aiding and abetting fraud; and (iv) violation of California Business & Professions Code Section 17200. Countrywide's motion to dismiss is hereby **GRANTED**. In addition, plaintiff has failed to cure the deficiency in his claim alleging a violation of California Civil Code Section 1632 against New Century. Accordingly, these claims are

**DISMISSED WITHOUT LEAVE TO AMEND**. This order finds that plaintiff's claims alleging fraud, aiding and abetting fraud, and violation of Section 17200 have been pled with sufficient particularity as to New Century and Argent. New Century's motion to dismiss is therefore **GRANTED IN PART AND DENIED IN PART**. Argent's motion to dismiss is **DENIED**.[1]

### STATEMENT

For the purpose of this motion, all well-pled allegations of fact are taken as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). Plaintiff Ricardo Marcelos generally alleges that he was deceived by defendant Edwin Parada, a mortgage broker, into taking out a financially burdensome loan on his home located on Folsom Street in San Francisco. Marcelos also alleges that Edwin has unlawfully withheld some $200,000 from him following this refinance. The two negotiated in Spanish but Marcelos was required to sign loan documents solely in English, thereby concealing key terms of the loan. Argent Mortgage Company was the lender in this transaction. New Century Title Company served as escrow agent. Countrywide Home Loans is the servicer of the loan.

Marcelos purchased the home on Folsom Street on December 15, 1994, as a joint tenant, and became the sole owner on March 5, 2002. In February 2005, Edwin contacted Marcelos at his home, and, speaking in Spanish, introduced himself as a real estate agent. He asked Marcelos if he wished to refinance his home. Marcelos said no. Edwin pursued Marcelos with multiple phone calls and unannounced visits. Marcelos informed Edwin that he could not afford a larger mortgage and that he did not want to raise his debt. Edwin, however, eventually persuaded Marcelos to open an equity line of credit to purchase a second home. He did so by showing Marcelos on his laptop that the Folsom Street home was valued at $800,000 and by informing him that an equity line of credit would not increase his mortgage payments by more than $100 per month. At that time, the monthly payment due on Marcelos' home was $2,600. All conversations were conducted in Spanish.

---

[1] New Century also moved for this Court to decline to exercise supplemental jurisdiction. This motion is denied.

2

Edwin later brought his brother, defendant Lorenzo Parada, to the Folsom Street home. Speaking in Spanish, Lorenzo assured Marcelos that a second home was a good idea and that he would take him to view potential new homes. Marcelos gave the two defendants documents, which indicated that his monthly income was $4,200 with only $2,000 in savings. Edwin assured Marcelos that his income would not be a problem, as he knew lenders, such as Argent, that would lend to him despite his credit and income.

In March 2005, Lorenzo met Marcelos to sign loan documents at a Starbucks coffee shop in Hayward, California. Edwin was not present. Lorenzo presented Marcelos with a set of documents drafted in English and directed him where to sign. He signed the documents and was not given any copies. Marcelos is uncertain whether these documents pertained to the Folsom Street home or another property that he planned to purchase.

On March 29, 2005, Marcelos met Edwin and/or Lorenzo and Viki Raab, an escrow agent and notary employed by New Century, at New Century's office in Hayward. Marcelos thereupon signed loan documents, which were in English, in Raab's presence and upon her direction. Marcelos never spoke directly to Raab nor did he speak English. He did not receive any copies of the documents or Spanish translations, and was told he would receive copies in the mail. These documents later turned out to be refinance papers with Argent, not documents to open an equity line of credit. Within these documents, the HUD-1 disclosure settlement costs authorized a disbursement of $200,000 to Edwin Parada. This document was drafted by New Century.

Over the next several weekends, Lorenzo Parada took plaintiff to see numerous homes in Hayward and San Francisco, and plaintiff was finally persuaded to purchase a home on Girard Street in San Francisco. The apparent purpose of purchasing a second home was to acquire a larger home for his family to live in and to rent out the smaller Folsom Street home.

In October 2005, Marcelos received a mortgage bill on the Folsom Street home for $3,200. The loan has since readjusted upward and the monthly payments are now over $4,400. Also in October 2005, Marcelos approached Edwin at his place of residence and questioned him about the increased payments. It is unclear from plaintiff's allegations whether

and how Edwin explained the increases. At the meeting, Edwin informed Marcelos that a sum of $200,000 in funds from the Folsom-property transaction, originally intended as a down payment on the Girard Street home, was instead being held by him. Edwin said Marcelos could have the funds at any time, and the parties agreed that Edwin would pay Marcelos $3,000 per month in interest until he could pay the full amount. Edwin made only two or three such payments and then stopped.

A few months later, Marcelos requested the full amount of $200,000 from Edwin. Marcelos was unable to reach Edwin until August 2006, whereupon Edwin wrote Marcelos a bad check for $10,000. In November 2006, Marcelos and his wife finally met with Edwin in his office, where he agreed to pay the remainder in three installments over the next twelve months. No further payments were made.

In December 2006, having never received any loan documents from Edwin, Marcelos requested said documents from Countrywide and received "some of the loan documents" for the Folsom Street home, all in English.

Edwin made more promises to repay Marcelos in January 2007 and thereafter, but made no payments. The Girard Street home was sold at a foreclosure sale on June 6, 2007. Marcelos and his family had been living in the Girard Street home while renting out the Folsom Street home. In September 2007, Marcelos and his family moved back into the Folsom Street home. Marcelos received a notice of foreclosure sale for the Folsom Street home on December 15, 2007. Marcelos filed this action on January 4, 2008. The foreclosure had been scheduled to proceed on January 7, but was stayed by a temporary restraining order until the resolution of this matter.

In February 2008, defendants Argent, New Century Title, and Viki Raab filed motions to dismiss the claims filed against them. In an order dated April 21, 2008, this Court granted in part and denied in part defendants' motions to dismiss. The order held that certain claims were time-barred, and therefore dismissed those claims without leave to amend. The order found that other claims, which are the subject of the present motions, were not pled with sufficient particularity. These claims were dismissed with leave to amend. The latter

4

claims included: a claim under California Civil Code Section 1632 against New Century, a claim alleging fraud and deceit, and a claim under California Business & Professions Code Section 17200.

Plaintiff voluntarily dismissed Viki Raab from this action on April 25, 2008. On May 12, plaintiff filed a first amended complaint in order to plead the above-mentioned claims with requisite specificity. He also added a claim alleging aiding and abetting fraud, which was pled against defendants Countrywide, Argent, and New Century. New Century now requests that this Court refrain from exercising supplemental jurisdiction over its state-law claims or, in the alternative, dismiss all claims filed against it. Likewise, Countrywide and Argent move to dismiss certain claims filed against them.

Plaintiff did not oppose Countrywide's motion to dismiss. In its motion, Countrywide rebutted plaintiff's allegation that it is the successor-in-interest to Argent and thereby assumed the rights, remedies, and liabilities thereof.[2] Countrywide asserted that it is merely the servicer of Marcelos' loan, responsible for collecting and processing the monthly payments. Countrywide further stated that it was not involved in the origination of the loan nor has it ever owned the loan. Plaintiff did not file an opposition to Countrywide's motion to dismiss, but also did not file a notice of non-opposition. Consequently, on July 3, 2008, Countrywide filed a notice of non-opposition noting that plaintiff had failed to oppose its motion and assuming that plaintiff therefore conceded all of the points made therein. Plaintiff never replied to this filing either. During oral argument on July 17, counsel for plaintiff acknowledged that

---

[2] To support its rebuttal, Countrywide requested judicial notice of a document entitled "Corporation Assignment of Deed of Trust," which indicated that Countrywide is not the owner of plaintiff's loan. Rather, the document revealed that Argent granted, assigned, and transferred the deed of trust on the Folsom property to Deutsche Bank National Trust Company. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As stated above, plaintiff did not contest judicial notice of this document nor did he oppose Countrywide's dismissal from this action. This order therefore takes judicial notice that Countrywide is not the owner of the loan in question. Countrywide and Argent also seek judicial notice of excerpts from various depositions. The accuracy of these deposition excerpts, which have never been before this Court, could be subject to reasonable dispute. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). Judicial notice of such documents would effectively convert this motion to dismiss into a motion for summary judgement. Accordingly, defendants' request is denied in this respect.

5

they do not oppose Countrywide's motion to dismiss. Countrywide's motion to dismiss is therefore granted.[3]

## ANALYSIS

### 1. LEGAL STANDARD.

A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).[4]

### 2. SUPPLEMENTAL JURISDICTION.

New Century Title requests that this Court decline to exercise supplemental jurisdiction. The exercise of supplemental jurisdiction over state-law claims is appropriate where the claims in an action "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). This order concludes that plaintiff's federal- and state-law claims arise out of the same common nucleus of operative facts and that the exercise of supplemental jurisdiction is therefore appropriate.

A district court may decline to exercise supplemental jurisdiction where the state-law claims "substantially predominate" over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. 1367(c)(2). It is true that the state-law claims here outnumber

---

[3] Countrywide moved to dismiss all claims in the first amended complaint stated against it except the claim alleging a violation of Section 1632. As a result, the Section 1632 claim against Countrywide still stands.

[4] Unless otherwise stated, all internal citations are omitted from quoted authorities in this order.

6

the one federal claim — the TILA claim is the only federal claim remaining, and that claim is not asserted against New Century. This order finds, however, that the state-law claims will not "substantially predominate" the litigation. Courts have explained that this factor should "be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). New Century has not identified any such important countervailing interest here. This is simply not an instance "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Ibid*.

Furthermore, plaintiff has alleged that defendants acted together to carry out the loan transaction at issue. Dismissing New Century, or remanding the claims against New Century to state court, would frustrate this Court's ability to get to the bottom of this matter. It would also run against considerations of judicial economy, forcing testimony to be heard in two separate courts and creating the possibility of inconsistent results. The exercise of supplemental jurisdiction over plaintiff's state-law claims is thus appropriate, and New Century's motion is denied.

### 3. FAILURE TO STATE A CLAIM.

Defendants Argent and New Century Title move to dismiss certain claims against them pursuant to FRCP 12(b)(6).

#### A. Violation of California Civil Code Section 1632.

In its original motion to dismiss dated February 25, 2008, defendant New Century Title argued that plaintiff failed to allege that, as the escrow company, it was a "broker" within the definition provided by Section 1632. This Court agreed, and in its order dated April 21, 2008, dismissed this claim as to New Century with leave to amend. The order noted that plaintiff failed to cite any law extending the broker's duty under Section 1632 to the escrow holder. The first amended complaint includes a Section 1632 claim identical to the one dismissed with leave to amend. Accordingly, New Century renews its motion to dismiss this claim for failure to plead facts that bring it within the purview of Section 1632. Because plaintiff has failed to

7

1  cure the deficiency of this claim as specified in the April 21 order, the claim is dismissed as to
2  New Century without leave to amend.[5]

### B. Fraud and Deceit.

Defendants Argent and New Century Title contend that plaintiff's fraud claim fails as a matter of law. The required elements for a fraud claim are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Defendants maintain that plaintiff has not stated a claim for fraud with sufficient particularity as required by FRCP 9(b). Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." What this means is that allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 671–72. For fraud claims involving multiple defendants, the plaintiff must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal brackets omitted).

This Court's April 21 order held that plaintiff had not pled fraud claims against the above-mentioned defendants with requisite specificity: "It is not enough for plaintiff to allege that . . . Argent . . . and New Century Title are responsible for the Paradas' acts without

---

[5] Defendant's reply brief indicates that Commonwealth Land Title Company is the successor-in-interest to New Century. This succession apparently occurred after New Century filed its motion to dismiss, as no mention of Commonwealth is made in that brief. For ease of reference, this order will continue to refer to this defendant as "New Century."

8

identifying their specific roles in the fraudulent scheme so that they may defend against the charge" (Dkt. 101 at 14). Plaintiff has since amended his complaint in order to identify the specific roles of Argent and New Century, as required by Rule 9(b). This order now addresses whether or not the amended claim is sufficiently pled as to each defendant.

### *(1)   New Century.*

New Century argues that plaintiff's fraud claim fails because it is not pled with sufficient particularity and does not adequately allege reliance — a required element of a fraud claim. In response, plaintiff refers to paragraph 82 of the first amended complaint, where he alleges that New Century knew or should have known that its brokers, agents, employees, and assigns were using its name and goodwill in a fraudulent scheme that included breaches of fiduciary and contractual duties. Specifically, plaintiff alleges that New Century knew or should have known that brokers who originated loans funded by Argent were concealing and suppressing material information, which ultimately led plaintiff to transact with Argent.

To state a claim for fraud, a plaintiff must plead that he or she relied on a misrepresentation. *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1088 (1993). Misrepresentations can take the form of concealment or nondisclosure. *Lazar*, 12 Cal. 4th at 638. Here, plaintiff states that concealment and nondisclosure of material information by the Paradas induced him to borrow from Argent. Contrary to New Century's contention, plaintiff sufficiently pleads reliance.

In the complaint, plaintiff alleges agency relationships among all defendants (First Amd. Compl. ¶ 22). He further states that he signed loan documents at New Century's office in the presence of his broker and Viki Raab, an employee of New Century. Plaintiff did not receive copies of these documents nor did he receive them by mail anytime thereafter. Moreover, one of these documents, drafted by New Century, allegedly disbursed $200,000 to Edwin Parada (FAC ¶¶ 36–37, 39). These allegations adequately demonstrate to New Century its alleged role in the fraudulent scheme. Moreover, the allegations, in conjunction with paragraph 82, sufficiently establish misrepresentation and reliance for the purpose of this motion.

9

New Century also argues that plaintiff cannot establish reliance because he never spoke to anyone at New Century, never received documents from New Century, and never understood any of the documents that he signed. This argument is unpersuasive. As noted above, concealment and nondisclosure may constitute misrepresentation.

Defendants do not point to any other specific deficiency in plaintiff's fraud claim. This order holds that the fraud claim is stated with sufficient particularity as to New Century.

### *(2) Argent.*

Argent argues that plaintiff's fraud claim fails as a matter of law. In the first amended complaint, it is stated that Argent and New Century made misrepresentations to plaintiff by failing to put plaintiff's best interest foremost and deliver loan documents at loan closing (FAC ¶ 66). Argent contends that this allegation is conclusory and fails to satisfy the pleading requirements of Rule 9(b). Specifically, the misrepresentations alleged above were made by the Paradas — not Argent. In his opposition, plaintiff explains that New Century is the party through whom misrepresentation is alleged. Under plaintiff's theory, Argent is liable for these misrepresentations because New Century was acting as its agent. For the reasons stated below, this order finds that plaintiff has sufficiently pled a claim of fraud as to Argent.

Argent repeatedly points out that plaintiff does not identify "an Argent person" that made a misrepresentation. The Ninth Circuit has noted, however, that "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant." *Swartz v. KPMG, LLC*, 476 F.3d 756, 764 (9th Cir. 2007).

Argent also argues that there are no allegations that it made any misrepresentation regarding terms of the loan or that the loan documents issued by Argent were different from those that plaintiff signed. As noted earlier, misrepresentation need not be active; concealment and nondisclosure, *i.e.*, the failure of Argent and New Century to provide plaintiff with copies of the loan documents, may constitute misrepresentation.

In *Swartz*, cited by Argent, the Ninth Circuit ultimately held that the plaintiff's fraud claims were insufficient as to two corporate defendants — Deutsche Bank and Presidio.

10

1   That decision, however, is distinguishable. The plaintiff's complaint in *Swartz* (much like
2   plaintiff's original complaint) was "shot through with general allegations that 'the defendants
3   engaged in fraudulent conduct.'" *Id.* at 765. The first amended complaint, on the other hand,
4   now differentiates between the conduct alleged of Argent and that of other defendants named
5   under plaintiff's fraud claim. *Swartz* also held that allegations that Deutsche Bank and Presidio
6   knew that other named defendants were making false statements (thereby acting as their agents)
7   were insufficient without any stated factual basis. *Ibid.*

8   Argent similarly attacks plaintiff's agency theory.[6] Argent cites a recent decision in
9   this district, which discussed the Ninth Circuit's holding in *Swartz* and found that the plaintiff's
10  fraud claim against Nguyen — the "licensed officer" and "alter ego" of the defendant mortgage
11  broker — was insufficient. *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594,
12  606–607 (N.D. Cal. 2007) (Illston, J.). The plaintiffs argued that Nguyen "ordered, authorized,
13  ratified or participated in the activities alleged in the complaint" and was therefore liable based
14  on principles of agency. *Maganallez* disagreed, holding that the agency allegation was
15  conclusory and insufficient for maintaining a fraud claim. *Id.* at 606.

16  The fact remains, however, that adequate demonstration of an agency relationship *can*
17  be sufficient for the purpose of maintaining a fraud claim. In *Hernandez v. Hilltop Financial*
18  *Mortgage Inc.*, 2007 WL 3101250, *7 (N.D. Cal. 2007) (Illston, J.), the defendant,
19  Countrywide, argued that it could not be held liable for committing fraud because it was merely
20  the assignee of the loan in question. Like Argent, Countrywide relied on the fact that the
21  plaintiffs had negotiated with a mortgage broker, thereby arguing that it could not be held liable
22  for violations in which it did not participate. *Hernandez* held otherwise, finding that the
23  plaintiffs had sufficiently alleged that Countrywide's connection with the mortgage broker
24  justified viewing it (the assignee) as original creditor, and that an agency relationship could
25  possibly exist between Countrywide and the other defendants. *Ibid.* Moreover, in *Hernandez*

---

[6] In its motion to dismiss, Argent tries to dispel the notion that the Paradas were acting as its agent. Although plaintiff later clarifies that its fraud claim against Argent, for the purpose of this motion, depends on an agency relationship involving New Century, Argent refers back to its initial agency argument in its reply brief.

11

1  the plaintiff did not even allege an agency relationship. Rather, it was held that agency
2  allegations were *not* necessary in order for an indirect liability claim to survive a Rule 12(b)(6)
3  motion. *Id.* at *8.

4  Of course, this order agrees that a factual basis is needed to support plaintiff's
5  agency theory. Here, plaintiff has pled that New Century handled the loan closing for the
6  refinance loan on the Folsom property — which Argent funded *as original creditor*.
7  Thus Argent's connection to the alleged fraud is even more proximate than that of Countrywide
8  in *Hernandez*.

9  Argent also tries to combat plaintiff's agency allegation by turning to fundamental
10 agency principles. Argent is correct that it is the conduct of the principal — and not the
11 agent — that is relevant in establishing ostensible agency. *Lee v. Helmco, Inc.*,
12 199 Cal. App. 2d 820, 834 (1962). This conduct, however, may be passive. "Where the
13 principal knows that the agent holds himself out as clothed with certain authority, and remains
14 silent, such conduct on the part of the principal may give rise to liability." *Gulf Ins. Co. v.*
15 *TIG Ins. Co.*, 86 Cal. App. 4th 422, 439 (2001). With New Century conducting the
16 loan closing, plaintiff could reasonably have believed that New Century had agency authority to
17 act on Argent's behalf. Based on the discussion above, this order finds that plaintiff has
18 adequately demonstrated an agency relationship and sufficiently pled fraud as to Argent.

### C. Aiding and Abetting Fraud.

20 The first amended complaint includes a claim of aiding and abetting fraud whereas the
21 original complaint did not. Defendants Argent and New Century argue that this claim fails as a
22 matter of law and should be dismissed.

23 In California, liability may be imposed on one who aids and abets the commission of an
24 intentional tort, including fraud, if the person "(a) knows the other's conduct constitutes a
25 breach of duty and gives substantial assistance or encouragement to the other to so act *or*
26 (b) gives substantial assistance to the other in accomplishing a tortious result and the person's
27 own conduct, separately considered, constitutes a breach of duty to the third person." *Casey v.*
28 *U.S. Bank National Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005). *Casey* specified that to satisfy

12

the knowledge prong, a defendant must have "actual knowledge of the specific primary wrong the defendant substantially assisted." *Id.* at 1145. The Ninth Circuit has held that "[a]lthough the California decisions on this subject may not be entirely consistent, we agree . . . that aiding and abetting liability under California law, as applied by the California state courts, requires a finding of actual knowledge, [but] not specific intent." *In re First Alliance Mortgage Co.*, 471 F.3d 977, 993 (9th Cir. 2006).

### *(1)   New Century.*

New Century argues that plaintiff fails to sufficiently allege that it aided and abetted in fraud. For the following reasons, this order disagrees.

New Century's first argument is that plaintiff fails to satisfy the knowledge prong for an aiding-and-abetting claim. New Century cites two central-district decisions, which held that the phrase "knew or should have known" does not plead actual knowledge. *Gonzales v. Lloyds TSB Bank, PLC*, 532 F. Supp. 2d 1200, 1206 (C.D. Cal. 2006); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118–19 (C.D. Cal. 2003). The first amended complaint does not, however, merely state that New Century "knew or should have known" of the Paradas' fraud. While the complaint indeed contains this phrase, it also describes in detail the involvement of New Century and its employee, Viki Raab, in the loan closing of plaintiff's loan. Moreover, that one of the loan documents allegedly disbursed $200,000 to Edwin Parada should have alerted New Century to the possibility of fraud (FAC ¶¶ 36–37, 39).

New Century next contends that plaintiff fails to adequately demonstrate that it substantially assisted in the fraud alleged by plaintiff. The first amended complaint states that New Century substantially assisted in the Paradas' fraudulent scheme when it acted as escrow agent and drafted plaintiff's closing instructions, instructed plaintiff to sign documents, and notarized various documents for the loan transaction (FAC ¶ 85).[7] Federal courts have held that the substantial assistance prong of a claim for aiding and abetting fraud must be pled with

---

[7] In his opposition, plaintiff also refers to deposition testimony of Viki Raab in an effort to show that New Century had actual knowledge of the alleged fraud. Reliance on information outside the pleadings is improper for the purpose of this motion. This order has not relied on this information and has considered only the well-pled allegations of the first amended complaint in deciding that plaintiff's claim for aiding and abetting fraud is sufficiently pled as to New Century.

13

heightened specificity. *Neilson*, 290 F. Supp. 2d at 1130 n.81.  This order, however, finds that the first amended complaint satisfies this requirement.  New Century has received satisfactory notice of the nature of plaintiff's fraud claim so that it can formulate a suitable response. Plaintiff's  allegations that New Century aided and abetted fraud are not unadorned and are stated with sufficient particularity.  *Ibid.*

### *(2)    Argent.*

Argent moves to dismiss plaintiff's claim for aiding and abetting fraud, arguing that the first amended complaint fails to state a claim.  This order finds otherwise.

In support of this claim, the first amended complaint alleges that Argent: (i) enfranchised the Paradas to solicit potential borrowers; (ii) knew or should have known that the Paradas would divulge to potential borrowers their relationship with Argent; and (iii) knew or should have known that Primestar and the Paradas were using its financing, name, and goodwill in a fraudulent scheme.  Specifically, it alleges that Argent knew or should have known that the Paradas were concealing and suppressing material information and failing to provide borrowers with Spanish-language documents when negotiations were made in Spanish.

Argent first argues that plaintiff fails to satisfy the knowledge prong of an aiding-and-abetting claim.  This order rejects that argument.  *First*, Argent's reliance on *Chance World Trading E.C. v. Heritage Bank of Commerce*, 438 F. Supp. 2d 1081, 1083, 1087 (N.D. Cal. 2005) is inapposite as that decision involved a motion for summary judgment filed after a plaintiff's aiding-and-abetting claim *survived* a motion to dismiss.

*Second*, the other decisions cited by Argent are distinguishable.  *Casey* involved a trustee who sued three banks for aiding and abetting a breach of fiduciary duty and aiding and abetting fraud.  *Casey*, 127 Cal. App. 4th at 1141.  The complaint at issue contained no allegation that the banks knew the alleged tortfeasors were misappropriating funds from the trust or that the money they were depositing belonged to the trust.  *Id.* at 1152.  Because the banks were ignorant of the source of the funds deposited into these accounts, they did not know that allowing the alleged tortfeasors to withdraw money from the accounts was assisting a diversion of corporate funds — the primary violation.  *Ibid.*  That problem is not apparent here.

14

1  Argent was original creditor in the transaction at issue, lending directly to plaintiff with the aid
2  of the Paradas as brokers. None of the parties involved in the alleged fraud were unknown
3  to Argent.

4      *Neubronner v. Milken*, 6 F.3d 666, 667 (9th Cir. 1993), also cited by Argent, involved
5  allegations of insider trading. In that decision, the plaintiff's fifth amended complaint did not
6  specifically allege what information the defendant obtained, when and from whom he
7  obtained it, and how he used it for his advantage. *Id.* at 672. In short, the plaintiff in
8  *Neubronner* was unable to allege a primary violation with requisite specificity. Here, however,
9  plaintiff *does* allege the fraud committed by the Paradas with sufficient particularity — he cites
10 the date of the loan closing as well as the parties present and alleges that the loan documents
11 signed were solely in English and authorized the disbursement of $200,000 to Edwin Parada
12 (FAC ¶¶ 36–39). Furthermore, plaintiff states a more proximate connection between Argent
13 and the alleged fraud than the plaintiff was able to in *Neubronner*. The plaintiff in that decision
14 merely stated that the defendant provided investment banking services for the corporation
15 whose shares were subject to insider trading. *Neubronner*, 6 F.3d at 672. By contrast,
16 Argent's alleged role as the lender funding the fraudulently-obtained loan and enfranchising the
17 Paradas to solicit borrowers provides an adequate factual basis for plaintiff's
18 aiding-and-abetting claim. Argent cites no authority to support its argument that this conduct
19 cannot constitute substantial assistance in aiding and abetting fraud.

20     In short, plaintiff has adequately pled that Argent knew of the Paradas' wrongdoing and
21 satisfactorily illustrated Argent's alleged role in the fraudulent scheme. The attempts by both
22 parties to rely on deposition testimony outside the pleadings demonstrate that there are
23 contestable issues of fact better left to a motion for summary judgment. Because this claim
24 satisfactorily pleads the first prong of an aiding-and-abetting claim, it is unnecessary for this
25 order to examine the second.

26         **D.    Violations of California Business & Professions Code Section 17200.**
27     Defendants Argent and New Century move to dismiss plaintiff's claim for violations of
28 Section 17200. Under Section 17200, a plaintiff must assert an "unlawful, unfair or fraudulent

15

business act or practice." Thus, Section 17200 establishes three alternative theories for finding illegal conduct: (i) unlawful, (ii) unfair and deceptive, or (iii) fraudulent. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Since Section 17200 is written in the disjunctive, the plaintiff need allege only one of the three theories to properly plead a claim.

Section 17200 claims that are grounded in fraud must satisfy the particularity requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (applying Rule 9(b)'s pleading requirements for claims based in fraud to a Section 17200 claim). Under Section 17200, a "fraudulent" practice is defined more broadly than common law fraud and only requires a showing that "members of the public are likely to be deceived." *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007). This order has already held that the first amended complaint adequately pleads fraud against defendants New Century and Argent, thereby satisfying the fraudulent prong of his Section 17200 claim.

Argent is correct in that claims under Section 17200 cannot be predicated on vicarious liability. *Emery v. Visa Int'l Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002). In *Emery*, summary judgment was granted for the defendant, Visa, because it exercised no control over the preparation or distribution of the solicitations in question nor did it have any relationship with the merchants who did. It is true that much of plaintiff's fraud claim as to Argent hinges on fraudulent conduct by New Century and a purported agency relationship between the two. Unlike *Emery*, however, here Argent *did* have a relationship with New Century and, as lender, ostensibly had at least some control over the distribution of loan documents. Thus, plaintiff's Section 17200 claim does not *per se* depend on a vicarious liability theory. It would be premature to conclude otherwise at this stage of the litigation.

Plaintiff has sufficiently pled the fraudulent prong of Section 17200 and has therefore successfully stated a claim as to New Century and Argent. Consequently, this order need not examine the other prongs for the purpose of this motion.

16

### 4. PUNITIVE DAMAGES.

Defendant Argent moves to dismiss plaintiff's claim for punitive damages. For an award of punitive damages, plaintiff must prove oppression, fraud, or malice on the part of defendants. "Fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code 3294. Plaintiff has successfully stated claims against Argent alleging violations of TILA, Section 1632, and Section 17200 as well as claims of fraud and aiding and abetting fraud. Plaintiff mistakenly contends that *all* of these claims provide grounds for punitive damages. Argent is correct in that TILA does not provide for punitive damages. 15 U.S.C.A. 1640. Similarly, the appropriate remedy for a violation of Section 1632 is rescission. Cal. Civ. Code 1632(k). Plaintiff *is* correct, however, in that his properly-pled claims for fraud, aiding and abetting fraud, and violation of Section 17200 do allow for punitive damages. *See In re First Alliance Mortgage*, 471 F.3d at 989 (demonstrating that punitive damages *may* be warranted on an aiding-and-abetting fraud claim where there is a finding of intent or otherwise "despicable" conduct); *Thompson v. 10,000 RV Sales, Inc.*, 130 Cal. App. 4th 950, 957 (2005) (finding that violation of consumer-protection laws constituting fraud may entitle a defendant to punitive damages). Accordingly, plaintiff's prayer for punitive damages may stand.

**CONCLUSION**

Based on defendant Countrywide's request for judicial notice and plaintiff's non-opposition, Countrywide's motion to dismiss is hereby **GRANTED**. The claims as to Countrywide are **DISMISSED WITHOUT LEAVE TO AMEND**. New Century's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff has failed to cure the deficiency in his Section 1632 claim against New Century, as set forth in this Court's April 21 order. As such, New Century's motion to dismiss this claim is **GRANTED**. As plaintiff has already once been granted leave to amend, the second claim as to New Century is also **DISMISSED WITHOUT LEAVE TO AMEND**. This order finds that plaintiff has pled the following claims with requisite specificity as to Argent and New Century: (i) fraud and deceit; (ii) aiding and abetting fraud;

17

and (iii) violation of Section 17200.  The motions of Argent and New Century to dismiss these claims are hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: July 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE