1  SHARTSIS FRIESE LLP
   JOEL ZELDIN (Bar #51874)
2  SIMONE M. KATZ (Bar #246490)
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA  94111
   Telephone: (415) 421-6500
4  Facsimile: (415) 421-2922
   Email: jzeldin@sflaw.com; skatz@sflaw.com
5
   Attorneys for Defendant Commonwealth Land Title
6  Company, successor-in-interest to New Century
   Title Company
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  RICARDO MARCELOS,                       Case No.  CV08-0056 WHA

13              Plaintiff,                  **COMMONWEALTH LAND TITLE COMPANY'S ANSWER TO RICARDO MARCELOS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, RESCISSION, RESTITUTION, DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES**

14       v.

15  EDWIN MAURICIO PARADA
    DOMINGUEZ, GLENDA PARADA,
16  LORENZO PARADA, COUNTRYWIDE
    HOME LOANS, ARGENT MORTGAGE
17  COMPANY, LLC, ND FINANCIAL      **DEMAND FOR JURY TRIAL**
    SERVICES d/b/a/ PRIMESTAR
18  FINANCIAL SERVICES, SHOAIB       Judge:       Honorable William H. Alsup
    MAHMUD, COMMONWEALTH LAND        Trial Date:  October 20, 2008
19  TITLE COMPANY, SUCCESSOR-IN-     Complaint Filed:  January 4, 2008
    INTEREST TO NEW CENTURY TITLE
20  COMPANY, RECONTRUST
    COMPANY, N.A., AND DOES 1 through
21  100,

22              Defendants.

23

24       Defendant Commonwealth Land Title Company, successor-in-interest to New Century

25  Title Company ("Commonwealth"), hereby answers Ricardo Marcelos' ("Plaintiff") First

26  Amended Complaint for Injunctive Relief, Rescission, Restitution, Damages, Punitive Damages

27  and Attorney Fees ("FAC") as follows:

28

**INTRODUCTION**

1. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 1 and, therefore, denies those allegations.

2. To the extent the "with the help of the other defendants" language refers to Commonwealth, Commonwealth denies those allegations. Commonwealth is otherwise without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 2 and, therefore, denies those allegations.

3. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 3 and, therefore, denies those allegations.

4. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 and, therefore, denies those allegations.

5. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 5 and, therefore, denies those allegations.

6. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 6 and, therefore, denies those allegations.

**JURISDICTION AND VENUE**

7. Commonwealth admits that this Court has personal jurisdiction over Commonwealth. Commonwealth denies engaging in any conduct giving rise to Plaintiff's purported claims. Except as expressly admitted herein, Commonwealth denies the allegations of paragraph 7.

8. Commonwealth admits that this Court has subject matter jurisdiction over the Truth in Lending Act ("TILA") cause of action, which is not asserted against Commonwealth, under 28 U.S.C. § 1331. Commonwealth further admits that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a); however, the Court has discretion to decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(2).

9. Commonwealth admits that venue is proper in this Court under 28 U.S.C. § 1391(b). Commonwealth denies engaging in any conduct giving rise to Plaintiff's purported

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  claims.  Except as expressly admitted herein, Commonwealth denies the allegations of paragraph 9.

2  10.  Commonwealth admits the allegations in paragraph 10.

### PARTIES

11.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 and, therefore, denies those allegations.

13.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 and, therefore, denies those allegations.

14.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 14 and, therefore, denies those allegations.

15.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 15 and, therefore, denies those allegations.

16.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 16 and, therefore, denies those allegations.

17.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 17 and, therefore, denies those allegations.

18.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 18 and, therefore, denies those allegations.

19.  Commonwealth admits that New Century Title Company ("New Century") was a corporation organized under the laws of California, did business in California, and was the escrow holder for the March 2005 refinance transaction of Plaintiff's property located at 4023 Folsom Street in San Francisco, California (the "Folsom Property").  Commonwealth further admits that New Century has been dissolved and has transferred its assets to Commonwealth. Commonwealth otherwise denies the allegations of paragraph 19.

20.  Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 20 and, therefore, denies those allegations.

Case No. CV08-0056 WHA | COMMONWEALTH LAND TITLE COMPANY'S ANSWER TO RICARDO MARCELOS' FIRST AMENDED COMPLAINT

21. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 21 and, therefore, denies those allegations. Commonwealth further denies that Doe defendants are proper in these proceedings.

22. Commonwealth denies the allegations in paragraph 22.

23. Commonwealth denies the allegations in paragraph 23.

24. Commonwealth denies the allegations in paragraph 24.

## STATEMENT OF FACTS

25. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 25 and, therefore, denies those allegations.

26. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 26 and, therefore, denies those allegations.

27. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 27 and, therefore, denies those allegations.

28. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 28 and, therefore, denies those allegations.

29. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 29 and, therefore, denies those allegations.

30. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 30 and, therefore, denies those allegations.

31. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 31 and, therefore, denies those allegations.

32. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 32 and, therefore, denies those allegations.

33. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 33 and, therefore, denies those allegations.

34. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 34 and, therefore, denies those allegations.

35. To the extent Commonwealth understands that this allegation relates to a signing

of documents at a Starbucks in Hayward, California, Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 35 and, therefore, denies those allegations. To the extent Plaintiff is somehow referring to documents signed at New Century's offices in Castro Valley, California on March 29, 2005, Commonwealth denies those allegations.

36.   Commonwealth admits that Plaintiff signed the loan documents for the refinance of Plaintiff's Folsom Property at New Century's offices in Castro Valley, California, on March 29, 2005. Commonwealth further admits that, at the time of the signing of Plaintiff's loan documents on March 29, 2005, Viki Raab was an escrow agent and notary public employed by New Century. Commonwealth otherwise denies the remaining allegations in paragraph 36.

37.   Commonwealth admits that Plaintiff signed the loan documents for the refinance of Plaintiff's Folsom Property at New Century's offices in Castro Valley, California, on March 29, 2005. Commonwealth otherwise denies the remaining allegations in paragraph 37.

38.   Commonwealth admits that the loan documents for the refinance of Plaintiff's Folsom Property list Primestar Financial Services as the loan broker for the transaction. Commonwealth otherwise denies the remaining allegations in paragraph 38.

39.   Commonwealth admits that at least three loan documents authorized the disbursement of $200,000.00 to Edwin Parada ("Parada"), all of which were reviewed and signed by Plaintiff, and that Argent Mortgage Company, LLC's ("Argent") closing instructions instructed Commonwealth to disburse $200,000.00 to Parada. Commonwealth otherwise denies the remaining allegations in paragraph 39.

40.   Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 40 and, therefore, denies those allegations.

41.   Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 41 and, therefore, denies those allegations.

42.   Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 42 and, therefore, denies those allegations.

43.   Commonwealth is without knowledge or information sufficient to admit or deny

the allegations set forth in paragraph 43 and, therefore, denies those allegations.

44. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 44 and, therefore, denies those allegations.

45. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 45 and, therefore, denies those allegations.

46. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 46 and, therefore, denies those allegations.

47. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 47 and, therefore, denies those allegations.

48. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 48 and, therefore, denies those allegations.

49. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 49 and, therefore, denies those allegations.

50. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 50 and, therefore, denies those allegations.

51. To the extent the allegations in paragraph 51 refer to New Century, Commonwealth denies those allegations. Commonwealth is otherwise without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 51 and, therefore, denies those allegations.

**FIRST CAUSE OF ACTION**
**Violations of TILA and Regulation Z**
**(Against Countrywide and Argent)**

52. Commonwealth realleges and incorporates by reference as though fully set forth herein the answers to Paragraphs 1-51 above. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

53. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

54. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

55. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

56. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

57. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

58. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

59. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

60. The First Cause of Action is not alleged against Commonwealth and therefore no response is required to paragraphs 52 through 60.

**SECOND CAUSE OF ACTION**
**Violation of California Civil Code § 1632**
**(Against all Defendants except Recontrust Company, N.A.)**

61. Commonwealth realleges and incorporates by reference as though fully set forth herein the answers to Paragraphs 1-60 above. The Court dismissed the Second Cause of Action alleged against Commonwealth without leave to amend and therefore no response is required to paragraphs 61 through 64.

62. The Court dismissed the Second Cause of Action alleged against Commonwealth without leave to amend and therefore no response is required to paragraphs 61 through 64.

63. The Court dismissed the Second Cause of Action alleged against Commonwealth without leave to amend and therefore no response is required to paragraphs 61 through 64.

64. The Court dismissed the Second Cause of Action alleged against Commonwealth without leave to amend and therefore no response is required to paragraphs 61 through 64.

**THIRD CAUSE OF ACTION**
**Fraud and Deceit**
**(As to all Defendants, except Recontrust Company, N.A.)**

65. Commonwealth realleges and incorporates by reference as though fully set forth herein the answers to Paragraphs 1-64 above.

66. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 66 regarding Argent and, therefore, denies those allegations. Commonwealth otherwise denies the allegations in paragraph 66.

67. Commonwealth denies the allegations in paragraph 67.

68. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 68 and, therefore, denies those allegations.

69. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 69 and, therefore, denies those allegations.

70. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 70 and, therefore, denies those allegations.

71. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 71 and, therefore, denies those allegations.

72. Commonwealth denies the allegations in paragraph 72.

73. Commonwealth denies the allegations in paragraph 73.

74. Commonwealth denies the allegations in paragraph 74.

75. Commonwealth denies the allegations in paragraph 75.

**FOURTH CAUSE OF ACTION**
**Aiding and Abetting Fraud**
**(Against New Century, Argent and Countrywide)**

76. Commonwealth realleges and incorporates by reference as though fully set forth herein the answers to Paragraphs 1-75 above.

77. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 77 and, therefore, denies those allegations.

78. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 78 and, therefore, denies those allegations.

79. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 79 and, therefore, denies those allegations.

80. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 80 and, therefore, denies those allegations.

1  81. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 81 and, therefore, denies those allegations.

82. Commonwealth denies the allegations in paragraph 82.

83. Commonwealth denies the allegations in paragraph 83.

84. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 84 and, therefore, denies those allegations.

85. Commonwealth denies the allegations in paragraph 85.

86. Commonwealth denies the allegations in paragraph 86.

**FIFTH CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

87. Commonwealth realleges and incorporates by reference as though fully set forth herein the answers to Paragraphs 1-86 above.

88. Commonwealth admits that it was the escrow holder for the March 2005 refinance transaction of Plaintiff's Folsom Property. Commonwealth admits that it owed a fiduciary duty to Plaintiff, but that its duty was limited to following the instructions of the parties to the escrow and it had no duty to "police" the transaction. Commonwealth is otherwise without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 88 and, therefore, denies those allegations.

89. Commonwealth is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 89 and, therefore, denies those allegations.

90. Commonwealth denies the allegations of paragraph 90 because Commonwealth's fiduciary duty was limited to following the instructions of the parties to the escrow and it had no duty to "police" the transaction.

91. Commonwealth denies the allegations of paragraph 91.

92. Commonwealth denies the allegations in paragraph 92.

93. Commonwealth denies the allegations in paragraph 93.

94. Commonwealth denies the allegations in paragraph 94.

95. Commonwealth is without knowledge or information sufficient to admit or deny

- 9 -

Case No. CV08-0056 WHA  COMMONWEALTH LAND TITLE COMPANY'S ANSWER TO RICARDO MARCELOS' FIRST AMENDED COMPLAINT

1  the allegations set forth in paragraph 95 and, therefore, denies those allegations.

2      96.    Commonwealth denies the allegations in paragraph 96.

3      97.    Commonwealth denies the allegations in paragraph 97.

4      98.    Commonwealth denies the allegations in paragraph 98.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**
**(Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)**

7      99.    Commonwealth realleges and incorporates by reference as though fully set forth

8  herein the answers to Paragraphs 1-98 above.

9      100.    Commonwealth is without knowledge or information sufficient to admit or deny

10  the allegations set forth in paragraph 100 and, therefore, denies those allegations.

11      101.    Commonwealth admits that it signed Argent's "Closing Instructions to Title," and

12  further admits that Plaintiff signed and/or initialed Commonwealth's "Borrower's Instructions"

13  and "General Provisions." Commonwealth otherwise denies the remaining allegations in

14  paragraph 101.

15      102.    Commonwealth denies the allegations in paragraph 102.

16      103.    Commonwealth denies the allegations in paragraph 103.

**SEVENTH CAUSE OF ACTION**
**Unfair Business Practices [Business & Professions Code Section 17200]**
**(As against all Defendants)**

19      104.    Commonwealth realleges and incorporates by reference as though fully set forth

20  herein the answers to Paragraphs 1-103 above.

21      105.    Commonwealth denies the allegations in paragraph 105.

22      106.    Commonwealth denies the allegations in paragraph 106.

23      107.    Commonwealth denies the allegations in paragraph 107.

24      108.    Commonwealth denies the allegations in paragraph 108.

25      109.    Commonwealth denies the allegations in paragraph 109.

26      110.    Commonwealth denies the allegations in paragraph 110.

27      111.    Commonwealth denies the allegations in paragraph 111.

28      112.    Commonwealth is without knowledge or information sufficient to admit or deny

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  the allegations set forth in paragraph 112 and, therefore, denies those allegations.

## AFFIRMATIVE DEFENSES

By way of further answer, Commonwealth asserts the following affirmative defenses. By virtue of alleging these defenses, Commonwealth does not assume any burden of proof not otherwise imposed upon it by law.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State Claim)

Commonwealth alleges that the FAC, and each claim for relief contained therein, fails to state a claim upon which relief can be granted against Commonwealth.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

Commonwealth alleges that the FAC, and each claim for relief contained therein, is barred in whole or in part because of Plaintiff's unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

Commonwealth alleges that the FAC, and each claim for relief contained therein, is barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

Commonwealth alleges that Plaintiff is estopped from bringing the FAC, and from bringing each claim for relief contained therein.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

Commonwealth alleges that the FAC, and each claim for relief contained therein, is barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Commonwealth alleges that the Sixth Cause of Action is barred by the terms of the

1 applicable statute of limitations in that said action was not filed within the period prescribed by
2 said applicable statute of limitation.

### SEVENTH AFFIRMATIVE DEFENSE
### (Performance of Obligation)

Commonwealth alleges that the FAC, and each claim for relief contained therein, is barred because Commonwealth has discharged each and every obligation, if any, which it may have owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
### (Excuse)

Commonwealth alleges that the FAC, and each claim contained therein, is barred because if it is determined that Commonwealth failed to perform any obligation to Plaintiff, any claim based on such failure is barred because performance of any such obligation was excused by impossibility, impracticability, frustration of purpose, prevention and/or for other reasons.

### NINTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

Commonwealth alleges that any damages allegedly suffered by Plaintiff were legally caused by others, including Plaintiff and Edwin Parada, not by Commonwealth.

### TENTH AFFIRMATIVE DEFENSE
### (Causation)

Commonwealth alleges that there is no causation between the acts and omissions alleged by Plaintiff to have been made by Commonwealth and the damages allegedly suffered by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Sufficient Particularity)

Commonwealth alleges that the Third and Fourth Causes of Action are barred against Commonwealth because Plaintiff has failed to plead with sufficient particularity the circumstances constituting fraud.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Good Faith and Absence of Scienter)**

Commonwealth alleges that the Third and Fourth Causes of Action are barred against Commonwealth because, although Commonwealth has denied and continues to deny the existence of any omissions to state facts or misrepresentations, any such omissions or misrepresentations were made in good faith and without scienter.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Practice Not Unlawful)**

Commonwealth alleges that the Seventh Cause of Action is barred because the FAC, and each claim contained therein, fails to state an underlying law that Commonwealth has allegedly violated to serve as the predicate for a California Unfair Competition Law claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Practice Not Unfair)**

Commonwealth alleges that the Seventh Cause of Action is barred because Commonwealth's practices were not unfair.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Practice Not Deceptive)**

Commonwealth alleges that the Seventh Cause of Action is barred because Commonwealth's practices were not likely to mislead Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Commonwealth alleges that damages, if any, that Plaintiff may have sustained as alleged in the FAC were proximately caused by Plaintiff's knowing and voluntary assumption of risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Commonwealth alleges that Plaintiff has failed to mitigate his damages, if any, were sustained.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Comparative Fault/Acts of Others)**

Commonwealth alleges that the FAC, and each claim for relief contained therein, is barred because Plaintiff's damages, if any, were the result of acts of Plaintiff, other defendants and/or third parties. Any recovery by Plaintiff should be reduced or eliminated accordingly.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

Commonwealth alleges that Plaintiff has an adequate remedy at law and no basis exists for a grant of equitable relief against Commonwealth.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(No Punitive Damages)**

Commonwealth alleges that Plaintiff's claim for punitive damages is barred because Plaintiff has failed to state a viable claim for punitive damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Additional Affirmative Defenses)**

Commonwealth presently has insufficient knowledge or information on which to form a belief as to whether it has additional affirmative defenses and Commonwealth reserves the right to assert additional affirmative defenses in the event discovery indicates such additional defenses would be appropriate. Commonwealth hereby asserts all affirmative defenses asserted by any other defendant in this Action which have not otherwise been asserted by Commonwealth in this Answer.

**PRAYER**

Wherefore, Commonwealth prays:

1. That the FAC and each claim for relief be dismissed with prejudice and that Plaintiff take nothing thereby;

2. For costs of suit incurred and attorney's fees; and

3. For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Commonwealth hereby demands a trial by jury.

DATED: July 28, 2008

SHARTSIS FRIESE LLP

By: */s/ Simone M. Katz*
SIMONE M. KATZ

Attorneys for Defendant Commonwealth Land Title Company, successor-in-interest to New Century Title Company

5982\004\SKATZ\1523313.2

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 15 -
Case No. CV08-0056 WHA
COMMONWEALTH LAND TITLE COMPANY'S ANSWER TO RICARDO MARCELOS' FIRST AMENDED COMPLAINT