1  Sanford Shatz (SBN: 127229)
   David A. Brooks (SBN: 179716)
2  5220 Las Virgenes Road, MS: AC-11
   Calabasas, California 91302
3  Telephone:  (818) 871-6073
   Facsimile:   (818) 871-4669
4  *David_Brooks@Countrywide.com*

5  Attorneys for Defendant and Counterclaimant
   Countrywide Home Loans, Inc., and Defendant
6  Recontrust Company, N.A.

7  BUCHALTER NEMER
   A Professional Corporation
8  Jason E. Goldstein (SBN: 207481)
   David M. Liu (SBN: 216311)
9  18400 Von Karman Avenue, Suite 800
   Irvine, California 92612-0514
10 Telephone:  (949) 760-1121
   Facsimile:   (949) 720-0182
11 *jgoldstein@buchalter.com*
   *dliu@buchalter.com*
12
   Attorneys for Defendants and Counterclaimants
13 Argent Mortgage Company, LLC and
   Countrywide Home Loans, Inc.
14
                    **UNITED STATES DISTRICT COURT**
15
                  **NORTHERN DISTRICT OF CALIFORNIA**
16

17

| | |
|---|---|
| RICARDO MARCELOS, | Case No. CV-00056 WHA |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, RESCISSION, RESTITUTION, DAMAGES, PUNITIVE DAMAGES AND ATTORNEY FEES AND COUNTERCLAIMS** |
| vs. | |
| EDWIN MAURICIO PARADA DOMINGUEZ; GLENDA PARADA; LORENZO PARADA; VIKI RAAB; COUNTRYWIDE HOME LOANS; ARGENT MORTGAGE COMPANY, LLC; ND FINANCIAL SERVICES d/b/a PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., AND DOES 1 through 100, | |
| Defendants. | |

1  COUNTRYWIDE HOME LOANS, INC.,

2          Counterclaimant,

3      vs.

4  EDWIN MAURICIO PARADA
   DOMINGUEZ, GLENDA PARADA and
5  LORENZO PARADA, and ROES 1-50,

6          Counterdefendants.

7

8          Defendant and Counterclaimant Countrywide Home Loans Inc. ("CHL"), for itself only,

9  answers the First Amended Complaint ("FAC") filed by Plaintiff as follows:

10                          **<u>INTRODUCTION</u>**

11          1.      CHL has insufficient knowledge or information to form a belief as to the truth of

12  the allegations contained in paragraph 1 of the FAC, except that Plaintiff's driver's license states

13  that he was born in 1963, and on that basis denies them.

14          2.      CHL denies the allegations contained in paragraph 2 of the FAC as they

15  specifically relate to Countrywide, but lacks sufficient knowledge or information to form a belief

16  as to the truth of the remaining allegations contained in paragraph 2 of the FAC as to the other

17  Defendants, and on that basis denies them.

18          3.      CHL admits that the loan file for Plaintiff's loan contains a fully executed Notice

19  Of Right To Cancel, but CHL has insufficient knowledge or information to form a belief as to the

20  truth of the remaining allegations contained in paragraph 3 of the FAC, and on that basis denies

21  them.

22          4.      CHL admits that Plaintiff sent a letter to it and that it is the current servicer of

23  Plaintiff's loan, but CHL does not need to admit or deny the remaining allegations in paragraph 4

24  of the FAC as they constitute nothing more than legal conclusions.

25          5.      CHL admits that a temporary restraining order a preliminary injunction were

26  entered in this case and that Argent funded a loan to Plaintiff, but CHL does not need to admit or

27  deny the remaining allegations in paragraph 5 as they constitute nothing more than legal

28  conclusions.

1       6.     CHL admits that Plaintiff seeks a rescission of a loan in this action, denies that

2   CHL has committed any fraudulent act, but lacks sufficient knowledge or information to form a

3   belief as to the truth of the remaining allegations in paragraph 6 and on that basis denies them.

4                         **JURISDICTION AND VENUE**

5       7.     CHL admits that this Court has jurisdiction over CHL for this action, but CHL

6   denies that CHL committed any fraudulent acts.  CHL lacks sufficient knowledge or information

7   to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies

8   them.

9       8.     CHL admits that this lawsuit includes a cause of action under the Truth-In-

10  Lending Act and that Plaintiff has invoked this Court to accept pendent jurisdiction to consider

11  claims arising under state law, but denies that CHL has committed any wrongdoing.

12      9.     CHL admits that venue is proper in this judicial district and that the loan contracts

13  were signed in this judicial district, but CHL denies that it has committed any wrongdoing.  CHL

14  lacks sufficient knowledge or information to form a belief as to the truth of the remaining

15  allegations in paragraph 9 and on that basis denies them.

16      10.    CHL admits that Plaintiff is a natural person.

17                              **PARTIES**

18      11.    CHL is without sufficient knowledge and information to form a belief as to the

19  truth of the allegations in paragraph 11 of the FAC and on that basis denies them.

20      12.    CHL is without sufficient knowledge and information to form a belief as to the

21  truth of the allegations in paragraph 12 of the FAC and on that basis denies them.

22      13.    CHL is without sufficient knowledge and information to form a belief as to the

23  truth of the allegations in paragraph 13 of the FAC and on that basis denies them.

24      14.    CHL is without sufficient knowledge and information to form a belief as to the

25  truth of the allegations in paragraph 14 of the FAC and on that basis denies them.

26      15.    CHL admits that it is the current servicer of Plaintiff's loan and that it does

27  business California, but denies the remaining allegations in paragraph 15 of the FAC.

28      16.    CHL admits that Argent funded the loan that is the subject of this action, but CHL

1    is without sufficient knowledge and information to form a belief as to the truth of the allegations

2    in paragraph 16 of the FAC and on that basis denies them.

3    17.    CHL is without sufficient knowledge and information to form a belief as to the

4    truth of the allegations in paragraph 17 of the FAC and on that basis denies them.

5    18.    CHL is without sufficient knowledge and information to form a belief as to the

6    truth of the allegations in paragraph 18 of the FAC and on that basis denies them.

7    19.    CHL is without sufficient knowledge and information to form a belief as to the

8    truth of the allegations in paragraph 19 of the FAC and on that basis denies them.

9    20.    CHL admits that Recontrust Company, N.A. signed a Declaration Of

10    Nonmonetary Status that was filed with this Court.

11    21.    CHL is without sufficient knowledge and information to form a belief as to the

12    truth of the allegations in paragraph 21 of the FAC and on that basis denies them.

13    22.    CHL denies the allegations of paragraph 22 of the FAC as to Countrywide, but

14    CHL is without sufficient knowledge or information to form a belief as to the truth of the

15    remaining allegations in paragraph 22 and on that basis denies them.

16    23.    CHL denies the allegations of paragraph 23 of the FAC as to Countrywide, but

17    CHL is without sufficient knowledge or information to form a belief as to the truth of the

18    remaining allegations in paragraph 23 and on that basis denies them.

19    24.    CHL denies the allegations of paragraph 24 of the FAC as to Countrywide, but

20    CHL is without sufficient knowledge or information to form a belief as to the truth of the

21    remaining allegations in paragraph 24 and on that basis denies them.

22    **STATEMENT OF FACTS**

23    25.    CHL is without sufficient knowledge and information to form a belief as to the

24    truth of the allegations in paragraph 25 of the FAC and on that basis denies them.

25    26.    CHL is without sufficient knowledge and information to form a belief as to the

26    truth of the allegations in paragraph 26 of the FAC and on that basis denies them.

27    27.    CHL is without sufficient knowledge and information to form a belief as to the

28    truth of the allegations in paragraph 27 of the FAC and on that basis denies them.

28.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 28 of the FAC and on that basis denies them.

29.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 29 of the FAC and on that basis denies them.

30.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 30 of the FAC and on that basis denies them.

31.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 31 of the FAC and on that basis denies them.

32.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 32 of the FAC and on that basis denies them.

33.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 33 of the FAC and on that basis denies them.

34.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 34 of the FAC and on that basis denies them.

35.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 35 of the FAC and on that basis denies them.

36.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 36 of the FAC and on that basis denies them.

37.     CHL is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 37 of the FAC and on that basis denies them.

38.     CHL admits that the name Humberto Covarrubias was typed on Plaintiff's loan application, but CHL is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 38 of the FAC and on that basis denies them.

39.     CHL admits that the loan documents reflect a $200,000 disbursement to Edwin Parada, but CHL is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 39 of the FAC and on that basis denies them.

40.     CHL admits that it provided documents when requested by Plaintiff, that Plaintiff's loan was not a credit line and that there was a $200,000 disbursement to Edwin Parada,

1    but CHL is without sufficient knowledge and information to form a belief as to the truth of the

2    remaining allegations in paragraph 40 of the FAC and on that basis denies them.

3         41.    CHL is without sufficient knowledge and information to form a belief as to the

4    truth of the allegations in paragraph 41 of the FAC and on that basis denies them.

5         42.    CHL admits that in its role as servicer it sent invoices for payment to Plaintiff, but

6    CHL is without sufficient knowledge and information to form a belief as to the truth of the

7    remaining allegations in paragraph 42 of the FAC and on that basis denies them.

8         43.    CHL is without sufficient knowledge and information to form a belief as to the

9    truth of the allegations in paragraph 43 of the FAC and on that basis denies them.

10        44.    CHL is without sufficient knowledge and information to form a belief as to the

11   truth of the allegations in paragraph 44 of the FAC and on that basis denies them.

12        45.    CHL is without sufficient knowledge and information to form a belief as to the

13   truth of the allegations in paragraph 45 of the FAC and on that basis denies them.

14        46.    CHL admits that it provided requested documents to Plaintiff, but CHL is without

15   sufficient knowledge and information to form a belief as to the truth of the remaining allegations

16   in paragraph 46 of the FAC and on that basis denies them.

17        47.    CHL is without sufficient knowledge and information to form a belief as to the

18   truth of the allegations in paragraph 47 of the FAC and on that basis denies them.

19        48.    CHL is without sufficient knowledge and information to form a belief as to the

20   truth of the allegations in paragraph 48 of the FAC and on that basis denies them.

21        49.    CHL denies that it committed any wrongdoing, but CHL is without sufficient

22   knowledge and information to form a belief as to the truth of the remaining allegations in

23   paragraph 49 of the FAC and on that basis denies them.

24        50.    CHL admits that Plaintiff was in default on his loan, that a foreclosure was set to

25   take place, and that the foreclosure was stayed by a temporary restraining order, but CHL is

26   without sufficient knowledge and information to form a belief as to the truth of the remaining

27   allegations in paragraph 50 of the FAC and on that basis denies them.

28        51.    CHL admits that Plaintiff was on the verge of foreclosure, but CHL is without

1  sufficient knowledge and information to form a belief as to the truth of the remaining allegations

2  in paragraph 51 of the FAC and on that basis denies them.

3                                        **FIRST CAUSE OF ACTION**

4                                  **Violations of TILA and Regulation Z**

5                                  **(Against Countrywide and Argent)**

6          52.    CHL incorporates herein by reference its prior responses to paragraphs 1-51 of the

7  FAC as if fully set forth.

8          53.    CHL has been dismissed with prejudice from this claim and does not have to

9  respond.

10         54.    CHL has been dismissed with prejudice from this claim and does not have to

11  respond.

12         55.    CHL has been dismissed with prejudice from this claim and does not have to

13  respond.

14         56.    CHL has been dismissed with prejudice from this claim and does not have to

15  respond.

16         57.    CHL has been dismissed with prejudice from this claim and does not have to

17  respond.

18         58.    CHL has been dismissed with prejudice from this claim and does not have to

19  respond.

20         59.    CHL has been dismissed with prejudice from this claim and does not have to

21  respond.

22         60.    CHL has been dismissed with prejudice from this claim and does not have to

23  respond.

24                                        **SECONDCAUSE OF ACTION**

25                                  **Violation of California Civil Code § 1632**

26                          **(Against all Defendants except Recontrust Company, N.A.)**

27         61.    CHL incorporates herein by reference its prior responses to paragraphs 1-60 of the

28  FAC as if fully set forth.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 2125806v1                                   7

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

1    62.    CHL denies the allegations in paragraph 62 of the FAC as to CHL, but CHL is

2    without sufficient knowledge and information to form a belief as to the truth of the remaining

3    allegations in paragraph 62 of the FAC as to the other Defendants and on that basis denies them.

4    63.    CHL denies the allegations in paragraph 63 of the FAC as to CHL, but CHL is

5    without sufficient knowledge and information to form a belief as to the truth of the remaining

6    allegations in paragraph 63 of the FAC as to the other Defendants and on that basis denies them.

7    64.    CHL denies the allegations in paragraph 64 of the FAC as to CHL, but CHL is

8    without sufficient knowledge and information to form a belief as to the truth of the remaining

9    allegations in paragraph 62 of the FAC as to the other Defendants and on that basis denies them.

10    **THIRD CAUSE OF ACTION**

11    **Fraud and Deceit**

12    **(As to all Defendants, except Recontrust Company, N.A.)**

13    65.    CHL incorporates herein by reference its prior responses to paragraphs 1-64 of the

14    FAC as if fully set forth.

15    66.    CHL has been dismissed with prejudice from this claim and does not have to

16    respond.

17    67.    CHL has been dismissed with prejudice from this claim and does not have to

18    respond.

19    68.    CHL has been dismissed with prejudice from this claim and does not have to

20    respond.

21    69.    CHL has been dismissed with prejudice from this claim and does not have to

22    respond.

23    70.    CHL has been dismissed with prejudice from this claim and does not have to

24    respond.

25    71.    CHL has been dismissed with prejudice from this claim and does not have to

26    respond.

27    72.    CHL has been dismissed with prejudice from this claim and does not have to

28    respond.

73.     CHL has been dismissed with prejudice from this claim and does not have to respond.

74.     CHL has been dismissed with prejudice from this claim and does not have to respond.

75.     CHL has been dismissed with prejudice from this claim and does not have to respond.

## FOURTH CAUSE OF ACTION

### Aiding and Abetting Fraud

### (Against New Century, Argent and Countrywide)

76.     CHL incorporates herein by reference its prior responses to paragraphs 1-75 of the FAC as if fully set forth.

77.     CHL has been dismissed with prejudice from this claim and does not have to respond.

78.     CHL has been dismissed with prejudice from this claim and does not have to respond.

79.     CHL has been dismissed with prejudice from this claim and does not have to respond.

80.     CHL has been dismissed with prejudice from this claim and does not have to respond.

81.     CHL has been dismissed with prejudice from this claim and does not have to respond.

82.     CHL has been dismissed with prejudice from this claim and does not have to respond.

83.     CHL has been dismissed with prejudice from this claim and does not have to respond.

84.     CHL has been dismissed with prejudice from this claim and does not have to respond.

85.     CHL has been dismissed with prejudice from this claim and does not have to

1  respond.

2          86.     CHL has been dismissed with prejudice from this claim and does not have to

3  respond.

4                          **FIFTH CAUSE OF ACTION**

5                          **Breach of Fiduciary Duty**

6        **(Against all Defendants, except Countrywide, Argent and Recontrust Company,**

7                                      **N.A.)**

8          87.     CHL incorporates herein by reference its prior responses to paragraphs 1-86 of the

9  FAC as if fully set forth.

10          88.     CHL is not a party to this claim and does not have to respond.

11          89.     CHL is not a party to this claim and does not have to respond.

12          90.     CHL is not a party to this claim and does not have to respond.

13          91.     CHL is not a party to this claim and does not have to respond.

14          92.     CHL is not a party to this claim and does not have to respond.

15          93.     CHL is not a party to this claim and does not have to respond.

16          94.     CHL is not a party to this claim and does not have to respond.

17          95.     CHL is not a party to this claim and does not have to respond.

18          96.     CHL is not a party to this claim and does not have to respond.

19          97.     CHL is not a party to this claim and does not have to respond.

20          98.     CHL is not a party to this claim and does not have to respond.

21                          **SIXTH CAUSE OF ACTION**

22                          **Breach of Contract**

23        **(Against all Defendants, except Countrywide, Argent and Recontrust Company,**

24                                      **N.A.)**

25          99.     CHL incorporates herein by reference its prior responses to paragraphs 1-99 of the

26  FAC as if fully set forth.

27          100.    CHL is not a party to this claim and does not have to respond.

28          101.    CHL is not a party to this claim and does not have to respond.

1    102.    CHL is not a party to this claim and does not have to respond.

2    103.    CHL is not a party to this claim and does not have to respond.

3                    **SEVENTH CAUSE OF ACTION**

4    **Unfair Business Practices [Business & Professions Code Section 17200]**

5                    **(As against all Defendants)**

6    104.    CHL incorporates herein by reference its prior responses to paragraphs 1-104 of

7    the FAC as if fully set forth.

8    105.    CHL has been dismissed with prejudice from this claim and does not have to

9    respond.

10    106.    CHL has been dismissed with prejudice from this claim and does not have to

11    respond.

12    107.    CHL has been dismissed with prejudice from this claim and does not have to

13    respond.

14    108.    CHL has been dismissed with prejudice from this claim and does not have to

15    respond.

16    109.    CHL has been dismissed with prejudice from this claim and does not have to

17    respond.

18    110.    CHL has been dismissed with prejudice from this claim and does not have to

19    respond.

20    111.    CHL has been dismissed with prejudice from this claim and does not have to

21    respond.

22    112.    CHL has been dismissed with prejudice from this claim and does not have to

23    respond.

24

25

26

27

28

1

## **AFFIRMATIVE DEFENSES**

2      CHL affirmatively alleges as follows:

3

## **FIRST AFFIRMATIVE DEFENSE**

4

### **(Failure To State A Claim)**

5      1.    CHL alleges that Plaintiff has failed to state facts sufficient to constitute a claim

6    against Countrywide.

7

## **SECOND AFFIRMATIVE DEFENSE**

8

### **(No Servicer Liability)**

9      2.    CHL alleges that Plaintiff's FAC is barred as to CHL pursuant to 15 U.S.C. §

10    1641(f)(1).

11

## **THIRD AFFIRMATIVE DEFENSE**

12

### **(CHL Never Owned Or Originated Plaintiff's Loan)**

13      3.    CHL alleges that Plaintiff's FAC is barred as to CHL as a result of CHL never

14    being the owner of Plaintiff's loan and CHL not having originated Plaintiff's loan.

15

## **FOURTH AFFIRMATIVE DEFENSE**

16

### **(Uncertainty)**

17      4.    Plaintiff's FAC as to CHL is uncertain, ambiguous, and unintelligible.

18

## **FIFTH AFFIRMATIVE DEFENSE**

19

### **(Laches)**

20      5.    Plaintiff's FAC as to CHL is barred by the doctrine of laches.

21

## **SIXTH AFFIRMATIVE DEFENSE**

22

### **(Good Faith)**

23      6.    CHL acted in good faith and did not directly or indirectly induce any of the actions

24    on which liability in the FAC is asserted.

25

## **SEVENTH AFFIRMATIVE DEFENSE**

26

### **(Fault of Plaintiff or Others)**

27      7.    If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same

28    was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

1   activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, of
2   other defendants or third parties, and not by CHL.

3                    **EIGHTH AFFIRMATIVE DEFENSE**

4                         **(No Duty To Plaintiff)**

5       8.      CHL owed no duty to Plaintiff to control the alleged conduct of other defendants
6   or third persons.

7                    **NINTH AFFIRMATIVE DEFENSE**

8                         **(Indispensable Parties)**

9       9.      Plaintiff has failed to name indispensable party(ies).

10                   **TENTH AFFIRMATIVE DEFENSE**

11                         **(Unclean Hands)**

12      10.     Plaintiff's FAC as to CHL is barred by the doctrine of unclean hands.

13                  **ELEVENTH AFFIRMATIVE DEFENSE**

14                         **(Estoppel)**

15      11.     Plaintiff's FAC as to CHL is barred by the doctrine of estoppel.

16                   **TWELFTH AFFIRMATIVE DEFENSE**

17                         **(Consent)**

18      12.     Plaintiff's FAC as to CHL is barred as a result of Plaintiff's consent to the loan
19   transaction.

20                  **THIRTEENTH AFFIRMATIVE DEFENSE**

21        **(No Basis For Attorneys' Fees, Damages Or Punitive Damages)**

22      13.     There is no basis in Plaintiff's FAC for the recovery of attorneys' fees, damages,
23   or punitive damages as to CHL.

24                         PRAYER

25      WHEREFORE, CHL prays for relief as follows:

26      1.      That Plaintiff take nothing by his FAC.

27      2.      That the FAC be dismissed with prejudice.

28      3.      That CHL recover its costs of suit incurred herein, including attorneys' fees if

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

1  applicable.

2      4.      That CHL recover such other relief as the Court deems just and proper.

3                        **COUNTERCLAIM**

4  CHL alleges affirmative counterclaims as follows:

5      1.      At all times relevant herein, CHL was doing business in the State of California.

6      2.      On information and belief, Edwin Mauricio Parada Dominguez ("E. Parada") is an

7  individual that was residing in the Northern District of California during the times that the acts

8  alleged in the FAC occurred.

9      3.      On information and belief, Glenda Parada ("G. Parada") is an individual that was

10  residing in the Northern District of California during the times that the acts alleged in the FAC

11  occurred.

12      4.      On information and belief, Lorenzo Parada ("L. Parada") is an individual that was

13  residing in the Northern District of California during the time the acts alleged in the FAC

14  occurred.

15      5.      CHL is informed and believes, and thereon alleges, that the true names and

16  capacities, whether individual, corporate, or otherwise of Counterdefendant Roes 1-50 are

17  unknown to CHL, who therefore sues said Counterdefendant Roes 1-50 by said fictitious names.

18  Counterdefendants designated as Roes 1-50 are alleged to be responsible in some manner for the

19  damages alleged in the FAC if the allegations in the FAC are determined to be true by this Court.

20  CHL will amend this Counterclaim to insert the true names and capacities of Counterdefendant

21  Roes 1-50 when that information has been ascertained.  E. Parada, G. Parada, L. Parada and

22  Counterdefendant Roes 1-50 will sometimes collectively be referred to as "Counterdefendants".

23                **REQUEST FOR ATTORNEYS' FEES**

24      6.      CHL hereby demands recovery of its attorneys' fees pursuant to California *Code*

25  *of Civil Procedure* § 1021.6 on the grounds that CHL, through the alleged tort of

26  Counterdefendants, has been required to act in the protection of its own interests by bringing this

27  protective Counterclaim against Counterdefendants, and that Counterdefendants have been

28  properly notified by this pleading of the demand to bring the action and provide the defense and

1    have failed to avail themselves of the opportunity to do so, and that CHL was without fault with

2    respect to the allegations in the FAC which is the basis for this protective action in indemnity,

3    and/or because CHL will have a final judgment entered in its favor granting summary judgment, a

4    nonsuit, or a directed verdict.

5                              **FIRST CAUSE OF ACTION**

6                                **(Equitable Indemnity)**

7                            **(Against All Counterdefendants)**

8            7.    CHL refers to and incorporates herein by reference paragraphs 1-7 of the

9    Counterclaim as if fully set forth.

10           8.    CHL is informed and believes and thereon alleges that the damages alleged in the

11   FAC, if proven to be true in this Court, were caused by Counterdefendants and not CHL.

12           9.    CHL is informed and believes, and based thereon alleges, that if it be determined

13   by this Court that the injuries and damage alleged in the FAC actually occurred, such were caused

14   in whole or in part by the acts, omissions, fault, non-disclosures, concealments,

15   misrepresentations and other wrongful conduct on the part of Counterdefendants.  Therefore, if

16   recovery is had against CHL as a result of the FAC (any such liability is expressly denied by

17   CHL), then CHL is entitled to equitable indemnity, apportionment of liability, and contribution

18   from Counterdefendants, according to their respective fault for the injuries and damages alleged

19   in the FAC, if any, made by way of sums paid by settlement, or in the alternative, judgment

20   entered against CHL with respect to the FAC.

21           10.   If it be determined that CHL was in any manner at fault for the damages alleged in

22   the FAC, which CHL denies, then any such fault was vicarious, passive and secondary, and the

23   fault of Counterdefendants in connection with the incidents alleged in the FAC, was active,

24   primary and affirmative.

25           11.   CHL's liability in this action, if any, is directly attributable to Counterdefendants

26   conduct.  Accordingly, CHL will and is entitled to indemnification by Counterdefendants, for any

27   and all amounts which may in good faith be paid by compromise, settlement or judgment as a

28   result of the FAC.

12.     It has been necessary for CHL to retain the services of an attorney to defend it against the FAC and bring these protective claims.  Accordingly, CHL is entitled to recover its attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

### SECOND CAUSE OF ACTION

**(Comparative Implied Indemnity and Contribution)**

**(Against All Counterdefendants)**

13.     CHL refers to and incorporates herein by reference paragraphs 1-23 of the Counterclaim as if fully set forth.

14.     Based upon the alleged acts and/or omissions of Counterdefendants, if proven true in this Court, if a judgment is rendered on behalf of Plaintiff and against CHL, CHL is entitled to contribution from each of these Counterdefendants in an amount proportionate to the amount of fault attributable to each Counterdefendant.

15.     CHL alleges that if recovery is denied CHL on the first cause of action herein, then it is entitled to determination of any proportion of wrongful conduct found attributable to CHL (such alleged wrongful conduct is expressly denied), if any, and that attributable to each Counterdefendant based upon the principles of law of comparative fault, as adopted in *State of California and American Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1978), and its progeny and pursuant to federal common law.  CHL is entitled to partial or full indemnity from Counterdefendants on a comparative basis in an amount equal to the percentage of damages, if any, alleged and proved with respect to the FAC which is proportionate to the fault, or culpable conduct on the part of Counterdefendants.

16.     It has been necessary for CHL to retain the services of an attorney to defend it against the FAC and bring these protective claims.  Accordingly, CHL is entitled to recover its attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

1

## THIRD CAUSE OF ACTION

2

### (Apportionment of Liability)

3

### (Against All Counterdefendants)

4      17.    CHL refers to and incorporates herein by reference paragraphs 1-16 of the

5    Counterclaim as if fully set forth.

6      18.    CHL is entitled to apportionment of liability among itself and Counterdefendants.

7      19.    It has been necessary for CHL to retain the services of an attorney to defend it

8    against the FAC and bring these protective claims.  Accordingly, CHL is entitled to recover its

9    attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

10

## FOURTH CAUSE OF ACTION

11

### (Declaratory Relief)

12

### (Against All Counterdefendants)

13      20.    CHL refers to and incorporates herein by reference paragraphs 1-29 of the

14    Counterclaim as if fully set forth.

15      21.    A dispute has arisen and an actual controversy now exists between CHL and

16    Counterdefendants as to their respective rights and liabilities with respect to any ultimate

17    responsibility at issue in the FAC, and with respect to the rights to receive, and/or duty to give,

18    indemnification in proportion to their respective comparative fault, if any.  CHL contends that if it

19    suffers a money judgment, or any judgment, with respect to the FAC, or if it pays money by way

20    of compromise of said claim, or otherwise, CHL is entitled to be indemnified by

21    Counterdefendants and to have judgment over and against them, to the extent any such judgment

22    or compromise exceeds CHL's percentage of fault, or liability, if any (any such fault is expressly

23    denied by CHL), with respect to the FAC.  CHL is informed and believes, and thereon alleges,

24    that Counterdefendants contend to the contrary.  Therefore, an actual controversy exists relative

25    to the legal rights, duties and obligations of the respective parties, which controversy CHL

26    requests the Court to resolve.

27      22.    All of the rights and obligations of the parties hereto arose out of what is actually

28    one transaction or one series of transactions, happenings, or events, all of which can be settled

1  and determined in a judgment in this one action.  CHL alleges that an actual controversy exists

2  between the parties to this Counterclaim under the circumstances alleged.  A declaration of the

3  respective rights, responsibilities, and obligations of CHL and Counterdefendants is essential to

4  determine their respective obligations in connection with the FAC and this Counterclaim.  CHL

5  has no true and speedy remedy at law of any kind.

6       23.     It has been necessary for CHL to retain the services of an attorney to defend it

7  against the FAC and bring these protective claims.  Accordingly, CHL is entitled to recover its

8  attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

9       WHEREFORE, CHL prays for judgment as follows:

10       1.     For contractual indemnity, equitable indemnity, and or comparative implied

11  indemnity against Counterdefendants, for all damages and/or economic losses recovered as a

12  result of the FAC by way of judgment, order, settlement, compromise or trial verdict.

13       2.     For an award of reasonable attorneys' fees, costs, expert costs, and expenses, to

14  CHL pursuant to statutory and common law.

15       3.     Pre-judgment interest.

16       4.     For apportionment of liability among CHL and Counterdefendants.

17       5.     For a declaration of rights and obligations as between CHL and

18  Counterdefendants.

19       6.     For common law contribution against Counterdefendants.

20       7.     For such other and further relief as this Court may deem just, equitable and proper.

21  DATED: July 28, 2008          BUCHALTER NEMER

22              A Professional Corporation

23

24            By:     /s Jason E. Goldstein

25            JASON E. GOLDSTEIN
          Attorneys for Defendants and
          Counterclaimants ARGENT MORTGAGE

26            COMPANY, LLC and COUNTRYWIDE
          HOME LOANS, INC.

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**