1   BUCHALTER NEMER
    A Professional Corporation
2   Jason E. Goldstein (SBN: 207481)
    David M. Liu (SBN: 216311)
3   18400 Von Karman Avenue, Suite 800
    Irvine, California 92612-0514
4   Telephone: (949) 760-1121
    Facsimile: (949) 720-0182
5   *jgoldstein@buchalter.com*
    *dliu@buchalter.com*
6
    Attorneys for Defendants and Counterclaimants
7   Argent Mortgage Company, LLC and
    Countrywide Home Loans, Inc.
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
    RICARDO MARCELOS,                     | Case No. CV-00056 WHA
11
                Plaintiff,                 | **ANSWER TO FIRST AMENDED**
12                                         | **COMPLAINT FOR INJUNCTIVE RELIEF,**
        vs.                                | **RESCISSION, RESTITUTION, DAMAGES,**
13                                         | **PUNITIVE DAMAGES AND ATTORNEY**
    EDWIN MAURICIO PARADA                  | **FEES AND COUNTERCLAIMS**
14  DOMINGUEZ; GLENDA PARADA;
    LORENZO PARADA; VIKI RAAB;
15  COUNTRYWIDE HOME LOANS;
    ARGENT MORTGAGE COMPANY,
16  LLC; ND FINANCIAL SERVICES d/b/a
    PRIMESTAR FINANCIAL SERVICES,
17  SHOAIB MAHMUD, NEW CENTURY
    TITLE COMPANY, RECONTRUST
18  COMPANY, N.A., AND DOES 1 through
    100,
19
                Defendants.
20
    ARGENT MORTGAGE COMPANY,
21  LLC,
22              Counterclaimant,
23      vs.
24  EDWIN MAURICIO PARADA
    DOMINGUEZ, GLENDA PARADA,
25  LORENZO PARADA,
    COMMONWEALTH LAND TITLE
26  COMPANY, successor-in-interest to NEW
27
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

CENTURY TITLE COMPANY, and N D
FINANCIAL, INC., doing business as,
PRIMESTAR FINANCIAL SERVICES,
and ZOES 1-50,

Counterdefendants.

Defendant and Counterclaimant Argent Mortgage Company, LLC ("Argent"), for itself only, answers the First Amended Complaint ("FAC") filed by Plaintiff as follows:

## INTRODUCTION

1.    Argent has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC, except that Plaintiff's driver's license states that he was born in 1963, and on that basis denies them.

2.    Argent denies the allegations contained in paragraph 2 of the FAC as they specifically relate to Argent, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the FAC as to the other Defendants, and on that basis denies them.

3.    Argent admits that the loan file for Plaintiff's loan contains a fully executed Notice Of Right To Cancel, but Argent has insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the FAC, and on that basis denies them.

4.    Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the FAC and on that basis denies them.

5.    Argent admits that a temporary restraining order a preliminary injunction were entered in this case and that Argent funded a loan to Plaintiff, but Argent does not need to admit or deny the remaining allegations in paragraph 5 as they constitute nothing more than legal conclusions.  Argent denies that it engaged in predatory lending.

6.    Argent admits that Plaintiff seeks a rescission of a loan in this action, denies that Argent has committed any fraudulent act, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and on that basis denies them.

1

**JURISDICTION AND VENUE**

2       7.     Argent admits that this Court has jurisdiction over Argent for this action, but

3 Argent denies that Argent committed any fraudulent acts. Argent lacks sufficient knowledge or

4 information to form a belief as to the truth of the remaining allegations in paragraph 7 and on that

5 basis denies them.

6       8.     Argent admits that this lawsuit includes a cause of action under the Truth-In-

7 Lending Act and that Plaintiff has invoked this Court to accept pendent jurisdiction to consider

8 claims arising under state law, but denies that Argent has committed any wrongdoing.

9       9.     Argent admits that venue is proper in this judicial district and that the loan

10 contracts were signed in this judicial district, but Argent denies that it has committed any

11 wrongdoing.  Argent lacks sufficient knowledge or information to form a belief as to the truth of

12 the remaining allegations in paragraph 9 and on that basis denies them.

13      10.    Argent admits that Plaintiff is a natural person.

14

**PARTIES**

15      11.    Argent is without sufficient knowledge and information to form a belief as to the

16 truth of the allegations in paragraph 11 of the FAC and on that basis denies them.

17      12.    Argent is without sufficient knowledge and information to form a belief as to the

18 truth of the allegations in paragraph 12 of the FAC and on that basis denies them.

19      13.    Argent is without sufficient knowledge and information to form a belief as to the

20 truth of the allegations in paragraph 13 of the FAC and on that basis denies them.

21      14.    Argent is without sufficient knowledge and information to form a belief as to the

22 truth of the allegations in paragraph 14 of the FAC and on that basis denies them.

23      15.    Argent admits that Countrywide it is the current servicer of Plaintiff's loan and

24 that it does business California, but denies the remaining allegations in paragraph 15 of the FAC.

25      16.    Argent admits that it funded the loan that is the subject of this action, but Argent

26 denies the remaining allegations of paragraph 16 of the FAC.

27      17.    Argent admits that N D Financial, Inc. was Plaintiff's broker and agent with

28 respect to the loan funded by Argent.

18.     Argent admits that Shoaib Mahmud is the broker of record for N D Financial, Inc., the broker and agent for Plaintiff with respect to the loan funded by Argent.

19.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 of the FAC and on that basis denies them.

20.     Argent admits that Recontrust Company, N.A. signed a Declaration Of Nonmonetary Status that was filed with this Court.

21.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 21 of the FAC and on that basis denies them.

22.     Argent denies the allegations of paragraph 22 of the FAC as to Argent, but Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 and on that basis denies them.

23.     Argent denies the allegations of paragraph 23 of the FAC as to Argent, but Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies them.

24.     Argent denies the allegations of paragraph 24 of the FAC as to Argent, but Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 and on that basis denies them.

**STATEMENT OF FACTS**

25.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 25 of the FAC and on that basis denies them.

26.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 26 of the FAC and on that basis denies them.

27.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 27 of the FAC and on that basis denies them.

28.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 28 of the FAC and on that basis denies them.

29.     Argent is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 29 of the FAC and on that basis denies them.

1    30.    Argent is without sufficient knowledge and information to form a belief as to the

2    truth of the allegations in paragraph 30 of the FAC and on that basis denies them.

3    31.    Argent is without sufficient knowledge and information to form a belief as to the

4    truth of the allegations in paragraph 31 of the FAC and on that basis denies them.

5    32.    Argent is without sufficient knowledge and information to form a belief as to the

6    truth of the allegations in paragraph 32 of the FAC and on that basis denies them.

7    33.    Argent admits that N D Financial, Inc. was the broker and agent of Plaintiff with

8    respect to the loan funded by Argent. But Argent is without sufficient knowledge and

9    information to form a belief as to the truth of the allegations in paragraph 33 of the FAC and on

10    that basis denies them.

11    34.    Argent admits that Plaintiff signed loan documents that were in English in March

12    of 2005 for the loan funded by Argent, but Argent denies that he signed documents at a

13    Starbucks. Argent is without sufficient knowledge and information to form a belief as to the truth

14    of the remaining allegations in paragraph 34 of the FAC and on that basis denies them.

15    35.    Argent denies that Plaintiff was not provided with copies of loan documents for

16    the loan funded by Argent. Argent is without sufficient knowledge and information to form a

17    belief as to the truth of the remaining allegations in paragraph 35 of the FAC and on that basis

18    denies them.

19    36.    Argent admits that Plaintiff signed loan documents that were in English in March

20    of 2005 for the loan funded by Argent, but Argent denies that he signed documents at a

21    Starbucks. Argent is without sufficient knowledge and information to form a belief as to the truth

22    of the remaining allegations in paragraph 34 of the FAC and on that basis denies them.

23    37.    Argent denies that Plaintiff was not provided with copies of loan documents for

24    the loan funded by Argent. Argent is without sufficient knowledge and information to form a

25    belief as to the truth of the remaining allegations in paragraph 37 of the FAC and on that basis

26    denies them.

27    38.    Argent admits that the name Humberto Covarrubias was typed on Plaintiff's loan

28    application, but Argent is without sufficient knowledge and information to form a belief as to the

1    truth of the remaining allegations in paragraph 38 of the FAC and on that basis denies them.

2        39.    Argent admits that the loan documents reflect a $200,000 disbursement to Edwin

3    Parada, but Argent is without sufficient knowledge and information to form a belief as to the truth

4    of the remaining allegations in paragraph 39 of the FAC and on that basis denies them.

5        40.    Argent admits that the loan it funded to Plaintiff was a refinance loan and that the

6    loan documents reflected a $200,000 disbursement to Edwin Parada.  Argent denies that Plaintiff

7    did not receive copies of the loan documents for the loan funded by Argent.  Argent is without

8    sufficient knowledge and information to form a belief as to the truth of the remaining allegations

9    in paragraph 40 of the FAC and on that basis denies them.

10       41.    Argent is without sufficient knowledge and information to form a belief as to the

11   truth of the allegations in paragraph 41 of the FAC and on that basis denies them.

12       42.    Argent is without sufficient knowledge and information to form a belief as to the

13   truth of the allegations in paragraph 42 of the FAC and on that basis denies them.

14       43.    Argent is without sufficient knowledge and information to form a belief as to the

15   truth of the allegations in paragraph 43 of the FAC and on that basis denies them.

16       44.    Argent is without sufficient knowledge and information to form a belief as to the

17   truth of the allegations in paragraph 44 of the FAC and on that basis denies them.

18       45.    Argent is without sufficient knowledge and information to form a belief as to the

19   truth of the allegations in paragraph 45 of the FAC and on that basis denies them.

20       46.    Argent denies that Plaintiff did not receive copies of the loan documents with

21   respect to the loan funded by Argent, but Argent is without sufficient knowledge and information

22   to form a belief as to the truth of the remaining allegations in paragraph 46 of the FAC and on

23   that basis denies them.

24       47.    Argent is without sufficient knowledge and information to form a belief as to the

25   truth of the allegations in paragraph 47 of the FAC and on that basis denies them.

26       48.    Argent is without sufficient knowledge and information to form a belief as to the

27   truth of the allegations in paragraph 48 of the FAC and on that basis denies them.

28

49.    Argent denies that it committed any wrongdoing, but Argent is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 49 of the FAC and on that basis denies them.

50.    Argent admits that Plaintiff was in default on his loan, that a foreclosure was set to take place, and that the foreclosure was stayed by a temporary restraining order, but Argent is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 50 of the FAC and on that basis denies them.

51.    Argent admits that Plaintiff was on the verge of foreclosure, but Argent denies that it committed any wrongdoing. But Argent is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 51 of the FAC and on that basis denies them.

## FIRST CAUSE OF ACTION

### Violations of TILA and Regulation Z

### (Against Countrywide and Argent)

52.    Argent incorporates herein by reference its prior responses to paragraphs 1-51 of the FAC as if fully set forth.

53.    Argent admits the allegations in paragraph 53 of the FAC.

54.    Argent denies the allegations in paragraph 54 of the FAC.

55.    Argent denies the allegations in paragraph 55 of the FAC.

56.    Argent denies the allegations in paragraph 56 of the FAC.

57.    Argent denies the allegations in paragraph 57 of the FAC.

58.    Argent denies that the loan it funded could be rescinded solely by the act of allegedly sending a letter, but Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 58 of the FAC and on that basis denies them.

59.    Argent denies that it committed any wrongdoing, and denies that punitive damages are recoverable under TILA, but Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations as to the other Defendants and on that basis

1  denies them.

2      60.    Argent is without sufficient knowledge or information to form a belief as to the

3  truth of the allegations in paragraph 60 of the FAC and on that basis denies them.

4              **SECONDCAUSE OF ACTION**

5          **Violation of California Civil Code § 1632**

6      **(Against all Defendants except Recontrust Company, N.A.)**

7      61.    Argent incorporates herein by reference its prior responses to paragraphs 1-60 of

8  the FAC as if fully set forth.

9      62.    Argent denies the allegations in paragraph 62 of the FAC as to Argent, but Argent

10 is without sufficient knowledge and information to form a belief as to the truth of the remaining

11 allegations in paragraph 62 of the FAC as to the other Defendants and on that basis denies them.

12     63.    Argent denies the allegations in paragraph 63 of the FAC as to Argent, but Argent

13 is without sufficient knowledge and information to form a belief as to the truth of the remaining

14 allegations in paragraph 63 of the FAC as to the other Defendants and on that basis denies them.

15     64.    Argent denies the allegations in paragraph 64 of the FAC as to Argent, but Argent

16 is without sufficient knowledge and information to form a belief as to the truth of the remaining

17 allegations in paragraph 62 of the FAC as to the other Defendants and on that basis denies them.

18              **THIRD CAUSE OF ACTION**

19                  **Fraud and Deceit**

20     **(As to all Defendants, except Recontrust Company, N.A.)**

21     65.    Argent incorporates herein by reference its prior responses to paragraphs 1-64 of

22 the FAC as if fully set forth.

23     66.    Argent denies the allegations in paragraph 64 of the FAC as to Argent, and denies

24 that Plaintiff did not receive copies of his loan documents as Plaintiff represented by signing the

25 Important Notice To Borrowers and Notice Of Right To Cancel, but Argent is without sufficient

26 knowledge and information to form a belief as to the truth of the remaining allegations in

27 paragraph 66 of the FAC and on that basis denies them

28     67.    Argent is without sufficient knowledge or information to form a belief as to the

1    truth of the allegations in paragraph 67 of the FAC and on that basis denies them.

2        68.    Argent denies that it committed any wrongdoing and denies that Argent is liable

3    for the acts of anyone but itself.  The acts of Argent were proper.  Argent does not need to

4    respond to the legal conclusion regarding loan servicers.  Argent is without sufficient knowledge

5    or information to form a belief as to the truth of the remaining allegations in paragraph 68 and on

6    that basis denies them.

7        69.    Argent lacks sufficient knowledge or information to form a belief as to the truth of

8    the allegations in paragraph 69 and on that basis denies them.

9        70.    Argent lacks sufficient knowledge or information to form a belief as to the truth of

10   the allegations in paragraph 69 and on that basis denies them.

11       71.    Argent lacks sufficient knowledge or information to form a belief as to the truth of

12   the allegations in paragraph 71 and on that basis denies them.

13       72.    Argent denies that it committed any wrongdoing and denies that Argent is liable

14   for the acts of anyone but itself.  The acts of Argent were proper.  Argent is without sufficient

15   knowledge or information to form a belief as to the truth of the remaining allegations in

16   paragraph 72 and on that basis denies them.

17       73.    Argent denies that it committed any wrongdoing and denies that Argent is liable

18   for the acts of anyone but itself.  The acts of Argent were proper.  Argent is without sufficient

19   knowledge or information to form a belief as to the truth of the remaining allegations in

20   paragraph 73 and on that basis denies them.

21       74.    Argent denies that it committed any wrongdoing and denies that Argent is liable

22   for the acts of anyone but itself.  The acts of Argent were proper.  Argent is without sufficient

23   knowledge or information to form a belief as to the truth of the remaining allegations in

24   paragraph 74 and on that basis denies them.

25       75.    Argent denies that it committed any wrongdoing and denies that Argent is liable

26   for the acts of anyone but itself.  The acts of Argent were proper.  Argent is without sufficient

27   knowledge or information to form a belief as to the truth of the remaining allegations in

28   paragraph 75 and on that basis denies them.

1

## FOURTH CAUSE OF ACTION

2

### Aiding and Abetting Fraud

3

### (Against New Century, Argent and Countrywide)

4    76.    Argent incorporates herein by reference its prior responses to paragraphs 1-75 of

5    the FAC as if fully set forth.

6    77.    Argent denies that it committed any wrongdoing and denies that Argent is liable

7    for the acts of anyone but itself.  The acts of Argent were proper.  The only agreement(s) between

8    Argent and Primestar were the Mortgage Broker Agreement(s) produced in this action.

9    78.    Argent denies that it committed any wrongdoing and denies that Argent is liable

10    for the acts of anyone but itself.  The acts of Argent were proper.  Argent is without sufficient

11    knowledge or information to form a belief as to the truth of the remaining allegations in

12    paragraph 78 and on that basis denies them.

13    79.    Argent denies the allegations in paragraph 79 of the FAC as to Argent.  Argent is

14    without sufficient knowledge or information to form a belief as to the truth of the remaining

15    allegations in paragraph 79 of the FAC and on that basis denies them.

16    80.    Argent denies the allegations in paragraph 80 of the FAC as to Argent.  Argent is

17    without sufficient knowledge or information to form a belief as to the truth of the remaining

18    allegations in paragraph 80 of the FAC and on that basis denies them.

19    81.    Argent denies the allegations in paragraph 81 of the FAC as to Argent.  Argent is

20    without sufficient knowledge or information to form a belief as to the truth of the remaining

21    allegations in paragraph 81 of the FAC and on that basis denies them.

22    82.    Argent denies that it committed any wrongdoing.  Argent is without sufficient

23    knowledge or information to form a belief as to the truth of the remaining allegations in

24    paragraph 82 and on that basis denies them.

25    83.    Argent denies that it committed any wrongdoing.  Argent is without sufficient

26    knowledge or information to form a belief as to the truth of the remaining allegations in

27    paragraph 83 and on that basis denies them.

28

84.    Argent denies the allegations in paragraph 84 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 84 of the FAC and on that basis denies them.

85.    Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85 of the FAC and on that basis denies them.

86.    Argent denies the allegations in paragraph 86 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 86 of the FAC and on that basis denies them.

## FIFTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)

87.    Argent incorporates herein by reference its prior responses to paragraphs 1-86 of the FAC as if fully set forth.

88.    Argent is not a party to this claim and does not have to respond.

89.    Argent is not a party to this claim and does not have to respond.

90.    Argent is not a party to this claim and does not have to respond.

91.    Argent is not a party to this claim and does not have to respond.

92.    Argent is not a party to this claim and does not have to respond.

93.    Argent is not a party to this claim and does not have to respond.

94.    Argent is not a party to this claim and does not have to respond.

95.    Argent is not a party to this claim and does not have to respond.

96.    Argent is not a party to this claim and does not have to respond.

97.    Argent is not a party to this claim and does not have to respond.

98.    Argent is not a party to this claim and does not have to respond.

## SIXTH CAUSE OF ACTION

### Breach of Contract

### (Against all Defendants, except Countrywide, Argent and Recontrust Company, N.A.)

99.     Argent incorporates herein by reference its prior responses to paragraphs 1-99 of the FAC as if fully set forth.

100.    Argent is not a party to this claim and does not have to respond.

101.    Argent is not a party to this claim and does not have to respond.

102.    Argent is not a party to this claim and does not have to respond.

103.    Argent is not a party to this claim and does not have to respond.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices [Business & Professions Code Section 17200]

### (As against all Defendants)

104.    Argent incorporates herein by reference its prior responses to paragraphs 1-104 of the FAC as if fully set forth.

105.    Argent denies the allegations in paragraph 105 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105 of the FAC and on that basis denies them.

106.    Argent denies the allegations in paragraph 106 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 106 of the FAC and on that basis denies them.

107.    Argent denies the allegations in paragraph 107 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 107 of the FAC and on that basis denies them.

108.    Argent denies the allegations in paragraph 108 of the FAC as to Argent.  Argent is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 108 of the FAC and on that basis denies them.

1      109.    Argent denies the allegations in paragraph 109 of the FAC as to Argent. Argent is
2   without sufficient knowledge or information to form a belief as to the truth of the remaining
3   allegations in paragraph 109 of the FAC and on that basis denies them.

4      110.    Argent denies the allegations in paragraph 110 of the FAC as to Argent. Argent is
5   without sufficient knowledge or information to form a belief as to the truth of the remaining
6   allegations in paragraph 110 of the FAC and on that basis denies them.

7      111.    Argent denies the allegations in paragraph 111 of the FAC as to Argent. Argent is
8   without sufficient knowledge or information to form a belief as to the truth of the remaining
9   allegations in paragraph 111 of the FAC and on that basis denies them.

10      112.    Argent denies the allegations in paragraph 112 of the FAC as to Argent. Argent is
11   without sufficient knowledge or information to form a belief as to the truth of the remaining
12   allegations in paragraph 112 of the FAC and on that basis denies them.

## AFFIRMATIVE DEFENSES

Argent affirmatively alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.    Argent alleges that Plaintiff has failed to state facts sufficient to constitute a claim against Argent.

### SECOND AFFIRMATIVE DEFENSE

### (Failure To Allege Fraud With Specificity)

2.    Argent alleges that Plaintiff's fraud and aiding and abetting fraud claims are barred for, among other reasons, failing to allege fraud with the required specificity.

### THIRD AFFIRMATIVE DEFENSE

### (Uncertainty)

3.    Plaintiff's FAC as to Argent is uncertain, ambiguous, and unintelligible.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.    Plaintiff's FAC as to Argent is barred by the doctrine of laches.

1

## **FIFTH AFFIRMATIVE DEFENSE**

2

### **(Good Faith)**

3     5.     Argent acted in good faith and did not directly or indirectly induce any of the

4     actions on which liability in the FAC is asserted.

5

## **SIXTH AFFIRMATIVE DEFENSE**

6

### **(Fault of Plaintiff or Others)**

7     6.     If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same

8     was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

9     activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, of

10    other defendants or third parties, and not by Argent.

11

## **SEVENTH AFFIRMATIVE DEFENSE**

12

### **(No Duty To Plaintiff)**

13    7.     Argent owed no duty to Plaintiff to control the alleged conduct of other defendants

14    or third persons.

15

## **EIGHTH AFFIRMATIVE DEFENSE**

16

### **(Indispensable Parties)**

17    8.     Plaintiff has failed to name indispensable party(ies), including the owner of

18    Plaintiff's loan.

19

## **NINTH AFFIRMATIVE DEFENSE**

20

### **(Unclean Hands)**

21    9.     Plaintiff's FAC as to Argent is barred by the doctrine of unclean hands.

22

## **TENTH AFFIRMATIVE DEFENSE**

23

### **(Estoppel)**

24    10.    Plaintiff's FAC as to Argent is barred by the doctrine of estoppel.

25

## **ELEVENTH AFFIRMATIVE DEFENSE**

26

### **(Consent)**

27    11.    Plaintiff's FAC as to Argent is barred as a result of Plaintiff's consent to the loan

28    transaction.

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(No Basis For Damages Or Punitive Damages)**

3          12.    There is no basis in Plaintiff's FAC for the recovery of damages or punitive

4  damages as to Argent.

5

**THIRTEENTH AFFIRMATIVE DEFENSE**

6

**(Mistake)**

7          13.    Any alleged acts or omissions of Argent giving rise to Plaintiff's claims are the

8  result of innocent mistake despite reasonable procedures implemented by Argent.  Argent acted in

9  a reasonable manner, and in good faith, in connection with the transactions at issue in this action.

10

**FOURTEENTH AFFIRMATIVE DEFENSE**

11

**(Waiver)**

12          14.    Plaintiff has waived any and all claims, rights, and demands made by him in the

13  FAC.

14

**FIFTEENTH AFFIRMATIVE DEFENSE**

15

**(Justification)**

16          15.    The acts and omissions alleged in the FAC as to Argent, if they actually occurred,

17  were justified.

18

**SIXTEENTH AFFIRMATIVE DEFENSE**

19

**(Excuse)**

20          16.    Argent affirmatively alleges that any acts or failure to act on its part were excused

21  by the action of Plaintiff.

22

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23

**(Comparative Fault)**

24          17.    Argent affirmatively alleges that the damages, if any, suffered by Plaintiff as a

25  consequence of the facts and circumstances alleged in the FAC, if any, are barred, in whole or in

26  part, by Plaintiff's comparative fault, which bars or reduces their recovery.

27

28

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2    18.    Plaintiffs' actions prevented Argent's required performance, if any.

3

**NINETEENTH AFFIRMATIVE DEFENSE**

4

**(Equitable Subrogation)**

5    19.    Argent alleges that Plaintiff's FAC is barred, in whole or in part, as a result of the

6 doctrine of equitable subrogation, since the Argent loan satisfied a prior first-lien priority deed of

7 trust secured by the subject property.

8

**TWENTIETH AFFIRMATIVE DEFENSE**

9

**(Enforceable Deed of Trust and Note)**

10    20.    Argent alleges that Plaintiff's claims are barred as a result of Argent being a bona

11 fide encumbrancer in good faith since, assuming arguendo anything improper occurred, a deed

12 obtained as a result of fraudulent misrepresentations or undue influence is voidable rather than

13 void and may be relied upon and enforced by a bona fide encumbrancer who pays a valuable

14 consideration and has no notice of the alleged fraud or undue influence.

15

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

16

**(Causation)**

17    21.    The FAC fails to show that any alleged acts or omissions of Argent caused the

18 injuries or damages claimed by Plaintiff and based thereon Argent affirmatively alleges that any

19 loss, damage, or injury alleged therein was proximately caused or contributed by the breach of

20 contract, negligence, or tortious conduct of other defendants, persons, or entities beyond Argent's

21 supervision and control and that said breach or negligence or other tortious conduct was an

22 intervening and superseding cause of the underlying loss, injuries, and damage of which Plaintiff

23 complains.

24

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

25

**(Unjust Enrichment)**

26    22.    Plaintiff would be unjustly enriched if allowed to recover on his FAC.

27

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

23.    Plaintiff has failed, in whole or in part, to mitigate his alleged damages, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

24.    The FAC, and each and every purported claim for relief contained therein, is barred by virtue of Plaintiff not having suffered any damages as a result of Argent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack Of Malice)

25.    The allegedly wrongful conduct of Argent (which is denied), if any, was not willful or malicious.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Error Defense)

27.    Argent alleges that Plaintiff's claims are barred as a result of the fact that if, assuming arguendo a violation of TILA did occur, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures by Argent reasonably adapted to avoid any such error, including, but not limited to, Argent's instructions to title which required that a Notice of Right to Cancel be properly executed and copies of the same be delivered to the borrowers at closing.

## PRAYER

WHEREFORE, Argent prays for relief as follows:

1.    That Plaintiff take nothing by his FAC.

2.    That the FAC be dismissed with prejudice.

3.    That Argent recover its costs of suit incurred herein, including attorneys' fees if applicable.

4.    That Argent recover such other relief as the Court deems just and proper.

## COUNTERCLAIM

Argent, on information and belief, alleges affirmative counterclaims as follows:

1.    At all times relevant herein, Argent was doing business in the State of California.

2.    On information and belief, Edwin Mauricio Parada Dominguez ("E. Parada") is an individual that was residing in the Northern District of California during the times that the acts alleged in the FAC occurred.

3.    On information and belief, Glenda Parada ("G. Parada") is an individual that was residing in the Northern District of California during the times that the acts alleged in the FAC occurred.

4.    On information and belief, Lorenzo Parada ("L. Parada") is an individual that was residing in the Northern District of California during the time the acts alleged in the FAC occurred.

5.    On information and belief, Commonwealth Land Title Company is the successor-in-interest to New Century Title Company ("New Century"), who was the entity that contracted with Argent to perform the closing of Plaintiff's loan and who conducts, or conducted, business in the Northern District of California during the time the acts alleged in the FAC occurred.

6.    N.D. Financial, Inc., doing business as Primestar Financial Services ("Primestar") was Plaintiff's broker and agent, and an independent contractor to Argent, who submitted an application package to Argent on behalf of Plaintiff for review and consideration for possible funding.  Argent and Primestar were parties to Mortgage Broker Agreements which defined their contractual duties and their independent contractor relationship.

7.    Argent is informed and believes, and thereon alleges, that the true names and capacities, whether individual, corporate, or otherwise of Counterdefendant Zoes 1-50 are unknown to Argent, who therefore sues said Counterdefendant Zoes 1-50 by said fictitious names.  Counterdefendants designated as Zoes 1-50 are alleged to be responsible in some manner for the damages alleged in the FAC if the allegations in the FAC are determined to be true by this Court.  Argent will amend this Counterclaim to insert the true names and capacities of Counterdefendant Zoes 1-50 when that information has been ascertained.  E. Parada, G. Parada,

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

18

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

1  L. Parada, New Century and Primestar and Counterdefendant Zoes 1-50 will sometimes

2  collectively be referred to as "Counterdefendants".

### REQUEST FOR ATTORNEYS' FEES

4  8.  Argent hereby demands recovery of its attorneys' fees pursuant to California *Code*

5  *of Civil Procedure* § 1021.6 on the grounds that Argent, through the alleged tort of

6  Counterdefendants, has been required to act in the protection of its own interests by bringing this

7  protective Counterclaim against Counterdefendants, and that Counterdefendants have been

8  properly notified by this pleading of the demand to bring the action and provide the defense and

9  have failed to avail themselves of the opportunity to do so, and that Argent was without fault with

10  respect to the allegations in the FAC which is the basis for this protective action in indemnity,

11  and/or because Argent will have a final judgment entered in its favor granting summary

12  judgment, a nonsuit, or a directed verdict.

### FIRST CLAIM FOR RELIEF

### (Negligence)

### (Against New Century and Zoes 1 through 50)

16  9.  Argent refers to and incorporates herein by reference paragraphs 1-8 of the

17  Counterclaim as if fully set forth.

18  10.  New Century owed a duty to Argent as an escrow agent to properly secure and

19  obtain the Plaintiff's signatures on all loan documents, to provide Plaintiff with all necessary loan

20  documents, to properly disburse the loan proceeds, to close the loan transaction in accordance

21  with Argent's closing instructions, and to act with reasonable skill and diligence in accordance

22  with accepted industry standards.

23  11.  Argent is informed and believes and based thereon alleges that, if it is proven in

24  this action that the allegations in the FAC are true, New Century breached these duties by failing

25  to follow the closing instructions, by failing to contact Argent if it did not receive or understand

26  the instructions, by failing to refuse to accept any amendments to the instructions absent written

27  approval from Argent, and by failing to honestly and completely inform Argent of all material

28  facts and problems regarding the loan closing.

1    12.    If the allegations in the FAC are proven true in this action, then as a direct and

2    proximate result of the negligence of New Century, Argent will have been damaged by having to

3    retain counsel to defend itself in this action against the FAC, and, although Argent denies all

4    liability to Plaintiff, it may be further damaged if held liable to Plaintiff in the underlying action

5    based on New Century's alleged negligent conduct as alleged herein.  Argent's potential damages

6    will be proven at the time of trial and are reasonably believed to be in excess of $598,500.00.

### SECOND CLAIM FOR RELIEF

### (Breach of Written Contract)

### (Against New Century and Zoes1-50)

10    13.    Argent refers to and incorporates herein by reference paragraphs 1-12 of the

11    Counterclaim as if fully set forth.

12    14.    As set forth above, Argent provided specific written closing instructions to New

13    Century in connection with New Century's obligations to properly close the loan with Plaintiff.

14    New Century's employee and agent, Viki Raab, signed and accepted the terms of the closing

15    instructions.  In exchange for New Century's fee, New Century agreed to strictly follow the

16    closing instructions.

17    15.    The closing instructions specifically required New Century to close the loan with

18    Plaintiff and expressly stated that New Century could not delegate the closing or allow the

19    mortgage broker to take the loan documents and have them signed by Plaintiff.  In addition, New

20    Century was strictly prohibited from allowing the loan to close if it was unable to strictly follow

21    the closing instructions.  New Century was also required to ensure that all of the loan documents

22    were properly notarized.  New Century agreed to strictly follow the closing instructions and

23    agreed that it could not deviate from those instructions without prior written approval from

24    Argent.

25    16.    Argent is informed and believes and based thereon alleges that if Plaintiff's

26    allegations in the FAC are proven true, then New Century breached its obligations to fulfill

27    Argent's instructions.

28    17.    If the Plaintiff's allegations in the FAC are proven true, as a direct and proximate

1   result of New Century's breach of the closing instructions, Argent will have been damaged by

2   having to retain counsel to defend itself in this action and, although Argent denies all liability to

3   Plaintiff, may be further damaged if held liable to Plaintiff in the FAC based on New Century's

4   potential alleged breach as alleged herein.  Argent's damages will be proven at the time of trial

5   and are reasonably believed to be in excess of $598,500.00.

6                          **THIRD CLAIM FOR RELIEF**

7                          **(Breach Of Written Contract)**

8                          **(Against Primestar and Zoes 1-50)**

9           18.     Argent refers to and incorporates herein by reference paragraphs 1-18 of the

10  Counterclaim as if fully set forth.

11          19.     Argent and Primestar entered into a written Broker Agreement (the "Broker

12  Agreement").  Under the Broker Agreement, Primestar agreed to submit loan application

13  packages to Argent for consideration that complied with Argent's program requirements and

14  origination policies and procedures.  Argent agreed to consider accepting such applications for

15  possible approval and funding.

16          20.     The Broker Agreement provides that Primestar shall make prompt, timely, full,

17  accurate, and truthful disclosures to Argent of all facts, information, and documentation that

18  Primestar knows, suspects, or has notice of that could affect, or has affected, the eligibility,

19  validity, collectibility, collateral value, security, or enforceability of any Application Package

20  submitted by Primestar for funding consideration by Argent.  In addition, the Broker Agreement

21  expressly prohibits Primestar and its employees and agents from engaging in any fraud in any

22  loan transaction.  Specifically, Primestar represented to Argent that all information set forth in its

23  Application Packages, including the Application Package for Plaintiff, was true, correct, and free

24  of any fraud whatsoever, and not subject to error, omission, or misrepresentation of fact.

25  The Broker Agreement provides that Primestar, upon Argent's demand, will cure to Argent's

26  satisfaction in Argent's sole discretion any loan that was not originated or submitted by Primestar

27  in compliance with the Broker Agreement.

28

1     21.    Argent is informed and believes and based thereon alleges that, if the allegations in

2  Plaintiff's FAC are proven true in this action, Primestar would have breached the Broker

3  Agreement by failing to perform its contractual obligations set forth above. If Plaintiff's

4  allegations are true, then Primestar is liable to Argent for all damages, if any, assessed against

5  Argent and is further obligated to indemnify Argent for any damages, if any, assessed against it in

6  this action.

7     22.    The Broker Agreement also states that if any legal action or other proceeding is

8  brought for the enforcement of the Broker Agreement, the repurchase of a loan or loans, or

9  because of an alleged dispute, breach, default, or misrepresentation in connection with any of the

10  provisions of the Broker Agreement, the prevailing party shall be entitled to attorneys' fees and

11  other costs incurred in that action or proceeding, whether or not a lawsuit is filed, in addition to

12  any other relief to which it or they may be entitled.

13     23.    In addition, Primestar's failure and refusal to indemnify Argent for damages, if

14  any, assessed against it in this lawsuit, including attorneys' fees incurred by Argent in defense of

15  Plaintiff's action and in prosecution of this Counterclaim, is a further breach of the Broker

16  Agreement and said fees and damages would not be incurred by Argent but for the

17  aforementioned potential breaches of Primestar's representations, warranties, and covenants

18  contained in the Broker Agreement.

19     24.    Argent has performed all of its obligations and duties under the Broker Agreement,

20  except those that it was excused or prevented from performing because of the alleged acts and/or

21  omissions of Primestar.

22     25.    If the Plaintiff's allegations in the FAC are proven true in this action, as a direct

23  and proximate cause of Primestar's breaches of the Broker Agreement, Argent was required to

24  retain counsel to prosecute this action. Accordingly, Argent is entitled to its reasonable attorneys'

25  fees and costs incurred in this action. As a further direct and proximate cause of Primestar's

26  breaches of the Broker Agreement, Argent will have suffered damages in an amount according to

27  proof at trial, but reasonably believed to be in excess of $598,500.00.

28

1

## FOURTH CLAIM FOR RELIEF

2

### (Specific Performance)

3

### (Against Primestar and Zoes 1-50)

4      26.      Argent refers to and incorporates herein by reference paragraphs 1-25 of the

5      Counterclaim as if fully set forth.

6      27.      As detailed above, Argent and Primestar entered into the Broker Agreement.

7      The Broker Agreement provides that Primestar, upon Argent's demand, will repurchase any loan

8      that was not originated or submitted by Primestar in compliance with the Broker Agreement. By

9      way of this Counterclaim, Argent demands that if it is ordered to repurchase this loan in this

10     action, then Primestar should be ordered to repurchase the loan to Plaintiff in accordance with the

11     Broker Agreement based on information and belief that Primestar may have engaged in fraud as

12     alleged in Plaintiff's FAC, or otherwise breached the Broker Agreement, when it handled

13     Plaintiff's loan, including but not limited to, that Plaintiff is allegedly not satisfied with it.

14     The Broker Agreement states that if any legal action or other proceeding is brought for the

15     enforcement of the Broker Agreement for the repurchase of a loan, the prevailing party shall be

16     entitled to recover its attorneys' fees and other costs incurred in that action or proceeding.

17     Argent is informed and believes and based thereon alleges that, if the allegations in Plaintiff's

18     FAC are proven true in this action, Primestar failed to comply with the Broker Agreement as

19     alleged in Plaintiff's FAC. If Plaintiff's allegations are true, then Primestar is obligated to

20     repurchase Plaintiff's loan from Argent, if this Court orders such relief as against Argent, and is

21     further obligated to reimburse Argent for all of its attorneys' fees and costs.

22     28.      Argent has performed all of its obligations and duties under the Broker Agreement,

23     except those that it was excused or prevented from performing because of the alleged acts and/or

24     omissions of Primestar.

25     29.      If the allegations in Plaintiff's FAC are proven true, based on Primestar's breaches

26     of the Broker Agreement, Argent is entitled to an order and judgment in its favor requiring that

27     Primestar repurchase Plaintiff's loan from Argent, if Argent is ordered to repurchase Plaintiff's

28     loan, in accordance with the provisions of the Broker Agreement.

# FIFTH CLAIM FOR RELIEF

## (Equitable and Contractual Indemnity)

## (Against All Counterdefendants)

30.    Argent refers to and incorporates herein by reference paragraphs 1-29 of the Counterclaim as if fully set forth.

31.    Argent is informed and believes and thereon alleges that the damages alleged in the FAC, if proven to be true in this Court, were caused by Counterdefendants and not Argent.

32.    Argent is informed and believes, and based thereon alleges, that if it be determined by this Court that the injuries and damage alleged in the FAC actually occurred, such were caused in whole or in part by the acts, omissions, fault, non-disclosures, concealments, misrepresentations and other wrongful conduct on the part of Counterdefendants. Therefore, if recovery is had against Argent as a result of the FAC (any such liability is expressly denied by Argent), then Argent is entitled to equitable indemnity, apportionment of liability, and contribution from Counterdefendants, according to their respective fault for the injuries and damages alleged in the FAC, if any, made by way of sums paid by settlement, or in the alternative, judgment entered against Argent with respect to the FAC. Argent would also be entitled to contractual indemnity from Primestar.

33.    If it be determined that Argent was in any manner at fault for the damages alleged in the FAC, which Argent denies, then any such fault was vicarious, passive and secondary, and the fault of Counterdefendants in connection with the incidents alleged in the FAC, was active, primary and affirmative.

34.    Argent's liability in this action, if any, is directly attributable to Counterdefendants conduct. Accordingly, Argent will and is entitled to indemnification by Counterdefendants, for any and all amounts which may in good faith be paid by compromise, settlement or judgment as a result of the FAC.

35.    It has been necessary for Argent to retain the services of an attorney to defend it against the FAC and bring these protective claims. Accordingly, Argent is entitled to recover its attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

1

2

### SIXTH CLAIM FOR RELIEF

3

### (Comparative Implied Indemnity and Contribution)

4

### (Against All Counterdefendants)

5      36.    Argent refers to and incorporates herein by reference paragraphs 1-36 of the

6  Counterclaim as if fully set forth.

7      37.    Based upon the alleged acts and/or omissions of Counterdefendants, if proven true

8  in this Court, if a judgment is rendered on behalf of Plaintiff and against Argent, Argent is

9  entitled to contribution from each of these Counterdefendants in an amount proportionate to the

10  amount of fault attributable to each Counterdefendant.

11      38.    Argent alleges that if recovery is denied Argent on the fourth claim for relief

12  herein, then it is entitled to determination of any proportion of wrongful conduct found

13  attributable to Argent (such alleged wrongful conduct is expressly denied), if any, and that

14  attributable to each Counterdefendant based upon the principles of law of comparative fault, as

15  adopted in *State of California and American Motorcycle Association v. Superior Court*, 20 Cal.3d

16  578 (1978), and its progeny and pursuant to federal common law.  Argent entitled to partial or

17  full indemnity from Counterdefendants on a comparative basis in an amount equal to the

18  percentage of damages, if any, alleged and proved with respect to the FAC which is proportionate

19  to the fault, or culpable conduct on the part of Counterdefendants.

20      39.    It has been necessary for Argent to retain the services of an attorney to defend it

21  against the FAC and bring these protective claims.  Accordingly, Argent is entitled to recover its

22  attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

23

### SEVENTH CLAIM FOR RELIEF

24

### (Apportionment of Liability)

25

### (Against All Counterdefendants)

26      40.    Argent refers to and incorporates herein by reference paragraphs 1-39 of the

27  Counterclaim as if fully set forth.

28      41.    Argent is entitled to apportionment of liability (liability as to Argent is expressly

1    denied) among itself and Counterdefendants.

2         42.    It has been necessary for Argent to retain the services of an attorney to defend it

3    against the FAC and bring these protective claims. Accordingly, Argent is entitled to recover its

4    attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

### EIGHTH CLAIM FOR RELIEF

#### (Declaratory Relief)

#### (Against All Counterdefendants)

8         43.    Argent refers to and incorporates herein by reference paragraphs 1-42 of the

9    Counterclaim as if fully set forth.

10        44.    A dispute has arisen and an actual controversy now exists between Argent and

11   Counterdefendants as to their respective rights and liabilities with respect to any ultimate

12   responsibility at issue in the FAC, and with respect to the rights to receive, and/or duty to give,

13   indemnification in proportion to their respective comparative fault, if any. Argent contends that if

14   it suffers a money judgment, or any judgment, with respect to the FAC, or if it pays money by

15   way of compromise of said claim, or otherwise, Argent is entitled to be indemnified by

16   Counterdefendants and to have judgment over and against them, to the extent any such judgment

17   or compromise exceeds Argent's percentage of fault, or liability, if any (any such fault is

18   expressly denied by Argent), with respect to the FAC. Argent is informed and believes, and

19   thereon alleges, that Counterdefendants contend to the contrary. Therefore, an actual controversy

20   exists relative to the legal rights, duties and obligations of the respective parties, which

21   controversy Argent requests the Court to resolve.

22        45.    All of the rights and obligations of the parties hereto arose out of what is actually

23   one transaction or one series of transactions, happenings, or events, all of which can be settled

24   and determined in a judgment in this one action. Argent alleges that an actual controversy exists

25   between the parties to this Counterclaim under the circumstances alleged. A declaration of the

26   respective rights, responsibilities, and obligations of Argent and Counterdefendants is essential to

27   determine their respective obligations in connection with the FAC and this Counterclaim. Argent

28   has no true and speedy remedy at law of any kind.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 2126095v1

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

1

2      46.     It has been necessary for Argent to retain the services of an attorney to defend it

3 against the FAC and bring these protective claims. Accordingly, Argent is entitled to recover its

4 attorneys' fees and costs incurred herein pursuant to California *Code of Civil Procedure* § 1021.6.

5      WHEREFORE, Argent prays for judgment as follows:

6      1.     For contractual indemnity, equitable indemnity, and or comparative implied

7 indemnity against Counterdefendants, for all damages and/or economic losses recovered as a

8 result of the FAC by way of judgment, order, settlement, compromise or trial verdict.

9      2.     For an award of reasonable attorneys' fees, costs, expert costs, and expenses, to

10 Argent pursuant to statutory and common law.

11      3.     Pre-judgment interest.

12      4.     For apportionment of liability among Argent and Counterdefendants.

13      5.     For a declaration of rights and obligations as between Argent and

14 Counterdefendants.

15      6.     For common law contribution against Counterdefendants.

16      7.     For such other and further relief as this Court may deem just, equitable and proper.

17 DATED: July 28, 2008           BUCHALTER NEMER
18                        A Professional Corporation

19

20                       By:        /s Jason E. Goldstein

                                    JASON E. GOLDSTEIN
21                           Attorneys for Defendants and
                         Counterclaimants ARGENT MORTGAGE
22                       COMPANY, LLC and COUNTRYWIDE
                           HOME LOANS, INC.

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 2126095v1

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**