IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARCELOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDWIN MAURICIO PARADA DOMINGUEZ, GLENDA PARADA, LORENZO PARADA, COUNTRYWIDE HOME LOANS, ARGENT MORTGAGE COMPANY, LLC, PRIMESTAR FINANCIAL SERVICES, SHOAIB MAHMUD, FINANCIAL TITLE COMPANY, NEW CENTURY TITLE COMPANY, RECONTRUST COMPANY, N.A., and DOES 1 through 100,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　/ | No. C 08-00056 WHA<br><br><br>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

In this action alleging violations of the Truth in Lending Act, fraud and other related claims, plaintiff Ricardo Marcelos moves for a default judgment against defendant Edwin Parada, who never appeared in this action. Review of the *Eitel* factors favors entry of default judgment. Accordingly, plaintiff's motion is **GRANTED**.

**STATEMENT**

Plaintiff Ricardo Marcelos filed this action against several defendants, including Edwin Parada, in January 2008 and filed a first amended complaint in May 2008. The first amended complaint raises the following allegations (Dkt. No. 108).

Plaintiff alleges that defendant Edwin Parada, a mortgage broker, deceived him into taking out a financially burdensome loan on his home located on Folsom Street in San Francisco. Marcelos also alleges that Parada fraudulently induced him to sign documents authorizing Parada to retain $200,000 in proceeds from this refinancing and that Parada eventually stole the bulk of those funds. The two negotiated in Spanish but Marcelos was required to sign loan documents solely in English, without having key terms of the loan explained to him. Defendant Argent Mortgage Company was the lender in this transaction. Defendant New Century Title Company served as escrow agent. Defendant Countrywide Home Loans was the servicer of the loan.

Marcelos purchased the home on Folsom Street on December 15, 1994, as a joint tenant, and became the sole owner on March 5, 2002. In February 2005, Parada contacted Marcelos at his home, and, speaking in Spanish, introduced himself as a real estate agent and asked if Marcelos wished to refinance his home. Marcelos said that he did not, because his credit was not strong and his mortgage payments were already low. Parada nevertheless persisted and contacted Marcelos with multiple phone calls and unannounced visits. Marcelos again informed Parada that he did not want a bigger mortgage nor to increase his debt. At that time, the monthly payment due on Marcelos' home was $2,600.

Parada eventually persuaded Marcelos to open an equity line of credit to purchase a second home. He did so by informing Marcelos that the Folsom Street home was valued at $800,000 and that an equity line of credit would not increase his mortgage payments by more than $100 per month. He also persuaded Marcelos that Marcelos needed a larger home so that his children, a ten-year-old boy and a seven-year-old girl, would not need to share a room. Parada persuaded Marcelos that he could utilize the loan proceeds to purchase a new, larger home while renting out the Folsom Street property.

Parada later brought his brother, defendant Lorenzo Parada, to the Folsom Street home. Speaking in Spanish, Lorenzo assured Marcelos that a second home was a good idea and that he would take Marcelos to view potential new homes. Marcelos indicated that his monthly income was $4,200 and that he had only some $2,000 in savings. Parada assured Marcelos that

2

1  Marcelos' income would not be a problem because he knew lenders, such as Argent, that would
2  lend to him despite his credit and income.

3  In March 2005, Lorenzo met Marcelos to sign certain documents at a Starbucks
4  coffee shop in Hayward, California. Parada was not present. Lorenzo presented Marcelos with
5  a set of documents drafted in English, and an (unidentified) female notary who accompanied
6  Lorenzo indicated where to sign. Marcelos signed the documents but was not given copies.
7  Because the documents were in English, Marcelos is uncertain whether they pertained to the
8  Folsom Street home or another property that he planned to purchase with the loan proceeds.

9  On March 29, 2005, Marcelos met Edwin and/or Lorenzo Parada and Viki Raab, an
10 escrow agent and notary employed by New Century, at New Century's office in Hayward, to
11 close the loan. At the direction of Ms. Raab, Marcelos thereupon signed additional documents
12 believed to include the loan finance agreement for the Folsom Street property. Those
13 documents, however, were also in English and were not explained to him by anyone present.
14 He did not receive copies of the original loan documents nor Spanish translations.

15 More than a year later — in October or December 2006 — having never received any
16 loan documents, Marcelos' wife Jacqueline requested and was able to receive some of the
17 documents from Countrywide. Those documents turned out to be refinance papers of the
18 lender, Argent, not documents to open an equity line of credit. Several months after the closing,
19 Marcelos also learned for the first time that one of the loan documents authorized a
20 disbursement of $200,000 to Edwin Parada.

21 Following the closing, Lorenzo Parada took plaintiff to see numerous homes in Hayward
22 and San Francisco, and plaintiff was finally persuaded to purchase a new home on Girard Street
23 in San Francisco.

24 In October 2005, Marcelos received a monthly mortgage bill on the Folsom Street
25 property for $3,200, significantly more than he had previously been paying, despite defendant's
26 assurance that the loan payments would not increase by more than $100 per month. The
27 payments were readjusted two additional times, eventually to over $4,400 per month. In
28 October 2005, Marcelos approached Edwin at his place of residence and questioned him about

3

the increased payments. It is unclear from plaintiff's allegations whether and how Edwin explained the increases. At this meeting, Parada informed Marcelos that Parada had been transferred and continued to hold $200,000 from the Folsom-property transaction. Parada told Marcelos that the funds would be available to him at any time, and the parties agreed that Parada would pay Marcelos $3,000 per month in interest until he could pay the full amount. Edwin made only two or three such payments and then stopped.

A few months later, Marcelos requested the full amount of $200,000 from Edwin. Parada avoided numerous attempts to contact him. Eventually, in August 2006, he presented Marcelos with a check for $10,000. The check bounced. After additional failed attempts to contact Parada, in November 2006, Marcelos and his wife met with Parada in his office and Parada agreed to pay the remainder in three installments over the next twelve months. No further payments were ever made.

Parada made additional promises to repay Marcelos in January 2007 and thereafter, but again made no payments. Marcelos received a notice of foreclosure sale for the Folsom Street home on December 15, 2007. Marcelos filed this action on January 4, 2008. The foreclosure had been scheduled to proceed on January 7 but was stayed by a temporary restraining order pending the resolution of this matter.

In February 2008, defendants Argent, New Century Title, and Viki Raab filed motions to dismiss the claims against them. An April 2008 order held that certain claims were time-barred and dismissed those claims without leave to amend, and it dismissed other claims with leave to amend. Plaintiff subsequently filed a first amended complaint, and defendants Countrywide, New Century, and Argent moved to dismiss the first amended complaint. Plaintiff voluntarily dismissed the claims against Viki Raab. A July 2008 order dismissed all claims against defendant Countrywide as unopposed except for the Section 1632 claim; granted in part and denied in part New Century's motion to dismiss; and denied Argent's motion to dismiss. Plaintiff subsequently entered settlement agreements with some defendants.

Plaintiff now seeks a default judgment against Edwin Parada. Defendant Parada, plaintiff explains, is currently detained in San Francisco County jail, being held without bail by

4

the City and County of San Francisco on pending criminal charges relating to the alleged fraud Parada perpetrated against Marcelos and others. Parada was properly served with the complaint on November 7, 2008, and nevertheless failed to respond to this lawsuit (Br. at 2; Hale Exh. 2).

Plaintiff has applied to the Clerk of the Court for entry of default against Parada, and the Clerk filed a notice of entry of default on October 22, 2008. On November 10, 2008, Plaintiff moved for a default judgment. Plaintiff requests a judgment in the amount of $254,643.00.[1]

## ANALYSIS

A defendant must serve an answer within 20 days of being served with the summons and complaint. FRCP 12(a)(1). According to FRCP 55(b)(2), a plaintiff can apply to the Court for a default judgment against a defendant that has failed to plead or otherwise defend. Default judgments are, however, generally disfavored. "Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). The trial court has the discretion to grant the application. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, a trial court must consider the following factors when deciding whether or not to grant a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. For the following reasons, these factors favor entry of default judgment against defendant Parada.

### 1. MERITS AND SUFFICIENCY OF THE COMPLAINT.

With respect to determining liability and entry of default judgment, the general rule is that well-pled allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that *Eitel* factors two, three, and five weigh in favor of the entry

---

[1] Plaintiff indicates that Parada is not currently serving in the military and is not a minor, an incompetent person nor an officer of the United States (Br. at 2).

of default judgment against defendant Parada. There is no dispute concerning material facts. The well-pled allegations in plaintiff's complaint regarding liability are treated as true.

The well-pled facts establish that the merits of plaintiff's case against Parada are strong. Those facts indicate a fraudulent scheme to lure Marcelos into a financially burdensome mortgage loan and to misappropriate $200,000 of the proceeds from that loan. Parada induced Marcelos to sign loan documents executing a refinancing of the mortgage on Marcelos' home, without explaining the details of the transaction or the purpose of the documents. He lied about the nature of the transaction, representing that it was an equity line of credit but instead presenting Marcelos with mortgage refinancing documents, and he misrepresented key terms of the loan. Parada induced Marcelos to sign papers transferring $200,000.00 to Parada, without indicating that the money was being transferred or explaining the papers that authorized the disbursement. Parada never returned the bulk of those funds. Although Marcelos speaks limited English, and Parada negotiated the contract with Marcelos in Spanish, Parada failed to provide Marcelos with a Spanish-language translation of the contract, in violation of California law. Cal. Civ. Code § 1632.[2] In sum, the well-pled allegations establish that Parada was the key player in a scheme to induce Marcelos to refinance his home resulting in the misappropriation of nearly $200,000 of loan proceeds and the initiation of foreclosure proceedings on Marcelos' home constituting fraud and violations of federal and state statutes. Plaintiff's complaint, therefore, has merit and is sufficient.

### 2. REMAINING FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, if the motion were denied, plaintiff may be denied recovery of the money lost as a result of Parada's fraudulent scheme. Although plaintiff will be entitled to restitution from the criminal charges, plaintiff contends that under California law that amount will be limited to

---

[2] Section 1632(b) stated, "[a]ny person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following [including covered personal loans], shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement."

$10,000 for felonies and $1,000 for misdemeanors, a small percentage of plaintiff's losses. *See* Cal. Penal Code § 1202.4. It is not self-evident that restitution is so limited under California law. *See id*. at § 1202.4(f). Nevertheless, taking the well-pled allegations as true, plaintiff certainly suffered considerable economic loss as a result of Parada's fraudulent scheme and is entitled to be made whole. The possibility of prejudice to the plaintiff favors the entry of default judgment. *Second*, it is unlikely that default was the result of excusable neglect. Plaintiff filed the complaint on January 4, 2008. Plaintiff indicates that defendant evaded service numerous times, including by leaving the country and by filing for bankruptcy in an attempt to avoid being haled into court. As stated, Parada was subsequently incarcerated and, according to the proof of service, was served in on November 7, 2008, when a process server delivered a copy of the summons to defendant's authorized agent at the San Francisco County jail. Parada nevertheless failed to respond. *Third*, although federal policy favors decisions on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has failed to plead or otherwise defend.

*Fourth*, with the limited exceptions discussed below, the sum of money at stake in this action is not unreasonable in light of the allegations in the complaint. In general, default judgment is disfavored if there were a large sum of money involved. *See Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties dispute as to material facts, supported decision not to enter default judgment). In his motion for default judgment, plaintiff seeks a total of $254,643.00, which pales in comparison to the amount mentioned in *Eitel*. This factor favors entry of default judgment.

The sum plaintiff seeks includes $194,000.00 of net principal due on the loan agreement; the filing fee for this action and the costs of service; $54,433.00 of accrued interest at ten percent per annum for two years and seven months; and attorney's fees ($5,250.00) and costs ($200.00) for bringing this application and motion for default.

Plaintiff does not identify the statutory authority authorizing the requested award of attorney's fees. The requested attorney's fees and costs, therefore, are denied. Moreover, plaintiff does not indicate why a ten percent interest rate was applied when the prevailing

7

interests rates are far below that level. The request for accrued interest is also denied. The remaining amounts claimed, totaling $194,760.00, are granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendant Parada is **GRANTED** in the amount of $194,760.00. Plaintiff is ordered to mail a copy of this order to Parada within ten calendar days.

**IT IS SO ORDERED.**

Dated: January 28, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE